# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative and ERISA Litigation** | **MDL NO. 1668** |
| **In re Fannie Mae Securities Litigation** | **Consolidated Civil Action No.: 1:04-CV-01639**<br><br>**Judge Richard J. Leon** |

## DEFENDANT LEANNE SPENCER'S RESPONSE IN OPPOSITION TO THE EVERGREEN AND FRANKLIN TEMPLETON PLAINTIFFS' OBJECTIONS TO CONSOLIDATION

Defendant Leanne G. Spencer ("Spencer") respectfully submits this memorandum in response to the objections to consolidation filed by the plaintiffs in *Evergreen Equity Trust et al. v. Federal National Mortgage Association et al.*, Civil Action No. 1:06-cv-82 (D.D.C.) (collectively "Evergreen"), and by the plaintiffs in *Franklin Managed Trust et al. v. Federal National Mortgage Association et al.*, Civil Action No. 1:06-cv-139 (D.D.C.) (collectively "Franklin Templeton"). The objections of Evergreen and Franklin Templeton are without merit because their lawsuits share common issues of fact and law with the consolidated case, *In re Fannie Mae Securities Litigation*, MDL Docket No. 1668, and consolidation will help alleviate needless duplication of time, effort, and expense for the parties and the Court. Accordingly, Evergreen's and Franklin Templeton's requests for exclusion from the consolidation order should be denied.[1]

---

[1]    Defendant Spencer also joins in defendant Fannie Mae's opposition to the Evergreen and Franklin Templeton objections to consolidation.

**INTRODUCTION**

As of February 2005, defendants Spencer, Federal National Mortgage Association ("Fannie Mae"), and several other defendants were facing a multitude of putative class actions, shareholder derivative lawsuits, and Employee Retirement Income Security Act ("ERISA") lawsuits, as well as one "books and records" lawsuit. These lawsuits had a number of things in common. They all contained allegations about Fannie Mae's accounting practices. They asserted claims against the same or many of the same defendants. And they raised many of the same or similar legal issues.

In light of the similarities among the putative class actions brought on behalf of Fannie Mae shareholders, the Court entered a Stipulated Order consolidating class action cases brought under the federal securities laws on December 10, 2004, under the caption *In re Fannie Mae Securities Litigation*, Civil Action No. 1:04-cv-01639. The Stipulated Order provides that the "consolidation will be for all purposes through final judgment." Stipulated Order ¶ 1. It also provides that "[a]ny action involving substantially related questions of law and fact hereafter filed in or transferred to this Court, shall be consolidated" with *In re Fannie Mae Securities Litigation*. *Id.* ¶ 3. On February 14, 2005, the Court entered a separate Order consolidating all of the shareholder derivative lawsuits involving Fannie Mae. *See Horn v. Raines*, 227 F.R.D. 1 (D.D.C. 2005). On May 24, 2005, the Court entered an Order, amended on June 14, 2005, consolidating all of the lawsuits asserting claims under ERISA. *See In re Fannie Mae ERISA Litig.*, Consolidated Civ. A. No. 1:04-cv-01784 (RJL) (June 14, 2005).

On May 17, 2005, the Judicial Panel on Multidistrict Litigation ("MDL") entered an Order consolidating all of the shareholder derivative, shareholder class action, and ERISA suits in this Court for pre-trial proceedings. Pursuant to the Order, related cases filed in other Districts were transferred to this Court. In its Order, the MDL Panel recognized that:

> All [of the] actions share factual questions arising out of alleged
> accounting irregularities at Fannie Mae as detailed in the
> September 2004 Office of Federal Housing Enterprise Oversight
> report.  Whether the actions be brought by securities holders
> seeking relief under the federal securities laws, shareholders suing
> derivatively on behalf of Fannie Mae, or participants in Fannie
> Mae's retirement savings plans suing for ERISA violations, all
> actions can be expected to focus on a significant number of
> common events, defendants, and/or witnesses.

MDL Order at 2.  The MDL Panel also observed that centralization "is necessary in order to

eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to

questions of class certification), and conserve the resources of the parties, their counsel and the

judiciary." *Id.*

On January 17, 2006, Evergreen filed its lawsuit in this Court, and on January 25, 2006,

Franklin Templeton filed a similar complaint in this Court.  The Evergreen and Franklin

Templeton complaints, like the consolidated class action complaint, assert claims arising out of

alleged irregularities in Fannie Mae's accounting.  The Clerk of the Court, having correctly

determined that Evergreen's and Franklin Templeton's lawsuits involve substantially related

questions of law and fact, entered the Stipulated Order of Consolidation in each case.  Evergreen

and Franklin Templeton now object to the consolidation of their lawsuits with the consolidated

putative class action.

## ARGUMENT

**EVERGREEN'S AND FRANKLIN TEMPLETON'S OBJECTIONS TO THE
CONSOLIDATION ORDER ARE WITHOUT MERIT BECAUSE THEIR
LAWSUITS INVOLVE QUESTIONS OF FACT AND LAW THAT ARE
SUBSTANTIALLY SIMILAR TO THOSE AT ISSUE IN THE CONSOLIDATED
CASE.**

Federal Rule of Civil Procedure 42(a) gives the Court broad discretion to consolidate

separately filed cases when the cases involve "a common question of law or fact."  Fed. R. Civ.

P. 42(a); *accord Santucci v. Pignatello*, 188 F.2d 643, 644 (D.C. Cir. 1951); *Horn*, 227 F.R.D. at

2.  Under Rule 42(a), the Court may consolidate cases for pre-trial proceedings, and it may also "order a joint hearing or trial of any or all the matters in issue in the actions."  Fed. R. Civ. P. 42(a).  The purpose of Rule 42(a) is to enable the Court to "decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  9 Wright & Miller, FEDERAL PRACTICE & PROCEDURE Civ. 2d § 2383 (1995).  As this Court has recognized, consolidation "can help alleviate needless duplication of time, effort, and expense on the part of the parties and the Court."  *Horn*, 227 F.R.D. at 2 (internal citation omitted).

It is apparent from Evergreen's and Franklin Templeton's own pleadings that consolidation is proper here under Rule 42(a).  As Evergreen and Franklin Templeton are the first to admit, their claims "arise out of the same facts and circumstances" as the claims set forth in the consolidated class action complaint.  Evergreen Cmplt. ¶ 440; Franklin Templeton Cmplt. ¶ 517.  In particular, Evergreen and Franklin Templeton, like the putative class, allege that irregularities in Fannie Mae's accounting caused their losses.  While the Evergreen and Franklin Templeton complaints are not identical to the consolidated class action complaint, there is substantial overlap between them.  Like the putative class, Evergreen and Franklin Templeton assert claims under Sections 10(b), 20A, and 20(a) of the Securities Exchange Act of 1934.  Evergreen and Franklin Templeton seek relief against all of the defendants named in the class action complaint.  These similarities alone are more than sufficient to justify consolidation.  *See, e.g.*, *Campuzano v. Islamic Republic of Iran*, 281 F. Supp. 2d 258 (D.D.C. 2003) (consolidating cases arising out of the same terrorist attack, where the suits involved some of the same defendants and some of the same theories of recovery).

Consolidation of the Evergreen and Franklin Templeton lawsuits with *In re Fannie Mae Securities Litigation* will promote the objectives of Rule 42(a).  At the outset, consolidation will

streamline the discovery process by allowing parties and third-parties to produce relevant documents and sit for depositions once, instead of multiple times. Although Evergreen and Franklin Templeton oppose consolidation, they acknowledge the importance of ensuring that witnesses do not have to "appear for more than one deposition" in related litigation. Evergreen's Objection to Consolidation ("Evergreen Obj."). ¶ 10. Consolidation will also streamline the resolution of discovery, procedural, and dispositive motions, which will only have to be briefed and ruled upon once. In addition, the lawsuits will be tried together, thereby saving time and avoiding unnecessary costs to the defendants, the plaintiffs in several actions, witnesses who would otherwise be required to testify in both cases, and this Court. Ultimately, consolidation will be more efficient and will help to expedite the resolution of these cases for the benefit of the parties and the Court.

Evergreen and Franklin Templeton nevertheless contend that their lawsuits should remain separate because they "involve[] eighteen more defendants and nine more causes of action than the Class Action." *Id.* ¶ 7. Consolidation under Rule 42(a), however, is not limited to lawsuits in which the parties and causes of action are identical. *See, e.g.*, *Campuzano*, 281 F. Supp. 2d at 261 (consolidating cases notwithstanding the inclusion of additional defendants and additional common law claims in one of the cases); *Baystate Health Sys. v. Thompson*, 254 F. Supp. 2d 80 (D.D.C. 2003) (consolidating 247 cases involving different plaintiffs); *Clifford v. First Am. Corp.*, No. Civ. A. 95-0877 (JHG), 1996 WL 707022 (D.D.C. Nov. 26, 1996) (consolidating cases involving different parties and some different legal issues); *United States v. Knauer*, 149 F.2d 519 (7th Cir. 1945) (affirming consolidation of 14 cases involving different defendants), *aff'd*, 328 U.S. 654 (1946). Thus, the presence of additional defendants and additional claims in the Evergreen and Franklin Templeton cases in no way precludes their consolidation with *In re Fannie Mae Securities Litigation*.

Next, the Evergreen and Franklin Templeton plaintiffs argue that consolidation would somehow interfere with their "right to opt out of the Class Action and pursue their own individual claims, through counsel of their own choosing."  Evergreen Obj. ¶ 8.  Plaintiffs appear to misunderstand the difference between class certification under Rule 23 and consolidation under Rule 42.  If a class is certified, Evergreen and Franklin Templeton will have an opportunity to opt out and the consolidation of their cases will not prevent them from exercising that right.  What they may not do is "opt out" of the Court's consolidation order, because there is no constitutional or statutory entitlement to do so.  It is not the case, as Evergreen and Franklin Templeton suppose, that consolidation will somehow "deprive Plaintiffs of the ability to control and direct the prosecution of their individual claims."  *Id.*  Consolidation does not "merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  *United States v. Microsoft Corp.*, Civ. A. Nos. 98-1232 and 98-1233, Order at 2 (D.D.C. Feb. 1, 2002) (quoting *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933)).

Finally, Evergreen and Franklin Templeton express concern that "consolidating Plaintiffs' claims into the Class Action may prevent Plaintiffs from pursuing valuable state law claims."  Evergreen Obj. ¶ 9.  This contention has no merit.  First, as discussed above, the Evergreen and Franklin Templeton lawsuits are not being consolidated into and merged with the class action; instead, they are being consolidated with the class action for all purposes including trial.  Second, as explained more fully in Fannie Mae's response, the state law claims in the Evergreen and Franklin Templeton complaints are preempted by Sections 77p and 78bb of the Securities Litigation Uniform Standards Act.  The Act precludes plaintiffs from pursuing, as part of a "covered class action," any state law claims involving alleged misrepresentations and omissions in connection with the sale of securities.  *See* 15 U.S.C. §§ 77p(b), 78bb(f).  The

6

statutory term "covered class action" means a group of lawsuits involving common questions of law or fact that seek damages on behalf of more than 50 people and that "are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. §§ 77p(f)(2)(A)(ii)(II), 78bb(f)(5)(B)(ii)(II). The Evergreen and Franklin Templeton lawsuits fall within the meaning of this term because they are part of a group of lawsuits which collectively seek relief on behalf of more than 50 people and that will "proceed as a single action for [at least some] purpose." *Id.* Accordingly, plaintiffs' state law claims in no way preclude consolidation.

## CONCLUSION

For the foregoing reasons, Spencer respectfully requests that the Court deny the application of Evergreen and Franklin Templeton for relief from the Stipulated Order of Consolidation.

Dated:  February 27, 2006                      Respectfully submitted,

By:      ___/s/ Mark W. Ryan_____
David S. Krakoff (D.C. Bar No. 229641)
Mark W. Ryan (D.C. Bar No. 359098)
Christopher F. Regan (D.C. Bar No. 433972)
Eldad Z. Malamuth (D.C. Bar No. 479457)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C.  20006
Tel. (202) 263-3000
Fax (202) 263-3300

*Counsel for Defendant*
*Leanne G. Spencer*

**CERTIFICATE OF SERVICE**

I certify that on February 27, 2006, I electronically filed the foregoing Defendant Leanne
Spencer's Response in Opposition to the Evergreen and Franklin Templeton Plaintiffs'
Objections to Consolidation with the Clerk of Court using the CM/ECF system, which will send
notification of such filing to the counsel of record in this matter who are registered on the
CM/ECF.


    /s/ Eldad Z. Malamuth
Eldad Z. Malamuth