IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANKLIN MANAGED TRUST et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.,<br><br>Defendants. | No. 1:06-cv-00139 |

**OPPOSITION OF DEFENDANT KPMG
TO PLAINTIFFS' OBJECTION TO CONSOLIDATION**

KPMG LLP ("KPMG") joins in many of the arguments advanced by Fannie Mae in response to Plaintiffs' objection to this Court's consolidation order. There is no doubt that "consolidation" is warranted here, but KPMG wishes to make clear its view of the effect of consolidation—namely, that the Lead Plaintiffs appointed in *In re Fannie Mae Securities Litigation,* Civil Action No. 1:04-cv-1639 (D.D.C.), will be solely responsible for conducting discovery (while coordinating in good-faith with opt-out counsel), and that proceedings with respect to any claims ***not*** asserted by the Lead Plaintiffs will be deferred at least until class certification issues have been addressed in the lead securities case. As a practical matter, this means that the proceedings against KPMG—which has been named as defendant in this opt-out

case, but *not* in the Lead Plaintiffs' complaint, the "*Evergreen*" opt-out case brought by the same plaintiff's counsel,[1] or by any other plaintiff in any other court—should be deferred at this time.

## INTRODUCTION

Following entry of a transfer order by the MDL Panel, this Court consolidated numerous federal securities fraud actions pending against Fannie Mae and related defendants in *In re Fannie Mae Securities Litigation*, No. 1:04-cv-01639.  The Court also appointed Lead Plaintiffs pursuant to the PSLRA and directed the Lead Plaintiffs to file a consolidated complaint.  Under the Court's Case Management Order Number 1 ("CMO 1"), defendants were required to respond only to the consolidated complaint and not to any of the individual actions.

Plaintiffs seek to exempt themselves from CMO 1 simply because they have asserted new causes of action and added additional defendants not named in the Consolidated Complaint, and because they have chosen to sue individually, rather than as a class.  But the few differences between Plaintiffs' action and the Consolidated Complaint do not change the fact that the suits at their core involve common issues of law and fact.  Treating the two actions together for purposes of resolving the numerous factual and legal issues common to both will save both the Court's and the parties' time and resources, without prejudicing Plaintiffs' right to assert separate claims.  After the Court moves forward to the class certification stage, Plaintiffs may freely exercise their right to opt-out of the class, assert claims distinct from the consolidated complaint, and independently litigate their claims.  The question is not whether Plaintiffs may attempt to engage in separate litigation, but when—and now is not the time.

---

[1] *Evergreen Equity Trust et al. v. Fed. Nat'l Mortgage Assn. et al.*, Civil Action No. 1:06-cv-82 (D.D.C.).

<u>ARGUMENT</u>

A.     **Consolidation Is Warranted Here.**

In view of the obvious legal and factual similarities between this case and the lead securities case, consolidation is both warranted and desirable.  The Federal Rules of Civil Procedure vest the Court with broad discretion to order cases consolidated in order to facilitate the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of *any or all* the matters in issue in the actions"; it may "order *all* the actions consolidated"; and it may "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a) (emphases added).  Consolidation in this case will allow this Court to conduct discovery and consider pre-trial motions relevant to those causes of action and factual allegations through the unified action of the Lead Plaintiffs.  It also will prevent defendants named in both actions from depleting resources by having to respond to multiple sets of lawyers and to duplicative discovery.

District courts routinely have consolidated securities fraud actions where, as here, the actions each allege "securities fraud claims that arise from a common course of conduct." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D. N.J. 1998).[2]  "In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and defendants will not be prejudiced." *Werner v.*

---

[2] *See also The Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (consolidating separate securities fraud actions because "the gravamen of the complaints in each of the related actions is the same allegedly fraudulent accounting treatment"); *Benzoni v. Greve*, 54 F.R.D. 450, 453 (S.D.N.Y. 1972) (consolidating securities fraud cases because issue "of whether Registration Statement and Prospectus contained false statements" was a common question).

*Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (quoting *Lloyd v. Indus. Bio-Test Labs., Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978)).

While the benefits of treating those common issues in a single consolidated case are substantial, the costs are minimal. Plaintiffs' only assertion of prejudice is that consolidation will somehow impair their right to opt out of the class action or their ability to assert certain state-law claims. These arguments overlook the venerable rule that "[c]onsolidation 'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Askin*, 173 F.R.D. at 130 (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). Consolidating an individual action with a class action does not "affect [the Plaintiffs'] right to choose their own counsel or have any substantial impact on their ability to pursue their claims." *Id.* (consolidating individual action with class action). Plaintiffs, moreover, "will always have the right to opt-out of the class." *Discount Bank and Trust Co. v. Salomon, Inc.*, 141 F.R.D. 42, 44 (S.D.N.Y. 1992) (consolidating individual action with class action). Consolidation means only that the cases will be treated together for purposes of addressing the common issues of law and fact each case presents.[3]

---

[3] There is a disagreement over whether consolidation of the opt-out case into the Consolidated Action will lead to preemption of Plaintiffs' state-law claims. *Compare* Plaintiffs' Objection to Consolidation at 6 (contending that consolidation will lead to preemption of their state-law claims under SLUSA), *with* Fannie Mae's Response to Plaintiffs' Objection to Consolidation at 5-7 (contending that those claims are preempted regardless of consolidation). Under KPMG's view of the effect of consolidation, this issue does need not be addressed at this time.

**B.     Under the Court's Consolidation Order, The Claims Against Newly Added Defendants Should Be Deferred Pending A Later Stage Of Pre-Trial Proceedings.**

Under this Court's Consolidation Order, the litigation of the consolidated cases is—and should continue to be—channeled through the Lead Plaintiffs. Individual issues raised in individual cases should be deferred until a later, more appropriate stage of pre-trial proceedings, such as class certification. In particular, newly-added defendants like KPMG should not be required to respond to the opt-out complaints at this time.

Several courts, in very similar cases, have required individual opt-out litigants to channel their common claims through a lead class-action plaintiff and to defer their unique claims against other defendants until an appropriate point in pre-trial proceedings. In *In re WorldCom, Inc. Securities Litigation*, for example, plaintiffs brought both class and individual securities fraud actions against WorldCom for purported accounting irregularities. 2002 WL 31867720 (S.D.N.Y. Dec. 23, 2002). The court consolidated the actions because it found that they "involve[d] common questions of law and fact and that consolidation of these actions for pretrial proceedings [was] necessary to achieve economies of the parties and the Court." *Id.* at *1. Because the "misrepresentations and omissions" associated with the plaintiffs' securities fraud claims "all ar[ose] from the same underlying course of conduct," the court ordered the individual plaintiffs to adhere to the consolidated organization and required that "all communications with defense counsel regarding discovery shall be through Lead Counsel." *In re WorldCom, Inc. Secs. Litig.*, 2003 WL 21219037, at *4, *5-*6 (S.D.N.Y. May 22, 2003). The court also stayed the "requirement to answer or move with respect to any complaint filed in an Individual Action," and ordered that "[a]ny discovery that a defendant wishes to take that is

5

unique to any Individual Action will await the completion of discovery in the *Securities Litigation*." *Id*.

This is also the approach the Court has taken in the Derivative Track. Following consolidation, the Court appointed a single lead plaintiff to control the litigation in order to allow "the plaintiffs to speak with a single voice on issues such as discovery, scheduling, and other pretrial matters." *In re Fed. Nat'l Mortgage Assn. Derivatives Litig.*, 2005 WL 2453284 (D.D.C. Aug. 9, 2005). This Court did so over the objection of plaintiff Bader, who insisted that his case merited separate, special treatment, because (among other reasons) he alone had named KPMG as a defendant. *See* Jeffrey Bader's Memorandum in Opposition to the Proposed Pre-Trial Consolidation Orders for Stockholders' Derivative Actions 3-4. The Court noted that to grant Bader's request to circumvent the lead-plaintiff structure the Court had adopted to manage that litigation "would frustrate the very purpose of consolidation, which, as the Court previously held, is to help alleviate needless duplication of time, effort, and expense on the part of the parties and the Court." *In re Fed. Nat'l Mortgage Assn. Derivatives Litig.*, 2005 WL 2453284 (citations and internal quotation marks omitted).

The common course of alleged fraudulent conduct pleaded by Plaintiffs and the Consolidated Action merit the same unified treatment established in the WorldCom and Derivative Track litigation. The Court's Consolidation Order accordingly should be enforced to require that discovery be directed by the Lead Plaintiffs, and that individual issues against newly-added defendants be deferred at least until this Court addresses whether to certify the Consolidated Action as a class action. At the class certification stage, the universe of opt-outs and opt-out litigation should begin to materialize. To the extent those proceedings name additional parties and defendants, the opt-out litigation can itself be coordinated. But at this

stage, no one can foresee which individual plaintiffs will choose to opt-out of the class actions, and which defendants they might name. To the extent that they name KPMG or other newly-added defendants, waiting until the universe of opt-out litigation is known would permit the court to coordinate the opt-out cases as appropriate at that time.

Nor would it be wise to create an incentive structure that encourages plaintiffs to circumvent the Lead Plaintiff organization—in order to get a "seat at the table"—by naming new defendants at the eleventh hour.[4] Indeed, some of the disappointed Lead Plaintiff suitors might prefer to proceed independently and could easily announce an intention to opt out and amend their complaints to state additional claims and name additional defendants. Adding a new defendant more than sixteen months into the litigation should not constitute a free ticket for circumventing the Lead Plaintiff structure.

Moreover, trying to consolidate this case for **all** purposes—*i.e.*, through final judgment, rather than through pre-trial proceedings—would be unworkable and fundamentally impracticable given how far along the litigation in the securities track is. KPMG should not be shoe-horned into complex proceedings in which it has played no role—from negotiating case management deadlines to participating in status conferences—and then be expected to proceed on time and in step with the defendants who have been litigating this case for sixteen months.

---

[4] Indeed, the *Evergreen* plaintiffs, who are represented by the same counsel who represent the opt-outs in this case, filed a complaint that is virtually a verbatim copy of the complaint in this action (right down to the *Doe*-insurance defendant), but in the *Evergreen* case KPMG was ***not*** named as a defendant. *Compare* Evergreen Compl. ¶ 1 ("This action arises out of a scandal of tremendous proportions, involving billions of dollars, at Fannie Mae."), *with* Franklin Templeton Compl. ¶ 1 ("This action arises out of a scandal of tremendous proportions, involving billions of dollars, at Fannie Mae."). KPMG appears to have been added here as an afterthought—or as a basis for seeking to evade the Lead Plaintiff structure.

Strong legal considerations also make that course unreasonable. To take one example, KPMG is fully entitled to the benefits of the PSLRA statutory discovery stay in this case, as the stay applies regardless of whether a case alleging claims under the '33 or '34 Acts is a class claim or an individual claim. The PSLRA discovery stay provision under the '34 Act applies to "any private action arising under this chapter." 15 U.S.C. Section 78a defines "chapter" to mean the '34 Act. Several courts have held that the discovery stay applies to non-class actions. *See Newby v. Enron Corp.*, 338 F.3d 467, 473 (5th Cir. 2003) ("Several courts have acknowledged, directly or indirectly, that the PSLRA's 'any private action' language allows for application of the discovery stay . . . to non-class action federal securities suits."). Because discovery is already authorized in the lead securities case by CMO 1, and class-related discovery must be completed in sixty days and fact discovery in ten months, there is no room to enforce the PSLRA stay with respect to KPMG and at the same time consolidate this case for all purposes.

Moreover, while recognizing that this Court has denied the motions to dismiss filed by Fannie Mae and the individual defendants, this is a new complaint, and the allegations against KPMG present legal and factual issues that this Court has not decided. The obstacles to asserting securities claims against auditors in circumstances such as these are formidable. Allegations that an accounting firm performed a "seriously botched audit," that it failed in material and thorough respects to comply with GAAS and GAAP, or that it was "grossly negligent" do not satisfy the strict scienter requirement for holding an auditor liable for securities fraud. Given that the boilerplate scienter allegations against KPMG in this complaint have been deemed insufficient under a host of cases, KPMG submits that it will be dismissed outright from this case. This is all the more reason not to put the discovery cart before the merits horse here.

8

KPMG wants a case management approach and schedule that is orderly and efficient. The Court has an interest in proceeding with the Consolidated Action. Those interests can be met by consolidating this case into the Consolidated Action for pre-trial purposes, with discovery directed by the Lead Plaintiffs, and with individual claims against newly-added defendants deferred until a later point in pre-trial proceedings. That is the general approach taken in a series of MDL cases; it makes sense and provides clear rules for all the parties; and it does not trample on KPMG's rights or prejudice the opt-out plaintiffs.

## CONCLUSION

For all of these reasons, Plaintiffs' objection to this Court's Consolidation Order should be overruled.

Dated: March 6, 2006.

                                                         Respectfully submitted,

                                                    ___/s/_____
                                                    Andrew S. Tulumello (DC Bar No. 468351)
                                                    GIBSON DUNN & CRUTCHER LLP
                                                    1050 Connecticut Ave. N.W.
                                                    Washington, D.C. 20036
                                                    (202) 955-8500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANKLIN MANAGED TRUST et al.,

                               Plaintiffs,

v.                                        No. 1:06-cv-00139

FEDERAL NATIONAL MORTGAGE
ASSOCIATION et al.,

                               Defendants.

**O R D E R**

       AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff's Objection to Consolidation,

       IT IS HEREBY ORDERED that the objection is OVERRULED.

                                              _____
                                              Richard J. Leon, District Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed on this

6th day of March, 2006, to the following individuals:

Kevin M. Downey
Joseph M. Terry
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5091

*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric Delinsky
Zuckerman Spaeder LLP
1201 Connecticut Ave. N.W.
Washington, D.C. 20036-2638

*Counsel for Defendant Timothy J. Howard*

David S. Krakoff
Mark W. Ryan
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

*Counsel for Defendant Leanne G. Spencer*

Curtis V. Trinko
Jeffrey B. Silverstein
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor
New York, N.Y. 10036

Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr. P.C.
429 Forbes Ave.
Pittsburgh, P.A.

*Counsel for Plaintiffs Anne E. Flynn and Robert L. Garber, as Custodian for Michael Saul Garber*

Mark A. Topaz
Richard A. Maniskas

Richard S. Schiffrin
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, P.A. 19004

*Counsel for Plaintiffs Vincent Vinci*

Stanley M. Chesley
James R. Cummins
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, O.H. 45202

*and*

Jeffrey C. Block
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, M.A. 02169

*and*

Steven J. Toll
Daniel S. Sommers
Cohen, Millstein, Hausfield & Toll P.L.L.C.
1100 New York Ave., N.W.
Washington, D.C. 20005

*Counsel for Plaintiff Ohio Public Employees Retirement System*

Stuart M. Grant
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, D.E. 19801

*Counsel for Plaintiff Franklin Templeton Trust*

            __/s/_____
            Andrew S. Tulumello

70341772_3.DOC