# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ADELPHIA COMMUNICATIONS
CORP. SECURITIES & DERIV. LITIG.

03MD 1529 (LMM)
Applies To All Actions

ORDER

WHEREAS, in accordance with the orders of the Judicial Panel on Multidistrict Litigation dated July 23, 2003 and October 1, 2003, the order of Judge Harold Baer dated August 27, 2003, the directions given by Judge Baer at a pretrial conference held on September 15, 2003 during which Judge Baer addressed issues pertaining to consolidation, the appointment of lead plaintiffs and lead counsel, the appointment of liaison counsel and scheduling matters and Judge Baer's order dated September 24, 2003, it is hereby ORDERED:

I. CONSOLIDATION

1. The Class Actions and Derivative Actions transferred to the Court by the Judicial Panel on Multidistrict Litigation pursuant to its order dated July 23, 2003, involve common questions of law and fact and the consolidation of these actions for pretrial proceedings is necessary to achieve economies for the parties and the Court and to achieve substantial justice for the parties. The Class Actions (listed on the annexed Schedule A) are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings, *LMM* pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (the "Class Actions"). The Derivative Actions (listed on the annexed Schedule B) are consolidated for all purposes with the Class Actions and are stayed pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. § 362 (the "Derivative Actions"). The Class Actions and the Derivative Actions are hereinafter referred to as the "Consolidated Actions." The Consolidated Actions and the Individual Actions

(defined herein) shall be referred to collectively as In re Adelphia Communications Corp., Securities & Deriv. Litig., Master File No. 03 MD 1529 (LMM).

2.  No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or properly added as such in accordance with the Federal Rules of Civil Procedure.

II.  MASTER FILE AND SEPARATE ACTION FILES

3.  A Master File is hereby established for the Consolidated Actions and the Individual Actions (all collectively, "the Actions"). The Master File shall be Civil Action No. 03 Civ. 5755 (LMM). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by future order of this Court. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the Actions.

III.  NEWLY FILED OR TRANSFERRED ACTIONS

4.  When a class or derivative action that relates to the same subject matter as the Consolidated Actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Section I above and the Clerk of Court shall:

   a.  File a copy of this Order in the separate file for such action.

   b.  Mail a copy of this Order of assignment to counsel for plaintiffs and counsel for each defendant in the Consolidated Actions.

   c.  Make an appropriate entry in the Master Docket.

        d.      Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

        e.      Upon the first appearance of any new defendant(s), mail to the attorneys for such defendant(s) in such newly filed or transferred case a copy of this Order.

5.     The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

### IV.   APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

6.     This Order shall apply to each Class Action, Derivative Action and Individual Action assigned to the undersigned alleging claims similar to those set forth in these actions, whether brought on behalf of present or former holders of Adelphia securities. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to the complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date of entry of an order issued by the Court granting such permission within which to answer, plead or otherwise move with respect to any such complaint. In the event a defendant moves to dismiss any such complaint, and such motion does not result in the dismissal of such action, defendant shall have until thirty days after the entry of an order resolving such motion within which to answer any such complaint.

3

### V. CAPTIONS

7. Every pleading filed in these Actions shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
IN RE ADELPHIA COMMUNICATIONS        :    03MD 1529 (LMM)
CORP. SECURITIES & DERIV. LITIG.     :
                                     :
This Document Relates To:            :
                                     :
-------------------------------------------------X
```

8. When a pleading is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is intended to apply only to less than All Actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

### VI. FILING AND DOCKETING

9. When a paper is filed and the caption shows that it is applicable to All Actions, the Clerk shall file it in the Master File and note such filing in the Master Docket. No other docket entries need be made nor copies filed in other files.

10. When a paper is filed and the caption shows that it is applicable to less than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each such action. The party filing such paper shall supply the Clerk with sufficient copies of any paper to permit compliance with this paragraph.

## VII. LEAD PLAINTIFFS; LEAD PLAINTIFFS' COUNSEL

11. Eminence Capital, LLC ("Eminence"), and Argent Classic Convertible Arbitrage Fund L.P., Argent Classic Convertible Arbitrage Fund (Bermuda) L.P., Argent Lowlev Convertible Arbitrage Fund Ltd., UBS O'Conner LLC f/b/o UBS Global Equity Arbitrage Master Ltd. and UBS O'Conner LLC f/b/o UBS Global Convertible Portfolio (collectively the "Argent/UBS Group") are appointed Lead Plaintiffs in the Consolidated Actions pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. 78n-4(a)(3)(B).

12. Abbey Gardy, LLP, and Kirby McInerney & Squire, LLP, shall serve as co-Lead Counsel for all plaintiffs in the Consolidated Actions ("Lead Counsel").

13. Lead Counsel are hereby vested by the Court with the following responsibilities and duties in the Consolidated Actions:

   a. Sign any consolidated complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plaintiffs or those plaintiffs filing the particular papers.

   b. Conduct all pretrial proceedings on behalf of plaintiffs.

   c. Brief and argue motions.

   d. Initiate and conduct discovery.

   e. Speak on behalf of plaintiffs at any pretrial conference.

   f. Employ and consult with experts.

   g. Conduct settlement negotiations with defense counsel on behalf of plaintiffs in the Consolidated Actions.

   h. Call meetings of plaintiffs' counsel.

   i. Direct the preparation for a trial of this matter and delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

5

   j. Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions which (subject to any confidentiality agreements) shall be available to all plaintiffs' counsel at reasonable hours.

   k. Keep Liaison Counsel in the Individual Actions (Section VIII below) informed about discovery matters and other issues and proceedings of common interest in the Consolidated Actions.

   l. Consult with Liaison Counsel in the Individual Actions to obtain their views on proposed document requests, interrogatories, requests for admissions, depositions, and litigation strategy, and incorporate those views wherever it is appropriate to do so.

   m. Perform such other duties as may be expressly authorized by further order of the Court.

VIII. THE INDIVIDUAL ACTIONS AND APPOINTMENT OF LIAISON COUNSEL

   14. In addition to the Consolidated Actions, eleven individual actions denominated Stocke, et al. v. John J., Rigas, et al. (03-CV-5754) (E.D. Pa.); New York City Employees' Retirement System, et al). v. Adelphia Communications Corp., et al. (03-CV-5789) (E.D. Pa.); New York City Employees' Retirement System. et al v. John J. Rigas. et al. (02-.CV-9804) (S.D.N.Y.); W.R. Huff Asset Management Co. L.L.C. v. Deloitte & Touche, LLP, et al. (03-CV-5752) (W.D.N.Y.); W.R. Huff Asset Management Co., LL.C. v. Deloitte & Touche. LLP, et al. (03-CV-5753) (W.D.N.Y.); Appaloosa Investment LP et al. v. Deloitte & Touche, LLP, et al. (03-CV-7301) (W.D.N.Y.); Los Angeles County Employees' Retirement Association v. John J. Rigas, et al. (03-CV-5750) (C.D. Ca.); Franklin Strategic Income Fund, et al. v. John J. Rigas, et al. (03-CV-5751) (C.D. Ca.); Lee P. Bent, et al. v. John J. Rigas, et al. (03-CV-5793)

6

(W.D. Pa.); Elkmont Capital, Ltd. v. Deloitte & Touche, LLP, et al. (03-CV-5794) (N.D. Tex.); and Division of Investment of the New Jersey Department of the Treasury v. John S. Rigas, et al. (No docket number assigned as of 9/11/03) (D.N.J.) (the "Individual Actions"), have been assigned to this Court for coordinated or consolidated pretrial proceedings.[1]

15. Goodkind Labaton Rudolf & Sucharow LLP, counsel for New York City Employees' Retirement System and the Division of Investment of the New Jersey Department of the Treasury, and Lowenstein Sandler P.C., counsel for W.R. Huff Asset Management Co., L.L.C., shall serve as co-liaison counsel for the plaintiffs in the Individual Actions ("Liaison Counsel").

16. Liaison Counsel shall have the following responsibilities:

a. Distribute to all counsel in the Individual Actions those materials that they need to review to form and to communicate their views regarding discovery, motion practice and settlement.

b. Confer with all counsel in the Individual Actions to obtain their views regarding discovery and any issues that need to be communicated to Lead Counsel or to the Court.

c. Communicate with Lead Counsel regarding any discovery that plaintiffs in the Individual Actions wish to take and regarding litigation strategy and motion practice.

d. Communicate with the Court regarding any issues common to the Individual Actions.

e. Coordinate the taking of any discovery unique to the Individual Actions.

---

[1] The transfer of a twelfth individual action denominated Gary L. Williams, et al. v. John J. Rigas, et al. (No docket number assigned as of 9/11/03) (D.S.C.) has not yet been accomplished.

## IX. APPOINTMENT OF DEFENDANTS' LIAISON COUNSEL

17. Cleary, Gottlieb, Steen & Hamilton and Cravath, Swaine & Moore, shall serve as Defendants' Liaison Counsel for the Defense Liaison Group, which shall consist of all defendants except John J. Rigas, Michael J. Rigas, Timothy J. Rigas, James P. Rigas, Highland Holdings, Highland 2000 L.P., and Highland Holdings II, represented by Dilworth Paxson LLP, and Peter Venetis, represented by Golenbock Eiseman Assor Bell and Peskoe LLP.

18. Defendants' Liaison Counsel shall have the following responsibilities:

a. Defendants' Liaison Counsel shall be authorized to receive all notices from the Court on behalf of all parties within the Defense Liaison Group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in such Group.

b. Defendants' Liaison Counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available (subject to any confidentiality agreements) to parties within the Defense Liaison Group upon request.

c. Defendants' Liaison Counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all parties within the Defense Liaison Group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in the Defense Liaison Group.

## X. SERVICE

19. Service by defendants of pleadings and all other papers on Lead Counsel shall be deemed sufficient service in the Consolidated Actions.

## XI. RIGHT TO BE HEARD BY THE COURT

20. All counsel in the Consolidated Actions and the Individual Actions shall use their best efforts to avoid duplication, inefficiency and inconvenience to the Court, other parties, other counsel and witnesses. Nothing stated herein, however, shall be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to joint or common action, or as to which there is a genuine disagreement among counsel.

## XII. SCHEDULE

21. Lead Counsel shall file a Consolidated Amended Complaint for the Consolidated Actions and any actions subsequently consolidated with them on or before December 12, 2003 (the "CAC Date"). Plaintiffs in each of the Individual Actions may file separate complaints or amended complaints on or before the CAC Date.

22. On or before December 22, 2003, Liaison Counsel will designate one complaint in the Individual Actions (the "Designated Individual Complaint"). Liaison Counsel may also designate any counts contained in any other complaint in an Individual Action that are unique counts (i.e., counts that are not otherwise encompassed in the Designated Individual Complaint) (the "Unique Counts").

23. Defendants will move with respect to, or answer, the Consolidated Amended Complaint, the Designated Individual Complaint and the Unique Counts on or before February 9, 2004 (the "Defense Response Date"). At that same time, defendants may move with respect to some, or all, of the counts in any other Individual Action as to which defendants (or any one of them) have a separate or additional ground for dismissal. In the event defendants choose not to move against any count in an Individual Action, they shall not rely on any subsequent motion to dismiss said count as a basis for delaying discovery in the Consolidated Actions or in any of the Individual Actions. Any person named as a defendant for the first time

9

in the Consolidated Amended Complaint or in any Individual Complaint shall move with respect to or answer such complaint within the longer of the Defense Response Date or the time provided by the Federal Rules of Civil Procedure and the rules of this Court.

24. Plaintiffs' opposition to any motions to dismiss will be submitted on or before March 29, 2004 (the "Opposition Date").

25. Defendants' reply papers in further support of any motions to dismiss will be submitted on or before April 26, 2004.

26. ~~Within two weeks of the entry of this Order, any plaintiff in an Individual Action who does not consent to the Court's jurisdiction over its action shall move to remand. Where that plaintiff has previously submitted a motion to remand, it shall supply the Court with a full set of the motion papers and any additional authorities it wishes the Court to consider. Within fourteen days thereafter, parties opposing any such motion shall (a) where a motion to remand was previously briefed, submit any additional authorities they wish the Court to consider, or (b) in all other cases, submit an opposition brief. Within seven days of the submission of an opposition brief pursuant to clause "b" of the prior sentence, any plaintiff moving to remand shall submit a reply memorandum.~~

27. In the event Defendants elect to move to dismiss pursuant to the first two sentences of paragraph 23, they shall have no obligation to answer any of the complaints in the Consolidated Action or the Individual Actions until further order of the Court. The parties in the Consolidated Actions and the Individual Actions agree not to present arguments or raise issues in subsequent motions to dismiss in this action that the Court resolves against them in its disposition of the motions to dismiss made pursuant to paragraph 23 of this Order. However, nothing in this paragraph shall prevent any party from litigating previously resolved arguments

or issues if the party has a good faith basis for (i) distinguishing the Court's prior decision, (ii) seeking reconsideration of the prior decision based on newly discovered, overlooked or intervening facts or law, (iii) an extension of existing law, or (iv) arguing newly applicable law. After the Court's resolution of any motions to dismiss made pursuant to paragraph 23, the parties shall meet and confer to discuss the impact of the Court's decision on any count in any complaint not specifically included in any such motion. The parties shall promptly report to the Court regarding the outcome of such meet and confer (the "Post-Motion Conference"). Absent further Order of the Court, there shall be no discovery.

SO ORDERED

Dated: New York, New York
December 5, 2003

LAWRENCE M. MCKENNA
United States District Judge

11

## SCHEDULE A

*In re Adelphia Communications Corp. Securities and Derivative Litigation*
03 MD 1529 (S.D.N.Y.) – Applies To All Actions

### SECURITIES CLASS ACTIONS

| CAPTION | TRANSFER DOCKET # | S.D.N.Y. DOCKET # |
| --- | --- | --- |
| In re Adelphia Communications Corp. Securities Litigation (E.D. Pa.) | 2:02-1781 | 03-CV-5755 |
| Gitter v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-1790 | 03-CV-5756 |
| TZ Micro Computing, Inc. v. Adelphia Communications Corp , et. al. (E.D. Pa.) | 2:02-1813 | 03-CV-5757 |
| Hattrick v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-1816 | 03-CV-5758 |
| Shulimson v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-1819 | 03-CV-5759 |
| Market Street Securities, Inc. v. Adelphia Communications Corp. et al. (E.D. Pa.) | 2:02-1835 | 03-CV-5761 |
| Costa v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-1839 | 03-CV-5762 |
| Epstein v. Adelphia Communications Corp. et al. (E.D. Pa.) | 2:02-1871 | 03-CV-5763 |
| Gold v. Adelphia Communications Corp. et al. (E.D. Pa.) | 2:02-1878 | 03-CV-5764 |
| Goldman v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-1893 | 03-CV-5765 |
| Fuller v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-1987 | 03-CV-5766 |
| Crossway Partners, L.P. v. Adelphia Communications et al. (E.D. Pa.) | 2:02-2087 | 03-CV-5768 |
| Garner, et al. v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-2099 | 03-CV-5769 |
| Hardin v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-2112 | 03-CV-5771 |
| Stocke, et al v. John J. Rigas, et al. (E.D. Pa.) | 2:02-2121 | 03-CV-5772 |
| VR Associates v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-2238 | 03-CV-5774 |
| Morello v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-2403 | 03-CV-5775 |
| Inabinet, et al. v. Adelphia Communications Corp. et al. (E.D. Pa.) | 2:02-2416 | 03-CV-5776 |
| D'Asaro v. Adelphia Communications Corp. et al. (E.D. Pa.) | 2:02-2618 | 03-CV-5778 |
| Kiefer v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-3186 | 03-CV-5780 |
| Turrell v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-3197 | 03-CV-5781 |
| Seebacher v. Adelphia Communications Corp. et al. (E.D. Pa.) | 2:02-3264 | 03-CV-5783 |
| Burstein v. Adelphia Communications Corp. et al. (E.D. Pa.) | 2:02-3273 | 03-CV-5784 |
| Argent Classic Convertible Arbitrage Fund L.P., et al. v. Adelphia Communications Corp. et al. (E.D. Pa.) | 2:02-3547 | 03-CV-5785 |
| Matovich v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-3561 | 03-CV-5786 |
| Victor, et al. v. Adelphia Communications Corp., et al. (E.D. Pa.) | 2:02-3659 | 03-CV-5787 |
| Huhn, et al. v. John J. Rigas, et al. (E.D. Pa.) | 2:02-4334 | 03-CV-5790 |
| Lowinger v. John J. Rigas et al. (E.D. Pa.) | 2:02-6690 | 03-CV-5791 |
| Eichel v. John J. Rigas, et al. (E.D. Pa.) | 2:02-7638 | 03-CV-5792 |

## SCHEDULE B

*In re Adelphia Communications Corp. Securities and Derivative Litigation*
03 MD 1529 (S.D.N.Y.) -- Applies To All Actions

### SHAREHOLDER DERIVATIVE ACTIONS

| CAPTION | TRANSFER DOCKET # | S.D.N.Y. DOCKET # |
|---|---|---|
| Rossow, et al. v. John Rigas et al. (E.D. Pa.) | 2:02-1831 | 03-CV-5760 |
| Strekal v. John J. Rigas, et al. (E.D. Pa.) | 2:02-2061 | 03-CV-5767 |
| Idries, etc. v. Pete J. Metros, et al. (E.D. Pa.) | 2:02-2100 | 03-CV-5770 |
| Moore v. John J. Rigas, et al. (E.D. Pa.) | 2:02-2136 | 03-CV-5773 |
| Krim, et al. v. John J. Rigas et al. (E.D. Pa.) | 2:02-2600 | 03-CV-5777 |
| Echeverri v. Pete J. Metros, et al. (E.D. Pa.) | 2:02-2836 | 03-CV-5779 |