IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANKLIN MANAGED TRUST et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION et al., <br><br> Defendants. | No. 1:06-cv-00139 |

**SUPPLEMENTAL SUBMISSION OF DEFENDANT KPMG OPPOSING OPT-OUT PLAINTIFFS' OBJECTION TO CONSOLIDATION.**

During the hearing on Friday, March 17, 2006, the Court invited the parties to make additional submissions concerning the Opt-Out Plaintiffs' objection to consolidation. KPMG LLP respectfully submits this supplemental memorandum to re-emphasize three points:

*First*, consolidating the Opt-Out case with the Lead Plaintiffs' case as to common issues is the most efficient way to manage these cases;

*Second*, the new claims involving KPMG should be deferred pending a decision on class certification in order to coordinate the additional opt-out actions that both Fannie Mae and KPMG agreed at the hearing were likely to be filed; and

*Third*, if the Court nonetheless decides to consolidate the Opt-Out case as to all issues and parties at this time, the Court should take steps to ensure that KPMG receives the protection of the PSLRA discovery stay.

**I.    Deferring The Proceedings Against KPMG Until Class Certification Will Enable This Court To Manage Additional Opt-Out Litigation Efficiently.**

Our case management proposal would allow the Court to manage the difficulties posed by additional opt-out litigation that appears to be just over the horizon. Additional opt-out litigation is coming: counsel for the Franklin-Templeton Plaintiffs represent that those Plaintiffs are institutional investors who have lost over $350 million as a result of the securities violations they allege, but as class counsel mentioned at the hearing, by their measure Fannie Mae lost approximately $10 billion in market capitalization after allegations of accounting improprieties surfaced in Fall 2004. The Franklin-Templeton funds undoubtedly were not the only institutional investors to hold large positions in Fannie Mae stock. More opt-out litigation therefore appears very probable.

That litigation is likely to be filed soon after the Court addresses the upcoming class certification issues. Under the rule in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), and *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the Court's decision on class certification marks the point at which the statute of limitations period would begin to run again for those opt outs. Those cases together stand for the principle that a timely filed class action case tolls the statute of limitations until the resolution of the certification motion. *See Crown*, 462 U.S. at 353-54; *American Pipe*, 414 U.S. at 545. Indeed, opt-out plaintiffs (like the Franklin Templeton Plaintiffs) who file suit ***before*** a class certification decision do ***not*** get the benefit of any tolling. *See, e.g.*, *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 568-69 (6th Cir. 2005) (holding that a plaintiff who files an independent action before a ruling on class certification may not rely on *American Pipe* tolling); *In re WorldCom, Inc. Secs. Litig.*, 294 F. Supp. 2d 431, 451 (S.D.N.Y. 2003) (same and citing cases). Given the very short limitations periods applicable to the claims asserted here, potential opt-out plaintiffs have little incentive to

2

file *before* this Court decides the certification question—indeed, they face substantial time-bar exposure if they do so.[1] The Court in *In re WorldCom* recognized this fact and explained why an opt-out plaintiffs' incentive to defer filing until class certification facilitates effective case management:

> Many good purposes are served by such forbearance, as *American Pipe* and *Crown, Cork* themselves spell out. The parties and courts will not be burdened by separate lawsuits which, in any event, may evaporate once a class has been certified. At the point in a litigation when a decision on class certification is made, investors usually are in a far better position to evaluate whether they wish to proceed with their own lawsuit, or to join a class, if one has been certified. . . . Investors who wait can take the measure of class counsel and the course of the litigation as it unfolds and can then make an informed decision as to whether their interests are best served by remaining in the action or by opting out.

294 F. Supp. 2d at 452 (footnote omitted).

Contrary to the position espoused by Fannie Mae at the hearing, the potential for additional opt-out litigation counsels strongly *against* folding KPMG into the Lead Plaintiffs' case at this time. What should happen, instead, is that the Lead-Plaintiff structure this Court imposed on the class-action cases should also govern this case for the time being—meaning that the only live issues being litigated now would be those raised in the consolidated class complaint, excluding KPMG and the other non-named defendants. Failure to abide by that Lead-Plaintiff structure until class certification would subject KPMG to the risk of multiple, duplicative litigation in the event other opt-out plaintiffs come forward to name the firm as a defendant. Fannie Mae stands in a different posture: by moving forward against all defendants

---

[1] Under Sarbanes-Oxley, securities fraud cases claims are subject to a statute of limitations of two years from the date the alleged wrong was discovered. *See* 28 U.S.C § 1658(b). A one-year statute of limitations still applies to Section 11 and 18 claims. *See*, *e.g.*, *In re Alstom SA Secs. Litig.*, 406 F. Supp. 2d 402, 412-13 (S.D.N.Y. 2005) (agreeing with the "overwhelming body of judicial opinion" that Sarbanes-Oxley did not alter the one-year statute of limitations for Section 11 claims).

now, Fannie Mae at a minimum will get closure on a class-wide basis in the Lead Plaintiffs' case. But moving forward now with claims against KPMG will lead to closure on just one case. There is no compelling reason to compel KPMG to engage in piecemeal, opt-out by opt-out litigation. It is more efficient to defer the claims against KPMG for a few short months and *then* to coordinate the universe of opt-out litigation as appropriate. In the meantime, the consolidated cases can move forward—and move forward now—with respect to the claims against Fannie Mae and the Fannie Mae individual defendants. That will both preserve the momentum that the Court understandably wishes to maintain in these matters and give Fannie Mae ample opportunity to obtain timely "closure" of the cases against it.

**II.      KPMG Is Protected By The PSLRA Discovery Stay.**

In the event the Court does consolidate the cases as to all parties and issues, it should ensure at a minimum that KPMG receives the benefit of the PSLRA discovery stay. The PSLRA provides that "all discovery and other proceedings shall be stayed" pending resolution of the motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). KPMG accordingly is entitled to test the legal sufficiency of the Franklin-Templeton case *before* any discovery commences. *See ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd.*, No. 02 Civ. 8726, 2003 WL 1877227, at *2 (S.D.N.Y. Apr. 9, 2003) (noting that "[i]n view of Congress' manifest intention to protect defendants in actions such as this from the burden and expense of premature discovery, the statute precludes discovery, whether from parties or nonparties, until the court sustains the sufficiency of the complaint" (footnote omitted)); *In re Livent Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 423 (S.D.N.Y. 2001) (noting that "[m]anifest in the 1995 Reform Act is the mandate that courts assess the legal sufficiency of plaintiffs' securities fraud allegations according to what plaintiffs know at the time the complaint is filed, rather than what they wish to learn through discovery and

4

recover from defendants merely by reason of commencing an action charging fraud"); *Medhekar v. United States Dist. Court*, 99 F.3d 325, 328 (9th Cir. 1996) ("th[e] complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed").

Allowing discovery against KPMG before the motion to dismiss has been resolved would be flatly inconsistent with the policy promoted by the PSLRA stay. As a practical matter, this means that the Opt-Out Plaintiffs are not entitled to take discovery against KPMG at this time—a principle that should be reflected in any consolidation order entered by the Court. Nor should the Class Plaintiffs be permitted to proceed with full-blown discovery at this time. Class Counsel candidly acknowledged at the hearing that it is actively considering adding KPMG as a defendant. Indeed, last Friday KPMG received from Class Counsel a nonparty subpoena of extraordinary depth and breadth, demanding that nonparty KPMG produce literally millions of pages of documents. Given the admission of Class Counsel that it may choose to name KPMG as a defendant, and that there already is a complaint on file against KPMG that will be the subject of a motion to dismiss on May 1, 2006, Class Counsel should not be permitted to evade the requirements of the PSLRA discovery stay by serving nonparty discovery that the Opt-Out Plaintiffs themselves cannot serve directly.

Courts have not allowed securities plaintiffs to engage in "end runs" around the PSLRA discovery stay. For example, in *In re AOL Time Warner, Inc. Securities and "ERISA" Litigation*, 2003 WL 22227945, No. 02 Civ. 8853 (S.D.N.Y. Sept. 26, 2003), the court stayed discovery in a parallel ERISA case to secure the defendants' right to a mandatory stay. The court noted its broad discretion under the PSLRA and the Rules and stayed discovery in the separate ERISA action to prevent the PSLRA stay from being circumvented in the securities

5

action. "If plaintiffs in a securities case could, by tacking ERISA claims onto underlying Securities actions, obtain discovery to which they would otherwise not be entitled under the PSLRA," the court pointed out, "then the PSLRA's mandatory stay provision would, as a practical matter, never apply." *Id*. at *2. The same is true here: KPMG's right to test the sufficiency of the Opt-Out complaint would be effectively eviscerated if this Court were to endorse the class plaintiffs' right to take "full blown" discovery of KPMG at this time.

Similarly, in *Benbow v. Aspen Technology, Inc.*, No. 02 Civ. 2881, 2003 WL 1873910 (E.D. La. Apr. 11, 2003), the court refused to allow a plaintiff to evade the effect of the PSLRA stay simply by joining non-securities claims with securities claims, *see id.* at *3; *see also In re Trump Hotel S'holder Deriv. Litig.*, No. 96 Civ. 7820, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (holding same). Indeed, this "anti-circumvention" intent was precisely the reason for Congress' decision, in the Securities Uniform Standards Act of 1998, to empower district courts to "stay discovery proceedings in any private action in a State court" to prevent plaintiffs from circumventing the PSLRA discovery stay. 15 U.S.C. §78u-4(b)(3)(D); *see also Newby v. Enron Corp.*, 338 F.3d 467, 471-72 (5th Cir. 2003) (explaining that this was Congress' purpose for this provision). As the court explained in *In re Cardinal Health, Inc. Securities Litigation*, 365 F. Supp. 2d 866 (S.D. Ohio 2005), "[t]he dispositive question with regard to 'risk of circumvention' is whether some form of relevant discovery is likely to reach the federal plaintiffs during the pendency of a motion to dismiss in federal Court," *id.* at 875. By the same reasoning, the stay precludes the class plaintiffs from obtaining any discovery against KPMG, since allowing them to do so would give them "some form of relevant discovery" before it tests the class plaintiffs' complaint.

6

KPMG has no objection, however, to begin assembling relevant documents for later prompt production in the event its upcoming motion to dismiss is denied—which KPMG respectfully suggests should not and will not occur.

## **CONCLUSION**

For the reasons set forth above, the Court should defer proceedings against KPMG until the class certification stage and ensure that KPMG receives the benefit of the PSLRA discovery stay until its motion to dismiss—which is due to filed May 1, 2006—has been resolved by the Court.

Dated: March 21, 2006.

Respectfully submitted,

_____/s/_____
Andrew S. Tulumello (DC Bar No. 468351)
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
(202) 955-8500

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused electronic copies of the foregoing to be transmitted on this 21 day of March, 2006, to the following counsel who are registered on the CM/ECF system in the *Franklin* docket, and by mail to those not so registered:

Stuart M. Grant
Megan D. McIntyre
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, D.E. 19801

*Counsel for Franklin-Templeton Plaintiffs*

Michael J. Walsh
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006

*Counsel for Defendants Fannie Mae, Thomas P. Gerrity, Taylor C. Segue, III, William R. Harvey, Joe Pickett, Victor H. Ashe, Kenneth M. Duberstein, Manuel J. Justiz, H. Patrick Swygert, and Leslie Rahl.*

David I. Ackerman
James Hamilton
Swidler Berlin LLP
3000 K Street N.W. Suite 300
Washington, D.C. 20007

*Counsel for Defendant Joe Pickett*

Daniel John Healy
John H. Doyle, III
Rhonda D. Orin
Anderson Kill & Olick LLP
2100 M. Street N.W. Suite 650
Washington, D.C. 20037.

*Counsel for Defendant Leslie Rahl*

Kevin M. Downey
Joseph M. Terry
Michelle D. Schwartz

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5091

*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric Delinsky
Zuckerman Spaeder LLP
1201 Connecticut Ave. N.W.
Washington, D.C. 20036-2638

*Counsel for Defendant Timothy J. Howard*

Eldad Zvi Malamuth
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

*Counsel for Defendant Leanne G. Spencer*

Fred F. Fielding
Barbara Van Gelder
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

*Counsel for Defendants Anne M. Mulcahy and Frederic V. Malek*

Earl J. Silbert
Erica Lynne Salmon
DLA Piper Rudnick Gray Carey US LLP
1200 19th Street N.W. Suite 700
Washington, D.C. 20036

*Counsel for Defendants Stephen B. Ashley, Donald B. Marron, and Ann Korologos.*

Julie E. Guttman
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400

*Counsel for Defendant Jamie S. Gorelick*

James E. Anklam

Carolyn E. Morris
Jamie Wareham
*Defendant Daniel H. Mudd*

                                            _____/s/_____
                                               Andrew S. Tulumello

70344594_2.DOC