## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANKLIN MANAGED TRUST et al.,

Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION et al.,

Defendants.

No. 1:06-cv-00139 (RJL)

## OPPOSITION OF DEFENDANT KPMG LLP TO THE FRANKLIN TEMPLETON PLAINTIFFS' MOTION TO LIFT THE PSLRA DISCOVERY STAY

F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave. N.W.
Washington, DC 20036
(202) 955-8500

*Counsel for KPMG LLP*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................1

BACKGROUND .............................................................................................................2

ARGUMENT ..................................................................................................................3

      A.     The Franklin Templeton Plaintiffs Do Not Seek "Particularized"
            Discovery From KPMG. ...........................................................................4

      B.     Plaintiffs Have Not Demonstrated That A Blanket Lifting Of The Stay Is
            Necessary To Avoid Prejudice To Them. ...................................................5

      C.     Lifting The Stay As To KPMG Would Violate A Core Purpose Of The
            PSLRA Stay. ............................................................................................8

CONCLUSION ...............................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Faulkner v. Verizon Commc'ns*, 156 F. Supp. 2d 384 (S.D.N.Y. 2001)...........................................4

*In re AOL Time Warner, Inc. Secs. & "ERISA" Litig.*, No. 1500, 02 Civ. 5575, 2003
    WL 21729842 (S.D.N.Y. July 25, 2003) ................................................7

*In re Carnegie Int'l Corp. Secs. Litig.*, 107 F. Supp. 2d 676 (D. Md. 2000)................................5

*In re CFS-Related Secs. Fraud Litig*, 179 F. Supp. 2d 1260 (N.D. Okla. 2001) ...........................5

*In re Fannie Mae Secs. Litig.*, 362 F. Supp. 2d 37 (D.D.C. 2005) .....................................1, 4, 5, 6

*In re Labranch Secs. Litig.*, 333 F. Supp. 2d 178 (S.D.N.Y. 2004)................................................7

*In re Lernout & Hauspie Secs. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002)................................4

*In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371 (S.D.N.Y. 2001).........................8

*In re Royal Ahold N.V. Secs. & ERISA Litig.*, 220 F.R.D. 246 (D. Md. 2004)..............................8

*In re Vivendi Universal, S.A., Secs. Litig.*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003).........................7

*In re WorldCom, Inc. Secs. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002).....................................7

*Lapicola v. Alternative Duel Fuels, Inc.*, No. 3-02-CV-0299, 2002 WL 531545 (N.D.
    Tex. Apr. 5, 2002)................................................................8

*Medhekar v. U.S. Dist. Court*, 99 F.3d 325 (9th Cir. 1996).........................................................8

*Sedona Corp. v. Landenburg Thalman*, No. 03-Civ-3120, 2005 WL 2647945
    (S.D.N.Y. Oct. 14, 2005) .......................................................8

*United States v. Mezzanatto*, 513 U.S. 196 (1995) .......................................................................1

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B).....................................................................................................1, 4

**Other Authorities**

S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.S.C.A.N. 679 .........................................2

## INTRODUCTION

KPMG LLP respectfully opposes the Franklin Templeton Plaintiffs' motion to lift the discovery stay mandated by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA stay is express, mandatory, and automatic. 15 U.S.C. § 78u-4(b)(3)(B). KPMG intends to file a motion to dismiss the Franklin Templeton case, and it is axiomatic that the PSLRA discovery stay must remain in place until that motion is resolved. The sole exception to the discovery stay—that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to the [plaintiff]" (15 U.S.C. § 78u-4(b)(3)(B))—is plainly not applicable here, a determination this Court already reached in rejecting the Lead Plaintiffs' motion to lift the stay in the Lead Case, a decision the Franklin Templeton Plaintiffs do not even trouble to discuss. *See In re Fannie Mae Secs. Litig.*, 362 F. Supp. 2d 37 (D.D.C. 2005).

The Franklin Templeton Plaintiffs make two principal points in their motion. First, they contend that lifting the stay on a blanket basis is appropriate because Fannie Mae is prepared to waive its right to the discovery stay in the Franklin Templeton case. Franklin Templeton Motion To Lift The PSLRA Discovery Stay ("Franklin Templeton Mem.") at 5. Fannie Mae is certainly entitled to voluntarily waive its entitlement to the PSLRA stay if it chooses to do so, given that any "party may waive any provision, either of a contract or of a statute, intended for his benefit." *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). But unlike KPMG, Fannie Mae has had its motion to dismiss denied. *In re Fannie Mae Secs. Litig.*, No. 1:04-cv-01639, D.E. # 115 (Feb. 10, 2006). By contrast, the legal sufficiency of the claims against KPMG has ***not*** been tested, and KPMG has ***not*** waived its right to the stay. Until KPMG's motion to dismiss is resolved, therefore, discovery may not proceed against it.

Second, Lead Plaintiffs contend they would be "prejudiced" absent lifting of the stay because discovery is now ongoing in Lead Plaintiffs' case and the Franklin Templeton Plaintiffs

would be unable to "catch up." Franklin Templeton Mem. at 9-10. But there is no reason why the Franklin Templeton Plaintiffs cannot participate in discovery with respect to Fannie Mae at this time. Fannie Mae does not object. And for the reasons stated in KPMG's recent submission on the PSLRA, the Lead Plaintiffs are precluded from seeking discovery from KPMG while KPMG's motion to dismiss remains pending. *See* Opposition of KPMG LLP To Lead Plaintiffs' Motion To Compel, *In re Fannie Mae Secs. Litig.* D.E. # 139 (Apr. 25, 2006). With respect to KPMG, discovery is therefore not "ongoing" and there is accordingly nothing for the Franklin Templeton Plaintiffs to "catch up" with.

The Franklin Templeton Plaintiffs waited 16 months before filing their suit. They alone decided to sit on the sidelines before naming new defendants, including KPMG. Their desire now to run a "hurry up" discovery offense against the newly named defendants is not remotely the type of "exceptional circumstance" sufficient to negate the PSLRA discovery stay. *See* S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.S.C.A.N. 679, 693. The Franklin Templeton Plaintiffs should not be permitted to take discovery of KPMG before the claims against KPMG have been tested. That is precisely what the PSLRA discovery stay was designed to prevent, and the Court should once again vindicate Congress' statutory mandate.

## BACKGROUND

The Court is no doubt familiar with the background leading to the filing of the Lead Plaintiffs' and Franklin Templeton suits. KPMG recently reviewed that background (in its Opposition to Lead Plaintiffs' motion to compel) and will not repeat it at length here. But three points warrant emphasis. First, notwithstanding the publicly available information about Fannie Mae's accounting, none of the many institutional clients named KPMG as a defendant when the first of these suits was filed in late 2004. Only Franklin Templeton—which cites no special knowledge of the facts, and no new information that purportedly prompted it to file its

2

complaint—named KPMG.  This occurred 16 months after the original suits against Fannie Mae

and the various Fannie Mae individual defendants were filed.

Second, unlike Fannie Mae and Fannie Mae defendants Raines, Howard, and Spencer,

KPMG has not tested the legal sufficiency of the claims against it.  There is no need to preview

KPMG's motion to dismiss arguments here.  But it is crucial to underscore that the threshold

legal requirements governing accountant liability under § 10(b) of the Securities Exchange Act

of 1934 and SEC Rule 10b-5 are unique and difficult to overcome, and that there are countless

cases in which motions to dismiss filed by issuers and their executives are denied while the

motions to dismiss filed by outside accountants are sustained.  Under these circumstances, it is

presumptuous, at the very least, for the Franklin Templeton Plaintiffs to proclaim that "there is

no real question" that their claims will move forward (*see* Franklin Templeton Mem. at 7) and to

treat the Court's consideration of KPMG's motion to dismiss as a mere formality.

Third, this Court has already denied a motion to lift the PSLRA stay in the Lead

Plaintiffs' case.  In that decision, the Court rejected the various arguments advanced by the Lead

Plaintiffs about why the discovery stay "exception" applied, arguments that are nearly identical

to those raised by the Franklin-Templeton Plaintiffs here.  But the Court's reasons for rejecting

Lead Plaintiffs' attempt to lift the stay apply equally to the Franklin-Templeton Plaintiffs'

motion—a fact the Franklin Templeton Plaintiffs evidently recognize, as they do not even

address the reasons given by the Court for enforcing the stay earlier in the lead securities case.

## **ARGUMENT**

The PSLRA discovery stay should not be lifted with respect to KPMG.  The Franklin

Templeton Plaintiffs do not dispute that the PSLRA stay of discovery precludes them from

seeking discovery while motions to dismiss remain to be decided.  Instead, they invoke the

exception to the stay, which permits a court to allow discovery if the discovery sought is both

"particularized" and "necessary to preserve evidence or to prevent undue prejudice to" the

plaintiff.  15 U.S.C. § 78u-4(b)(3)(B).  As this Court has already recognized in the lead securities

case, movants "bear the burden of establishing that lifting of the mandatory stay is necessary,"

and that burden "is a heavy one."  *In re Fannie Mae*, 362 F. Supp. 2d at 38.  Congress reserved

the exception for "exceptional circumstance[s]" such as when "the terminal illness of an

important witness may necessitate the deposition of the witness prior to the ruling on the motion

to dismiss."  S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.S.C.A.N. 679, 693.  The

Franklin Templeton Plaintiffs have not come close to showing that the conditions for the

exception are satisfied here.

**A.    The Franklin Templeton Plaintiffs Do Not Seek "Particularized" Discovery From KPMG.**

To begin with, the Franklin Templeton Plaintiffs' motion seeks to lift the stay on a

blanket basis so that they can take any and all discovery from KPMG while motions to dismiss

are pending.  This request is in no way, shape, or form "particularized."  A particularized

discovery request, at a minimum, "'specif[ies] the target of the requested discovery and the types

of information needed to relieve that burden.'"  *In re Fannie Mae*, 362 F. Supp. 2d at 38-39

(quoting *In re Lernout & Hauspie Securities Litigation*, 214 F. Supp. 2d 100, 108 (D. Mass.

2002)).  But Plaintiffs do not trouble to identify any specific evidence they seek:  what they ask

for is the total elimination of the stay.  *See* [Proposed] Order Granting Plaintiffs' Relief From

PSLRA Discovery Stay at 2.

Courts have been quick to reject and condemn this type of wholesale request for a blanket

lifting of the stay.  *See Faulkner v. Verizon Commc'ns*, 156 F. Supp. 2d 384, 404-05 (S.D.N.Y.

2001) (denying motion to lift stay to permit discovery of "all documents, testimony and

transcripts that have been previously produced or will be produced in the future" on the ground

that the request was "'[f]ar from particularized'" (citation omitted)); *see also In re CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d 1260, 1267-68 (N.D. Okla. 2001) (denying a motion to lift the stay as insufficiently particularized because the requested discovery sought "documents related to all aspects of CSI's relationship with CFS and the underlying securities transactions"); *In re Carnegie Int'l Corp. Secs. Litig.*, 107 F. Supp. 2d 676, 684 (D. Md. 2000) (denying motion to lift stay where proposed discovery included "21 document requests and . . . testimony on 32 separate subjects").

The Franklin Templeton Plaintiffs do not mention, let alone attempt to meet, their burden of showing that their discovery request is "particularized." Franklin Templeton Mem. at 6-10. Yet this Court (like others) has recognized not only that the requirement must be met but also that it is crucial to the PSLRA framework. *See, e.g.*, *In re Fannie Mae*, 362 F. Supp. 2d at 38. The Franklin Templeton Plaintiffs' failure to seek "particularized" discovery is a sufficient reason—in and of itself—to deny the motion to lift the stay.

**B.**     **Plaintiffs Have Not Demonstrated That A Blanket Lifting Of The Stay Is Necessary To Avoid Prejudice To Them.**

Nor can the Franklin Templeton Plaintiffs identify any "prejudice" to them if the stay remains in place. Indeed, all of the arguments raised by the Franklin Templeton Plaintiffs—from their professed inability to plot their "litigation strategy" to the impairment of their right to participate in (non-existent) settlement discussions—were considered and correctly rejected by this Court in denying the Lead Plaintiffs' motion to lift the PSLRA stay. The Franklin Templeton Plaintiffs offer no reasons why the Court's analysis was incorrect or why it should not apply to KPMG here.

Indeed, the Franklin Templeton Plaintiffs' motion is simply revisiting trodden ground. Like the Franklin Templeton Plaintiffs, Lead Plaintiffs contended that the PSLRA stay should be

lifted because the Fannie Mae defendants were producing the documents in related civil and

regulatory proceedings; because the burden on the defendants of producing the documents was

minimal; and because Lead Plaintiffs would contribute to the Fannie Mae defendants' discovery

costs.[1]  Lead Plaintiffs also contended that they would be "prejudiced" because, without

immediate access to discovery, they could not adequately plan their "litigation strategy" and

would be disadvantaged relative to the plaintiffs proceeding against the defendants in parallel

civil litigation.[2]  And Lead Plaintiffs likewise contended that lifting of the stay would not

contravene the "purposes of the PSLRA automatic stay provision" because their suit was not

"frivolous."[3]

 This Court rejected all of these arguments, noting that Lead Plaintiffs had "fail[ed] to

demonstrate that the defendants will be either unfairly shielded from liability, or that the

---

[1]  *Compare* Lead Plaintiffs' Mem. at 8 (arguing that "Defendants will suffer little burden by having to produce such documents now" because "[t]hey have already searched for, examined and produced these documents to various government agencies" and offering to "pay for the costs of reproducing another set of the documents"), *with* Franklin Templeton Mem. at 8 (seeking access to the ongoing discovery in the consolidated class case because "the burden on defendants in producing those documents is slight" and offering "to pay the reasonable costs of copying the materials to be produced").

[2]  *Compare* Lead Plaintiffs' Mem. at 8-9 (arguing that immediate discovery was necessary to "place all parties in related legal or regulatory proceedings on equal footing" and arguing that otherwise, the plaintiffs in parallel litigation would "gain a substantial advantage over Lead Plaintiffs and the class if they obtain and have time to review the requested discovery well before Lead Plaintiffs are given the same opportunity"), *with* Franklin Templeton Mem. at 9-10 (arguing that immediate discovery is necessary because "while the Class Action and other related actions are unhindered in their discovery of information and progress toward resolution . . . Plaintiffs are presently left without access to information that is essential to protect their interests").

[3]  *Compare* Lead Plaintiffs' Mem. at 10-11 (arguing that "it cannot plausibly be argued that this case is frivolous"), *with* Franklin Templeton Mem. at 6 (arguing that "Plaintiffs' complaint is clearly not a strike suit seeking to extort a quick settlement through costly discovery").

plaintiffs would be disadvantaged during possible settlement negotiations." *In re Fannie Mae*, 362 F. Supp. 2d at 39.  The Franklin Templeton Plaintiffs' arguments are virtual carbon-copies of Lead Plaintiffs' contentions, and they should be rejected for the same reasons.

Indeed, while this Court's opinion in *In re Fannie Mae* is on-point and controlling, none of the cases on which the Franklin Templeton Plaintiffs' rely is remotely similar to this case. Franklin Templeton Plaintiffs' Mem. at 9-10.  As a preliminary matter, in each of those cases discovery was found to be "particularized."  Beyond that, in those cases there also was some specific reason to suspect that, if the stay remained in place, the plaintiffs would be left with no remedy whatsoever or a drastically diminished recovery.[4]

The Franklin Templeton Plaintiffs have not attempted to demonstrate the existence of such circumstances here.  Absent these circumstances, courts have uniformly denied efforts to lift the PSLRA stay.  *See In re AOL Time Warner, Inc. Secs. & "ERISA" Litig.*, No. 1500, 02 Civ. 5575, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) (declining to lift the stay on the ground that no settlement discussions were pending and that "Lead Plaintiffs' assertions of an impending settlement that could prejudice plaintiffs' possible recovery are premature"); *In re Vivendi Universal, S.A., Secs. Litig.*, 381 F. Supp. 2d 129, 130-31 (S.D.N.Y. 2003) (denying motion to lift the stay because there was "no evidence that plaintiffs face the same prospect . . .

---

[4]  *See In re Labranch Secs. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004) (noting and specifically relying on the fact that "[h]ere, there has been an *actual* settlement" whereas in other cases in which the stay was not lifted "settlement negotiations were not even under way"); *In re WorldCom*, *Inc*. *Secs. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (noting that the plaintiff "face[d] the very real risk that it will be left to pursue its action against defendants who no longer have anything"); *In re Royal Ahold N.V. Secs. & ERISA Litig.*, 220 F.R.D. 246, 251 (D. Md. 2004) (noting that one of the defendants was "undertaking a wide-ranging corporate reorganization" and was rapidly divesting itself of the subsidiaries that had allegedly participated in the fraud, creating a serious risk of diminished recovery without immediate access to discovery).

that they would be left without remedy in light of settlement discussions or other intervening events, such as bankruptcy or attempt to take control over plaintiff by acquisition").  Indeed, the district court in *In re Royal Ahold*—a case relied upon by the Franklin Templeton Plaintiffs— found no reason to lift the stay as to an outside auditor in the absence of any risk of diminished recovery.  The court noted that "[t]he case for discovery from Deloitte & Touche is not as compelling" because "[t]hat defendant . . . is not reorganizing its affairs."  *In re Royal Ahold N.V. Secs. & ERISA Litig.*, 220 F.R.D. 246, 252-53 (D. Md. 2004).  The same result should follow here.

**C.     Lifting The Stay As To KPMG Would Violate A Core Purpose Of The PSLRA Stay.**

Lifting the stay in this case also would be manifestly contrary to the purposes that animate the PSLRA stay.  A core aim of the PSLRA was to ensure that the securities-fraud complaints are based on knowledge available to the plaintiffs at the time they file their suit, not based on information obtained during discovery.  *See Medhekar v. U.S. Dist. Court*, 99 F.3d 325, 328 (9th Cir. 1996) ("th[e] complaints in . . . securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed"); *In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 423 (S.D.N.Y. 2001) ("[m]anifest in the 1995 Reform Act is the mandate that courts assess the legal sufficiency of plaintiffs' securities-fraud allegations according to what plaintiffs know at the time the complaint is filed, rather than what they wish to learn through discovery"); *Sedona Corp. v. Landenburg Thalman*, No. 03-Civ-3120, 2005 WL 2647945, at * 2 (S.D.N.Y. Oct. 14, 2005) ("Congress was concerned with . . . fishing expeditions for discovery in the hope of finding a sustainable claim not alleged in the complaint" (internal quotation marks and citation omitted)); *Lapicola v. Alternative Duel Fuels, Inc.*, No. 3-02-CV-0299, 2002 WL 531545, at *1 (N.D. Tex.

8

Apr. 5, 2002) (PSLRA enacted to "avoid the situation in which a plaintiff sues without possessing the requisite information to meet the heightened pleading requirements of the PSLRA, then uses discovery to acquire that information and resuscitate a complaint that is otherwise subject to dismissal").

Allowing the Franklin Templeton Plaintiffs to participate in discovery against KPMG—while KPMG's motion to dismiss remains pending and when the Franklin Templeton Plaintiffs are solely responsible for the delay occasioned by their decision to bring suit 16 months into these proceedings—would directly circumvent the PSLRA stay and undermine a principal aim the statute sought to achieve.  The motion should be denied.

## CONCLUSION

For the foregoing reasons, the Franklin Templeton Plaintiffs' motion to lift the PSLRA discovery stay should be denied.  A proposed order is attached.

Dated:  May 8, 2006

Respectfully submitted,

____/s/ Andrew Tulumello_____
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave. N.W.
Washington, DC 20036
(202) 955-8500

*Counsel for KPMG LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused electronic copies of the foregoing to be transmitted on May 8, 2006

to the following counsel who are registered on the CM/ECF system in the *Franklin Templeton*

docket and by mail to those not so registered:

*Electronic Service*:

Stuart M. Grant
Megan D. McIntyre
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801

*Counsel for the Franklin Templeton Plaintiffs*

Michael J. Walsh
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006

*Counsel for Defendants Fannie Mae, Thomas P. Gerrity, Taylor C. Segue, III, William R. Harvey, Joe Pickett, Victor H. Ashe, Kenneth M. Duberstein, Manuel Justiz, H. Patrick Swygert, and Leslie Rahl.*

Eldad Zvi Malamuth
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

*Counsel for Defendant Leanne G. Spencer*

Steven M. Salky
Eric R. Delinsky
Ellen D. Marcus
Zuckerman Spaeder LLP
1201 Connecticut Ave. N.W.
Washington, D.C. 20036-2638

*Counsel for Defendant Timothy J. Howard*

*Service by Mail*:

Julie A. Richmond
Kathleen M. Donovan-Maher
Jeffery C. Block
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02190

Joshua S. Devore
Steven J. Toll
Cohen, Milstein, Hausfeld & Toll P.L.L.C
West Tower, Suite 500
1100 New York Ave. N.W.
Washington, DC 20005

Stanley M. Chesley
James R. Cummins
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

*Counsel for Plaintiff Ohio Public Employees Retirement System*

Robert Romano
Bonnie Altro
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178-0060

*Counsel for Defendant Thomas P. Gerrity*

David I. Ackerman
James Hamilton
Swidler Berlin LLP
3000 K Street N.W. Suite 300
Washington, D.C. 20007

*Counsel for Defendant Joe Pickett*

Daniel John Healy
John H. Doyle, III
Rhonda D. Orin
Anderson Kill & Olick LLP
2100 M Street N.W. Suite 650

Washington, DC 20037

*Counsel for Defendant Leslie Rahl*

Kevin M. Downey
Joseph M. Terry
Michelle D. Schwartz
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5091

*Counsel for Defendant Franklin D. Raines*

Fred F. Fielding
Barbara Van Gelder
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, D.C. 20006

*Counsel for Defendants Anne M. Mulcahy and Frederic V. Malek*

Earl J. Silbert
Erica Lynne Salmon
Piper, Rudnick, Gray & Carey LLP
1200 19th Street N.W. Suite 700
Washington, D.C. 20036

*Counsel for Defendants Stephen B. Ashley, Donald B. Marron, and Ann Korologos*

Julie E. Guttman
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400

*Counsel for Defendant Jamie S. Gorelick*

James E. Anklam
Jamie Wareham
Carolyn E. Morris
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

*Counsel for Defendant Daniel H. Mudd*

Shannon Ratliff
Ratliff Law Firm
600 Congress Avenue
Suite 3100
Austin, TX 78701

*Counsel for Manuel Justiz*

                                     ____/s/  Henry Whitaker_____
                                       Henry Whitaker