UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE FEDERAL NATIONAL MORTGAGE ASSOCIATION SECURITIES, DERIVATIVE AND ERISA LITIGATION | MDL No. 1668 |
| EVERGREEN EQUITY TRUST, et al., <br><br> Plaintiffs, <br><br> - against – <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., <br><br> Defendants. | Case No. 1:06-CV-00082 (RJL) |
| FRANKLIN MANAGED TRUST, et al., <br><br> Plaintiffs, <br><br> - against – <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., <br><br> Defendants. | Case No. 1:06-CV-00139 (RJL) |

MEMORANDUM OF LAW OF NEWLY NAMED DIRECTOR DEFENDANTS
IN OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY OF
DISCOVERY PRIOR TO DECISION ON MOTIONS TO DISMISS

## TABLE OF CONTENTS

Table of Authorities………..…………………………………………………………………i

PRELIMINARY STATEMENT……………………………………………………………….1

BACKGROUND……………………………………………………………………………….4

ARGUMENT –  THE MOTION TO LIFT THE AUTOMATIC STAY OF
                DISCOVERY SHOULD BE DENIED WITH RESPECT
                TO THE DIRECTOR DEFENDANTS............……………………...6

CONCLUSION…………………………………………………………………………..11

Table of Authorities

Page

Cases

In re Advanta Corp. Sec. Litig.,
   180 F. 3d 525 (3d Cir. 1999)…………………………………………………..6

In re AOL Time Warner, Inc. Sec. & ERISA Litig.,
   MDL No. 1500, 2003 WL 22227945 (S.D.N.Y. September 23, 2003)………………7

In re Carnegie Int'l Corp. Sec. Litig.,
   107 F. Supp 2d 676 (D. Md. 2000)………………………………………………6

In re CFS Related Sec. Fraud Litig.,
   179 F. Supp. 2d 1260 (N.D. Okla. 2001)…………………………………………...7

In re Elan Corp. Sec. Litig.,
   No. 02 Civ. 865, 2004 WL 13033638 (S.D.N.Y. May 18, 2004)……………………..8

In re Fannie Mae Sec. Litig.,
   362 F. Supp. 2d 37 (D.D.C. 2005)…………………………………….........2, 3, 4, 8, 9

In re Lantronix, Inc. Sec. Litig.,
   No. CV-02-03899, 2003 WL 22462393 (C.D. Cal. Sept. 26, 2003)………………7, 8

In re Unum Provident Corp. Sec. Litig.,
   No. 03-CV-094, 2003 U.S. Dist. LEXIS 24412 (E.D. Tenn. Dec. 29, 2003)………...8

Medhekar v. United States Dist. Court,
   99 F.3d 325 (9th Cir. 1996)………………….....................................................6

Sedona Corp. v. Ladenburg Thalmann,
   No. 03 Civ. 3120, 2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005)……………………..7

SG Cowen Sec. Corp. v. United States Dist. Court,
   189 F.3d 909 (9th Cir. 1999)……………………………………………………..6

Statutes

15 U.S.C. § 77z-1(b)(1)……………………………………………………...1, 6, 7, 9

15 U.S.C. § 78u-4(b)(3)(B)…………………………………………………..1, 6, 7, 9

Page

## Legislative History

H.R. Conf. Rep. No. 104-369 (1996), <u>reprinted in</u> 1995 U.S.C.C.A.N. 730………...3, 6, 9

## Treatises

27A Am. Jur. 2d Equity § 120 (2005)…………………………………………………….2

MEMORANDUM OF LAW OF NEWLY NAMED DIRECTOR DEFENDANTS
IN OPPOSITION TO MOTION TO LIFT AUTOMATIC STAY OF
<u>DISCOVERY PRIOR TO DECISION ON MOTIONS TO DISMISS</u>

This memorandum of law is submitted on behalf of fifteen present or former directors of Fannie Mae in opposition to the motion by plaintiffs in the <u>Evergreen</u> and <u>Franklin</u> securities actions to lift the stay of discovery that automatically applies under the federal securities laws until motions to dismiss the complaints in those actions have been decided.[1]

<u>PRELIMINARY STATEMENT</u>

The federal securities laws provide that "[i]n any private action arising under [them], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss," except in narrowly delineated circumstances that are not present here. 15 U.S.C. § 78u-4(b)(3)(B) (Securities Exchange Act of 1934); <u>see also</u> 15 U.S.C. § 77z-1(b)(1) (Securities Act of 1933). This automatic stay of discovery was a centerpiece of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which was enacted to protect directors and other insiders from enduring baseless claims of fraud that were launched in an effort to justify wide-ranging discovery in search of a basis for them.

---

[1] The director defendants who join in this memorandum of law are Stephen B. Ashley, Kenneth M. Duberstein, Thomas P. Gerrity, Jamie S. Gorelick, William R. Harvey, Manuel J. Justiz, Ann McLaughlin Korologos, Frederick V. Malek, Donald B. Marron, Daniel H. Mudd, Anne M. Mulcahy, Joe Pickett, Leslie Rahl, Taylor C. Segue III and H. Patrick Swygert, all of whom are present or former outside directors of Fannie Mae with the exception of Mr. Mudd, the Company's current chief executive officer (and a director), and Ms. Gorelick, a former director and vice chair of the Company. <u>See</u> Evergreen Compl., ¶¶ 24-41; Franklin Compl., ¶¶ 45-62. Plaintiffs have agreed to voluntarily dismiss two additional director defendants – Victor Ashe and Molly Bordonaro –from the <u>Evergreen</u> and <u>Franklin</u> complaints, and therefore they do not join in this opposition.

In this nearly two-year old consolidated litigation, none of the fifteen present or former directors of Fannie Mae who join in this opposition were charged with fraud or other violations of securities laws until the eleventh-hour filing of the complaints in <u>Evergreen</u> and <u>Franklin</u>. Under the PSLRA and the Federal Rules, those director defendants are entitled – as a matter of law – to subject plaintiffs' allegations against them to the test of a motion to dismiss. They intend to do just that on May 15th, and it is their expectation that the claims asserted against them in both of these recently filed complaints will be found lacking.

The plaintiffs in <u>Evergreen</u> and <u>Franklin</u> sat on the sidelines for more than a year while the parties in the Fannie Mae securities class action organized these multi-district proceedings; prepared a consolidated amended complaint; exchanged extensive briefing on motions to dismiss; argued those motions; and even argued an earlier motion to lift the stay of discovery under the PSLRA. <u>See</u> Docket entries, <u>In re Fannie Mae Sec. Litig.</u>, Cons. C.A. No. 1:04-CV-1639 (RJL) (D.D.C.); <u>In re Fannie Mae Sec. Litig.</u>, 362 F. Supp. 2d 37 (D.D.C. 2005).

Only at the end of that year of intense activity did the plaintiffs in the present actions appear before this Court for the first time. It is remarkable, therefore, that the central predicate for the instant motion for relief from the automatic discovery stay is purported exigency. The <u>Evergreen</u> and <u>Franklin</u> plaintiffs contend that the discovery train is leaving the station, requiring the Court to exercise its discretion and grant them relief from this basic tenet of federal securities law. This argument is fundamentally inequitable – "equity aids those who have been vigilant, not those who sleep on their rights." 27A Am. Jur. 2d Equity § 120 (2005).

2

The Evergreen and Franklin plaintiffs' claims of prejudice similarly ring hollow.  As this Court previously recognized, "[t]he burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one."  In re Fannie Mae Sec. Litig., 362 F. Supp. 2d 37, 38 (D.D.C. 2005).  Plaintiffs do not meet that heavy burden here.  No prejudice will result to these plaintiffs if discovery is stayed with respect to the fifteen newly named director defendants while their motions to dismiss are pending.  There can be no genuine dispute that the substantial majority of document discovery in these consolidated proceedings will emanate from Fannie Mae itself, and as the plaintiffs observe, the Company already has stated its willingness to include them in that discovery.[2]  See Pl. Mem. at 2.  Moreover, the discovery schedule in complex litigation such as the present actions should be sufficiently lengthy to permit the deferral of all discovery that might be uniquely directed at the fifteen director defendants (including depositions) until after a decision on their motions to dismiss, without imposing an undue delay.

On the other hand, plaintiffs would gain an impermissible advantage if they were permitted to participate in discovery in these actions and then to use that discovery in responding to defendants' motions to dismiss.  In this regard, plaintiffs' motion reflects a transparent attempt to end-run the protection for defendants that was intended by Congress when it included the automatic discovery stay in the PSLRA.  See H.R. Rep. No. 104-369, at 21-22, 25 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 730-31, 736.

---

[2]  The director defendants express no view as to the propriety of lifting the stay of discovery as to defendant KPMG LLP.

Accordingly, the director defendants respectfully submit that the motion to lift the automatic stay of discovery in this action should be denied as to them and request that any order lifting or modifying the discovery stay in these actions include a provision that discovery materials obtained by the Evergreen or Franklin plaintiffs from any source may not be used in connection with the defendants' anticipated motions to dismiss the complaints in these actions.

## BACKGROUND

The first complaints in this consolidated multi-district litigation were filed in September 2004 in the days after it was announced that the Office of Federal Housing Enterprise Oversight ("OFHEO") had issued an interim report taking issue with Fannie Mae's application of certain accounting pronouncements.

As called for under the federal securities laws, press releases were issued by plaintiffs' counsel in those initial actions announcing that the actions had been filed and that investors were entitled to appear and to seek appointment as lead plaintiffs by this Court. Undoubtedly, the attorneys now appearing for the Evergreen and Franklin plaintiffs were aware at the time of those initial press releases that lawsuits had been filed against Fannie Mae.

After heated motion practice regarding consolidation, venue and other preliminary matters, on March 4, 2005, an amended complaint was filed by lead plaintiffs in the consolidated securities class action.[3] That complaint named as defendants Fannie Mae and three of its former senior officers -- the former chairman and chief

---

[3] In the interim, lead plaintiffs in the class action filed a motion to lift the automatic discovery stay. That motion was denied by the Court in an opinion and order dated February 23, 2005. See In re Fannie Mae Sec. Litig., 362 F. Supp. 2d 37 (D.D.C. 2005).

executive officer, Franklin D. Raines; the former chief financial officer, J. Timothy Howard; and the former controller, Leanne G. Spencer.  See In re Fannie Mae Sec. Litig., Compl., ¶¶ 25-27.  None of the fifteen current or former directors of Fannie Mae who join in this opposition was named as a defendant in the consolidated amended class action complaint.  See id.

On May 3, 2005, motions to dismiss the consolidated class action complaint were filed by Fannie Mae and the former officers who were named as defendants therein.  Briefing on those motions continued through the summer.  At the request of the Court, supplemental briefs were also submitted by the parties following oral argument on the motions on November 10, 2005.  Although there can be no real question that their counsel was aware that these proceedings were underway in the class action, not a word was heard by this Court from any of the Evergreen or Franklin plaintiffs throughout this period.

Then, on January 17, 2006 and January 25, 2006, respectively, the complaints were filed in the Evergreen and Franklin actions.  Soon thereafter, the plaintiffs in those actions filed objections to their consolidation with the securities class action that by then had been pending before this Court for fifteen months.

On February 10, 2006, the Court denied the motions to dismiss the complaint in the securities class action, opening the way for discovery in that action to proceed.  The Evergreen and Franklin motion for relief from the automatic stay of discovery followed, on April 27, 2006.  In violation of this Court's local rules, the attorneys for the newly named director defendants were not consulted before the motion

was filed, even though the attorneys for KPMG and Fannie Mae were, as the certification

of plaintiffs' counsel makes clear.[4]  See Pl. Mem. at 11.

ARGUMENT

THE MOTION TO LIFT THE AUTOMATIC STAY OF DISCOVERY SHOULD BE
DENIED WITH RESPECT TO THE DIRECTOR DEFENDANTS

Congress enacted the PSLRA to curb abuses in securities litigation,

including abuse of the discovery process by plaintiffs' attorneys.  In re Advanta Corp.

Sec. Litig., 180 F.3d 525, 531 (3d Cir. 1999).  To fulfill that purpose, the PSLRA

imposes an automatic discovery stay upon the filing of motions to dismiss.  See

15 U.S.C. § 77z-1(b)(1)(B); 15 U.S.C. § 78u-4(b)(3)(B).

The automatic stay protects defendants from enduring the costs and

burdens of discovery until a Court has had an opportunity to test the sufficiency of a

complaint against the demanding pleading standards enacted under the PSLRA.  See

SG Cowen Sec. Corp. v. United States Dist. Court, 189 F.3d 909, 911-13 (9th Cir. 1999);

In re Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676, 681 (D. Md. 2000).  It also

protects defendants by preventing securities plaintiffs from filing baseless claims for the

purpose of launching discovery expeditions in search of evidence to support them.  See

SG Cowen, 189 F.3d at 912; Medhekar v. United States Dist. Court, 99 F.3d 325, 328

(9th Cir. 1996); see also H.R. Rep. No. 104-369, at 21 (abuses targeted by PSLRA

included routine filing of lawsuits "without regard to any underlying culpability . . . and

---

[4] After the motion had been filed, the director defendants attempted to resolve
the matter without resort to motion practice, but plaintiffs did not respond to their
proposed resolution.

6

with only faint hope that the discovery process might lead eventually to some plausible cause of action").

"The [PSLRA] stay is absolute unless plaintiffs can establish that particularized discovery is necessary to (1) preserve evidence or (2) prevent undue prejudice to the moving party." In re AOL Time Warner, Inc. Sec. & ERISA Litig., MDL No. 1500, 2003 WL 22227945, at *1 (S.D.N.Y. Sept. 23, 2003); see 15 U.S.C. § 77z-1(b)(1)(B); 15 U.S.C. § 78u-4(b)(3)(B).[5] Indeed, courts have recognized that the stay of discovery applies even when motions to dismiss a securities complaint are directed at fewer than all of the claims or are filed on behalf of fewer than all of the defendants named in the complaint. See Sedona Corp. v. Ladenburg Thalmann, No. 03 Civ. 3120, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) (stay "applies while 'any motion to dismiss' is pending . . . . Thus, the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants . . . ."); In re Lantronix, Inc. Sec. Litig., No. CV-02-03899, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (continuing stay where only some claims were subject of motion to dismiss); In re CFS Related Sec. Fraud Litig., 179 F. Supp. 2d 1260, 1263, 1268 (N.D. Okla. 2001) ("As long as any defendant has filed a motion to dismiss claims arising under [designated portions of Exchange Act], the PSLRA stays 'all discovery,' even discovery against answering, non-moving defendants.").

As this Court recognized in denying a previous motion seeking to lift the discovery stay in this same consolidated litigation, "[t]he burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one." In re Fannie

---

[5] There has been no claim that lifting the stay of discovery is necessary to preserve evidence.

Mae Sec. Litig., 362 F. Supp. 2d. 37, 38 (D.D.C. 2005).  In its earlier decision, the Court

emphasized that a contention that a plaintiff will be on an unequal footing with other

parties does not amount to unfair prejudice.  Nor does the fact that documents already

have been produced outside of the litigation at issue satisfy the demanding statutory

standard.  See In re Elan Corp. Sec. Litig., No. 02 Civ. 865, 2004 WL 1303638, at *1

(S.D.N.Y. May 18, 2004); In re Lantronix, Inc. Sec. Litig., No. CV 02-03899, 2003 WL

22462393 at *2 (C.D. Cal Sept. 26, 2003); In re Unum Provident Corp. Sec. Litig., No.

03-CV-094, 2003 U.S. Dist. LEXIS  24412, at *7-8 (E.D. Tenn. Dec. 29, 2003) (not

available on Westlaw).

      To the contrary, the "unfair prejudice" standard requires a showing that

"either the defendant will be unfairly shielded from liability without the requested

discovery, or the plaintiffs would be at an informational disadvantage during settlement

negotiations."  Fannie Mae, 362 F. Supp. 2d. at 38; see also Elan Corp., 2004 WL

1303638, at *1 (party seeking to lift stay must demonstrate "improper or unfair treatment

rising to a level somewhat less than irreparable harm").  Neither of those exceptions

applies here.

      In their motion papers, the Evergreen and Franklin plaintiffs fall far short

of satisfying their demanding burden in their attempt to lift the stay of discovery with

respect to the newly named director defendants.  To the contrary, their memorandum of

law is noteworthy for its absence of any genuine effort to satisfy the standard as to any of

the fifteen individual defendants who have joined this opposition.

      First, plaintiffs contend that "the facts and circumstances supporting the

Section 10(b) and 20(a) claims asserted in the Franklin and Evergreen are almost

identical to the Class Action" and "there is no real question that Plaintiffs' cases will

proceed as to those claims." Pl. Mem. at 7. This contention ignores that plaintiffs have asserted numerous causes of action that were never before asserted against any defendant, and that the Evergreen and Franklin complaint -- for the first time in this two-year old litigation -- asserts claims for fraud and other violations of the securities laws against the fifteen newly named director defendants.

As with any newly named defendant, by statute the director defendants are granted the right to test the sufficiency of the claims asserted against them in motions to dismiss free from the burdens and expense of discovery. It is no answer that those claims purportedly arise from the same "facts and circumstances" as those at issue in the consolidated class action. Even if that contention were true, applicable law requires the individual application of those "facts and circumstances" to the newly named individual defendants. The coming motions to dismiss will expose the extent of the misjudgment that lies behind plaintiffs' assertion that there is "no real question that Plaintiffs' cases will proceed" as against those defendants.

Second, the plaintiffs claim that lifting the stay of discovery will result in no prejudice "to the defendants in the Evergreen and Franklin Actions who are not named as defendants in the Class Action." Pl. Mem. at 7. This assertion turns the statute on its head: it is the plaintiffs' burden to demonstrate the prejudice to them that would result from a failure to lift the stay of discovery, not the other way around. Fannie Mae, 362 F. Supp. 2d. at 38; see 15 U.S.C. § 77z-1(b)(1)(B); 15 U.S.C. § 78u-4(b)(3)(B). In any event, permitting the Evergreen and Franklin plaintiffs to launch discovery in search of support for their claims even while motions to dismiss those claims are pending would be, without more, sufficient prejudice to deny plaintiffs' motion here. See H.R. Rep. No.

104-369, at 21. That prejudice is even more obvious where, as here, there is a significant chance that the motions to dismiss those claims will be granted.

Plaintiffs' suggestion that discovery against the director defendants in these actions would be no more onerous than non-party discovery in the securities class action appears to be predicated on two dubious assumptions – (1) that non-party discovery will, in fact, be sought in the class action from each and every one of those directors, and (2) that the discovery burdens imposed upon non-party witnesses are substantially the same as those imposed on a defendant. Unsurprisingly, plaintiffs offer no support for either of these assumptions. In fact, there is no certainty that any, much less all, of the newly named director defendants will be required to provide discovery to the class action plaintiffs that is separate and apart from document discovery that Fannie Mae already has agreed to provide to the Evergreen and Franklin plaintiffs.

Finally, these individual plaintiffs offer little substance to support their claims of prejudice to them in the absence of an order lifting the stay of discovery. See Pl. Mem. at 9-10. They contend that other litigants will receive documents from Fannie Mae that previously have been produced, id., but elsewhere in their motion they acknowledge that Fannie Mae has offered to include these plaintiffs in the same document discovery, see Pl. Mem. at 2. Given the plaintiffs' participation in such document discovery, and in light of the voluminous materials that already are available to these plaintiffs as a result of the publication of the OFHEO and Paul Weiss reports, the Evergreen and Franklin plaintiffs will not, as they assert, be unduly hindered in "their ability to plan their litigation strategy, or to participate meaningfully in any settlement discussions." Pl. Mem. at 9.

Moreover, any exigency facing the <u>Evergreen</u> and <u>Franklin</u> plaintiffs that might arise due to the recent commencement of discovery in the securities class action is of their own making.  There can be no question that these plaintiffs and their counsel were aware of this consolidated litigation long before they filed their complaints in January 2006.  Yet, they waited until briefing and argument had been completed on the motions to dismiss in the consolidated securities class action before entering the fray. Given their own delay, these individual plaintiffs should not be heard to claim hardship arising from scheduling of discovery in the consolidated proceedings.

*                    *                    *

In sum, the <u>Evergreen</u> and <u>Franklin</u> plaintiffs have failed to satisfy their "heavy burden" to justify an order lifting the automatic stay of discovery with respect to the fifteen newly named director defendants.  The stay of discovery should not be lifted against those defendants in these two actions.

In addition to denying that motion, the director defendants respectfully submit that any order modifying or lifting the stay of discovery as to other defendants in these two actions should make adequate provision for the rights of the director defendants under the PSLRA.  Such an order therefore should provide that no discovery materials obtained by the <u>Evergreen</u> or <u>Franklin</u> plaintiffs from any source may be used in connection with the director defendants' motions to dismiss the complaints in these two actions.

CONCLUSION

For the foregoing reasons, defendants Stephen B. Ashley, Kenneth M. Duberstein, Thomas P. Gerrity, Jamie S. Gorelick, William R. Harvey, Manuel J. Justiz, Ann McLaughlin Korologos, Frederick V. Malek, Donald B. Marron, Daniel H. Mudd, Anne M. Mulcahy, Joe Pickett, Leslie Rahl, Taylor C. Segue III and H. Patrick Swygert respectfully request that the motion to lift the automatic stay of discovery be denied and that the Court grant them such other and further relief as may be deemed just and proper.

Dated:  Washington, D.C.
       May 8, 2006


_____/s/ Jeffrey W. Kilduff_____
John Beisner (D.C. Bar No. 320747)
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Kimberly A. Newman (D.C. Bar. No. 430326)
Robert M. Stern (D.C. Bar No. 478742)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414

Seth Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA  90071-2899
T:  213/430-6000
F:  213/430-6407

Counsel for Defendants Kenneth
Duberstein, William R. Harvey, Taylor C.
Segue III and H. Patrick Swygert

_____/s/ Earl J. Silbert_____
Earl J. Silbert (D.C. Bar No. 053132)
Erica Salmon Byrne (D.C. Bar No. 480477)
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, NW
Washington, DC  20036
T:  202/861-3900
F:  202/223-2085
-and-
John J. Clarke, Jr.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY  10020-1104
T:  212/835-6000
F:  212/884-8520

Counsel for Defendants Stephen B. Ashley,
Ann Korologos, and Donald B. Marron

_____/s/ Christian J. Mixter_____
Christian J. Mixter (D.C. Bar No. 352238)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC  20004
T:  202/739-3000
F:  202/739-3001
-and-
Robert Romano
Rachelle Barstow
Bonnie Altro
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY  10178-0060
T:  212/309-6000
F:  212/309-6001

Counsel for Defendant Tom Gerrity in the
Franklin Action

_____/s/ Julia E. Guttman_____
Julia E. Guttman (D.C. Bar No. 412912)
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
T:  202/639-7700
F:  202/639-7890

Counsel for Defendant Jamie S. Gorelick

_____/s/ Michael L. Navarre_____
Shannon H. Ratliff
Texas Bar No. 16573000
Michael L. Navarre
Texas Bar No. 00792711
Ratliff Law Firm, P.L.L.C.
600 Congress Avenue, Suite 3100
Austin, Texas  78701
T:  512/493-9600
F:  512/493-9625

Counsel for Defendant Manuel J. Justiz

_____/s/ Fred F. Fielding_____
Fred F. Fielding (D.C. Bar No. 099296)
Barbara Van Gelder (D.C. Bar No. 265603)
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C.  20006
T:  202/719-7000
F:  202/719-7207

Counsel for Defendants Frederic V. Malek
and Anne Mulcahy and for Defendant Tom
Gerrity in the Evergreen Action

_____/s/ James D. Wareham_____
James D. Wareham (D.C. Bar No. 411799)
James Anklam (D.C. Bar No. 414122)
Carolyn W. Morris (D.C. Bar No. 463865)
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC 20005
T:  202/551-1700
F:  202/551-1705

Counsel for Defendant Daniel H. Mudd

_____/s/ James Hamilton_____
James Hamilton (D.C. Bar No. 108928)
David I. Ackerman (D.C. Bar No. 482075)
Bingham McCutcheon LLP
2020 K Street, NW
Washington, DC 20006
T:  202/373-6000
F:  202/373-6001

Counsel for Defendant Joe K. Pickett

     /s/ Rhonda D. Orin
_____

Rhonda D. Orin (D.C. Bar No. 439216)
Daniel J. Healy (D.C. Bar No. 476233)
Anderson Kill & Olick, P.C.
2100 M Street, NW
Suite 650
Washington, DC  20037
T:  202/218-0049
F:  202/218-0055
-and-
John H. Doyle, III
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
T:  212/278-1000
F:  212/272-1733

Counsel for Defendant Leslie Rahl

CERTIFICATE OF SERVICE

I certify that on May 8, 2006, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to

the following counsel of record in this matter who are registered on the CM/ECF.

Stuart M. Grant
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE  19801

**Counsel for Plaintiffs in Evergreen  and Franklin**

Stanley M. Chesley
James R. Cummins
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
-and-
Jeffrey C. Block
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02169
-and
Steven J. Toll
Daniel S. Sommers
Cohen, Millstein, Hausfeld, & Toll P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC  20005

**Counsel for Plaintiff Ohio Public Employees Retirement System**


Jeffrey W. Kilduff
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006

**Counsel for Defendants Fannie Mae, Kenneth Duberstein, William R. Harvey, Taylor
C. Segue III and H. Patrick Swygert**

Kevin M. Downey, Esq.
Joseph M. Terry, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5091

***Counsel for Defendant Franklin D. Raines***

Steven M. Salky
Eric Delinsky
Zuckerman Spaeder LLP
1201 Connecticut Ave., NW
12th Floor
Washington, DC 20036-2638

***Counsel for Defendant J. Timothy Howard***

David S. Krakoff, Esq.
Mark W. Ryan, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

***Counsel for Defendant Leanne G. Spencer***

James D. Wareham
Laura L. Flippin
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC 20005

***Counsel for Defendant Daniel H. Mudd***

James Hamilton
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC 20006

***Counsel for Defendant Joe K. Pickett***

Rhonda D. Orin
Daniel J. Healy
Anderson Kill & Olick, P.C.
2100 M Street, NW
Suite 650
Washington, DC  20037

***Counsel for Defendant Leslie Rahl***

Robert Romano
Bonnie Altro
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY  10178-0060

***Counsel for Defendant Tom Gerrity***

Fred F. Fielding
Barbara Van Gelder
Mark B. Sweet
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC  20006

***Counsel for Defendants Anne Mulcahy and Frederic V. Malek and counsel for
Defendant Tom Gerrity in Evergreen Action***

Julia Guttman
Baker Botts LLP
The Warner 1299 Pennsylvania Ave., NW
Washington, DC 20004

***Counsel for Defendant Jamie Gorelick***

Shannon Ratliff
Ratliff Law Firm
600 Congress Avenue
Suite 3100
Austin, Texas 78701

***Counsel for Defendant Manuel Justiz***


        /s/ Erica Salmon Byrne
              Erica Salmon Byrne (DC Bar No. 480477)

17