## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Fannie Mae Securities Litigation | No. 1:04-cv-1639 (RJL) |

### REPLY MEMORANDUM OF NONPARTY WITNESS KPMG LLP IN FURTHER SUPPORT OF KPMG'S MOTION TO QUASH IN PART LEAD PLAINTIFFS' NONPARTY SUBPOENA TO PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

KPMG LLP respectfully submits this reply memorandum in further support of its motion to quash in part Lead Plaintiffs' subpoena to Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss").

### ARGUMENT

Lead Plaintiffs' opposition memorandum is notable for what it does not contest. Lead Plaintiffs do not, and cannot, dispute that KPMG has standing under Federal Rule of Civil Procedure 45 to object to their subpoena of Paul Weiss. *See* Consolidated Memorandum of Nonparty Witness KPMG Opposing Lead Plaintiffs' Motion to Compel ("KPMG Consol. Mem.") at 15 n.2. Lead Plaintiffs also agree that it is "unremarkable" that the PSLRA stay provision generally "applies both to parties and non-parties." Lead Plaintiffs' Opposition Memorandum ("Opp. Mem.") at 4. And Lead Plaintiffs do not, and cannot, dispute that KPMG retained legal access and control over the documents Lead Plaintiffs seek from Paul Weiss by providing them to Paul Weiss subject to an access agreement. *See* KPMG Consol. Mem. at 16.

Lead Plaintiffs instead devote their opposition to refuting an argument KPMG has never made—namely that "Lead Plaintiffs cannot discover documents . . . if those documents also might be used to support a potential claim against KPMG." Opp. Mem. at 3. That is a straw

man.  As KPMG has already demonstrated (*see* KPMG Consol. Mem. at 5-14), the PSLRA stay precludes Lead Plaintiffs from taking discovery against KPMG.  The issue here is not (as Lead Plaintiffs describe it) whether the stay applies to documents that mention or reference KPMG— the question is whether the PSLRA permits Lead Plaintiffs to obtain discovery indirectly that they cannot obtain directly.  The answer to that question is no.

Although Lead Plaintiffs seek to distinguish *Faulkner v. Verizon Communications Inc.*, 156 F. Supp. 2d 384 (S.D.N.Y. 2001), the parallel between the circumstances in that case and this one is exact—and wholly undermines Lead Plaintiffs' position.  In *Faulkner*, Verizon had produced documents to a law firm, Folger Levin & Kahn LLP, in connection with a parallel legal proceeding, *id.* at 401, 404, just as KPMG here produced documents to Paul Weiss.  Verizon had produced the documents subject to a confidentiality agreement with Folger Levin, *id.* at 404, just as KPMG produced documents to Paul Weiss subject to an access agreement.  The Plaintiffs, nonetheless, served a nonparty subpoena on Folger Levin seeking the documents Verizon had produced to them, *id.* at 403, just as Lead Plaintiffs served a nonparty subpoena on Paul Weiss. The Court held that the PSLRA stay precluded the plaintiffs' nonparty subpoena of Folger Levin, since the "plaintiffs are not seeking documents belonging to a third party.  The subpoena served on Folger Levin seeks documents which were produced by Verizon."  *Id.* at 404.

Lead Plaintiffs have no answer to *Faulkner*.  Lead Plaintiffs contend that *Faulkner* is "inapposite" because the plaintiffs there sought discovery "before the sufficiency of the complaint has been tested."  Opp. Mem. at 4.  That is a rehash of the argument that the PSLRA does not protect KPMG from discovery by Lead Plaintiffs at this time—an argument that KPMG has already addressed.  *See* KPMG Consol. Mem. at 8-14.  *Faulkner* reflects the rule that the PSLRA stay prohibits efforts by plaintiffs to seek documents from **third parties** that they cannot

seek directly.  Yet that is precisely what Lead Plaintiffs are attempting to do.  *Compare* Lead Plaintiffs' Subpoena to KPMG at Request 1 (seeking production of "all documents provided by KPMG to Paul Weiss"), *with* Lead Plaintiffs' Subpoena to Paul Weiss at Request 9 ("all documents produced to Paul Weiss by KPMG in connection with the Rudman investigation") (attached hereto at Exhibit 1).

Lead Plaintiffs contend that "[t]aken to its logical conclusion, KPMG's argument would require ***everyone***, including Fannie Mae, the Individual Defendants, Paul Weiss, and any other non-party, to screen every document that has the potential to implicate KPMG."  Opp. Mem. at 5 (emphasis in original).  But KPMG's position is not that the stay precludes discovery of any and all documents that might reference, mention or "implicate" KPMG (a phrase, it should be noted, that once again underscores the real motivation prompting Lead Plaintiffs' discovery here).  *See also id.* at 3 (defending Lead Plaintiffs' ability to obtain documents that "might be used to support a potential claim against KPMG"); *id.* at 4 (noting that Lead Plaintiffs should be able to obtain "documents [that] have the potential to implicate KPMG in securities violations").  Our position is that the stay precludes discovery of the documents KPMG provided to Paul Weiss pursuant to a written agreement in which KPMG expressly reserved its ***legal control*** over the documents.  There is no dispute that the documents Lead Plaintiffs seek from Paul Weiss fall squarely into that category.  *See* Access Agreement (Ex. 1 to KPMG Consol. Mem).  That should be the end of the analysis.  *See Faulkner*, 156 F. Supp. 2d at 404.

*    *    *

Lead Plaintiffs proceed in their briefing—both with respect to their motion to compel generally, and in their response to KPMG's motion to quash—as if all progress in this litigation will be lost, and all momentum in these matters will grind to a halt, unless they obtain immediate

3

discovery from KPMG in contravention of the stay.  And yet, at the status conference on April 28, 2006, the Court was informed that Fannie Mae has produced 2.5 million document pages, with another ***15 to 20 million document pages*** still to be (but not yet) produced.  A motion for class certification has not yet been filed.  Not a single deposition has yet occurred.  In light of these reports, the notion that enforcing KPMG's rights under the PSLRA will substantially impede the ability of the Lead Plaintiffs or the Fannie Mae defendants to continue making "progress" is simply ***not*** an accurate portrayal of the status of this litigation.

Similarly, KPMG's motion to quash extends only to a limited subset of the information that Lead Plaintiffs have sought from Paul Weiss.  The Rudman report spans some 600 pages.  It draws upon more than 200 interviews and "***more than 400 document requests of the Company and its agents***."  A Report to the Special Review Committee of the Board of Directors of Fannie Mae (Feb. 23, 2006) at 13, 14 (emphasis added).  KPMG's motion addresses only a fraction of the enormous volume of material that Lead Plaintiffs seek from Paul Weiss and likewise will not "disrupt" or "interfere" with Lead Plaintiffs' ability to pursue relevant discovery from them.

KPMG's motion to dismiss is being filed simultaneously with this memorandum.  The discovery stay mandated by the PSLRA is in place.  Lead Plaintiffs should not be allowed to obtain documents indirectly that they cannot obtain directly.

## <u>CONCLUSION</u>

For all of these reasons, as well as those set forth in KPMG's Consolidated Memorandum in support of its motion to quash in part the Paul Weiss subpoena, KPMG's motion to quash in part Lead Plaintiffs' subpoena of Paul Weiss should be granted.

Dated:  May 15, 2006.

Respectfully submitted,

_____/s/ Andrew Tulumello_____
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036
(202) 955-8500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused copies of the foregoing to be transmitted on May 15, 2006,

to the following counsel:

*Electronic Service:*

Julie A. Richmond
Kathleen M. Donovan-Maher
Jeffrey C. Block
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02190

James R. Cummins
Melanie S. Corwin
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, O.H. 45202

Steven J. Toll
Joshua S. Devore
Matthew K. Handley
Cohen, Millstein, Hausfield & Toll P.L.L.C.
West Tower, Suite 500
1100 New York Ave., N.W.
Washington, D.C. 20005

Alan J. Statman
Jeffery P. Harris
Stateman, Harris, Siegel & Eyrich LLC
2900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202

*Counsel for Plaintiff Ohio Public Employees Retirement System*

Seth A. Aronson
Michael J. Walsh, Jr.
O'Melveny & Myers, LLP
1625 Eye Street N.W.
Washington, D.C. 20006-4001

*Counsel for Defendant Federal National Mortgage Association*

Joseph M. Terry, Jr.
Alex G. Romain
Michelle D. Schwartz
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5091

*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric Delinsky
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C. 20036-2638

*Counsel for Defendant Timothy J. Howard*

Eldad Z. Malamuth
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

*Counsel for Defendant Leanne G. Spencer*

Mark A. Topaz
Richard A. Maniskas
Richard S. Schiffrin
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, P.A. 19004

*Counsel for Plaintiff Vincent Vinci*

Frank J. Johnson
Brett M. Weaver
Law Office of Frank J. Johnson
402 W. Broadway
27th Floor
San Diego, CA 92101

Robert W. Liles
Martyn Liles, PLLC
1054 31st Street, N.W. Suite 415
Washington, D.C. 20007

*Counsel for Plaintiff Sassan Shahrokhinia*

*Service by mail*:

Stuart M. Grant
Megan D. McIntyre
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801

*Counsel for the Franklin Templeton Plaintiffs*

Earl J. Silbert
Erica Lynne Salmon
Piper, Rudnick, Gray & Carey LLP
1200 19th Street N.W. Suite 700
Washington, D.C. 20036

*Counsel for Defendants Stephen B. Ashley, Donald B. Marron, and Ann Korologos*

                              /s/   Henry Whitaker
                                    Henry Whitaker