## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Fannie Mae Securities Litigation | ) <br> ) <br> ) Civil Action No. 1:04-cv-01639 (RJL) <br> ) Consolidated Action <br> ) <br> ) |

## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA DUCES TECUM

Non-party Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") hereby responds and objects pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, and Rules 26.2(d) and 30.4 of the Local Civil Rules of the United States District Court for the District of Columbia, to the subpoena duces tecum dated April 5, 2006, issued by the plaintiffs in the above-captioned action (the "Subpoena"), as follows:

### GENERAL RESPONSES AND OBJECTIONS

Paul, Weiss hereby incorporates into each of its Specific Responses and Objections each of the following General Responses and Objections ("General Objections"):

1.      Paul, Weiss objects to the Subpoena and to each and every instruction, definition and request therein to the extent that they:  (a) are improper; (b) are overly broad, unduly burdensome or oppressive; (c) are vague or ambiguous; (d) are unreasonably cumulative or duplicative; or (e) seek documents that are not relevant to the claim or defense of any party, are immaterial, or are otherwise not reasonably calculated to lead to the discovery of relevant and admissible evidence.

2.      Paul, Weiss objects to the Subpoena and to each and every instruction, definition and request therein to the extent that they seek documents that are

readily available from the defendants in the litigation or seek documents of third-parties that may have been transmitted to Paul, Weiss. A more practical method of obtaining the requested documents is plainly available to plaintiffs, and the Subpoena thereby imposes oppressive or undue burden and expense on Paul, Weiss, a non-party.

3.      Paul, Weiss objects to the Subpoena and to each and every instruction, definition and request therein to the extent that they seek information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure. In the event that information or documents that are privileged or exempt from disclosure are produced by Paul, Weiss, they will have been produced through inadvertence and shall not constitute a waiver of privileges or exemptions applicable to those or any other information or documents or waiver of any grounds for objecting to disclose such information or documents, and shall not waive Paul, Weiss's right to object to the use of such information or documents.

4.      Paul, Weiss objects to the Subpoena and each and every instruction, definition and request therein to the extent that they purport to require Paul, Weiss to search for all electronically stored information possibly responsive to the Subpoena, on the ground that conducting such a search would subject Paul, Weiss, a non-party, to undue burden and expense.

5.      Paul, Weiss objects to the Subpoena and each and every instruction, definition and request therein to the extent that they seek to impose obligations inconsistent with Rule 45 of the Federal Rules of Civil Procedure and Rule 26.2(d) of the Local Civil Rules of District of Columbia, or case law interpreting

each rule, by seeking, among other things, disclosures of trade secrets, confidential and/or proprietary business information, or confidential research and development information.

6.     Paul, Weiss objects to the Subpoena to the extent that the documents sought contain confidential, personal or private, proprietary, or sensitive business information, or information protected from disclosure by any law, court order, or any agreement with respect to confidentiality or nondisclosure.

7.     Paul, Weiss regards all documents that contain Fannie Mae-related information as confidential and/or proprietary and objects to the production of such confidential and/or proprietary information relating to Fannie Mae without explicit permission from Fannie Mae, and pursuant to an appropriate protective order.  Where documents contain material that is confidential, proprietary, privileged or otherwise protected from disclosure, Paul, Weiss will produce only those portions of the documents that are not confidential, proprietary, privileged or otherwise protected from disclosure.

8.     Paul, Weiss objects to the Subpoena to the extent it may be construed to require any search for documents beyond the files pertinent to the subject matter of the Subpoena and the files of Paul, Weiss employees known or reasonably believed to be personally involved in, or knowledgeable about, the subjects included within the Subpoena.

9.     Paul, Weiss objects to each purported "Definition" and each purported "Instruction" in the Subpoena to the extent that each is broader than or inconsistent with Rule 45 of the Federal Rules of Civil Procedure and Rule 26.2(d) of the Local Civil Rules of the District of Columbia, or case law interpreting each rule.  Paul, Weiss objects to, including without limitation, Instructions 3 through 6 of the Subpoena

on the grounds that such instructions are inconsistent with, and seek to impose a burden beyond that imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the District of Columbia.

10.    Paul, Weiss objects to, including without limitation, Instruction 7 of the Subpoena on the ground that the instruction to create a log of documents withheld from production on the grounds of applicable privilege or other protection from disclosure is overly broad and unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Non-party Paul, Weiss is a law firm retained by the Special Review Committee of the Board of Directors of Fannie Mae to conduct an internal investigation.  In the course of the engagement, Paul, Weiss has generated hundreds of thousands, if not millions, of pages of documents that are protected from disclosure by, among other privileges, the attorney-client privilege and/or the work-product doctrine.  The instruction to prepare a log that would itemize each and every one of these pages is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

11.    Paul, Weiss objects to the Subpoena to the extent that it seeks documents that are publicly-available.

12.    Paul, Weiss objects to the Subpoena to the extent that it calls for Paul, Weiss to create documents not currently in Paul, Weiss's possession, custody or control.

13.    Paul, Weiss objects to the "Relevant Time Period" as defined in the Subpoena as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Paul, Weiss's engagement did not begin until

late September 2004; Paul, Weiss will not search for materials that were generated by Paul, Weiss before late September 2004.

14.     Paul, Weiss objects to the definition of "you" or "your" contained in the Subpoena to the extent that the definition includes entities other than Paul, Weiss.

15.     Paul, Weiss objects to the definitions in the Subpoena of the terms "Fannie Mae" or the "Company," "Deloitte & Touche," "Huron Consulting," "KPMG," and "Paul, Weiss" to the extent that the definitions seek to include entities other than Fannie Mae, Deloitte & Touche USA LLP, Huron Consulting Group LLC, KPMG LLP, or Paul, Weiss, Rifkind, Wharton & Garrison LLP.

16.     Nothing in these Responses and Objections is intended to suggest that Paul, Weiss has documents responsive to the Subpoena in its possession, custody or control.

17.     Paul, Weiss's failure to object to the Subpoena on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

18.     Paul, Weiss does not concede that any of the documents or information called for by the Subpoena is relevant or material to the claims or defenses of any plaintiff or defendant in this action, or that plaintiffs' demand for such documents is reasonably calculated to lead to the discovery of admissible evidence.  Neither these Responses and Objections, nor any production of documents by Paul, Weiss, constitutes or is intended to be, a waiver of any of Paul, Weiss's rights to dispute the relevance, materiality, admissibility, authenticity or discoverability of any documents called for by the Subpoena.

5

19.    Paul, Weiss's Responses and Objections to the Subpoena are not intended to be, and shall not be construed as, an agreement or concurrence by Paul, Weiss with plaintiffs' characterization of any facts, circumstances, and/or legal obligations. Paul, Weiss also reserves the right to contest any such characterization as inaccurate. Paul, Weiss also objects to the Subpoena to the extent that it contains express or implied assumptions of fact or law with respect to matters at issue in this case.

20.    The fact that Paul, Weiss has responded to a particular request shall not be interpreted as implying that responsive documents exist or that Paul, Weiss acknowledges the propriety of the request.

21.    Paul, Weiss objects to the demand that Paul, Weiss produce documents by April 24, 2006 on the ground that this demand is unreasonable in light of the vast breadth and other objectionable aspects of the Subpoena.

22.    Paul, Weiss reserves its right to seek reimbursement for all costs associated with this Subpoena, including but not limited to, attorney's fees and copying charges.

23.    Paul, Weiss hereby reserves the right to revise, amend or supplement any or all of these Responses and Objections, if necessary or appropriate, at any time and to produce additional non-privileged, responsive documents if any are located.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to, and without waiver of the foregoing General Objections, which are incorporated by reference into each of the following Specific Responses and

Objections ("Specific Objections"), Paul, Weiss responds and objects to the Subpoena as follows:

<u>Request No. 1</u>:

All documents, regardless of date, referenced in the Rudman Report.

<u>Objection to Request No. 1</u>:

Paul, Weiss objects to this request to the extent that it seeks materials that are readily available from the defendants in the litigation; seeks documents of third-parties that may have been transmitted to Paul, Weiss but are readily available from such third parties; seeks materials that are publicly available; and thereby imposes an undue burden and expense on Paul, Weiss. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.

Subject to and without waiving the foregoing General and Specific Objections, Paul, Weiss is willing to discuss its objections in an effort to reach a mutually acceptable agreement on the scope of such production and produce non-privileged documents to the extent they exist with respect thereto.

<u>Request No. 2</u>:

All documents, regardless of date, not referenced in the Rudman Report that support the findings and/or conclusions set forth in the Rudman Report.

<u>Objection to Request No. 2</u>:

Paul, Weiss objects to this request to the extent that it seeks materials that are readily available from the defendants in the litigation; seeks documents of third-parties that may have been transmitted to Paul, Weiss but are readily available from such

third parties; seeks materials that are publicly available; and thereby imposes an undue burden and expense on Paul, Weiss. Paul, Weiss also objects to this request on the ground that it is vague, ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.

Subject to and without waiving the foregoing General and Specific Objections, Paul, Weiss is willing to discuss its objections in an effort to reach a mutually acceptable agreement on the scope of such production and produce non-privileged documents to the extent they exist with respect thereto.

Request No. 3:

Documents sufficient to identify all persons interviewed by Paul Weiss in connection with the Rudman Investigation.

Objection to Request No. 3:

Paul, Weiss objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.

Subject to and without waiving the foregoing General and Specific Objections, Paul, Weiss is willing to discuss its objections in an effort to reach a mutually acceptable agreement on the scope of such production and produce non-privileged documents to the extent they exist with respect thereto.

Request No. 4:

All transcripts, memoranda, notes or other recordation of interviews or other testimony taken by Paul Weiss in connection with the Rudman Investigation, including any exhibits or attachments thereto, including any transcripts, memoranda and notes of the 241 interviews referenced on page 14 of the Rudman Report.

Objection to Request No. 4:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action.  Paul, Weiss also objects on the ground that it is vague, ambiguous and fails to identify the documents sought with reasonable particularity.  Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 5:

All documents concerning any requests for production of documents made by Paul Weiss to Fannie Mae, any Individual Defendant, KPMG, Deloitte & Touche, Ernst & Young, Wilmer Cutler Pickering Hale and Dorr LLP, Semler Brossy Consulting Group LLC, or any other person or entity in connection with the Rudman Investigation, including the 400 document requests to Fannie Mae and its agents referenced on page 13 of the Rudman Report.

Objection to Request No. 5:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant

evidence in this action. Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.

Request No. 6:

All documents concerning or reflecting Paul Weiss' communications and meetings with the Fannie Mae Special Review Committee, the Fannie Mae Board, or any member of the foregoing, in connection with the Rudman Investigation.

Objection to Request No. 6:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to this request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.

Request No. 7:

        All documents concerning or reflecting Paul Weiss' communications and meetings with any of the Individual Defendants in connection with the Rudman Investigation.

Objection to Request No. 7:

        Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action.  Paul, Weiss also objects to this request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity.  Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of parties to the litigation, the Individual Defendants, and also seeks materials that are publicly available.  Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

        Subject to and without waiving the foregoing General and Specific Objections, Paul, Weiss is willing to discuss its objections in an effort to reach a mutually acceptable agreement on the scope of such production and produce non-privileged documents to the extent they exist with respect thereto.

Request No. 8:

All documents concerning or reflecting Paul Weiss' communications and meetings with KPMG in connection with the Rudman Investigation.

Objection to Request No. 8:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 9:

All documents produced by KPMG to Paul Weiss in connection with the Rudman Investigation.

Objection to Request No. 9:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request to the extent that it seeks from Paul, Weiss documents that are readily available from their source – KPMG – and thereby

imposes an undue burden and expense on Paul, Weiss.  Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 10:

        All documents concerning or reflecting Paul Weiss' communications and meetings with Deloitte & Touche in connection with the Rudman Investigation.

Objection to Request No. 10:

        Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action.  Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity.  Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 11:

       All documents produced by Deloitte & Touche to Paul Weiss in connection with the Rudman Investigation.

Objection to Request No. 11:

       Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action.  Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity.  Paul, Weiss also objects to this request to the extent that it seeks from Paul, Weiss documents that are readily available from their source – Deloitte & Touche – and thereby imposes an undue burden and expense on Paul, Weiss.  Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 12:

       All documents concerning or reflecting Paul Weiss' communications and meetings with OFHEO in connection with the Rudman Investigation, and all directives or orders received by Paul Weiss from OFHEO in connection with the Rudman Investigation.

Objection to Request No. 12:

       Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant

evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 13:

     All documents concerning or reflecting Paul Weiss' communications and meetings with the SEC in connection with or concerning the Rudman Investigation.

Objection to Request No. 13:

     Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.

Request No. 14:

All documents concerning or reflecting Paul Weiss' communications and meetings with the Department of Justice in connection with or concerning the Rudman Investigation.

Objection to Request No. 14:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.

Request No. 15:

All documents concerning or reflecting Paul Weiss' communications and meetings with and reports from Huron Consulting in connection with the Rudman Investigation.

Objection to Request No. 15:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or

16

any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 16:

All documents reviewed, prepared or analyzed by Huron Consulting in connection with the Investigation, including any documents obtained by Huron Consulting directly from Fannie Mae or any Individual Defendant, the "independent and forensic collection and analysis of electronic data directly from Fannie Mae" referenced on page 2 of the Rudman Report, and the images of hard drives and restored back up tapes referenced on page 13 of the Rudman Report.

Objection to Request No. 16:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request to the extent that it seeks materials that are readily available from the defendants in the litigation. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 17:

All documents concerning or reflecting Paul Weiss' communications and meetings with and reports from Semler Brossy Consulting Group LLC during the course of the Rudman Investigation, including the work plan and final report referenced on page 10 of the Rudman Report.

Objection to Request No. 17:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae, and to the extent that it seeks from Paul, Weiss documents that are readily available from their source – Semler Brossy Consulting Group LLC – and thereby imposes an undue burden and expense on Paul, Weiss. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 18:

All memoranda, notes, transcripts and other documents concerning Paul Weiss' interview of Roger Brossy about past executive compensation practices at Fannie Mae, as referenced on page 10 of the Rudman Report.

Objection to Request No. 18:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 19:

All documents concerning or reflecting Paul Weiss' communications and meetings with and reports from Mercer Oliver Wyman during the course of the Rudman Investigation, including documents concerning the informal status updates given to Paul Weiss and the work plans, findings and recommendations of Mercer Oliver Wyman, as referenced on page 11 of the Rudman Report.

Objection to Request No. 19:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable

particularity.  Paul, Weiss also objects to this request to the extent that it seeks materials

that are in the possession of a party to the litigation, Fannie Mae, and to the extent that it

seeks from Paul, Weiss documents that are readily available from their source – Mercer

Oliver Wyman – and thereby imposes an undue burden and expense on Paul, Weiss.

Paul, Weiss also objects to this request on the ground it seeks information protected from

discovery by the attorney-client privilege, the work product doctrine or any other

applicable privilege or protection from disclosure, including non-disclosure or

confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it

is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

<u>Request No. 20:</u>

        All documents concerning or reflecting Paul Weiss' communications and
meetings with and reports from Hildebrandt International, Inc. during the course
of the Rudman Investigation, including the work plans and tentative findings
referenced on page 11 of the Rudman Report.

<u>Objection to Request No. 20:</u>

        Paul, Weiss objects to this request on the grounds that it is overly broad,

unduly burdensome and seeks material that is neither relevant to the claim or defense of

any party nor reasonably calculated to lead to the discovery of admissible, relevant

evidence in this action.  Paul, Weiss also objects to the request on the ground that it is

vague and ambiguous and fails to identify the documents sought with reasonable

particularity.  Paul, Weiss also objects to this request to the extent that it seeks materials

that are in the possession of a party to the litigation, Fannie Mae, and to the extent that it

seeks from Paul, Weiss documents that are readily available from their source –

Hildebrandt International, Inc. – and thereby imposes an undue burden and expense on

Paul, Weiss.  Paul, Weiss also objects to this request on the ground it seeks information

protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 21:

All documents concerning or reflecting Paul Weiss' communications and meetings with Ernst & Young in connection with the Rudman Investigation.

Objection to Request No. 21:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 22:

All documents produced by Ernst & Young to Paul Weiss.

Objection to Request No. 22:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant

evidence in this action.  Paul, Weiss also objects to the request on the ground that it is

vague and ambiguous and fails to identify the documents sought with reasonable

particularity.  Paul, Weiss also objects to this request to the extent that it seeks from Paul,

Weiss documents that are readily available from their source – Ernst & Young – and

thereby imposes an undue burden and expense on Paul, Weiss.  Paul, Weiss also objects

to this request on the ground it seeks information protected from discovery by the

attorney-client privilege, the work product doctrine or any other applicable privilege or

protection from disclosure, including non-disclosure or confidentiality agreements.  Paul,

Weiss also objects to this request on the ground that it is unreasonably cumulative or

duplicative of request Nos. 1 and 2 above.

Request No. 23:

> All documents concerning or reflecting Paul Weiss' communications and
> meetings with representatives of Wilmer Cutler Pickering Hale and Dorr LLP
> ("Wilmer") in connection with the Rudman Investigation.

Objection to Request No. 23:

Paul, Weiss objects to this request on the grounds that it is overly broad,

unduly burdensome and seeks material that is neither relevant to the claim or defense of

any party nor reasonably calculated to lead to the discovery of admissible, relevant

evidence in this action.  Paul, Weiss also objects to the request on the ground that it is

vague and ambiguous and fails to identify the documents sought with reasonable

particularity.  Paul, Weiss also objects to this request on the ground it seeks information

protected from discovery by the attorney-client privilege, the work product doctrine or

any other applicable privilege or protection from disclosure, including non-disclosure or

confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it

is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 24:

> All documents produced by Wilmer to Paul Weiss.

Objection to Request No. 24:

> Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request to the extent that it seeks from Paul, Weiss documents that are readily available from their source – Wilmer – and thereby imposes an undue burden and expense on Paul, Weiss. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 25:

> All indexes and summaries of documents received and/or reviewed by
> Paul Weiss and/or Huron Consulting in connection with the Rudman
> Investigation.

Objection to Request No. 25:

> Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is

vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 26:

        All tapes of telephone conversations reviewed by Paul Weiss in connection with the Rudman Investigation.

Objection to Request No. 26:

        Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 27:

All notes made by Paul Weiss and Huron Consulting concerning the findings set forth in the Rudman Report.

Objection to Request No. 27:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 28:

All documents concerning the Individual Defendants, including any communications concerning the severance, compensation or bonuses paid or to be paid in the future to any of the Individual Defendants and any communications about the possibility of seeking the return of any compensation paid to any of the Individual Defendants.

Objection to Request No. 28:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable

25

particularity.  Paul, Weiss also objects to this request to the extent that it seeks materials

that are in the possession of parties to the litigation, the Individual Defendants, or

materials that are publicly available.  Paul, Weiss also objects to this request on the

ground it seeks information protected from discovery by the attorney-client privilege, the

work product doctrine or any other applicable privilege or protection from disclosure,

including non-disclosure or confidentiality agreements.  Paul, Weiss also objects to this

request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1

and 2 above.

Request No. 29:

>All reviews, analyses, and reports provided by Paul Weiss to OFHEO
>pursuant to the Agreement between OFHEO and Fannie Mae dated September 27,
>2004 (the "Agreement").

Objection to Request No. 29:

>Paul, Weiss objects to this request on the grounds that it is overly broad,

unduly burdensome and seeks material that is neither relevant to the claim or defense of

any party nor reasonably calculated to lead to the discovery of admissible, relevant

evidence in this action.  Paul, Weiss also objects to the request on the ground that it is

vague and ambiguous and fails to identify the documents sought with reasonable

particularity.  Paul, Weiss also objects to this request on the ground it seeks information

protected from discovery by the attorney-client privilege, the work product doctrine or

any other applicable privilege or protection from disclosure, including non-disclosure or

confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it

is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 30:

All reviews, analyses, and reports provided by Paul Weiss to OFHEO pursuant to the March 5, 2005 Supplement (the "Supplement") to the Agreement between Fannie Mae and OFHEO.

Objection to Request No. 30:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 31:

The October 2004 work plan for the Rudman Investigation developed by Paul Weiss and Huron Consulting that was submitted to and approved by the Special Review Committee of Fannie Mae and OFHEO, as referenced on page 8 of the Rudman Report.

Objection to Request No. 31:

Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul,

27

Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

<u>Request No. 32</u>:

The supplemental work plan for the Rudman Investigation developed by Paul Weiss and Huron Consulting submitted to and approved by the Special Review Committee of Fannie Mae and OFHEO, as referenced on page 9 of the Rudman Report.

<u>Objection to Request No. 32</u>:

Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae.  Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements.  Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

<u>Request No. 33</u>:

All documents concerning the additional information brought to Paul Weiss' attention during the Rudman Investigation from anonymous sources and former employees, as referenced on page 9 of the Rudman Report.

<u>Objection to Request No. 33</u>:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action.  Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity.  Paul, Weiss also objects to this request on the ground it seeks information

protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 34:

All summaries or analyses of what is contained on the twenty-two computers discovered in a warehouse, referenced in footnote 57 on page 14 of the Rudman Report.

Objection to Request No. 34:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 35:

Documents sufficient to identify any persons, other than those identified on pages 14-15 of the Rudman Report, who declined to be interviewed by Paul Weiss.

Objection to Request No. 35:

Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 36:

All documents concerning the interviews by Paul Weiss of Fannie Mae information technology staff responsible for maintaining and backing up Fannie Mae's information systems, referenced on page 15 of the Rudman Report.

Objection to Request No. 36:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action. Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity. Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Request No. 37:

All documents concerning the two systems that were previously issued to Fannie Mae employees that Paul Weiss was unable to locate, referenced on page 16 of the Rudman Report.

Objection to Request No. 37:

Paul, Weiss objects to this request on the grounds that it is overly broad, unduly burdensome and seeks material that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible, relevant evidence in this action.  Paul, Weiss also objects to the request on the ground that it is vague and ambiguous and fails to identify the documents sought with reasonable particularity.  Paul, Weiss also objects to this request to the extent that it seeks materials that are in the possession of a party to the litigation, Fannie Mae.  Paul, Weiss also objects to this request on the ground it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or

#    #    #

protection from disclosure, including non-disclosure or confidentiality agreements. Paul, Weiss also objects to this request on the ground that it is unreasonably cumulative or duplicative of request Nos. 1 and 2 above.

Dated: Washington, D.C.
       April 19, 2006

                                 PAUL, WEISS, RIFKIND, WHARTON &
                                 GARRISON LLP

By: _____
                               Alex Young K. Oh
                               Robert P. Parker (Bar No. 404066)

                               1615 L Street, N.W., Suite 1300
                               Washington, D.C.  20036-5694
                               (202) 223-7300

                               Attorneys for Non-Party Paul, Weiss,
                               Rifkind, Wharton & Garrison LLP