Page 1

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA



In re:  FANNIE MAE SECURITIES    :    Docket No. CV03-1639 (RJL)
LITIGATION                       :    November 9, 2005
                                 :
. . . . . . . . . . . . . . . .  :    1:30 p.m.



                    TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE RICHARD J. LEON
                    UNITED STATES DISTRICT JUDGE



APPEARANCES:


For the Plaintiff:           STANLEY M. CHESLEY, ESQ.
                             JAMES R. CUMMINS, ESQ.
                             MELANIE S. CORWIN, ESQ.
                             Waite, Schneider, Bayless &
                                Chesley Co., L.P.A.
                             One West Fourth Street
                             1513 Fourth & Vine Tower
                             Cincinnati, Ohio 45202

                             DANIEL S. SOMMERS, ESQ.
                             Cohen, Milstein, Hausfeld & Toll
                             1100 New York Avenue, N.W.
                             Suite 500 West
                             Washington, D.C.  20005


                             JEFFREY C. BLOCK, ESQ.
                             KATHLEEN M. DONOVAN-MAHER, ESQ.
                             Berman, Devalerio, Pease, Tabacco,
                                Burt & Pucillo
                             One Liberty Square
                             Boston, Massachusetts  02109



(Appearances continued on the next page.)
```

92043cf3-668e-4af9-a7d5-689c6badc2bd

1  the fact that he had four stock trades.  So I would be content
2  to leave the matter there.
3         But I think, your Honor, that by incorporation into the
4  complaint, you can see what the nature of this inference is.  If
5  I show you one exhibit that we submitted with our papers -- and
6  that, your Honor, is Exhibit F.  This is a portion of Exhibit F
7  which we submitted with our papers in order to give you an idea
8  about what was really going on with Mr. Raines' stock sales
9  during this period.
10        This is form 4 -- this is form 4 that is filed with the
11 Securities and Exchange Commission when there is a sale of stock
12 by an executive.  And this indicates, consistent with the
13 allegations of the complaint, that on January 23, 2004,
14 Mr. Raines, quote, sold, close quote, 24,874 shares of
15 Fannie Mae stock.  Now, the Plaintiffs say that sale is enough
16 to convince you that Mr. Raines was selling stock because he
17 knew the value of Fannie Mae stock was going to drop and he knew
18 there was a fraud going on.  But -- this is the document they
19 prepared the complaint from, by the way.  Let's look at what the
20 document says.
21        The document says that, in fact, on the very same day,
22 Mr. Raines, as part of his compensation, was awarded 139,155
23 shares of stock.  And is this, quote, sale, close quote, sale of
24 stock really a sale of stock?  No, your Honor.  You can tell
25 that because there was a code that tells you what's going on in

1  connection with these awards of stock.  And that code is code F.
2  And I will show you what code F means.  This is all part of
3  Exhibit F, by the way, to our papers.
4      Code F tells you that a sale that appears as the sale
5  does on this document is, in fact, a payment of exercise or tax
6  liability by delivering or withholding securities incident to
7  the receipt, exercise or vesting of a security issued in
8  accordance with rule 16(b)(3).  What does that mean?  As the
9  Court knows, it's the law in America when you get income, you
10 have to pay taxes.  Mr. Raines was awarded a substantial amount
11 of stock.  As part of that award in order to pay the taxes he
12 was obligated to pay, a portion of the stock was sold and paid
13 to the IRS.
14     That's what this sale is.  Now, if you can conclude
15 from that, your Honor, that Mr. Raines was participating in a
16 fraud, then you will agree with the Plaintiffs.  But that is the
17 type of circumstance that the Court, in Judge Green's opinion,
18 wanted to Plaintiffs to allege so that it could evaluate whether
19 or not there really was something suspicious.
20     I have done this with regard to one of the sales, but I
21 will warrant to the Court that you can do this with all four of
22 the sales identified in paragraph 168.
23     So that's category 1, stock trades.  I submit that
24 there is nothing in that that would give rise to an inference
25 that Mr. Raines was dumping stock in order to -- evidencing that