UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br>Judge Richard J. Leon |
| Evergreen Equity Trust, *et al.*, v. Federal National Mortgage Association, *et al.*<br>and | Case No. 1:06CV00082 |
| Franklin Managed Trust, *et al.*, v. Federal National Mortgage Association, *et al.* | Case No. 1:06CV00139 |

**DEFENDANT JAMIE GORELICK'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS EVERGREEN AND FRANKLIN COMPLAINTS**

Defendant Jamie S. Gorelick files this supplemental memorandum in further support of the director defendants' motion to dismiss the Evergreen and Franklin Complaints. In addition to the arguments below, Ms. Gorelick joins in and incorporates by reference all arguments raised by her co-defendants to the extent applicable to the causes of action asserted against her. Ms. Gorelick addresses in this supplemental memorandum only those grounds for dismissal specially applicable to her.

## BACKGROUND

Defendant Jamie Gorelick is barely mentioned in either of the two complaints. Each alleges only that "Defendant Jamie S. Gorelick ('Gorelick') was a director and Vice Chair of the Board of Fannie Mae (an executive officer position) from 1997 until May 20, 2003. Gorelick signed Fannie Mae's Form 10-K filing for 2002." Evergreen Compl. ¶ 35; Franklin Compl. ¶ 56. Although the complaints thus state that Ms. Gorelick held an "executive officer position," *id.*, both name her only as a "Director Defendant," not an "Officer Defendant." *Compare* Evergreen Compl. ¶ 42 *with id.* ¶ 23; Franklin Compl. ¶ 63 *with id.* ¶ 44. The complaints do not allege that Ms. Gorelick had any knowledge of the accounting issues underlying this suit, or that her unspecified responsibilities as "Vice Chair" of the Board in any way implicated Fannie Mae's accounting. Instead, the complaints seek to hold her liable based solely on her status as Vice Chair and the fact that she signed Fannie Mae's 2002 10-K.

## ARGUMENT

I.  **ALLEGATIONS THAT AN OFFICER OR DIRECTOR SIGNED A COMPANY'S FINANCIAL STATEMENTS ARE NOT SUFFICIENT, WITHOUT MORE, TO SUPPORT A CLAIM FOR SECURITIES FRAUD UNDER SECTION 20(a)**

Plaintiffs' section 20(a) claims against Ms. Gorelick fail because plaintiffs have not adequately alleged either that she had actual control over the specific accounting policies at issue or that she culpably participated in any of the conduct that underlies plaintiffs' claims.

2

### A. Allegations That an Officer or Director Signed a Company's Financial Statements Do Not Establish Control of the "Specific Transaction or Activity" At Issue

To state a claim under section 20(a), a plaintiff must allege that the defendant exercised "control." As numerous courts have made clear, the plaintiff must establish more than "control" of corporate activities in general. Rather, the plaintiff must show that the "defendant possessed the power to control the *specific transaction or activity* upon which the primary violation is predicated." *Metge v. Baehler*, 762 F.2d 621, 631 (8th Cir. 1985) (emphasis added); *accord Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 877, 881 (7th Cir. 1992); *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619-20 (5th Cir. 1993); *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 486 (6th Cir. 1992); *First Interstate Bank v. Pring*, 969 F.2d 891, 898 (10th Cir. 1992), *rev'd on other grounds sub nom. Cent. Bank v. First Interstate Bank*, 511 U.S. 164 (1994).

The "specific transaction[s] or activit[ies]" in this case are highly technical accounting issues. The complaints do not allege that Ms. Gorelick was in any way involved in Fannie Mae's accounting, let alone that she had authority to *control* those specific activities. There is not the slightest indication in the complaints that Ms. Gorelick's responsibilities as Vice Chair of the Board had anything to do with Fannie Mae's accounting.

Control over the specific transactions or activities at issue cannot be inferred from the mere fact that Ms. Gorelick was a director of the company. It is a well-settled principle of corporate law that day-to-day management functions are appropriately delegated to the company's officers and employees. *See, e.g.*, *In re Walt Disney Co. Derivative Litig.*, 2005 WL 2056651, at *40 n.490 (Del. Ch. 2005) ("[G]iven the large, complex organizations though which modern multi-function business corporations often operate, the law recognizes that corporate boards . . . may satisfy their obligations by thoughtfully appointing officers, establishing or

3

approving goals and plans and monitoring performance."). Numerous courts have therefore agreed that directorship alone is insufficient to establish "control" under section 20(a). "The assertion that a person was a member of a corporation's board of directors, without any allegation that the person individually exerted control or influence over the day-to-day operations of the company, does not suffice to support an allegation that the person is a control person within the meaning of the Exchange Act." *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1108 (10th Cir. 2003); *see also Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 509-10 (5th Cir. 1990) (status as a director insufficient absent "evidence [the alleged controlling person] was able to influence the firm's direction"); *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) ("A director 'is not automatically liable as a controlling person. There must be some showing of actual participation in the corporation's operation or some influence before the consequences of control may be imposed.' "); *Cameron v. Outdoor Resorts of Am., Inc.*, 608 F.2d 187, 195 (5th Cir. 1979) ("As a director without effective day-to-day control and without knowledge [the defendant] was not liable as a controlling person."); *Kimmel v. Labenski*, 1988 WL 19229, at *5 (S.D.N.Y. Feb. 10, 1988) ("[I]t is clear that an individual's status as a corporate director, standing alone, is insufficient to impose liability under section 20. The intent of the Congress in enacting [section 20] was to 'impose liability only on those directors who fall within its definition of control . . . .' "); *cf. Nat'l Mining Ass'n v. U.S. Dep't of Interior*, 177 F.3d 1, 7 (D.C. Cir. 1999) (holding in another context that "[b]eing an officer or director does not by itself enable an entity to control the company or its operations," and citing two section 20(a) cases).

Ms. Gorelick's status as "Vice Chair" does not alter that result. As noted above, both complaints seek to hold Ms. Gorelick liable only as a "Director Defendant," not an "Officer Defendant." *Compare* Evergreen Compl. ¶ 42 *with id.* ¶ 23; Franklin Compl. ¶ 63 *with id.* ¶ 44.

The allegations of scienter against the "Officer Defendants" are not alleged against her. *See* Evergreen Compl. ¶¶ 402-412; Franklin Compl. ¶¶ 432-445. But even if this Court were to consider Ms. Gorelick's "executive officer" status, there is not the slightest indication in the complaints that Ms. Gorelick's responsibilities as Vice Chair had anything to do with Fannie Mae's accounting. Mere officer status, like mere director status, is not sufficient to establish control of the "specific transaction or activity" at issue. *See Garvey v. Arkoosh*, 354 F. Supp. 2d 73, 86 n.18 (D. Mass. 2005) ("Status as an officer . . . does not by itself establish control of an entity . . . ."); *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 484 (S.D.N.Y. 2001) ("[O]fficer . . . status alone does not constitute control."); *In re Fine Host Corp. Sec. Litig.*, 25 F. Supp. 2d 61, 72 (D. Conn. 1998) ("District courts within the Second Circuit have consistently ruled that an allegation of 'control by status' as an officer . . . , without more, is not enough . . . ."); *Jakobe v. Rawlings Sporting Goods Co.*, 943 F. Supp. 1143, 1163 (E.D. Mo. 1996) ("[A]n individual's mere position as an officer . . . does not necessarily make him a control person."). The reason is obvious: "Actual control over the wrongdoer *and the transactions in question* is necessary for control person liability," *Cromer Fin.*, 137 F. Supp. 2d at 484 (emphasis added), and the fact that a defendant was an officer does not mean she controlled every transaction or every activity the corporation engaged in. Without some allegation that the particular officer's responsibilities included the conduct at issue, liability under section 20(a) cannot attach. *See In re Cryomedical Scis., Inc. Sec. Litig.*, 884 F. Supp. 1001, 1020 (D. Md. 1995) ("[N]either status nor position, in and of themselves, are sufficient for § 20(a) liability. . . . Plaintiffs' 'aggregation of defendants without specifically alleging which defendant was responsible for which act' is impermissible.").

Nor does the fact that Ms. Gorelick signed a single corporate SEC filing somehow establish that she "control[led]" the details of Fannie Mae's accounting. As the court in *In re*

*Lernout & Hauspie Sec. Litig.*, 286 B.R. 33, 44 (D. Mass. 2002), explained:

> Signatures [on SEC filings] are one factor supporting a control allegation, but plaintiffs must show signatures plus other indicia of control [citing numerous cases].  In each of these cases, the courts relied both on the special status of the outside director . . . and their involvement with the financial statements of the company in finding the director to be a control person.
>
> The distinction lies in the director's ability to control the content of the financial documents. . . .  *Where the defendant's status is merely that of outside director, . . . the defendant's signature on the SEC filing does not necessarily constitute an exercise of any power or control over its contents.*

*Id.* at 43-44 (emphasis added); *see also In re Ross Sys. Sec. Litig.*, 1994 WL 583114, at *6 (N.D. Cal. 1994) (allegation that directors "signed the 10-K," without any claim of "day-to-day management," insufficient to survive motion to dismiss); *Kimmel v. Labenski*, 1988 WL 19229, at *2, *5 (S.D.N.Y. 1988) (same).

The complaints here do not allege any "indicia of control" beyond Ms. Gorelick's status and signature on an SEC filing.  There is no suggestion that her responsibilities as Vice Chair of the Board had anything at all to do with Fannie Mae's accounting.  The complaints seek to hold Ms. Gorelick liable solely on the basis of her status as Vice Chair of the Board and the fact that she signed an SEC filing.  As the precedents above make clear, however, that is not enough.

To uphold the section 20(a) claim here would condone a regime in which private securities-fraud plaintiffs could routinely hale corporate officers or directors into court based on little more than their status.  That is not what Congress envisioned when it enacted section 20(a).

  **B.**  **Allegations That an Officer or Director Signed a Company's Financial Statements Do Not Establish "Culpable Participation"**

The complaint also fails to state a section 20(a) claim against Ms. Gorelick because it does not allege "culpable participation" by her in any of the accounting matters at issue.  Although the D.C. Circuit has yet to address whether section 20(a) requires a showing of "culpable participation," several other courts have concluded that it does.  *See, e.g.*, *Rochez*

*Bros., Inc. v. Rhoades*, 527 F.2d 880, 884-90 (3d Cir. 1975); *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1299 (2d Cir. 1973) (en banc); *Carpenter v. Harris, Upham & Co.*, 594 F.2d 388, 394 (4th Cir. 1979). Those decisions are correct and should be followed here.

In *Rochez*, the Third Circuit undertook a careful analysis of the legislative history of the Securities Exchange Act and concluded that Congress did not intend to impose a regime of strict liability on corporate directors. The court found that "[t]he legislative history of Section 20(a) illustrates that Congress intended liability to be based on something besides control. That something is culpable participation." *Rochez*, 527 F.2d at 884-85; *see also id.* at 889-90 ("Congress intended that the element of culpability be proven to impose liability on a securities law violator. We have been able to find nothing that would dictate any other result.").

Other considerations reinforce that conclusion. Where Congress fails to specify a level of intent, courts infer an appropriate *mens rea* requirement from background common-law principles. *See Morissette v. United States*, 342 U.S. 246, 272 (1952). Section 20(a) is silent as to the level of intent required to fix liability. But a culpable state of mind has long been required to state a claim for fraud. *See, e.g.*, Restatement (Second) of Torts § 526 (1977). Congress is presumed to have been aware of that fact when it enacted section 20(a).

Finally, the "culpable participation" standard is also supported by statutory context. As *Rochez* noted, "[s]ince the standard of culpability is ever-present in the securities laws, it is reasonable that the same standard should be included in Section 20(a)." 527 F.2d at 885.

Some courts have suggested that a culpable-participation requirement would be inconsistent with section 20(a)'s express good-faith defense. *See, e.g.*, *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1574-75 (9th Cir. 1990). That argument is unpersuasive. There is no inconsistency. Sections 20(a)'s good-faith defense simply makes clear that the defendant can

7

avoid liability by rebutting the plaintiff's showing of culpable participation.

The complaint does not even attempt to allege that Ms. Gorelick was a "culpable participa[nt]" in any of Fannie Mae's accounting decisions. Absent such an allegation, the section 20(a) claim must be dismissed.

## II. THE SECTION 11 AND SECTION 18 CLAIMS AGAINST MS. GORELICK ARE TIME-BARRED BECAUSE SHE WAS NOT NAMED AS A DEFENDANT IN THE SECURITIES CLASS ACTION

The statute of limitations for section 11 and section 18 is one year. 15 U.S.C. §§ 77m, 78r(c). Plaintiffs concede that they discovered facts supporting their claims on September 22, 2004. Evergreen Compl. ¶ 439; Franklin Compl. ¶ 516. Yet both filed suit more than one year later. Plaintiffs allege that the statute of limitations was tolled by the class-action lawsuit also currently pending in this Court under the rule of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Evergreen Compl. ¶¶ 439-441; Franklin Compl. ¶¶ 516-518. *American Pipe* tolls the statute of limitations on certain claims of putative class members while a class action is pending. 414 U.S. at 554. But *American Pipe* fails to save plaintiffs' claims against Ms. Gorelick here, because she was not named as a defendant in the class action.

*American Pipe* tolling is not available against persons not named as defendants in a class action. *See Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 567 (6th Cir. 2005) ("[B]ecause PwC was not a defendant in the Telxon class action, WPMC may not rely on class action tolling to suspend the statute of limitations on WPMC's claims against PwC."); *Arneil v. Ramsey*, 550 F.2d 774, 782 n.10 (2d Cir. 1977) ("[N]othing in *American Pipe* suggests that the statute be suspended from running in favor of a person not named as a defendant in the class suit, and we decline so to extend the rule. A different conclusion would not comport with reason."); *Anderson v. Cornejo*, 1999 WL 258501, at *4 (N.D. Ill. 1999) ("[T]he [tolling rule] does not apply to persons who were not previously named as defendants in a plaintiff class action.");

8

*Lindner Dividend Fund, Inc. v. Ernst & Young*, 880 F. Supp. 49, 54 (D. Mass. 1995) ("Since defendant Ernst & Young was not named as a defendant in the superseding [class action] complaint, the class action tolling doctrine does not apply."); *Mott v. R.G. Dickinson & Co.*, 1993 WL 63445, at *5 (D. Kan. 1993) ("[T]olling does not apply to defendants not named in the initial class action suit."); *cf. Prieto v. John Hancock Mut. Life Ins. Co.*, 132 F. Supp. 2d 506, 518-19 (N.D. Tex. 2001) ("Engram was not a defendant in the class action suit. [T]he [analogous] Texas tolling rule . . . clearly does not extend to defendants who were not parties to the class action suit."), *aff'd on other grounds*, 35 Fed. Appx. 390 (5th Cir. 2002); *Beavercreek Local Schs. v. Basic, Inc.*, 595 N.E.2d 360, 373 (Ohio App. 1991) ("statute of limitations continues to run as to a potential defendant who is not named as a defendant in the class suit because a nondefendant lacks notice of the assertion of claims against him").

Those decisions are clearly correct and should be followed here. The Supreme Court explained the rationale for the *American Pipe* tolling rule as follows:

> [S]tatutory limitation periods are 'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. . . . The policies of ensuring essential fairness to defendants and of barring a plaintiff who 'has slept on his rights' are satisfied when, as here, a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation, whether the actual trial is conducted in the form of a class action, as a joint suit, or as a principal suit with additional intervenors.

414 U.S. at 554-55 (footnote, citations omitted). That rationale fails where the defendant is not named as a defendant to the class action. Non-defendants are not on notice of the "substantive claims being brought against them." *Id.*; *see Mott*, 1993 WL 63445, at *5 ("If the tolling applies to claims that later name new defendants, . . . these newly named defendants would suffer unfair

9

surprise."). If anything, the fact that a person was not named as defendant in the class action would lead her to believe that claims would *not* be asserted against her. Because the "notice" rationale of *American Pipe* is wholly lacking, *American Pipe* tolling does not apply. The section 11 and 18 claims against Ms. Gorelick are accordingly untimely and should be dismissed.

### III. THE STATE-LAW CLAIMS AGAINST MS. GORELICK SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 9(b)

Finally, the two state-law claims against Ms. Gorelick (negligent misrepresentation and violation of Massachusetts' unfair trade practices statute) should be dismissed. These claims fail to meet applicable pleading requirements.

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Even if a particular cause of action does not require allegations of fraud, Rule 9(b) applies if the factual allegations supporting the claim nevertheless "sound in fraud." *In re Daou Sys., Inc.*, 411 F.3d 1006, 1027-28 (9th Cir. 2005); *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 160-63 (3d Cir. 2004); *Rombach v. Chang*, 355 F.3d 164, 170-72 (2d Cir. 2004). That rule applies to the state-law claims here.

The complaints' factual allegations are permeated with claims of willful and deceptive misconduct. The Massachusetts unfair trade practices claim expressly alleges that Defendants "acted willfully and knowingly in disseminating statements that they knew to be false," a classic allegation of fraud. Evergreen Compl. ¶ 526. Even the negligent misrepresentation claims allege that defendants "knew" about the misrepresentations, and incorporate by reference all the preceding allegations of fraud. Evergreen Compl. ¶¶ 502, 505; Franklin Compl. ¶¶ 581, 584. Although the latter counts also allege that defendants "should have known" that the statements were false, *see id.*, boilerplate allegations of this nature are insufficient to avoid Rule 9(b) where

the complaint as a whole plainly sounds in fraud. *See Rombach*, 355 F.3d at 172 (Rule 9(b) applies where plaintiffs make "'little, if any, effort to differentiate their asserted negligence claims from the fraud claims which permeate the Complaint'") (quoting *In re Ultrafem Inc. Sec. Litig.*, 91 F. Supp. 2d 678, 690-91 (S.D.N.Y. 2000)); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996) ("nominal efforts" to recast fraud claims as negligence are insufficient).

Because the state-law claims are subject to Rule 9(b), the facts supporting those claims must be alleged "with particularity." Fed. R. Civ. P. 9(b). "Although '[m]alice, intent, knowledge and other condition of mind of a person may be averred generally,' Fed R. Civ. P. 9(b), this leeway is not a 'license to base claims of fraud on speculation and conclusory allegations.'" *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (quoting *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995)). "'[P]laintiffs must allege facts that give rise to a strong inference of fraudulent intent,' which may be established 'either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" *Id.*

The state-law claims against Ms. Gorelick fail to meet that standard. As noted above, the only allegations against her are that she was a member of Fannie Mae's Board of Directors and that she signed a single corporate SEC filing. Those facts do not come close to establishing either negligent misrepresentation or a violation of the Massachusetts unfair trade practices statute. Ms. Gorelick is not alleged to have had any involvement in the minutiae of Fannie Mae's accounting, or in the design of Fannie Mae's allegedly deficient internal accounting controls. How she nevertheless "knew, or should have known," about the alleged misstatements in Fannie Mae's financial reports is a mystery. Indeed, the claims of wrongdoing on Ms.

Gorelick's part are so vague that they fail to comply even with the notice-pleading standard of Rule 8(a).  Because the state-law claims fall short of applicable pleading requirements, they should be dismissed.

## CONCLUSION

For the foregoing reasons, and for other reasons incorporated by reference above, the claims against Ms. Gorelick should be dismissed.


Dated:  May 15, 2006                                  Respectfully submitted,

                                                                        ___/s/ Julia E. Guttman_____
                                                                        William H. Jeffress (D.C. Bar No. 041152)
                                                                        Julia Guttman (D.C. Bar No. 412912)
                                                                        BAKER BOTTS, LLP
                                                                        1299 Pennsylvania Avenue, N.W.
                                                                        Washington, D.C.  20004-2400
                                                                        (202) 639-7700 (telephone)
                                                                        (202) 639-7890 (facsimile)

                                                                        *Attorneys for Defendant Jamie Gorelick*

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

Stuart M. Grant
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801

*Counsel for Plaintiffs in Evergreen and Franklin*

Stanley M. Chesley
James R. Cummins
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

-and-

Jeffrey C. Block
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02169

-and-

Steven J. Toll
Daniel S. Sommers
Cohen, Millstein, Hausfeld, & Toll P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005

*Counsel for Plaintiff Ohio Public Employees Retirement System*

Jeffrey W. Kilduff
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006

*Counsel for Defendants Fannie Mae, Kenneth Duberstein, William R. Harvey, Taylor C. Segue III and H. Patrick Swygert*

Kevin M. Downey, Esq.
Joseph M. Terry, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5091

*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric Delinsky
Zuckerman Spaeder LLP
1201 Connecticut Ave., NW
12th Floor
Washington, DC 20036-2638

*Counsel for Defendant J. Timothy Howard*

David S. Krakoff, Esq.
Mark W. Ryan, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

*Counsel for Defendant Leanne G. Spencer*

James D. Wareham
Laura L. Flippin
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, NW
Washington, DC 20005

*Counsel for Defendant Daniel H. Mudd*

James Hamilton
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC 20006

*Counsel for Defendant Joe K. Pickett*

Rhonda D. Orin
Daniel J. Healy
Anderson Kill & Olick, P.C.
2100 M Street, NW
Suite 650
Washington, DC 20037

*Counsel for Defendant Leslie Rahl*

Robert Romano
Bonnie Altro
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178-0060

*Counsel for Defendant Tom Gerrity*

Fred F. Fielding
Barbara Van Gelder
Mark B. Sweet
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

*Counsel for Defendants Anne Mulcahy and Frederic V. Malek and counsel for Defendant Tom Gerrity in Evergreen Action*

Shannon Ratliff
Ratliff Law Firm
600 Congress Avenue
Suite 3100
Austin, Texas 78701

*Counsel for Defendant Manuel Justiz*

15

Earl J. Silbert
Erica Salmon Byrne
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, NW
Washington, DC 20036

-and-

John J. Clarke, Jr.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY 10020-1104

*Counsel for Defendants Stephen B. Ashley,*
*Ann Korologos, and Donald B. Marron*

                                    ___/s/ Julia E. Guttman_____
                                    Julia Guttman (D.C. Bar No. 412912)