UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Fannie Mae Securities Litigation | ) ) ) | Consolidated Civil Action. No. 1:04-cv-1639 (RJL) |

| | | |
|---|---|---|
| Evergreen Equity Trust, et al. | ) ) ) | |
| v. | ) ) | No. 1:06-cv-00082 (RJL) |
| Federal National Mortgage Association, et al., | ) ) | |

| | | |
|---|---|---|
| Franklin Managed Trust, et al. | ) ) ) | |
| v. | ) ) | No. 1:06-cv-00139 (RJL) |
| Federal National Mortgage Association, et al., | ) ) | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO LIFT THE PSLRA DISCOVERY STAY

GRANT & EISENHOFER P.A.
Stuart M. Grant (DC BAR ID #450895)
Chase Manhattan Centre
1201 N. Market Street, Suite 2100
Wilmington, DE  19801
Tel: (302) 622-7000
Fax: (302) 622-7100

Dated:  May 15, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. ii

FACTUAL BACKGROUND ............................................................................... 1

ARGUMENT ...................................................................................................... 2

CONCLUSION .................................................................................................... 7

# **TABLE OF AUTHORITIES**

<u>CASES</u>

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  220 F.R.D. 246 (D. Md. 2004) ............................................................................. 5

*In re WorldCom, Inc. Sec. Litig.*,
  234 F. Supp. 2d 301 (S.D.N.Y. 2002) ............................................................. 4, 5

Plaintiffs in *Evergreen Equity Trust, et al v Federal National Mortgage Association, et al* , No. 1:06-cv-00082 (RJL) ("Evergreen Action") and *Franklin Managed Trust v Federal National Mortgage Assoc , et al* , Civil Action No. 1:06CV00139 (RJL) ("Franklin Action") (collectively "Plaintiffs") submit this reply memorandum of law in support of their joint motion for relief from the automatic stay provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), so as to permit Plaintiffs to participate in coordinated discovery along with the Lead Plaintiffs in the related consolidated class action captioned *In re Fannie Mae Securities Litigation*, Master Civil Action No. 1:04CV01639 (the "Class Action") pending in this Court.

## FACTUAL BACKGROUND

In January of this year, Plaintiffs exercised their right to opt out of the pending class action against Fannie Mae and related defendants. Plaintiffs filed individual complaints asserting claims against Fannie Mae, three former officers of Fannie Mae who were named in the class complaint, as well as certain defendants who were not named in the class complaint: KPMG LLP, and certain directors of Fannie Mae.

In February, the Court denied the motions to dismiss in the class action, and discovery is now underway in that action. To avoid duplication and inefficiency, and to avoid undue prejudice, Plaintiffs seek to participate in that discovery alongside the class action plaintiffs. Accordingly, Plaintiffs have moved the Court for an order lifting the PSLRA discovery stay so

Plaintiffs can participate in coordinated discovery with the class plaintiffs. The only parties to file papers in opposition to Plaintiffs' motion are KPMG and the director defendants.[1]

## ARGUMENT

The PSLRA discovery stay should be lifted because its underlying purpose is not served by keeping it in place. The purpose of the PSLRA stay provision is to discourage plaintiffs from filing frivolous lawsuits in the hope of extorting a quick settlement or using discovery as a fishing expedition to find evidence to support a viable claim. Here, Plaintiffs seek to do neither. Plaintiffs are large institutional investors with legitimate and significant claims, including claims that have already been upheld in the class action, and that have not been challenged in Plaintiffs' cases.[2] Thus, Plaintiffs' claims against defendants from the class action will unquestionably be moving forward, and in recognition of that fact, those defendants have not opposed Plaintiffs' request to lift the stay.

In connection with Plaintiffs' claims against the class action defendants, Plaintiffs will seek discovery from KPMG (the Company's audit firm) and from the Company's directors, even if Plaintiffs' claims against KPMG and the director defendants are dismissed. Thus, it is not a question of *if* discovery will be taken from KPMG and the director defendants, but only a

---

[1]    Plaintiffs' counsel have been negotiating with counsel for the director defendants regarding a compromise resolution of Plaintiffs' motion to lift the stay. The parties appear to have reached an agreement, but the terms could not be finalized before the deadline to file this memorandum. In an abundance of caution, Plaintiffs have drafted this memorandum as if the motion is still opposed by the director defendants. Plaintiffs hope to submit a stipulation shortly which reflects their agreement with the director defendants, which will leave KPMG as the only party opposing Plaintiffs' motion.

[2]    For example, defendants Franklin Raines and Leanne Spencer have moved to dismiss Plaintiffs' Section 10(b) and 20(a) claims against them only to the extent that those claims differ from those asserted in the class action. To the extent that Plaintiffs' Section 10(b) and 20(a) claims against Raines and Spencer arise out of the same facts and circumstances as the class claims, those claims will proceed to discovery.

question of *when*. Moreover, class counsel are already pursuing discovery from KPMG, and will likely seek discovery from the director defendants as well, since they were members of the Board of Directors of Fannie Mae, a defendant in the class action. Thus, there can be no legitimate argument that Plaintiffs are seeking to lift the PSLRA stay so they can coerce these defendants into settling to avoid the cost of discovery, since these defendants will have to bear those costs anyway, by virtue of the discovery that will be taken from them in the class action, or as (at least) third party witnesses in Plaintiffs' actions. Far from trying to burden the defendants with discovery, Plaintiffs seek relief from the PSLRA stay in order to *avoid* the unnecessary burden and expense that would flow from enforcement of the stay.

If the PSLRA stay is lifted, then Plaintiffs can request and review document productions on the same schedule as class counsel, and can participate in the depositions that are taken in the class case. On the other hand, if the PSLRA stay remains in effect, Plaintiffs will be unable to participate in depositions, and will be unable to request discovery or review document productions on the same timetable as class counsel. As a result, even after the motions to dismiss Plaintiffs' claims are resolved, Plaintiffs will not have sufficient information to allow them to participate in depositions along with the class plaintiffs. Instead, Plaintiffs will have to serve additional rounds of discovery requests at that point which may require Defendants to re-review large volumes of documents to search for responsive documents, and Plaintiffs will have to call witnesses back for additional depositions, all of which will *increase* the burden and cost to the Defendants -- precisely the opposite result from what the PSLRA was intended to achieve.

In their papers opposing Plaintiffs' motion to lift the stay, Defendants ignore the compelling practical reasons to lift the PSLRA stay, and studiously avoid addressing the inefficiencies that will be created if it is not lifted. Instead, they contend that Plaintiffs' motion

3

should be denied because Plaintiffs have not identified "particularized" discovery, and have not shown that they will be unduly prejudiced if the stay remains in effect. Plaintiffs disagree.

To the extent that Plaintiffs seek access to the same discovery that has been produced (or will be produced in the future) to the class plaintiffs, courts have found similar requests to be sufficiently particularized to warrant lifting the PSLRA stay. *See, e.g., In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002) (lifting stay as to documents already produced to the government and documents likely to be produced in related ERISA action). Although Plaintiffs also seek a lifting of the stay to enable them to serve discovery requests of their own, Plaintiffs are not yet able to identify those requests with particularity, because that will depend upon the scope of the discovery requested and received by class counsel. Plaintiffs anticipate that much of the discovery they need will be produced in response to class counsel's requests, but if Plaintiffs review that discovery and find that they require additional information not encompassed within class plaintiffs' requests, Plaintiffs seek to be able to serve supplemental requests seeking that information. While Plaintiffs could burden the Court with separate motions to lift the PSLRA stay each time they find it necessary to serve such a request, that would not be a very efficient way to proceed. Instead, Plaintiffs request that the Court lift the PSLRA stay in its entirety so that Plaintiffs may (a) receive and review the discovery produced in the class action and participate in depositions taken in the class action, and (b) serve their own discovery requests to the extent Plaintiffs require information beyond that requested by the class plaintiffs. As the Court stated in *WorldCom*:

> Where, as here, plaintiffs are not in any sense engaged in a fishing expedition or an abusive strike suit and do not thereby act in contravention of the fundamental rationales underlying the PSLRA discovery stay, and where plaintiffs would be substantially prejudiced by the maintenance of the stay, defendants cannot call upon the ambiguous notion of "particularized" discovery to bend

4

Section 78u-4(b)(3)(B) to a purpose for which it was not intended.

234 F. Supp. 2d at 306.

The relief requested by Plaintiffs is necessary to prevent undue prejudice to Plaintiffs, in at least two respects. First, the class action is beyond the motion to dismiss stage and is in discovery, which means that there is a very real risk that the parties in the class action will engage in settlement discussions. If Plaintiffs remain subject to a stay, they will be at a severe informational disadvantage with respect to any such discussions, and will be unable to make strategic decisions on an even playing field. *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 252 (D. Md. 2004) ("Without access to key documents that have already been produced to government investigators and that soon will be produced to the ERISA plaintiffs, the securities plaintiffs could suffer a severe disadvantage in formulating their litigation and settlement strategy."); *WorldCom*, 234 F. Supp. 2d at 305 ("Without access to documents already made available to the U.S. Attorney, the SEC, and in whole or in part to the WorldCom's Creditors Committee and the documents that will in all likelihood soon be in the hands of the ERISA plaintiffs, [lead plaintiff] would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape.").

Second, Plaintiffs will be prejudiced if the stay is not lifted, because if the stay remains in effect until Plaintiffs' motions to dismiss are resolved, Defendants will undoubtedly argue that Plaintiffs should then be required to jump into the class discovery process in midstream, so as to minimize expense and inconvenience to Defendants and witnesses. Plaintiffs, however, will not have sufficient information to participate meaningfully in discovery at that point, because they will have been shut out of discovery while the stay was in place. Plaintiffs will face a significant "learning curve," and will have to review the document production, written discovery, and

5

deposition transcripts from the class case, serve additional discovery requests, and review the responses to those requests before they can participate in depositions. Plaintiffs will likely also have to re-notice depositions of witnesses and Defendants who were already deposed. However, Plaintiffs fully anticipate that Defendants will oppose any efforts by Plaintiffs to take such additional discovery, and will instead seek to force Plaintiffs to live with the discovery taken by the class plaintiffs – a result which would unduly prejudice Plaintiffs' ability to litigate their own claims.

In sum, the Court should lift the PSLRA discovery stay and permit Plaintiffs to participate in coordinated discovery with the class action. Doing so will promote efficiency, prevent duplication, and protect Plaintiffs from the undue prejudice of being left on the sidelines while the class plaintiffs proceed with discovery. Moreover, lifting the stay under these circumstances is consistent with the intent behind the PSLRA, since it will actually reduce, rather than increase, the burden and cost of discovery upon Defendants. However, if the Court accepts Defendants' argument that the stay should not be lifted, then it should take care to ensure that they do not have their cake and eat it too. Specifically, if Defendants succeed in keeping the stay in effect and prevent Plaintiffs from participating in the class action discovery, then when the stay is ultimately lifted, Plaintiffs' ability to take their own discovery should not be restricted in any way by virtue of the discovery in which they were not permitted to participate. Nor should Defendants be permitted to simply "dump" on Plaintiffs all of the millions of documents that were produced in the class action, if Plaintiffs propound more limited requests than the class plaintiffs. While Plaintiffs are willing to work with the class plaintiffs in a coordinated discovery effort in order to avoid unduly burdening the Defendants, Defendants should not be allowed to reject that offer and then cry burden when Plaintiffs propound their own discovery later.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to lift the PSLRA discovery stay.

DATED:  May 15, 2006

**GRANT & EISENHOFER P.A.**

BY: _____

**STUART M. GRANT (DC BAR ID #450895)**
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market Street, Suite 2100
Wilmington, DE  19801
Telephone:  (302) 622-7000
Facsimile:  (302) 622-7100

*Attorneys for Plaintiffs*

7