**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| In re Federal National Mortgage | MDL No. 1668
| Association Securities, Derivative and |
| "ERISA" Litigation |
| |
| | Consolidated Civil Action No. 1:04-cv-01630
| In re Fannie Mae Securities Litigation |
| | Judge Richard J. Leon
| |

**THIRD PARTY OFHEO'S REPLY MEMORANDUM**
**IN SUPPORT OF OFHEO'S MOTION TO QUASH**
**HOWARD'S AND RAINES' SUBPOENAS *DUCES TECUM***

The Office of Federal Housing Enterprises Oversight ("OFHEO") hereby replies to J.

Timothy Howard's and Franklin D. Raines' Oppositions to OFHEO's Motion to Quash the three

subpoenas *duces tecum* issued by Messrs. Howard and Raines (collectively "Defendants").

## I.    INTRODUCTION

OFHEO has promulgated *Touhy* regulations in accordance with the federal Housekeeping

Statute in order to centralize decision-making authority within the agency.  The regulations

inform the public of how the agency (*i.e.*, the centralized decision-making process) makes

relevancy and privilege determinations of the requested documents.  The regulations also serve

as a check against potential abuse of agency resources by the party making requests.  These

regulations are not a mere formality.

Furthermore, OFHEO's *Touhy* regulations contemplate a collaborative process between

the agency and the requesting party in processing any document requests in litigation where

OFHEO is not a named party.  This collaborative process is similar to the one envisioned by Fed.

R. Civ. P. 45.  For instance, OFHEO's *Touhy* regulations require the requesting party to

cooperate with the agency in making compliance with document requests less burdensome and further allow OFHEO's Director to deny requests where the requesting party has failed to cooperate in "good faith." 12 C.F.R. § 1703.34(c). This requirement is consistent with Rule 45, which requires that "[a] party or an attorney responsible for the issuance and service of a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1) (emphasis added). Under both OFHEO's regulations and Rule 45, it is manifestly reasonable to expect that Defendants cooperate in good faith with OFHEO in making their document requests less burdensome in order to preserve limited public resources.

In this collaborative process, OFHEO is in the best position to know what documents are in its possession and has the best information regarding all of the competing demands on the agency's time and resources, including regular agency business, information requests received from other litigants, Congress, the press, and under the Freedom of Information Act ("FOIA"). Meanwhile, Defendants are in the best position to know precisely what documents they need and the documents' priorities to litigate their case.[1] With this understanding, OFHEO has asked Defendants to refine and prioritize their requests so that OFHEO can process Defendants' most important requests first.[2] In this way, OFHEO can conserve limited agency resources, as well as

---

[1] Indeed, some of the discussion in Mr. Raines' Opposition and Reply Memorandum are rough examples of the exact type of information OFHEO has been requesting from Defendants in its effort to better understand Defendants' requests. *See* Raines' Opp. and Reply at 1-4. To date, Mr. Raines' Opposition/Reply represents the first time that OFHEO has been presented with such information despite its many requests for Defendants to refine and prioritize their requests.

[2] Notably, Defendant Raines' counsel claims that they have "repeatedly represented willingness to work with OFHEO to identify priority requests and schedule a reasonable, rolling production," (Raines Opp. and Reply at 5) (citing Letter from Alex G. Romain to Asst. U.S. Attorney John C. Truong, of August 17, 2006, at 2, attached as Ex. G to Raines Opp. and Reply.) Although there were certainly many communications and negotiations taking place between OFHEO and
(Continued…)

better assist Defendants by focusing on the documents they need most.  Defendants, however, rejected OFHEO's effort to engage them in this collaborative process.

In short, OFHEO's regulations do *not* give it the authority to withhold documents indefinitely, nor do they give OFHEO's Director the power to reject document requests on a mere whim.  However, there are concrete requirements that Defendants must satisfy before OFHEO could process their document requests.  As explained in OFHEO's Opposition to Defendants' Motions to Compel and Motion to Quash (Dkt. No. 232) and below, because Defendants' subpoenas *duce tecum* do not meet OFHEO's *Touhy* regulations they should be quashed.

## II.  ARGUMENT

### A.  OFHEO's Motion to Quash Is Not Untimely

Defendants maintain that OFHEO's Motion to Quash (concurrently filed with OFHEO's Opposition to Defendants' Motions to Compel [Dkt. 232]) is untimely.  *See* Howard's Opp. and Reply at 2 n.2, Raines' Opp. and Reply at 16 .12.  This argument is a red herring and lacks merit.

Federal Rule of Civil Procedure 45(b)(3) allows a court to quash a subpoena "on timely motion."  Fed. R. Civ. P. 45(b)(3).  "Timely" is neither defined in the rule nor elaborated upon in the advisory committee's notes.  The phrase "timely" was adopted in 1991 and replaced the previous formulation, "promptly and in any event at or before the time specified in the subpoena for compliance therewith."  Courts are split on whether this change was intended to allow the

---

(Continued…)

counsel for Mr. Raines prior to Mr. Raines' filing of his Motion to Compel, wherein counsel for Mr. Raines promised many things – including a list of prioritized requests – these were, in the end, hollow offerings.  No prioritization of requests ever materialized, and certainly none was ever communicated to OFHEO.  Instead, Mr. Raines pulled up short in the middle of discovery negotiations and filed his Motion to Compel.

filing of a motion to quash after the time for compliance has passed. *Compare Nova Biomedical Corp. v. i-Stat Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998) (assuming the change enlarged the rights of subpoenaed parties) *with United States v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp 2d. 270 (D.D.C. 2002) (noting in *dicta* that "timely" in Rule 45 likely meant within the time set in the subpoena for compliance, but writing that the Court "need not resort to it here" because a motion made 10 months after the return date for a subpoena was untimely).[3]

The better reading, however, is that this change was intended to enlarge the protections afforded subpoenaed parties. Indeed, the Advisory Committee Notes to the 1991 Amendment of Fed. R. Civ. P. 45 state that the new revision was made to "clarify and **enlarge the protections** afforded persons who are required to assist the court by giving information or evidence." Fed. R. Civ. P. Rule 45, 1991 Amendment, Advisory Committee Notes (emphasis added); *see also Nova Biomedical Corp.*, 182 F.R.D. at 422 (writing that the language of the advisory committee notes "indicates that the revised rule takes no rights away from the party subpoenaed, and in fact is to enlarge that party's protections"). Indeed, if the purpose of the amendment had been to re-codify the standard practice prior to 1991 of requiring motions to quash to be made before the return date for a subpoena, the amendment would not have removed the phrase "and in any event at or before the time specified in the subpoena for compliance therewith." The removal of such phrase, coupled with the Advisory Committee Notes' unambiguous declaration that the revision was meant to "enlarge the protections" afforded subpoenaed parties, lends support to the view that motions to quash filed after the time set for compliance with the subpoena are not untimely.

---

[3] The Court was careful to note, however, that "[t]he Court is not here adopting an across-the-board rule that failure to file within the time for compliance with a subpoena is untimely." *See Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d at 278 n.6.

Furthermore, where, as here, the time given for compliance with the subpoenas was quite short, a motion to quash filed after the compliance date should not be considered untimely. *See Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d at 278 n.6 (noting in *dicta* that where the time for compliance is very short to begin with, a motion to quash filed after compliance date should not be considered "untimely" as "it would be clearly unjust and outside the spirit of the rules").

Finally, much of the time that has passed between OFHEO's initial receipt of Defendants' subpoenas and these proceedings has been spent negotiating with Defendants in a good faith attempt to narrow, prioritize, and better define Defendants' requests. It was in the midst of these communications that Defendants decided to file their Motions to Compel.[4] Prior to receiving Defendants' Motions, OFHEO had been operating under the belief that attempts were still being made to facilitate production of documents, and, therefore, abstained from pursuing other avenues, such as filing a Motion to Quash. OFHEO should not be penalized for its efforts to resolve Defendants' document requests without Court intervention. Given these circumstances, OFHEO's Motion to Quash is not "untimely."

**B.    Defendants' Subpoenas *Duces Tecum* are Improper and Should be Quashed**

**1.    Under OFHEO's *Touhy* Regulations and Applicable Law, Defendants' Subpoenas Are Improper.**

In the face of OFHEO's *Touhy* regulations, Defendants' subpoenas are invalid. OFHEO's regulations provide that all document requests served on OFHEO – in a litigation in which it is

---

[4] Significantly, the dates listed in Defendants' subpoenas as deadlines for compliance were July 10, August 8, and August 14. Defendants' Motions to Compel were filed on July 26 and August 21, respectively. Indeed, it appears that Defendants chose to file their Motions to Compel on arbitrary dates, signaling in the midst of ongoing negotiations that they were no longer interested in attempts to work out a reasonable production plan.

DM1\691504.1

not a party – are to be made through a letter containing the information specified in OFHEO's regulations and directed to OFHEO's Director.  12 C.F.R. § 1703.13(b).  More importantly, all such document requests are further subject to the requirement set forth in § 1703.34(c), which authorizes OFHEO to consult with the "requesting party...to refine and limit the request so that compliance is less burdensome." 12 C.F.R. § 1703.34(c).  These requirements neither conflict with Rule 45, nor exceed OFHEO's authority under the Housekeeping Statute.  Indeed, § 1703.34(c) is consistent with Rule 45's mandate that Defendants must "take steps to avoid imposing undue burden" on OFHEO.  *Compare* 12 C.F.R. § 1703.34(c) *with* Fed. R. Civ. P. 45(c)(1).  Further, and in accordance with Rule 45, OFHEO's regulations -- rather than excusing OFHEO from complying with document requests -- provide a mechanism for OFHEO to produce documents in legal proceedings in which it is not a named party.

Consistent with its *Touhy* regulations, OFHEO has repeatedly directed Defendants to its regulations and has also made clear that all document requests made pursuant to its regulations will be processed promptly and in accordance with the regulations.  Inexplicably, Defendants have circumvented the ordered process created by OFHEO's *Touhy* regulations by serving subpoenas *duces tecum* and filing motions to compel that do not meet the requirements of the regulations.  Defendants' attempts to circumvent OFHEO's valid *Touhy* regulations should not be countenanced by the Court.

Indeed, the D.C. Circuit has upheld and reinforced the continued validity and governance of an agency's *Touhy* regulations.  *See Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006). The *Yousuf* Court found that federal agencies could be subject to Rule 45 subpoenas, and implied that when an agency is subject to a third-party subpoena the agency's *Touhy* regulations are the appropriate vehicle through which to respond to such a subpoena.  *Yousuf*, 451 F.3d at 257

(noting that "the Supreme Court in *Touhy* assumed a federal agency could be subject to a third-party subpoena *duces tecum*, for otherwise the agency would not need to promulgate regulations for centralizing its response to such a subpoena.").  Similarly, in *Selden*, the District Court recently held that a litigant may not simply bypass a federal agency's *Touhy* regulations by subpoenaing the agency.  *In re Subpoenas in Securities and Exchange Commission v. Selden*, No. 05-0476, 2006 U.S. Dist. LEXIS 75235, *9 n.6 (D.D.C. Aug. 16, 2006) (holding that a government agency's *Touhy* regulations were "the vehicle through which a federal agency responds to a subpoena *duces tecum*.").  Indeed, at least one Defendant acknowledges that the *Selden* Court affirmed that an agency's *Touhy* regulations "set forth procedures by which to process [subpoenas]."  *See* Howard Opp. and Reply at 5.  As such, Defendants' demand that OFHEO produce the document immediately pursuant to their subpoenas (*see* Howard Opp. and Reply at 2; Raines Opp. and Reply at 13), is clearly contrary to the law in this Circuit.[5]   Under these circumstances, Defendants' subpoenas are invalid and should be quashed.

### 2.    OFHEO's *Touhy* Regulations Neither Conflicts with Rule 45 Nor Exceeds The Housekeeping Statute.

Defendants argue that OFHEO must comply with their subpoenas and that OFHEO's Touhy regulations conflict with Rule 45 and the Housekeeping Statute.  *See* Howard Opp. and Reply at 4; Raines Opp. and Reply at 7-9.  In support of this proposition, Defendants rely upon

---

[5] Moreover, the *Selden* Court implicitly recognizes that if it were not for the provision in the FDA's own regulations providing for document requests made via subpoena, the question of how the agency would respond to the subpoenas *duces tecum* would be a "discretionary action" on the FDA's part.  *Selden*, 2006 U.S. Dist. LEXIS 75235, at *7-8.

Indeed, both the Department of State's regulations addressed in *Yousuf* and the FDA's regulations addressed in *Selden* provide that document requests may be made via subpoena.  *See generally* 22 C.F.R. §§ 172.3, 172.5 and 21 C.F.R. § 20.2(a).  On the other hand, OFHEO's regulations contain no such provision.

the dicta in *Houston Business Journal. Id.* Defendants' contention lacks merit and its reliance

on *Houston Business Journal* is misplaced.

As a preliminary matter, the *Houston Business Journal* Court was charged only with

answering the novel question of whether a state court litigant can avoid the limitations on the

state court's subpoena power and obtain a federal-court subpoena instead. 86 F.3d 1208, 1212

(D.C. Cir. 1996). Clearly, that Court's ruling that the district court lacked subject matter

jurisdiction to hear the motion to compel does not apply to the case at hand. *Id.* To the extent

that the D.C. Circuit did address, in *dicta*, the situation where a federal-court litigant seeks to

obtain the production of documents from a federal agency by means of a federal subpoena, the

*Houston Business Journal* Court merely noted that neither the Housekeeping Statute, nor the

*Touhy* decision, authorize a federal agency to withhold documents from a federal court. 86 F.3d

at 1212. As such, the *Houston Business Journal* Court's *dicta* is of no moment here. As

addressed *supra*, OFHEO's *Touhy* regulations neither conflict with Rule 45, nor exceed the

agency's authority under the Housekeeping Statute because the regulations set forth an orderly

process for OFHEO to produce documents in proceedings in which OFHEO is not a named

party.

Furthermore, as a basic proposition, federal regulations are entitled to deference and

should, whenever possible, be given full force and effect of law. *Chevron U.S.A. Inc. v. NRDC*,

467 U.S. 837, 844 (1984). In the present case, 12 C.F.R. §§ 1703.31 *et seq.,* are the federal

regulations at issue. These regulations were promulgated pursuant to the federal Housekeeping

Statute, 5 U.S.C. § 301, and they are similar to *Touhy* regulations from other Federal agencies.

*Chrysler Corp. v. Brown*, 441 U.S. 281, 309-10 (1979). So long as the federal regulation is

8

based upon a permissible interpretation of the enabling statute, the federal regulation should be enforced. *Chevron U.S.A,* 467 U.S. at 844.

OFHEO regulations, in accordance § 301, properly centralize decision-making with OFHEO's Director.[6] The regulations also put parties on notice as to the information the Director requires for making his or her decisions with respect to document requests. Indeed, the Director has a duty to protect the public interest by carrying out the functions of the agency in regulating Fannie Mae and Freddie Mac, and not to squander agency resources in pursuit of the goals of individual litigants. *See* 12 C.F.R. § 1700.1(a) (setting forth OFHEO's primary objective is to ensure that Fannie Mae and Freddie Mac "are adequately capitalized and operating in a safe and sound manner.").

For a small agency like OFHEO, it is conceivable that extensive document requests from litigants could completely overwhelm the agency's staff, preventing it from carrying out its core mission of ensuring the safety and soundness of Fannie Mae and Freddie Mac. That said, OFHEO appreciates the import of private litigations and the public interest implications therein. The requirements in OFHEO's *Touhy* regulations were designed to ensure that the Director was provided with the information necessary for him or her to make informed decisions regarding how best to spend agency resources to serve the public while at the same time staying mindful of important individual interests. *See* 12 C.F.R. § 1703.33 (stating that OFHEO's Director can

---

[6] The first sentence of § 301 authorizes the heads of federal agencies to prescribe regulations for the governance of their agencies and the conduct of their agency's employees. *See* 5 U.S.C. § 301 (stating that "the head of the Executive department . . . may prescribe regulations for the government of his department  . . . and the custody, use, and preservation of its records."). The second sentence of § 301 prevents agency heads from authorizing the "withholding [of] information from the public or limiting the availability of records to the public." *Id.*

DM1\691504.1

authorize the production of documents to serve the "best interest of OFHEO or in the public interest.").

Finally, as noted above, OFHEO's regulations are not intended to shield the agency from responding to properly submitted document requests. Rather, the regulations provide the means by which such requests can be processed in a reasoned and orderly manner. As such, OFHEO's *Touhy* regulations fully comport with the agency's authority under the Housekeeping Statute, as well as with Rule 45

C.   **OFHEO's Motion to Quash Should be Granted Because Defendants' Document Requests are Unduly Burdensome and Subject to Examiner Privilege**

1.   **Defendants' Document Requests Are Overly Broad and Unduly Burdensome**.

Federal Rule of Civil Procedure 45(c)(3)(A) provides that a court shall quash a subpoena if it requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv). Defendants' subpoenas should be quashed because they are overbroad, unduly burdensome, and seek documents subject to numerous privileges including, but not limited to, the examination privilege.[7]

---

[7] Contrary to Defendants' contentions, OFHEO has not waived its objections to Defendants' subpoenas because such objections were not untimely. *See* OFHEO's Opp. at 17-19 (Dkt. No. 232).

Rule 45 does not, as Mr. Raines suggests, require that OFHEO raise objections based on privilege and "provide a sufficient description of the withheld material to permit the requesting party to challenge the privilege." Raines Opp. and Reply at 15. Rule 45(c)(2)(b) provides only that a person commanded to produce documents may serve upon the requesting party written objections. If such objections are made, Rule 45 allows the requesting party, upon notice to the person commanded to produce, to move for an order to compel production. Nowhere in the rule is more than simple "written objections" required. OFHEO clearly provided Mr. Raines with written objections by August 2, 2006. *See* Letter from Reid to Downey, of August 2, 2006, at 2, attached as Ex. B to Raines Opp. and Reply. *But see* Fed. R. Civ. P. 45(d)(2).

(Continued…)

Defendants' requests are vastly overbroad, and shift to OFHEO the burden of identifying and producing documents when Defendants could themselves further refine and define their requests, as well as obtain documents from other, publicly available resources.  Upon reviewing Defendants' overly broad and unduly burdensome document requests, OFHEO's Office of General Counsel, consistent with its regulations, requested that Defendants provide additional information, and narrow and prioritize their requests to make OFHEO's compliance less burdensome.[8]  *See* 12 C.F.R. § 1703.34(c).  Defendants declined to provide any such information or assistance.  In any event, to comply with Defendants' subpoenas requires an expenditure of tremendous resources and a significant commitment of time.  Defendants cannot reasonably expect that the requested documents appear upon demand.

Production of this scale requires time and organization.  Indeed, OFHEO is already in the process of preparing the production of a common set of documents that were requested by both the Plaintiffs and Defendants.  With respect to Defendants' other requests, OFHEO needs Defendants to prioritize and refine their requests so that it can determine how best to proceed.

---

(Continued…)

Furthermore, it should be noted that OFHEO was not in a position to be more specific with its privilege objections at that time, as the agency was still in the middle of negotiating with Defendants regarding the narrowing of their document requests.  Given the sheer breadth of Defendants' requests, OFHEO was not in a position to know which documents Defendants were seeking, much less which amongst those might be privileged.  OFHEO's actions in this respect were consistent with this Circuit's precedent.  *United States v. Phillip-Morris, Inc.*, 347 F.3d 951, 954-55 (D.C. Cir. 2003) (holding that if a responding party's overbreadth objection applies to the privilege documents, then the party need not provide a privilege log until the court rules on its objection).  However, if the Court should find that OFHEO's objections were untimely, this Court may still "in unusual circumstances and for good cause" consider such objections. *See Yousuf*, 452 F.3d at 452; OFHEO's Opp. at 17-19.

[8] The over breadth and unduly burdensome nature of Defendants' document requests were previously described in OFHEO's Opposition to Motions to Compel and Motion to Quash at 19-21 (Dkt. No. 232).

11

This collaborative process, as envisioned by Rule 45 and particularized in OFHEO's *Touhy* regulations, allows OFHEO to determine how it could optimize its limited resources in responding to Defendants' subpoenas.

OFHEO is not using its regulations to withhold documents from Defendants; rather, OFHEO is simply requesting Defendants to comply with the *Touhy* regulations so that OFHEO can process their requests in an orderly way.  Accordingly, this Court should order Defendants to comply with OFHEO's regulations in making their document requests, and grant OFHEO's Motion to Quash Defendant's current subpoenas *duces tecum*.

### 2.     The Requested Documents Are Subject to Examiner Privilege.

The documents sought by Defendants' subpoenas are subject to the Examiner Privilege. In the course of ensuring that Fannie Mae and Freddie Mac are adequately capitalized and operating safely (*see* 12 C.F.R. § 1700.1(a)), OFHEO created analyses, reports, and supervisory communications to perform its responsibilities.  Those documents are subject to the Examiner Privilege.  *See In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, 633 (D.C. Cir. 1992); *Principe v. Crossland Savings, FSB*, 149 F.R.D. 444, 450 (E.D.N.Y. 1993). However, OFHEO is not hiding behind this privilege to withhold documents.  Rather, OFHEO intends to review the requested documents to determine whether the Examiner Privilege or  any other applicable privilege applies and it may decide, as it has done in the past, to produce certain privileged documents.[9]  Moreover, the process of determining privilege, and then determining whether privileged materials can be, or should be, produced, takes time.

---

[9]  Defendants argue that OFHEO's assertion of the Examiner Privilege is improper.  *See* Raines Opp. and Reply at 18-20.  Defendants' privilege argument and suggestion that OFHEO must produce a privilege log, or similar document, at this time is premature.  *Id*.  First, OFHEO has not asserted the examination privilege as a means of not producing certain documents, but has

(Continued…)

Due to Defendants' overly broad requests, coupled with their refusal to cooperate with OFHEO in the process, OFHEO cannot say with specificity which documents in OFHEO's possession that Defendants seek are responsive, relevant, and unavailable from other sources, or which subset of those documents are subject to privilege. Moreover, the Director cannot, in the absence of time to review OFHEO's privileged documents, make informed and reasoned decisions as to what extent he may choose to produce such documents.

However, as they stand, many of Defendants' requests seek broad categories of documents that are subject to the examiner privilege, including analyses, opinions and recommendations contained in internal agency documents. *Principle,* 149 F.R.D. at 450; *see also* Howard's June 21st Subpoena –Request Nos. 3, 4, 5 &7 (requesting all documents concerning, *inter alia*, OFHEO's examination review, analysis, evaluation and assessment of a variety of Fannie Mae's past practices, including documents pertaining to compensation, internal controls and board governance); Raines' July 18th Subpoena – Request No. 7-11 (making similar requests).[10] As such, to the extent that the documents which Defendants seek are subject to OFHEO's examination privilege, Defendants' subpoenas should be quashed.

---

(Continued…)

merely stated that it will require more time to determine which documents are privileged, and to determine whether such documents should be produced. Second, the sheer breadth of Defendants' document requests encompass at least hundreds of thousands of documents, many of which are likely privileged. To produce a log at this point would be impossible. Reviewing all of the documents that are potentially responsive to Defendants' requests as they are currently worded, without any additional information, or refining and prioritizing of the requests, could literally take years. Yet, such a review would be required in order to produce a log of the kind Defendants apparently envision. OFHEO requires more time, and the assistance of Defendants, to begin tackling this Herculean task.

[10] Many of these documents Defendants have requested also appear to be irrelevant, indicating again the overbreadth of Defendants' requests. For example, many of these requests target OFHEO examination reviews, which have no relevance with respect to Defendants' culpability.

(Continued…)

**D.     The Appropriate Standard of Review is Arbitrary and Capricious Under the APA.**

Citing the dicta in *Houston Business Journal*, Defendants argue that their subpoenas and attending Motions to Compel are not procedurally defective and that Rule 45 standard, not the APA, applies.  *See* Howard Opp. and Reply at 2-3, Raines Opp. and Reply 7-9.  Defendants, however, conveniently ignore the dictate in *Yousuf.*

In *Yousuf,* the D.C. Circuit noted that the agency's determination that subpoenas "are not proper procedural devices through which to seek information from a federal agency" was "final and reviewable under the APA."  451 F.3d at 251.  Similarly, in *Aloha Care v. Hawaii*, No. 04-498, 2005 U.S. Dist. LEXIS 41202 (D.D.C. June 28, 2005), the District Court held that, with respect to the agency's denials of three third-party subpoenas *duces tecum*, "the proper method for review of the agency's final decision pursuant to its regulations is through the Administrative Procedure Act . . . The party challenging the [agency] denial bears the burden of showing that the denial was **arbitrary and capricious**."  *See also Truex v. Allstate Ins. Co.*, 233 F.R.D. 188 (D.D.C. 2006) (emphasis in original); *cf. Chen v. Ho*, 368 F. Supp. 2d 97, 98 (D.D.C. 2005) (holding that "[i]t is the law of this Circuit" that agency denials in response to *subpoena ad*

---

(Continued…)

Indeed, "[t]he conduct of a regulatory body will not shield defendants from their own culpability."  *Stamp v. Brown*, No. 81c1475, 1991 WL 169377, *2 (N.D. Ill. Aug. 28, 1991), *citing Schacht v. Brown*, 711 F.2d 1343, 1359 (7th Cir. 1983).  Rather, Defendants should be judged on the basis of their own conduct and omissions, not on OFHEO's examination of Fannie Mae.  *See FDIC v. White*, 828 F.Supp. 204, 210-11 (D.N.J. 1993) (Court did not allow defense that FDIC had approved actions in its regulatory capacity to be raised against it as as affirmative defense in receivership action.); *Stamp v. Brown*, 1991 WL 169377, *2 (N.D. Ill. Aug. 28, 1991) ("[T]he fraudulent operation of [insurance company] ARC was surely the alleged progenitor of Reserve's damage, regardless of whether the state regulatory authority was a necessary instrument in the accomplishment of that end.").

*testificandum* must proceed under the APA, and "a federal court will review the agency's decision under an '**arbitrary and capricious**' standard.") (emphasis in original).[11]  *But see Linder v. Calero-Portocarrero*, 251 F.3d 178, 181 (D.C. Cir. 2001).

Therefore, to the extent that Defendants seek to challenge OFHEO's action (or non-action) on their respective subpoenas, Defendants must file a separate APA action.  In this vein, this Court should review OFHEO's determinations under its *Touhy* regulations using the APA's arbitrary and capricious standard.[12]  Under the APA standard of review, OFHEO's compliance with its own regulations -- requiring Defendants to comply with OFHEO's *Touhy* regulations --

---

[11] As Defendant Raines points out, (Raines Opp. and Reply at 7), there does appear to be a question regarding whether subpoenas *duces tecum* and subpoenas *ad testificandum* are to be reviewed under different standards.  As noted by Mr. Raines, the *Truex* Court noted in *dicta* that "[t]here is some indication that this Circuit would treat a *subpoena duces tecum* differently [from a subpoena *ad testificandum*]."  *Truex*, 233 F.R.D. at 191, n.3.

However, other Circuits have answered the question definitively and held that subpoena *duces tecum* should be reviewed under the APA "arbitrary and capricious" standard of review.  *See, e.g., United States EPA v. GE*, 197 F.3d 592, 599 (2d Cir. 1999) ("On remand, the district court will review the EPA's refusal to respond to the subpoena [*duces tecum*] under the standards for review established by the APA."); *Comsat Corp. v. National Science Found.*, 190 F.3d 269, 277 (4th Cir. 1999) ("When the government is not a party, the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas [*duces tecum*]").

Furthermore, there is no logical basis for treating the two types of subpoenas differently.  Both involve the need for centralized decision making and preservation of agency resources.  If anything, the potential burden of document requests exceeds that of testimony, and the privilege issues are even more extensive.  The reasoning behind requiring arbitrary and capricious review of decisions involving subpoenas *ad testificandum* is that the waiver of sovereign immunity that allows agencies to be subject to federal subpoenas in the first place is found in the APA, 5 U.S.C. § 702, and thus, the standard of review set forth in the APA, 5 U.S.C. § 706, controls.  The exact same reasoning applies with respect to subpoenas *duces tecum*.

[12] Notably, were this Court to enforce Defendants' subpoenas, such a ruling effectively nullifies OFHEO's *Touhy* regulations.  In this case, a solution with less far-reaching implications could be achieved by simply directing Defendants to comply with OFHEO's *Touhy* regulations, which require Defendants to refine and prioritize their document requests and collaborate with OFHEO to process document requests made under OFHEO's *Touhy* regulations.

is not arbitrary and capricious. *See, e.g., Blum v. Bacon*, 457 U.S. 132, 141 (1982) (noting that because an agency's interpretation of its own regulations is entitled to substantial deference, the court need only determine that when arriving at its decision, the agency reasonably interpreted its own regulations); *MobileTel, Inc. v. FCC*, 107 F.3d 888, 894 (D.C. Cir. 1997) (noting that a court's review of an agency's action for arbitrary and capricious conduct is an extremely deferential one and this is particularly true where an agency is interpreting its own regulations).

### III.  CONCLUSION

For all of the foregoing reasons and those set forth in OFHEO's Memorandum in Support of Its Motion to Quash, this Court should grant OFHEO's Motion to Quash Defendants Howard's and Raines' Subpoenas *Duces Tecum*.


Dated: October 10, 2006.                    Respectfully Submitted,


                                            /s/   Jeffrey A. Taylor
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney


                                            /s/   Rudolph Contreras
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney

                                            /s/   John C. Truong
                                            JOHN C. TRUONG, D.C. BAR #465901
                                            Assistant United States Attorney
                                            555 Fourth Street, N.W.
                                            Washington, D.C.  20530
                                            (202) 307-0406

                                            Attorneys for OFHEO

DM1\691504.1