UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV 2 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation<br><br>and<br><br>Evergreen Equity Trust, *et al.* v. Federal National Mortgage Association, *et al.*<br><br>and<br><br>Franklin Managed Trust, *et al.* v. Federal National Mortgage Association, *et al.* | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon<br><br>Case No. 1:06CV00082 (RJL)<br><br>Case No. 1:06CV00139 (RJL) |

## REVISED STIPULATED CASE MANAGEMENT ORDER NO. 3

It is hereby stipulated and agreed among Lead Plaintiffs in the above-referenced securities class action, Plaintiffs in the *Evergreen* and *Franklin* cases, Defendant Fannie Mae and Defendants Franklin Raines, Timothy Howard and Leanne Spencer (collectively, the Individual Defendants") (Defendant Fannie Mae and the Individual Defendants are collectively referred to herein as the "Fannie Mae Defendants"), Defendant Goldman, Sachs & Co. ("Goldman"), and Defendant KPMG LLP ("KPMG"), and **IT IS HEREBY ORDERED** by the Court, that, to the extent the due dates in this order are different, this case management order supersedes Revised Stipulated Case Management Order No. 1 entered on April 19, 2005 ("CMO #1") and Revised Stipulated Case Management Order No. 2 entered on April 21, 2006 ("CMO #2"), and that the following deadlines are hereby set in this case:



### Response to Lead Plaintiffs' Second Amended Consolidated Complaint

1. KPMG shall file a reply in support of its motion to dismiss the Second Amended Consolidated Complaint on November 8, 2006.

2. Goldman shall file a motion to dismiss the Second Amended Consolidated Complaint on November 13, 2006.

3. Lead Plaintiffs shall file an opposition to Goldman's motion to dismiss on December 22, 2006.

4. Fannie Mae shall file an answer to the Second Amended Consolidated Complaint on or before January 8, 2007.

5. The Individual Defendants shall provide Lead Plaintiffs with their affirmative defenses to the Second Amended Consolidated Complaint on January 15, 2007.

6. Goldman will file a reply in support of its motion to dismiss the Second Amended Consolidated Complaint on January 19, 2007.

7. The Individual Defendants shall file answers to the Second Amended Consolidated Complaint on March 8, 2007.

### Response to Evergreen and Franklin Templeton Amended Complaints

8. Defendant KPMG shall file a reply in support of its Motion to Dismiss the Franklin Templeton complaint on October 27, 2006.

9. All other defendants shall file replies in support of their respective motions to dismiss on November 7, 2006.

### Paul Weiss Motion to Compel

10. Defendant J. Timothy Howard may file and serve a motion to compel production of documents by Paul, Weiss on or before November 3, 2006;

11. Paul, Weiss may file and serve its opposition(s) to the motions of both Lead Plaintiff and Defendant Howard on or before December 4, 2006;

12. Lead Plaintiffs and Defendant Howard may file and serve their respective replies on or before December 18, 2006.

**Class Certification**

13. The parties agree that Local Rule Civ. Procedure 23.1(b) governing the timing of motions for class certification is waived.

14. Lead Plaintiffs filed a motion for class certification on May 17, 2006.

15. Defendant Fannie Mae's opposition to Lead Plaintiffs' Motion for Class Certification shall be filed on or before December 8, 2006, and the Individual Defendants' oppositions shall be filed on or before December 22, 2006.

16. Lead Plaintiffs' Reply brief shall be filed on or before January 26, 2007.

17. (a) KPMG and Goldman Sachs, who are subject to a stay of discovery pursuant to the PSLRA, shall not be required, during the pendency of such stay, to attend any deposition concerning class certification issues or to submit papers in opposition to Lead Plaintiffs' Motion for Class Certification.

(b) In the event that the PSLRA stay of discovery is lifted with respect to a party (i.e., upon denial of that party's motion to dismiss the action), that party shall be entitled to submit its own papers in opposition to Lead Plaintiffs' Motion for Class Certification, in accordance with a schedule that the parties shall attempt to agree upon after the conclusion of discovery pursuant to this paragraph. KPMG and Goldman reserve all other rights regarding discovery, including to obtain discovery on class certification issues and to continue to assert their position that the PSLRA stay of discovery prohibits depositions on the merits of the case during the pendency of the stay.

Lead Plaintiffs reserve their rights regarding discovery, including the right to object to any class certification discovery by KPMG or Goldman that is duplicative of class certification discovery already obtained by other Defendants.

18. Each party reserves the right to seek an adjournment or modification of any of the dates or other provisions set forth herein.

Dated: 11/1, 2006

_____
Judge Richard J. Leon
United States District Judge