UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

**DEC 1 2 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |
| **In re Fannie Mae Securities Litigation** | **Consolidated Civil Action No. 1:04-cv-01639**<br><br>**Judge Richard J. Leon** |
| **In re: Fannie Mae Derivative Litigation** | **Consolidated Civil Action No. 1:04-cv-01783**<br><br>**Judge Richard J. Leon** |
| **In re Fannie Mae ERISA Litigation** | **Consolidated Civil Action No. 1:04-cv-01784**<br><br>**Judge Richard J. Leon** |
| **Evergreen Equity Trust, et al.,**<br>                    **Plaintiffs,**<br>**v.**<br>**Federal National Mortgage Association, et al.,**<br>                    **Defendants.** | **Civil Action No. 1:06-cv-00082**<br><br>**Judge Richard J. Leon** |
| **Franklin Managed Trust, et al.,**<br>                    **Plaintiffs,**<br>**v.**<br>**Federal National Mortgage Association, et al.,**<br>                    **Defendants.** | **Civil Action No. 1:06-cv-00139**<br><br>**Judge Richard J. Leon** |

ORDER ESTABLISHING EXPERT DISCOVERY
AND DEPOSITION PROTOCOL

-1-

Subject to the approval of the Court, the parties to the above-captioned coordinated actions hereby stipulate to the following Order Establishing Expert Discovery and Deposition Protocol ("Protocol"):

This Protocol shall govern all expert discovery and oral depositions of fact witnesses in the above-captioned coordinated actions, except as may be specifically provided herein. This Protocol will govern all consolidated or coordinated parties and all parties subsequently added to these actions.

## I.     EXPERT DISCOVERY

1.     The purpose of this Section I is to modify the provisions of Federal Rule of Civil Procedure 26(a)(2)(B) with respect to required disclosures concerning testifying experts and to limit the scope of documents concerning such experts that will be subject to discovery in the above-captioned coordinated actions.

2.     With respect to any person or entity whom a party will or may call as a witness at trial in any of the actions to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence (an "Expert"), the party shall produce to all other parties in the applicable action the following documents: (i) a complete statement of all opinions to be expressed by the Expert and the basis and reasons therefore (the "Expert Report"); (ii) all data and other information on which the Expert relied in forming the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iii) any exhibits to be used as a summary of or support for the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iv) a complete statement of the qualifications of

the Expert, including a list of all publications authored by the Expert within the preceding ten years; (v) a complete statement of the compensation paid or to be paid to the Expert by the party sponsoring that Expert in connection with the Expert's work in the applicable action; and (vi) a listing of any other cases in litigation, or any administrative proceeding, in which the Expert has served an Expert Report, or has testified as an expert at trial or by deposition, within the preceding four years.

3.    With respect to Paragraph 2(ii) above ("data and other information on which the Expert relied in forming the opinions reflected in the Expert Report"), the parties need not produce copies of treatises or other readily accessible public source materials identified in their Experts' Reports, and, in lieu of reproducing documents previously produced in these actions or depositions previously taken in the actions, the parties may identify such documents by Bates numbers and depositions by witness name and date.

4.    Notwithstanding anything to the contrary in Federal Rule of Civil Procedure 26(a)(2)(B) or case law, no documents concerning Experts other than those described above in Paragraph 2 shall be subject to discovery in the actions nor shall they be the subject of deposition testimony in the actions, including but not limited to drafts of Expert Reports and documents constituting or reflecting communications between an Expert and counsel to a party.

## II.    LENGTH, NUMBER AND TIME PERIOD OF DEPOSITIONS

Due to the complexities of these coordinated actions, Federal Rules of Civil Procedure 30(a)(2)(A), 30(b)(1), and 30(d)(2) shall be modified to allow additional depositions as follows.

5.      The parties will work in good faith to complete deposition discovery within one hundred forty (140) total deposition days (defined as 7 hours examination per day) for witnesses deposed under this Protocol. The parties will advise the Court after fifty (50) deposition days and again after one hundred (100) deposition days have been completed whether they believe in good faith that additional deposition days are necessary. The Court may permit additional deposition days upon a showing by one or more parties that such request is reasonable.

6.      Depositions of the director defendants—other than those of defendants Raines, Howard, and the Audit Committee Chair—shall not exceed two days other than by agreement of the parties or for good cause shown. The deposition of the Audit Committee Chair shall not exceed four days, other than by agreement of the parties or for good cause shown. To the extent practicable, depositions that are scheduled for multiple days shall take place on sequential days, unless all parties agree otherwise. Nothing in this Protocol prevents counsel for a witness or any party from seeking the parties' agreement or relief from the Court for good cause shown as to the length of any witness's deposition.

7.      Depositions governed by this Protocol will proceed Monday through Thursday in cycles of four weeks on, and the fifth week off, which may be used to complete depositions, if necessary. Except by mutual agreement of all the parties or upon Court order for good cause shown, no witness deposed pursuant to this Protocol shall be deposed more than once.

8.      The parties shall work in good faith to allocate among them the number of deposition days and the examination time for each witness. To the extent the parties cannot reach agreement

-4-

on the allocation of the number of deposition days or the allocation of examination time, any party may seek relief from the Court. Plaintiffs and defendants shall allocate deposition days and the length of questioning for each deposition among their respective sides. Upon request, counsel for the witness shall be allocated reasonable examination time for questioning the witness.

9.      Prior to the completion of document production in these coordinated actions, the parties will seek to limit merits depositions by mutual agreement to those witnesses whose depositions do not require documents in the possession of KPMG, Goldman Sachs, other defendants subject to the PSLRA discovery stay or non-parties who have received timely subpoenas *duces tecum* and have not yet produced responsive documents. In the event of disagreement among the parties, counsel for the deponent or any party may move the Court for protection from noticed or subpoenaed depositions for good cause shown.

10.      To the extent the time period for depositions of fact witnesses in these coordinated actions is adjusted by stipulation or by Court order, the parties agree that this Protocol shall be deemed amended in accord with that adjusted time period.

11.      Expert witness depositions are not subject to this Protocol. The parties agree to try in good faith to stipulate to an order concerning expert witness depositions no later than thirty (30) days before such depositions are to commence.

12.     If a witness has a documented medical condition that affects his or her ability to testify for 7 consecutive hours, the parties agree to work in good faith to accommodate an alternate schedule for that witness.

## III.    NOTICING AND SCHEDULING OF DEPOSITIONS

13.     All pending deposition notices or subpoenas served prior to this Protocol's entry by the Court shall be governed by this Protocol in all respects.  In accordance with this paragraph, all deposition notices and subpoenas served by defendant Raines shall be revisited by counsel for the defendants in accordance with Paragraphs 8 and 16 of this Protocol.

14.     No more than two deponents represented by the same law firm shall be deposed on any single day, absent consent from such firm.

15.     Unless the parties agree otherwise, there will be no more than two depositions scheduled in any twenty-four hour period.

16.     Lead Counsel for Lead Plaintiffs will oversee the selection and scheduling of witnesses for the plaintiffs' side, in consultation with counsel for the Plaintiffs in the other actions.  Counsel for defendants will work in good faith among themselves to agree upon the selection and scheduling of witnesses for the defendants' side.  The parties will create a Joint Scheduling Committee of five (5) members to oversee the selection and scheduling of witnesses for the parties.  The Joint Scheduling Committee will consist of:  lead counsel for Lead plaintiffs (representing all plaintiffs); counsel for Fannie Mae; counsel for one of the director defendants

-6-

(representing all of the director defendants); counsel representing KPMG, Goldman Sachs, and Radian; counsel for Franklin D. Raines, J. Timothy Howard, and Leanne Spencer. The Joint Scheduling Committee shall confer in good faith to schedule all depositions noticed by any party at least sixty (60) days before such depositions are to occur. A copy of all deposition notices issued and deposition subpoenas served on any witness shall be provided to each member of the Joint Scheduling Committee. In scheduling depositions, the Scheduling Committee will consider the availability of the witnesses and their counsel, and will endeavor to schedule depositions on dates that are mutually convenient for the parties, the witnesses, and their counsel. Nothing in this Protocol prevents counsel for any witness from seeking a protective order from the Court with respect to the proposed scheduling of any deposition.

17.    In the rare event that counsel who are not on the Joint Scheduling Committee have requested that a witness's deposition be scheduled but the Joint Scheduling Committee declines to schedule that deposition, nothing shall prevent such counsel from seeking leave of Court to take the deposition upon good cause shown.

18.    The parties agree that each side (plaintiffs and defendants) will coordinate the order of the questioning of each witness by counsel for the parties on that side. Where one counsel on a side has examined a witness regarding a subject area, subsequent counsel on that side shall attempt to avoid duplicative examination of the witness with regard to that subject area. Counsel for the opposing side, however, may examine the witness with regard to any matter or subject

area.  The parties shall work in good faith to avoid the necessity of court intervention in the order

of examination of witnesses.

20.    Where a witness's deposition is only noticed by one side, that side shall begin

questioning the witness.  Where a witness's deposition is noticed by both plaintiffs and

defendants, the parties shall work in good faith to determine which side will begin the

questioning.

20.    The Committee will work in good faith to determine the location of the depositions.

To the extent practicable, the parties agree to schedule the depositions in either the District of

Columbia, New York City, or in locations convenient to the witnesses, in order to minimize the

costs and expenses associated with the depositions.

21.    A Master Deposition Schedule shall be updated by appointed representative(s) of the

Scheduling Committee with all changes made as soon as practicable, and distributed to all counsel

in the above-referenced actions.  The Master Deposition Schedule shall set forth each deponent's

name, affiliation, location of and anticipated length of the deposition, the party who noticed or

subpoenaed the deposition, the initial examiner (by party, not counsel), and whether it will be

videotaped.  A party may not reschedule a deposition except by mutual agreement or upon leave

of Court for good cause shown.

## IV.    CONDUCT OF DEPOSITIONS

22.    Unless otherwise agreed by the parties in advance, or by the counsel present at the deposition, depositions shall be held from 10:00 a.m. to 7:00 p.m. on Monday for up to seven hours of examination on the record, with a one-hour lunch break, a brief morning break and a brief afternoon break.  Unless otherwise agreed by the parties in advance, or by the counsel present at the deposition, depositions shall be held from 9:00 a.m. to 6:00 p.m. on Tuesday through Thursday for up to seven hours on the record, with a one-hour lunch break, a brief morning break, and two brief afternoon breaks.  Where necessary to avoid returning on a subsequent day, the parties and the deponent shall attempt to complete the deposition by extending its adjournment for up to one hour, or longer upon agreement.

23.    No depositions may be scheduled on the day of or the day before an in-person Court hearing in any of these coordinated actions, or on the day of or before national or religious holidays.  For purposes of this Protocol, such holidays are Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans' Day, Thanksgiving (Thursday and Friday), the two-week period beginning on the Monday before Christmas, Martin Luther King's Birthday, Presidents' Day, Good Friday, Easter Monday and Passover (2 days), Memorial Day, Independence Day, and Labor Day.

24.    The magnitude and complexity of this litigation require that all parties use every effort to adhere to the established rules of evidence and civil procedure.  The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of such

other counsel. Any objection to the form of a question shall be deemed to have been made on behalf of all other parties and on all grounds for a form objection.

25.    Counsel shall not instruct witnesses not to answer questions, except on privilege grounds. There will be no conferences between deponents and counsel when a question is pending except for the purpose of determining whether a claim of privilege should be asserted.

26.    Nothing in this Protocol shall preclude counsel from seeking a protective order from the Court where counsel has a reasonable, good faith belief that a witness is being questioned on wholly irrelevant matters or in an otherwise abusive manner. In that event, counsel shall cooperate in deferring answers to those questions until later in the deposition to permit counsel to contact the Court.

27.    The parties shall confer in good faith to select one or more court-reporting firms that will record and, where requested, videotape, the depositions taken under this Protocol. The court-reporting service(s) shall record all conference calls with the Court that occur during any deposition as part of that day's deposition transcript. All depositions will have teleconference capability so counsel may attend by phone, and real time access.

28.    For planning purposes and to expedite building access, no fewer than four (4) business days before a deposition, counsel intending to attend the deposition in person shall notify all counsel in writing of the anticipated attendee(s) on behalf of each party. Counsel who fail to notify the parties of their attendance in advance may nevertheless attend the deposition.

29.     The parties will exercise good faith in notifying other counsel reasonably in advance of a deposition (but no later than five business days in advance, when possible) if counsel becomes aware or has reason to believe that the witness intends to assert a privilege not to testify (including a Fifth Amendment privilege) or to decline to testify for any reason.

## V.     PRE-DESIGNATION AND NUMBERING OF DEPOSITION EXHIBITS

30.     No later than four business days before a deposition, examining parties may give notice to all parties of the exhibits that they anticipate using or referring to during the deposition. If such notice is given, the examining party shall bring three copies of all such exhibits to the deposition. Examining parties who do not predesignate exhibits shall bring to each deposition twenty (20) copies of all exhibits they anticipate using or referring to during the deposition.

31.     Each exhibit marked for identification at a deposition shall be numbered with a new exhibit number and shall be numbered sequentially as to each witness (*e.g.*, Smith 1-100; Jones 1-100).

32.     The index of exhibits annexed to each deposition transcript will contain the document production number, the number for each exhibit marked for identification at the deposition, and each exhibit referred to in the deposition.

## VI.     CONFIDENTIALITY

33.     Unless otherwise agreed to by all parties, all transcripts of depositions and all exhibits to the transcripts of depositions taken under this Protocol shall be treated as Confidential in

-11-

accordance with the terms of the Amended Stipulated Protective Order ("Protective Order")

governing these coordinated actions. Notwithstanding this provision, to the extent that parties

wish to utilize transcripts of depositions or exhibits in connection with Court filings, the parties

agree to work together in good faith to minimize the number of Court filings required to be made

under seal, consistent with paragraph 13 of the Protective Order. The parties agree that the

transcripts of depositions of stock analysts are not to be treated as confidential under this protocol.

## VII.    REMOTE ACCESS PROTOCOL

34.    All counsel, both attending in person and by remote access, shall identify themselves

and whom they represent for the record at the outset of each deposition. Only those present in

person shall be permitted to question the deponent. In the rare event that counsel participating by

remote access believes that an objection not already made must be made on the record, such

counsel shall identify themselves and the party represented, and state the objection precisely.

## VIII.   STIPULATION

35.    The following stipulation will apply to all depositions taken under this Protocol and

shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 days from the day of receipt within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

-12-

If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.

The court reporter will deposit the original transcript in an agreed document depository. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## IX.    DISPUTES AND AMENDMENTS

36.    The parties request that the Court resolve all disputes concerning discovery taken under this Protocol.

37.    This Protocol may be modified by the unanimous written agreement of all the parties or by Court order for good cause shown.

**IT IS HEREBY ORDERED.**

Dated: **12/12** 2006

Judge Richard J. Leon
United States District Court Judge

-13-