**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04-cv-01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, <br><br>*Defendants*. | No. 1:06-cv-00139 (RJL) |

**RENEWED MOTION OF DEFENDANT KPMG LLP TO QUASH IN PART SUBPOENAS ISSUED TO PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AND OPPOSITION TO MOTIONS TO COMPEL FILED BY LEAD PLAINTIFFS AND DEFENDANT J. TIMOTHY HOWARD**

To protect its rights under the discovery stay of the Private Securities Litigation Reform Act of 1995, KPMG LLP respectfully moves to enforce this Court's order quashing in part the subpoenas issued by Lead Plaintiffs to Paul, Weiss, Rifkind, Wharton & Garrison LLP, and to quash an overlapping subpoena served on Paul Weiss by Defendant J. Timothy Howard. For the reasons stated in the accompanying memorandum, those subpoenas, to the extent they seek information or documents KPMG made available to Paul Weiss in connection with the Rudman Report, disregard this Court's July 28, 2006 order holding that the PSLRA's mandatory discovery stay protects this information from disclosure.

2

This memorandum also opposes the motions to compel filed by Lead Plaintiffs (D.E. 258) and Mr. Howard (D.E. 270) to the extent those motions seek the production of any information or documents KPMG provided to Paul Weiss.

A proposed order is attached.

Dated:  January 8, 2007                        Respectfully submitted,

/s/ Andrew S. Tulumello
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
Melanie L. Katsur (D.C. Bar No. 484969)
Henry C. Whitaker (D.C. Bar No. 499210)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04-cv-01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, <br><br> *Defendants*. | No. 1:06-cv-00139 (RJL) |

**MEMORANDUM OF DEFENDANT KPMG LLP IN SUPPORT OF RENEWED MOTION OF KPMG TO QUASH IN PART SUBPOENAS OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AND OPPOSITION IN PART TO MOTIONS TO COMPEL OF LEAD PLAINTIFFS AND DEFENDANT J. TIMOTHY HOWARD**

Lead Plaintiffs and Defendant Howard are needlessly re-litigating an issue this Court already decided. In yet another attempt to circumvent the discovery stay of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), they ask this Court to order the production of documents and information that KPMG made available to Paul, Weiss, Rifkind, Wharton & Garrison LLP in connection with Paul Weiss's investigation into Fannie Mae's accounting practices. That request is, of course, directly contrary to this Court's July 28, 2006 order, in which it granted KPMG's motion to quash Lead Plaintiffs' subpoena of Paul Weiss "**to the extent it s[ought] information and documents provided by KPMG to Paul Weiss**." D.E. 138 (emphasis added). The issue was litigated—and it is now settled. Yet Lead Plaintiffs and Mr. Howard have taken the position that this Court's order actually permits Paul Weiss to produce

memoranda summarizing interviews of KPMG personnel, which included many questions and answers about the documents KPMG produced.[1]  Indeed, although Lead Plaintiffs and Defendant Howard concede that the stay prevents Paul Weiss from producing the *documents* made available by KPMG, they both take the position that memoranda of interviews of KPMG personnel (many of which discuss these documents) somehow do not constitute "information" provided by KPMG to Paul Weiss.  KPMG therefore is again forced to ask this Court to intervene, to vindicate KPMG's rights under the PSLRA discovery stay, and to clarify that this Court's prior ruling precludes efforts to enforce *any* subpoena to Paul Weiss to the extent the subpoena seeks *any* information or documents KPMG provided to Paul Weiss in connection with Paul Weiss's investigation into Fannie Mae's accounting practices.

## BACKGROUND

A review of the procedural history is appropriate here to demonstrate the degree to which Lead Plaintiffs and Mr. Howard are re-litigating issues that have already been decided—after extensive (and expensive) briefing and oral argument.

Before they named KPMG as a defendant in this action, Lead Plaintiffs served on KPMG an all-encompassing discovery request, seeking each and every document KPMG had provided to Paul Weiss that concerned any engagement performed by KPMG for Fannie Mae from 1998 to the present.  D.E. 131 Exhibit A.  Lead Plaintiffs moved to compel KPMG to comply with that subpoena.  D.E. 131.  Mr. Howard also subpoenaed KPMG for documents and joined in Lead Plaintiffs' motion to compel (rather than filing a separate motion) "[b]ecause the legal issues are

---

[1] Pursuant to Local Civil Rule 7(m), KPMG attempted to resolve this matter informally with Paul Weiss, Lead Plaintiffs, and Mr. Howard, but was unable to do so.

2

largely . . . the same and because a ruling on Lead Plaintiffs' motion may very well resolve KPMG's objections to Mr. Howard's subpoena." D.E. 146, at 2.

Lead Plaintiffs also sought information from KPMG *indirectly*. In particular, Lead Plaintiffs in April 2006 issued a subpoena to Paul Weiss for documents and information that KPMG had provided to Paul Weiss in connection with Paul Weiss's investigation of Fannie Mae. Paul Weiss timely objected to that subpoena. *See* D.E. 149 Exhibit 2.

KPMG opposed Lead Plaintiffs' motion to compel and moved to quash in part Lead Plaintiffs' subpoena of Paul Weiss "to the extent it s[ought] information and documents provided by KPMG to Paul Weiss." D.E. 138. KPMG argued that the PSLRA—which imposes an immediate and mandatory stay of discovery in securities fraud cases until the defendants have tested the sufficiency of the plaintiff's complaint, *see* 15 U.S.C. § 78u-4(b)(3)(B)—precluded Lead Plaintiffs from obtaining discovery from KPMG, and also precluded Lead Plaintiffs from obtaining discovery from KPMG *indirectly* by seeking the information that KPMG provided to Paul Weiss. *See* D.E. 138, at 5-16; D.E. 149, at 1-3. After briefing and a specially set oral argument, this Court agreed with KPMG's position: in July 2006 it ruled that the PSLRA stay protected KPMG in the lead securities action and therefore granted KPMG's motion to quash in part the Paul Weiss subpoena. Mr. Howard made no separate attempt to enforce his subpoena of KPMG.

Lead Plaintiffs and Mr. Howard have now engaged in a transparent attempt to circumvent that order. In October 2006, Lead Plaintiffs moved to compel Paul Weiss to comply with certain terms of the April 2006 subpoena of Paul Weiss—***the very same subpoena that this Court had quashed in part in July***. Among other materials, Lead Plaintiffs renewed their request for memoranda summarizing witness interviews that Paul Weiss conducted in the course of its

3

investigation of Fannie Mae, including memoranda of interviews of KPMG personnel. *See* D.E. 258.

In September 2006, Mr. Howard served a new subpoena on Paul Weiss seeking the production of transcripts, memoranda, and notes of interviews conducted by Paul Weiss in connection with its investigation of Fannie Mae's accounting practices—including interviews of KPMG personnel. *See* D.E. 270 Exhibit 9, at 4. Paul Weiss timely objected to that subpoena. *See* D.E. 270 Exhibit 10. Mr. Howard also moved to compel Paul Weiss to produce those witness-interview memoranda. *See* D.E. 270.

Given this Court's order quashing Lead Plaintiffs' subpoena to Paul Weiss, KPMG reasonably believed that neither the Lead Plaintiffs nor Mr. Howard would actually seek from Paul Weiss information provided by KPMG. For its part, Paul Weiss repeatedly assured KPMG that in light of this Court's order it would ***not*** produce to Lead Plaintiffs or Mr. Howard any information that KPMG had provided to Paul Weiss, including interview memoranda and notes from interviews of KPMG personnel.

At a status conference held on December 11, 2006, Lead Plaintiffs informed the Court that they had agreed to withdraw their motion to compel pursuant to an agreement under which Paul Weiss would produce most of the documents that their motion to compel had requested. Even after this agreement was announced to the Court, Paul Weiss again assured KPMG that this agreement did not encompass information KPMG had provided to Paul Weiss, including notes of interviews of KPMG personnel and memoranda summarizing such interviews.

On December 26, 2006, Paul Weiss informed KPMG for the first time that, pursuant to the agreement it had reached with Lead Plaintiffs and Mr. Howard, it now intended to produce to Lead Plaintiffs and Mr. Howard memoranda summarizing interviews of KPMG personnel unless

4

KPMG filed a written objection with the Court. KPMG accordingly files this motion to enforce the Court's previous order.

## ARGUMENT

Lead Plaintiffs and Mr. Howard concede, as they must, that this Court's order enforcing the PSLRA discovery stay precludes them from obtaining *documents* that KPMG produced to Paul Weiss. They argue, however, that the Court's order quashing the subpoena does not encompass summaries of those interviews of KPMG personnel. That is incorrect.

This Court's order granting KPMG's motion to quash plainly extends not only to *documents* KPMG provided to Paul Weiss, but also to *information* KPMG produced to Paul Weiss. KPMG obviously was aware of the existence of the interview memoranda and accordingly moved to quash Paul Weiss's subpoena "**to the extent it s[ought] *information* and documents provided by KPMG to Paul Weiss**." D.E. 138 (emphasis added). There is no question that detailed memoranda summarizing interviews of KPMG personnel constitute "information provided by KPMG to Paul Weiss." Not only is there no difference in substance between "documents" provided to Paul Weiss by KPMG and "interviews" about those documents, but KPMG also retained legal access and control over all information KPMG provided (in document form or otherwise) to Paul Weiss pursuant to the terms of an access agreement. *See* D.E. 138, at 16; D.E. 149, at 1-3. That agreement allowed Paul Weiss "to obtain information from KPMG personnel" solely for the "limited purpose of furthering [the Fannie Mae] investigation and preparing any final report." D.E. 138 Exhibit 1, at 2. And that agreement—as KPMG confirmed at each and every interview of its personnel it allowed Paul Weiss to conduct—plainly extends to "information" Paul Weiss obtained from KPMG personnel in interviews. There is simply no principled basis for distinguishing between documents

5

attached to interview memoranda, and the memoranda themselves, which extensively discuss those KPMG documents. Both are tantamount to taking indirect discovery of KPMG.

Moreover, the position advanced by the Lead Plaintiffs and Howard would create a strong disincentive for outside accountants to cooperate with Board-commissioned special investigations. Paul Weiss had no formal subpoena power or other method to compel KPMG's participation in the special investigation. Yet KPMG elected to cooperate with Paul Weiss to aid the Board's investigation (and notably, Fannie Mae has now initiated litigation against KPMG). It would be an odd result to say that documents provided by KPMG to Paul Weiss are protected from disclosure by the PSLRA, but that it is "open season" on interview memoranda reflecting KPMG personnel's understanding of those documents (and other issues). Disclosing the interview memoranda, no less than disclosing the documents discussed in them, would reduce the incentive for accounting firms and other third parties to cooperate with voluntary Board investigations. KPMG voluntarily provided information to Paul Weiss to advance its investigation of Fannie Mae's accounting, and should not be penalized for doing so. That material should be protected so long as the PSLRA discovery stay remains in effect.

## CONCLUSION

For the foregoing reasons, KPMG respectfully requests that this Court enter an order clarifying that the PSLRA discovery stay precludes Paul Weiss from producing any information Paul Weiss obtained from KPMG personnel, including notes and summaries of such interviews. A proposed order is attached.

Dated: January 8, 2007                    Respectfully submitted,

/s/ Andrew S. Tulumello
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
Melanie L. Katsur (D.C. Bar No. 484969)

Henry C. Whitaker (D.C. Bar No. 499210)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

7

**CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of the foregoing to be transmitted on January 8, 2007, to the following counsel registered to receive electronic service:

Joshua S. Devore
Steven J. Toll
Matthew K. Handley
Daniel S. Sommers
Cohen, Milstein, Hausfeld & Toll P.L.L.C
West Tower, Suite 500
1100 New York Ave., N.W.
Washington, D.C. 20005
*Counsel for Plaintiffs Vincent Vinci*; *State Teachers Retirement System of Ohio*; *Anne E. Flynn; Robert L. Garber*

Julie A. Richmond
Kathleen M. Donovan-Maher
Jeffery C. Block
Joseph C. Merchman
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02190
*Counsel for Plaintiffs Ohio Public Employees Retirement System*; *State Teachers Retirement System of Ohio*

Frank J. Johnson
Brett M. Weaver
Law Office of Frank J. Johnson
402 W. Broadway 27th Floor
San Diego, CA 92101
*Counsel for Plaintiff Sassan Shahrokhinia*

James R. Cummins
Melanie S. Corwin
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
*Counsel for Plaintiffs Ohio Public Employees Retirement System*; *State Teachers Retirement System of Ohio*

Alan J. Statman
Jeffery P. Harris
Statman, Harris & Eyrich LLC
3700 Carew Tower
441 Vine Street
Cincinnati, OH 45202
*Counsel for Plaintiffs Ohio Public Employees Retirement System*; *State Teachers Retirement System of Ohio*

Robert W. Liles
Martyn Liles, PLLC
1054 31st Street, N.W.
Suite 415
Washington, D.C. 20007
*Counsel for Plaintiff Sassan Shahrokhinia*

| | |
|---|---|
| Stuart M. Grant<br>Christine M. MacKintosh<br>Megan D. McIntyre<br>Grant & Eisenhofer, P.A.<br>Chase Manhattan Centre<br>1201 N. Market Street<br>Wilmington, DE 19801<br>*Counsel for the Franklin Templeton Plaintiffs* | Jeffrey W. Kilduff<br>Seth A. Aronson<br>Michael J. Walsh, Jr.<br>O'Melveny & Myers LLP<br>1625 Eye Street, N.W.<br>Washington, D.C. 20006<br>*Counsel for Fannie Mae, Thomas P. Gerrity, Taylor C. Segue, III, William R. Harvey, Joe Pickett, Kenneth M. Duberstein, Manuel Justiz, H. Patrick Swygert, and Leslie Rahl* |
| Kevin M. Downey<br>Alex G. Romain<br>Daniel N. Marx<br>Joseph M. Terry, Jr.<br>Michelle D. Schwartz<br>Matthew L. Fore<br>John E. Clabby<br>Ilana T. Buschkin<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005-5091<br>*Counsel for Defendant Franklin D. Raines* | Steven M. Salky<br>Eric R. Delinsky<br>Ellen D. Marcus<br>Holly Ann Pal<br>Tammy Gershoni<br>Zuckerman Spaeder LLP<br>1800 M Street, N.W., Suite 1000<br>Washington, D.C. 20036-2638<br>*Counsel for Defendant Timothy J. Howard* |
| David S. Krakoff<br>Christopher F. Regan<br>Mayer, Brown, Rowe & Maw LLP<br>1909 K Street, N.W.<br>Washington, D.C. 20006-1101<br>*Counsel for Defendant Leanne G. Spencer* | David I. Ackerman<br>Bingham McCutchen, LLP<br>2020 K Street, N.W.<br>Washington, D.C. 20006<br><br>James Hamilton<br>Swidler Berlin LLP<br>3000 K Street, N.W. Suite 300<br>Washington, D.C. 20007<br>*Counsel for Defendant Joe Pickett* |
| Erica Lynne Salmon<br>Cristen E. Sikes<br>Piper, Rudnick, Gray & Carey LLP<br>1200 19th Street, N.W. Suite 700<br>Washington, D.C. 20036<br>*Counsel for Defendants Stephen B. Ashley, Donald B. Marron, and Ann Korologos* | Julie E. Guttman<br>Baker Botts LLP<br>The Warner<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2400<br>*Counsel for Defendant Jamie S. Gorelick* |

| | |
|---|---|
| Fred F. Fielding<br>Barbara Van Gelder<br>Wiley Rein & Fielding LLP<br>1776 K Street, N.W.<br>Washington, D.C. 20006<br>*Counsel for Defendants Anne M. Mulcahy and Frederic V. Malek* | James D. Wareham<br>Paul, Hastings, Janofsky & Walker LLP<br>875 15th Street, N.W.<br>Washington, D.C. 20005<br>*Counsel for Defendant Daniel H. Mudd* |
| Daryl Andrew Libow<br>Richard H. Klapper<br>Michael T. Tomaino, Jr.<br>Daniel H.R. Laguardia<br>Jeremy C. Bates<br>Patrice A. Rouse<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>*Counsel for Goldman Sachs* | David Smith<br>Dionna K. Litvin<br>Jonathan S. Liss<br>Schnader Harrison Segal & Lewis LLP<br>1600 Market Street<br>Philadelphia, PA 19103-7286<br><br>Jonathan Michael Stern<br>Schnader Harrison Segal & Lewis LLP<br>2001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20006<br>*Counsel for Radian Group Inc.* |
| Shannon Ratliff<br>Ratliff Law Firm<br>600 Congress Avenue<br>Suite 3100<br>Austin, TX 78701<br>*Counsel for Manuel Justiz* | Rachelle M. Barstow<br>Robert M. Romano<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY 10178-0060 |
| Daniel John Healy<br>John H. Doyle, III<br>Rhonda D. Orin<br>Anderson Kill & Olick LLP<br>2100 M Street, N.W. Suite 650<br>Washington, D.C. 20037<br>*Counsel for Defendant Leslie Rahl* | Patrick D. Conner<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Ave. N.W.<br>Washington, D.C. 20004<br>*Counsel for Defendant Thomas P. Gerrity* |

/s/ Henry C. Whitaker
Henry C. Whitaker

3