IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | : | No. 1:04-cv-01639 (RJL) |
| | : | |
| FRANKLIN MANAGED TRUST *et al.*, | : | |
| *Plaintiffs*, | : | |
| v. | : | No. 1:06-cv-00139 (RJL) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, | : | |
| *Defendants*. | : | |

## TIMOTHY HOWARD'S OPPOSITION TO KPMG'S MOTION TO QUASH

KPMG's current Motion to Quash[1] misstates this Court's prior order concerning the PSLRA stay applicable to KPMG to make it appear that Mr. Howard is "re-litigating issues that have already been decided," and to justify its extraordinary claim that memoranda of interviews prepared by Paul Weiss (not KPMG), cannot be produced to parties actively litigating this case. We first put the procedural history straight and then explain why the PSLRA stay applicable to

---

[1] The Renewed Motion of Defendant KPMG to Quash in Part Subpoenas Issued to Paul Weiss Rifkind Wharton & Garrison LLP and Opposition to Motion to Compel Filed By Lead Plaintiffs and Defendant J. Timothy Howard.

KPMG does not justify its effort to interfere with Paul Weiss production of Paul Weiss' memoranda of interview to Mr. Howard.[2]

## PROCEDURAL BACKGROUND

Paul Weiss has been the subject of two separate Rule 45 document subpoenas in this case. First, on April 5, 2006, Lead Plaintiffs served a subpoena for thirty-seven (37) categories of documents, including "All documents produced by KPMG to Paul Weiss in connection with the Rudman Investigation." See Lead Plaintiffs' Notice of Issuance of Subpoena *Duces Tecum* to Paul, Weiss, Rifkind Wharton & Garrison LLP at Request 9. KPMG immediately filed a motion to quash to the extent that Lead Plaintiffs sought documents provided by KPMG to Paul Weiss pursuant to a written access agreement styled "Authorization to allow access to work papers." See Nonparty Witness KPMG LLP's Motion to Quash In Part Lead Plaintiffs' Nonparty Subpoena to Paul, Weiss, Rifkind, Wharton & Garrison LLP ("KPMG's Motion to Quash Lead Plaintiffs Subpoena to Paul Weiss"). KPMG argued that because PSLRA barred document discovery against KPMG directly, the stay also barred discovery of the same documents from Paul Weiss. See KPMG's Memorandum in Support of Motion to Quash Lead Plaintiffs' Subpoena to Paul Weiss at 14-16. Indeed, KPMG subsequently made clear that "KPMG's position is not that the stay precludes discovery of any and all documents that might reference, mention, or implicate KPMG...," but rather "[O]ur position is that the stay precludes discovery of the *documents KPMG provided to Paul Weiss* pursuant to a written agreement in which KPMG expressly reserved its legal control over the documents." Reply Memorandum of Nonparty Witness KPMG LLP In Further Support of KPMG's Motion to Quash In Part Lead Plaintiffs' Nonparty Subpoena to Paul, Weiss, Rifkind, Wharton & Garrison LLP ("KPMG's

---

[2] We hasten to point out that as soon as the Court decides KPMG's pending motions to dismiss, the PSLRA stay will be lifted and the basis for KPMG's current Motion to Quash will evaporate.

2

Reply Memorandum") at 4. Subsequently, this Court entered a Minute Order granting KPMG's Motion to Quash Lead Plaintiffs' Subpoena to Paul Weiss. *See* Exhibit A.

On September 22, 2006, Timothy Howard served a subpoena on Paul Weiss seeking a single a very specific category of material: "[A]ll documents, memoranda, notes, recordings and/or other documentation of interviews conducted by Paul Weiss in connection with the Rudman investigation that have been provided to the SEC, OFHEO, and/or the Department of Justice, including any exhibits or attachments thereto." *See* Exhibit B. While it now claims that the Court's Minute Order precludes Paul Weiss from producing its memoranda of interview of KPMG personnel, KPMG served no objections to Mr. Howard's subpoena. Similarly, KPMG never lodged an objection to Howard's Motion to Compel Production of Documents By Paul Weiss ("Howard's Motion to Compel") filed in November 2006.

Before Paul Weiss' opposition to Howard's Motion to Compel was due to be filed, counsel for Fannie Mae requested undersigned counsel to resolve the matter without additional litigation. Counsel for Fannie Mae eventually proposed a letter agreement to resolve both Howard's Motion to Compel Paul Weiss as well as Lead Plaintiffs' similar motion, which after negotiation, resulted in an agreement dated December 4, 2006, attached as Exhibit C. Importantly, the December 4 agreement provided that Paul Weiss would produce within 14 days "all transcripts, memoranda, notes, recordings and/or other documentation of interviews conducted by Paul Weiss in connection with the Investigation that have been provided to the SEC, OFHEO, and/or the Department of Justice, including any exhibits or attachments thereto" (emphasis added). At no time during the many discussions that preceded the December 4 agreement was counsel for Mr. Howard informed that Paul Weiss would not produce the

3

memoranda of its interviews of KPMG personnel that had been provided to the government agencies, as called for by Mr. Howard's subpoena.

On December 18, 2006, Paul Weiss made its production and for the first time informed counsel for Mr. Howard that instead of producing all memoranda as it had agreed, it would not produce its memoranda of interviews conducted of KPMG employees. Counsel for Mr. Howard immediately urged Paul Weiss to comply with the December 4 letter agreement. Paul Weiss subsequently notified counsel for Mr. Howard that it would produce the memoranda, subject to KPMG's ability to object. *See* Exhibit D. KPMG's Current Motion to Quash followed.

## LEGAL ARGUMENT

This Court's Minute Order of July 28, 2006, does not, as KPMG claims, preclude Paul Weiss from producing to Mr. Howard the memoranda of interviews it conducted of KPMG personnel and provided to government agencies.

First, the Minute Order does not say what KPMG says it says. The Minute Order says merely that the Court grants KPMG's Motion to Quash Lead Plaintiff's Subpoena to Paul Weiss. While KPMG submitted a Proposed Order with its Motion which included the following language -- "[T]he subpoena is quashed to the extent that it seeks documents and other information that KPMG LLP provided to Paul Weiss in connection with Paul Weiss' investigation of Fannie Mae's accounting practices" – that language is nowhere to be found in the Order issued by the Court. Thus, neither Mr. Howard's request to Paul Weiss for all interview memoranda nor Paul Weiss' agreement to produce all interview memoranda, including those of KPMG employees, are contrary to this Court's prior order.

Significantly, the Minute Order was entered based on arguments made by KPMG that are contrary to the argument it now makes. In the memorandum of law it filed on May 15, 2006, it

4

argued that *Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384 (S.D.N.Y 2001), governed this case and described *Faulkner* as a case about the production by Verizon of Verizon documents to a law firm. KPMG went to some length to tell the Court that its position was not that the PSLRA stay "precludes discovery of any and all documents that might reference, mention, or implicate KPMG," but that the PSLRA stay merely "precludes discovery of the *documents KPMG provided to Paul Weiss* . . . ." Memorandum in Support of KPMG's Motion to Quash Lead Plaintiffs' Subpoena to Paul Weiss at 3. It argued that because it provided KPMG generated documents to Paul Weiss "pursuant to a written agreement in which KPMG expressly reserved its legal control over the documents," the Court should quash Lead Plaintiffs subpoena insofar as it sought production of those documents. Memorandum in Support of KPMG's Motion to Quash Lead Plaintiffs' Subpoena to Paul Weiss at 3. KPMG never argued in its papers to the Court that the PSLRA stay protected from production documents generated by a third party, such as Paul Weiss' memoranda of interview, which memoranda KPMG never had any legal custody or control.

Third, KPMG's argument turns the PSLRA stay provision completely on its head. As KPMG has previously argued, the PSLRA precludes parties to a securities fraud lawsuit from putting a party to the burden of discovery as long as its motion to dismiss remains pending. *See* KPMG Motion to Quash Lead Plaintiffs' Subpoena to Paul Weiss at 5. Nothing in the PSLRA stay provision precludes parties to a securities fraud lawsuit from obtaining documents prepared by a third party not subject to the stay. Whatever legal control KPMG purportedly retained over the documents it provided to Paul Weiss by virtue of its "[A]uthorization to allow access to work papers," it retained no legal control over memoranda that Paul Weiss created and, in fact, gave to various government agencies but not to KPMG. The PSLRA stay is not circumvented by the

production of the memoranda. Instead, the ability of Mr. Howard to prepare his defense is circumvented by KPMG's overreaching claim that the PSLRA stay prevents a third party from producing the third party's own documents.

## CONCLUSION

Wherefore, for the foregoing reasons, and such further reasons as may appear at a hearing on the matter, we respectfully request that the Court deny KMPG's current Motion to Quash and direct Paul Weiss to produce the memoranda of interview of KPMG employees.[3]

Dated: January 10, 2007

Respectfully submitted,

/s/ Steven M. Salky
Steven M. Salky (D.C. Bar No. 360175)
Eric R. Delinsky (D.C. Bar No. 460958)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036-5802
202-778-1800 (phone)
202-822-8106 (facsimile)

*Counsel for Defendant J. Timothy Howard*

---

[3] Mr. Howard has agreed that Paul Weiss need only produce the memoranda of interview and need not produce KPMG documents that may be attached to the memoranda.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing to be transmitted on January 11, 2007 on the following counsel of record registered to receive electronic service:

| | |
|---|---|
| Jeffrey W. Kilduff, Esq.<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006-4001<br>jkilduff@omm.com<br>*Counsel for Defendants Fannie Mae, Taylor C. Segue, III, William R. Harvey, Kenneth M. Duberstein, and H. Patrick Swygert* | Melanie S. Corwin, Esq.<br>**WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.**<br>1513 Fourth & Vine Tower<br>One West Fourth Street<br>Cincinnati, Ohio 45202<br>mcorwin@wsbclaw.com<br>*Special Counsel for the Attorney General of Ohio and Lead Counsel for Lead Plaintiffs* |
| Steven J. Toll, Esq.<br>**COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC**<br>1100 New York Avenue, NW<br>West Tower, Suite 500<br>Washington, DC 20005-3964<br>stoll@cmht.com<br>*Local Counsel for Lead Plaintiffs* | Jeffrey C. Block, Esq.<br>**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**<br>One Liberty Square<br>Boston, Massachusetts 02109<br>jblock@bermanesq.com<br>*Co-Lead Counsel for Lead Plaintiffs* |
| Alan J. Statman, Esq.<br>**STATMAN, HARRIS & EYRICH, LLC**<br>3700 Carew Tower<br>441 Vine Street<br>Cincinnati, Ohio 45202<br>ajstatman@shselegal.com<br>*Of Counsel for Plaintiffs* | F. Joseph Warin, Esq.<br>Andrew Santo Tulumello, Esq.<br>**GIBSON DUNN & CRUTCHER, LLP**<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036<br>fwarin@gibsondunn.com<br>atulumello@gibsondunn.com<br>*Counsel for Defendant KPMG LLP* |

| | |
|---|---|
| David S. Krakoff, Esq.<br>**MAYER, BROWN, ROWE & MAW LLP**<br>1909 K Street, NW<br>Washington, DC 20006-1101<br>dkrakoff@mayerbrownrowe.com<br>*Counsel for Defendant Leanne G. Spencer* | Robert W. Liles, Esq.<br>**MARTYN LILES, PLLC**<br>1054 31st Street, NW, Suite 415<br>Washington, DC 20007<br>rliles@martynliles.com<br>*Counsel for Plaintiff Sassan Shahrokhinia* |
| Stuart M. Grant, Esq.<br>**GRANT & EISENHOFER, P.A.**<br>Chase Manhattan Centre<br>1201 North Market Street<br>Wilmington, Delaware 19801<br>sgrant@gelaw.com<br>*Counsel for Evergreen Trust Plaintiffs and Franklin Funds Plaintiffs* | Julia E. Guttmann, Esq.<br>Nicholas A. Brady, Esq.<br>**BAKER BOTTS L.L.P.**<br>The Warner Building<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2400<br>julia.guttmann@bakerbotts.com<br>*Counsel for Defendant Jamie S. Gorelick* |
| James Hamilton, Esq.<br>**BINGHAM MCCUTCHEN LLP**<br>2020 K Street, NW<br>Washington, DC 20006<br>james.hamilton@bingham.com<br>*Counsel for Defendant Joe K. Pickett* | Shannon H. Ratliff, Esq.<br>**RATLIFF LAW FIRM, P.L.L.C.**<br>600 Congress Avenue, Suite 3100<br>Austin, Texas 78701<br>sratliff@ratlifflaw.com<br>*Counsel for Defendant Manuel J. Justiz* |
| Fred F. Fielding, Esq.<br>**WILEY REIN & FIELDING, LLP**<br>1776 K Street, NW<br>Washington, DC 20006<br>ffielding@wrf.com<br>*Counsel for Defendants Frederic V. Malek and Anne M. Mulcahy and for Defendant Thomas P. Gerrity in the Evergreen Action* | Rhonda D. Orin, Esq.<br>**ANDERSON KILL & OLICK, P.C.**<br>2100 M Street, NW, Suite 650<br>Washington, DC 20037<br>rorin@andersonkill.com<br>*Counsel for Defendant Leslie Rahl* |
| James D. Wareham, Esq.<br>**PAUL, HASTINGS, JANOFSKY & WALKER LLP**<br>875 15th Street, NW, Suite 12<br>Washington, DC 20005<br>jameswareham@paulhastings.com<br>*Counsel for Defendant Daniel H. Mudd* | Earl J. Silbert, Esq.<br>**DLA PIPER RUDNICK GRAY CARY US LLP**<br>1200 19th Street, NW, Suite 700<br>Washington, DC 20036<br>earl.silbert@dlapiper.com<br>*Counsel for Defendants Stephen B. Ashley, Ann Korologos, and Donald B. Marron* |

| | |
|---|---|
| Patrick D. Conner, Esq.<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>pconner@morganlewis.com<br>*Counsel for Defendant Thomas P. Gerrity in the Franklin Action* | Jonathan M. Stern, Esq.<br>**SCHNADER HARRISON SEGAL & LEWIS LLP**<br>2001 Pennsylvania Avenue, NW, Suite 300<br>Washington, DC 20006-1825<br>jstern@schnader.com<br>*Counsel for Defendant Radian Group, Inc.* |
| Glenn B. Manishin, Esq.<br>**KELLEY DRYE & WARREN LLP**<br>3050 K Street, NW, Suite 400<br>Washington, DC 20005-5108<br>gmanishin@kelleydrye.com<br>*Counsel for Defendant John Wulff* | Kevin Downey, Esq.<br>Alex G. Romain, Esq.<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>kdowney@wc.com<br>aromain@wc.com<br>*Counsel for Defendant Franklin D. Raines* |
| Richard H. Klapper, Esq.<br>Michael T. Tomaino, Jr., Esq.<br>Daniel Laguardia, Esq.<br>Jeremy Bates, Esq.<br>Patrice Rouse, Esq.<br>**SULLIVAN & CROMWELL**<br>125 Broad Street<br>New York, NY 10004<br>klapperr@sullcrom.com<br>tomainom@sullcrom.com<br>laguardiad@sullcrom.com<br>batesj@sullcrom.com<br>rousep@sullcrom.com<br>*Counsel for Defendant Goldman, Sachs & Co.* | Robert M. Romano, Esq.<br>Rachelle M. Barstow, Esq.<br>**MORGAN LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>rromano@morganlewis.com<br>rbarstow@morganlewis.com<br>*Counsel for Defendant Thomas P. Gerrity in the Franklin Action* |
| Frank J. Johnson, Esq.<br>**LAW OFFICE OF FRANK J. JOHNSON**<br>402 W. Broadway<br>27th Floor<br>San Diego, CA 92101<br>*Counsel for Plaintiff Sussan Shahrokhinia* | David Smith, Esq.<br>Dionna K. Litvin, Esq.<br>Jonathan S. Liss, Esq.<br>**SCHNADER HARRISON SEGAL & LEWIS LLP**<br>1600 Market Street<br>Philadelphia, PA 19103-7286<br>*Counsel for Radian Group, Inc.* |

/s/ Steven M. Salky
_____
Steven M. Salky

3