# EXHIBIT B



**ZUCKERMAN SPAEDER** LLP

1800 M STREET, NW   WASHINGTON, DC 20036-5802
202.778.1800   202.822.8106 fax   www.zuckerman.com

Eric R. Delinsky
202-778-1831
edelinsky@zuckerman.com

September 22, 2006

**By Email and Hand-Delivery**

Alex Young K. Oh, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1615 L Street, NW, Suite 1300
Washington, DC 20036-5694

Re:   *In re Fannie Mae Securities Litigation*
      **United States Court for the District of Columbia**
      **Civil Action No. 1:04-cv-01639**

Dear Alex:

   Per our telephone discussion earlier this month, enclosed please find a subpoena *duces tecum* to your firm in connection with the above-referenced matter. Thank you for agreeing to accept service of it. Please do not hesitate to contact me for any reason.

                                          Very truly yours,

                                          Eric R. Delinsky

Enclosure

cc:   Lead Counsel of Record

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

In Re Fannie Mae Securities Litigation

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER:1:04-cv-1639 (RJL)

To: Paul, Weiss, Rifkind, Wharton, & Garrison LLP
c/o Alex Young K. Oh
1615 L Street, NW, Suite 1300, Washington, DC 20036-5694

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment

| PLACE Zuckerman Spaeder LLP, 1800 M Street, N.W. Washington, D.C. 20036 | DATE AND TIME October 6, 2006 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) [signature] Attorney for Deft. J. Timothy Howard | DATE September 22, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Eric R. Delinsky, Zuckerman Spaeder LLP, 1800 M St., NW, Washington, DC, (202)778-1800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT

### INSTRUCTIONS

1. As specified in Federal Rule of Civil Procedure 45(d), produce all documents within your possession, custody, and control as they are kept in the usual course of business or label and organize them to correspond with the appropriate request or requests.

2. This subpoena is continuing in character so as to require you to provide supplemental responses and produce additional documents.

3. If any document is withheld under a claim of privilege, separately identify each document for which such privilege is claimed and the particular request to which such document is responsive, together with the following information:

    (a) the date of, or appearing on, the document;

    (b) the document's author;

    (c) the identity of each recipient of a copy of the document;

    (d) a description of the contents of the document;

    (e) the privilege claimed;

    (f) the basis on which the privilege is claimed.

4. If you claim that any request is beyond the scope of permissible discovery, specify each and every ground on which such claim rests.

5. If you find any document request or term used in a request to be vague, ambiguous, subject to varying interpretations, or unclear, state what portion of the request or term you find to be vague, ambiguous, subject to varying interpretations, or unclear, state your understanding of the request or term, and respond in accordance with that understanding.

6. Draft or non-identical copies are to be considered separate documents for purposes of

these requests,

7. "All" includes the term "each" or "any," and vice versa. The singular shall include the plural, and the disjunctive shall include the conjunctive, and vice versa.

## DEFINITIONS

1. The term "communication" is used in the comprehensive sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral, electronic, digital or written information between or among one or more persons or entities, including but not limited to writings, correspondence, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, agreements, inquiries, and any other expressions or understandings, whether made face-to-face, by telephone, mail, facsimile, computer or otherwise.

2. "Concerning" means, in whole or in part with respect to, in connection with, referring to, relating to, describing, evidencing, constituting, substantiating, purporting, embodying, establishing, identifying, listing, stating, comprising, connected with, memorializing, recording, commenting on or upon, responding to, showing, demonstrating, analyzing, reflecting, representing, supporting, explaining, consisting of, regarding, discussing, containing, setting forth, disclosing, explaining, summarizing, pertaining to, or otherwise having any logical or factual connection to the subject matter, of the document request.

3. "Document" is synonymous with the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and includes every conceivable form of communication, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, that is recorded in tangible form or is capable of being produced in tangible form, including but not limited to all writings and recordings, all visual or aural representations of any kind (including photographs, films, slides, microfiche, microfilm, videotape, audiotape, motion

pictures, charts, drawings and surveys), all electronic, mechanical, magnetic, optical or electric data, records or representations of any kind (including computer data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, servers, backup tapes or any other medium), and any other form of physical media.

4. "Fannie Mae" means the Federal National Mortgage Association and all current or former Fannie Mae employees, officers, directors, accountants, and/or other agents or representatives of, or advisors or consultants to, Fannie Mae and/or its Board of Directors.

5. "SEC" means the Securities and Exchange Commission and any of its divisions or departments, or any of its current or former officials, employees, contract employees, accountants, examiners, agents, attorneys, or any other person or entity acting for, at the direction of, or on behalf of the SEC.

6. "OFHEO" means the Office of Federal Housing Enterprise Oversight and any of its divisions or departments, or any of its current or former officials, employees, contract employees, accountants, examiners, agents, attorneys, consultants, or any other person or entity acting for, at the direction of, or on behalf of OFHEO.

7. "Department of Justice" means the United States Department of Justice and any of its divisions and departments, including the Office of the United States Attorney for the District of Columbia, and any of its current or former officials, attorneys, employees, contract employees, or any other person or entity acting for, at the direction of, or on behalf of the Department of Justice.

8. "Paul Weiss" means Paul, Weiss, Rifkind, Wharton & Garrison LLP and any of its former or present partners, associates, attorneys, employees, contract employees, accountants, consultants, agents, or any other person or entity acting for, at the direction of, or on behalf of

Paul Weiss, including but not limited to Huron Consulting Group Inc.

9. "Rudman Investigation" means the investigations concerning Fannie Mae conducted by Paul Weiss at the request of the Special Review Committee of the Board of Directors of Fannie Mae, as described at least in part in the February 23, 2006 "Report to the Special Review Committee of the Board of Directors of Fannie Mae" prepared by Paul Weiss.

## DOCUMENTS TO BE PRODUCED

1. All transcripts, memoranda, notes, recordings and/or other documentation of interviews conducted by Paul Weiss in connection with the Rudman Investigation that have been provided to the SEC, OFHEO, and/or the Department of Justice, including any exhibits or attachments thereto.