IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FANNIE MAE,<br><br>    *Plaintiff*,<br><br>v.<br><br>KPMG LLP,<br><br>    *Defendant*. | No. 1:06-cv-02111 (RJL) |

## DEFENDANT KPMG LLP'S REPLY MEMORANDUM
## IN FURTHER SUPPORT OF MOTION TO CONSOLIDATE

The principal question raised by Fannie Mae's opposition to the consolidation of its claims against KPMG is why Fannie Mae is opposing consolidation *at all*. Fannie Mae goes to great lengths to say that discovery in this action should be coordinated with the securities action. Indeed, words like "coordinate" and "coordination" appear more than a dozen times in its brief. Moreover, Fannie Mae agrees that the "central allegations" in its complaint are that KPMG should not have "approv[ed] Fannie Mae's accounting and repeatedly provid[ed] clean audit opinions" on Fannie Mae's financial statements. Fannie Mae Opp. at 6. Not only do these "central allegations" track the claims of the Lead Plaintiffs and the Franklin-Templeton plaintiffs, but the long list of accounting rules that KPMG allegedly violated substantially overlaps. *See* KPMG Motion to Consolidate at 4-5 (detailing the ***identical*** factual issues in Fannie Mae's complaint and the securities complaint). No party, and certainly not the Court, could conceivably benefit from having two epic trials in this matter—one resolving the Lead Plaintiffs' claims against KPMG and Fannie Mae and one entirely separate trial re-litigating these very same issues in the context of Fannie Mae's "malpractice" claim against KPMG. There is simply no good reason to oppose consolidation.

I.   **The Motion Is Not Premature.**

Fannie Mae urges the Court to defer deciding this motion until it resolves Fannie Mae's remand motion. Opp. at 3. The motions should be decided together, and at the same time. For the reasons stated in KPMG's opposition to Fannie Mae's motion to remand, this Court not only has jurisdiction and *can* resolve Fannie Mae's claims against KPMG, but this Court is well positioned to and *should* resolve those claims. Establishing a "parallel track" in this already massive litigation before a D.C. Superior Court judge who must consider these issues anew would be unwise and chaotic, and could create all types of mischief, from inconsistent pre-trial rulings, to incompatible trial schedules, to duplicate deposition and trial testimony from third parties, and on and on.

Fannie Mae also suggests that this motion is premature because (pursuant to the Court's scheduling order) KPMG has not yet filed its answer in the securities action and its cross-claims against Fannie Mae. Fannie Mae Opp. at 7. But, Fannie Mae's professed uncertainty is difficult to credit: it knows that KPMG will be filing cross-claims, and that those cross-claims are based on the admissions that Fannie Mae has already made—including the admissions in the malpractice complaint. KPMG respectfully suggests that there is no reason for this Court to postpone consideration of this motion.

II.   **The Substantial Legal And Factual Overlap Between This Case And The Securities Fraud Actions Warrant Consolidation.**

On the merits, Fannie Mae has little to say about why consolidation for pre-trial purposes is inappropriate.

1. Fannie Mae first argues that because the ERISA, derivative, and securities actions have proceeded on separate tracks, this malpractice action should also have its own unique track, too. Opp. at 4-6. In an attempt to find some reason to oppose consolidation, Fannie Mae even

asserts that the malpractice action involves "different parties, invoking unrelated bodies of law." Opp. at 2. That is simply incorrect. Unlike the ERISA and derivative actions, Fannie Mae and KPMG are both *parties* to this action and to the securities fraud actions. Moreover, both Fannie Mae's complaint and the Lead Plaintiffs' complaint raise an *identical* set of issues, including— most prominently—whether KPMG's audits of Fannie Mae's financial statements complied with GAAP and GAAS with respect to FAS 133, FAS 91, FAS 149, FAS 140, and FAS 115. Fannie Mae never explains how the supposed violations of FAS 133, FAS 91, FAS 149, FAS 140 and FAS 115 in its action are "unrelated" to the same claims in the securities action. Simply put, the *same* parties are litigating the *same* issues in both this case and the securities actions.

Moreover, as noted above, when KPMG answers the Lead Plaintiffs' complaint, it will assert cross-claims against Fannie Mae not only for contribution, but also for substantive contract and tort-based claims. Those issues will need to be resolved in the securities action. Moreover, as KPMG noted in its opening memorandum (KPMG Mem. at 7), Fannie Mae's "malpractice" claim would be a compulsory counterclaim to KPMG's substantive claims.

Rather than confront the implications of that substantial overlap for consolidation, Fannie Mae instead denies that its malpractice claims will be "compulsory." Fannie Mae Opp. at 7. But a compulsory counterclaim is one that any "pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claims." Fed. R. Civ. P. 13(a). Even Fannie Mae cannot dispute that its "malpractice" action arises out of the very same transaction or occurrence as the securities fraud actions. Fannie Mae's "malpractice" claim is thus compulsory under Rule 13(a). *See, e.g.*, *Kane v. Magna Mizer Co.*, 71 F.3d 555, 561-62 (6th Cir. 1995); *Kirkcaldy v. Richmond County Bd. of Educ.*, 212 F.R.D. 289, 297-98 (M.D.N.C. 2002); 6 Wright & Miller, Fed. Prac. & Proc. § 1404 (2006) (noting that

3

"a co-party can become an opposing party after the filing of an initial cross-claim under Rule 13(g) and in that event, must file any transactionally related counterclaims against the cross-claim plaintiff.").[1]

2. Fannie Mae also contends that consolidation is unwarranted because the issues in this case are "quite distinct" from the securities fraud action. Opp. at 6. "The governing body of law in the securities actions," Fannie Mae contends, "is federal securities law incorporating a fraud standard," while in this action is a state-law action "incorporating a negligence and breach of contract analysis." Opp. at 6.

This is beside the point. Fannie Mae cites no authority for the proposition that actions sharing numerous common issues of fact cannot be consolidated if they involve different causes of action. Indeed, Rule 42(a)—which permits consolidation of actions involving "a common question of law *or* fact"—squarely refutes it. Moreover, this Court has already consolidated the

---

[1] Fannie Mae cites cases that purportedly suggest its malpractice claims are not compulsory counterclaims. Opp. at 7 n.3. But those cases confirm that substantive cross-claims make all answering claims that arise out of the same transaction and occurrence, such as Fannie Mae's malpractice claim, compulsory. *See Paramount Aviation Corp. v. Gruppo Agusta*, 178 F.3d 132, 146 n.11 (3d Cir. 1999) (noting that "a compulsory cross-claim rule would" include "situations in which the initial cross claim included a substantive claim"); *Hall v. General Motors Corp.*, 647 F.2d 175, 184 (D.C. Cir. 1980) (noting that for "matured claims . . . an answering cross-claim might well be compulsory" and collecting authorities).

Fannie Mae also suggests that its "malpractice" claim is not compulsory because "the rules deeming certain counterclaims compulsory contain an express exception for claims that are already 'the subject of [a] . . . pending action . . .'" Opp. at 7. But the exception to the compulsory counterclaim rule exists only for claims that are the subject of another pending action "***at the time the action was commenced***." Fed. R. Civ. P. 13(a) (emphasis added). In other words, Fannie Mae's "malpractice" counterclaim would be exempt from this rule only had Fannie Mae filed this malpractice action ***before*** the securities fraud "action[s]" in which KPMG will assert its cross-claims were filed. However, those ***actions*** were commenced in Fall 2004—well before Fannie Mae brought this "malpractice" action. Fannie Mae's malpractice claim therefore will be a compulsory counterclaim in the securities litigation.

Evergreen and Franklin-Templeton cases with the Lead Plaintiffs' case, even though the opt-out actions raise *state-law* claims that have different elements from the federal securities fraud claims asserted in the class action.

Indeed, consistent with Rule 42(a), it is not at all unusual for courts to consolidate malpractice actions with securities fraud actions where, as here, the cases share other common issues of law and fact.

In *Werner v. Satterlee, Stephens, Burke & Burke*, for example, the plaintiffs brought a legal malpractice action separate and distinct from securities fraud actions relating to the same transaction. 797 F. Supp. 1196, 1210-11 (S.D.N.Y. 1992). The court consolidated the malpractice action with the securities actions, despite the argument that the two cases were at "at different stages." The actions shared "numerous common questions of law and fact" and the new claims could have been "integrated into the discovery in the other case without much delay." *Id.* at 1211. Similarly, in *Quintel Corp. v. Citibank, N.A.*, 100 F.R.D. 695 (S.D.N.Y. 1983), the court consolidated a malpractice action with a securities fraud action that "ar[ose] from the same transaction," despite the argument that "consolidation would result in jury confusion because of the different elements required to be applied in an action for a securities law violation as opposed to an action for attorney malpractice." *Id.* at 697. Thus, consolidation of Fannie Mae's malpractice action would not, as Fannie Mae contends, break any new ground.[2]

---

[2] Fannie Mae argues that this Court's standing consolidation order "limit[s]" consolidation to "actions that involve claims on behalf of the purchasers of Fannie Mae securities." Opp. at 5. But the consolidation order states that "*[a]ny* action involving substantially related questions of law and fact hereafter filed in or transferred to this Court, shall be consolidated" with the other securities fraud actions. Stipulated Order Of Consolidation, No. 1:06cv00139 (D.E. 6) (emphasis added). Moreover, this Court has the power pursuant to Federal Rule of Civil

[Footnote continued on next page]

3. Finally, Fannie Mae contends that there will be no harm if this case is permitted to proceed in a "coordinated" fashion with the securities actions. Fannie Mae Opp. at 8-9. The case management plan Fannie Mae proposed in the Rule 26(f) conference refutes that statement. Fannie Mae has proposed deadlines for discovery, summary judgment, and trial in this case that proceed independently from, and bear no relation to, the deadlines that will govern the consolidated securities litigation. *See* D.E. 15, at 3. Indeed, Fannie Mae specifically ***rejected*** KPMG's proposal at the Rule 26(f) conference to coordinate the case management schedule in this action with the class case. Without coordinating those deadlines, duplication is inevitable. "Coordination" is therefore no solution here (just as it was not for the Franklin-Templeton and Evergreen matters).

Notably, Fannie Mae has identified no respect in which consolidation—if only for pre-trial purposes—would cause it prejudice. Fannie Mae expresses concern that this $2 billion malpractice action somehow might get "buried" if the case were consolidated with the securities actions. Opp. at 9. We doubt that even Fannie Mae seriously believes that the $2 billion claims it has brought against KPMG, and the claims KPMG will bring against Fannie Mae, will be "buried" in this litigation through a consolidation order. And in any event, Fannie Mae has not suggested how this could happen.

Fannie Mae also suggests that this action will be "bogged down" by issues such as "class certification" (Opp. at 3), and asserts that "there is no reason to delay the malpractice case pending resolution of class certification issues" (Opp. at 9). Fannie Mae does not explain how

---

[Footnote continued from previous page]

    Procedure 42(a) to order consolidation of any other actions involving common issues of law or fact.

class certification can "bog down" its claims—and, in any event, Fannie Mae has already *completed* its class certification discovery. There is no risk whatsoever that class certification issues specific to KPMG will "bog down" the overall litigation, as the progress made by the Discovery Scheduling Committee—which has already scheduled merits depositions—demonstrates. Like Fannie Mae's other arguments against consolidation, this argument is meritless.

## CONCLUSION

Sound case management and straightforward consolidation principles point to the same result: this action should be consolidated with the securities actions for pre-trial purposes. For the foregoing reasons, as well as for those stated in KPMG's opening memorandum, KPMG's motion to consolidate should be granted.

Dated: March 26, 2007                                  Respectfully submitted,

/s/ Andrew S. Tulumello
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
Claudia M. Osorio (D.C. Bar No. 477594)
Melanie L. Katsur (D.C. Bar No. 484969)
Henry C. Whitaker (D.C. Bar No. 499210)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused copies of the foregoing to be transmitted on March 26, 2007, to the following counsel registered to receive electronic service:

Jerome L. Epstein
Jenner & Block LLP
601 13th Street, N.W.
Washington, D.C. 20005
*Counsel for Fannie Mae*

                                        /s/ Henry C. Whitaker
                                        Henry C. Whitaker