# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04CV01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, <br><br> *Defendants*. | No. 1:06CV00139 (RJL) <br><br><br> DEFENDANT KPMG LLP'S ANSWER AND CROSS-CLAIMS AGAINST FANNIE MAE |

## DEFENDANT KPMG LLP's ANSWER TO SECOND AMENDED COMPLAINT AND CROSS-CLAIMS AGAINST FANNIE MAE

 /s/ Andrew S. Tulumello
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
Claudia M. Osorio (D.C. Bar No. 477594)
Melanie L. Katsur (D.C. Bar No. 484969)
Henry C. Whitaker (D.C. Bar No. 499210)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

# TABLE OF CONTENTS

Page

ANSWER TO SECOND AMENDED COMPLAINT ..................................................................1

AFFIRMATIVE DEFENSES ...............................................................................................206

CROSS-CLAIMS AGAINST FANNIE MAE ........................................................................215

INTRODUCTION ...............................................................................................................215

JURISDICTION .................................................................................................................216

PARTIES ……...................................................................................................................217

FACTS COMMON TO ALL COUNTS..................................................................................217

      A.    KPMG And Its Role As Fannie Mae's Independent Auditor .............................217

      B.    Fannie Mae Memorialized Its Obligations And Promises ...................................219

      C.    The OFHEO Report And The Rudman Report...................................................220

      D.    Fannie Mae Has Admitted Misleading KPMG...................................................222

      E.    KPMG's Reliance on Fannie Mae's Representations...........................................224

COUNT I:  BREACH OF CONTRACT .................................................................................225

COUNT II:  FRAUDULENT MISREPRESENTATION .........................................................226

COUNT III:  FRAUDULENT INDUCEMENT......................................................................228

COUNT IV:  NEGLIGENT MISREPRESENTATION ...........................................................229

COUNT V:  CONTRIBUTION ............................................................................................231

JURY DEMAND ................................................................................................................231

PRAYER FOR RELIEF .......................................................................................................232

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant KPMG LLP ("KPMG"), by and through its undersigned counsel, answers

Plaintiffs' Second Amended Complaint in *Franklin Managed Trust v. Federal National*

*Mortgage Assoc. et al.*, No. 1:06cv00139, and states:

## RESPONSE TO TABLE OF CONTENTS AND HEADINGS

The Second Amended Complaint contains a table of contents listing lettered and

numbered headings, some of which characterize certain actions or events.  Because they are not

set forth in numbered paragraphs, the headings are not properly pleaded facts requiring a

response and KPMG does not adopt the characterizations set forth in those headings.  To the

extent any headings contain factual allegations requiring a response, KPMG denies the

allegations set forth therein.  Specifically, KPMG denies that it participated in any

"FRAUDULENT SCHEME," that it violated "Pertinent SEC Regulations," that it violated

"OFHEO Regulations," that it violated GAAP or that it made any "FALSE OR MISLEADING

STATEMENTS."  KPMG further denies that it "Violated GAAS" by (A) "Ignoring Numerous

'Red Flags'" as to alleged "Materially False And Misleading Financial Statements" by Fannie

Mae; (B) "Recklessly Certifying That Fannie Mae's Financial Statements Complied With

GAAP;" (C) "Failing To Develop Adequate Audit Procedures;" (D) "Failing To Obtain

Sufficient Competent Evidential Matter;" (E) "Improperly Determining That The Disclosures In

Fannie Mae's Annual Reports Filed With The SEC On Form 10-K And Its 2000 And 2001

Annual Reports Were Adequate;" (F) "Failing To Report That Material Modifications Were

Necessary For Fannie Mae's Forms 10-Q To Conform With GAAP;" or (G) "Failing To

Maintain Independence From Fannie Mae."

## RESPONSE TO UNNUMBERED INTRODUCTORY PARAGRAPH

Page 1 of the Second Amended Complaint contains an unnumbered introductory paragraph. This paragraph does not set forth any factual allegations, therefore, no response is required. To the extent any factual allegations are found to be contained in this Paragraph, KPMG denies those allegations.

## RESPONSE TO INDIVIDUAL PARAGRAPHS

Except as expressly admitted, KPMG denies all of the allegations contained in the Second Amended Complaint. The capitalized terms used herein shall be defined in the same manner as in the Second Amended Complaint.

1.      To the extent the allegations in Paragraph 1 are not directed to KPMG, no response is required. To the extent Paragraph 1 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's public statements or the Interim OFHEO Report, no response is required. KPMG states that Fannie Mae's public statements and the Interim OFHEO Report are in writing and speak for themselves. To the extent Paragraph 1 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis denies those allegations.

2.      To the extent Paragraph 2 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report, no response is required. KPMG states that the Interim OFHEO Report is in writing and speaks for itself. To the extent Paragraph 2 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies those allegations.

3.      KPMG states that Fannie Mae's stock prices and trading volume are publicly available and speak for themselves.  KPMG is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies those allegations.

4.      To the extent Paragraph 4 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or Fannie Mae's May 9, 2006 Form 8-K, no response is required.  KPMG states that the Interim OFHEO Report and Fannie Mae's May 9, 2006 Form 8-K are in writing and speak for themselves.  To the extent Paragraph 4 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies those allegations.

5.      To the extent the allegations in Paragraph 5 are not directed to KPMG, no response is required.  To the extent Paragraph 5 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the number and scope of documents reviewed and the number of interviews conducted by Paul Weiss are detailed in the Paul Weiss Report which is in writing and speaks for itself.  To the extent Paragraph 5 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies those allegations.

6.      To the extent Paragraph 6 asserts legal conclusions or purports to summarize or characterize the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 6 contains factual allegations requiring a response, KPMG admits that the Paul Weiss Report was released to the public on

3

February 23, 2006.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies those allegations.

7.       To the extent Paragraph 7 purports to summarize or characterize the contents of Chairman Ashley's February 23, 2006 statement, no response is required.  KPMG states that Chairman Ashley's statement is in writing and speaks for itself.  To the extent Paragraph 7 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies those allegations.

8.       To the extent Paragraph 8 purports to summarize or characterize the contents of Fannie Mae's March 13, 2006 Form 12b-25, Fannie Mae's May 9, 2006 Form 12b-25, the Interim OFHEO Report or the Paul Weiss Report, no response is required.  KPMG states that the March 13, 2006 Form 12b-25, the May 9, 2006 Form 12b-25, the Interim OFHEO Report and the Paul Weiss Report are in writing and speak for themselves.  To the extent Paragraph 8 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies those allegations.

9.       To the extent Paragraph 9 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 9 contains factual allegations requiring a response, KPMG admits that OFHEO released the Final OFHEO Report to the public on May 23, 2006.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis denies those allegations.

10.     To the extent Paragraph 10 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 10 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies those allegations.

11.     To the extent Paragraph 11 purports to summarize or characterize the contents of a May 23, 2006 OFHEO press release or the testimony of SEC Chairman Christopher Cox at a Senate hearing held on June 15, 2006, no response is required.  KPMG states that the May 23, 2006 press release and Chairman Cox's testimony are in writing and speak for themselves.  To the extent Paragraph 11 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies those allegations.

12.     To the extent the allegations in Paragraph 12 are not directed to KPMG, no response is required.  To the extent Paragraph 12 purports to summarize or characterize the testimony of OFHEO Acting Director Lockhart before the Banking Committee on June 15, 2006, no response is required.  KPMG states that the testimony of Acting Director Lockhart is in writing and speaks for itself.  To the extent Paragraph 12 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies those allegations.

13.     To the extent Paragraph 13 purports to summarize or characterize Acting Director Lockhart's testimony before the Banking Committee on June 15, 2006, no response is required.  KPMG states that Acting Director Lockhart's testimony is in writing and speaks for itself.  To

the extent Paragraph 13 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 13.

14.    To the extent Paragraph 14 purports to summarize or characterize Fannie Mae's December 22, 2004 Form 8-K, no response is required.  KPMG states that the December 22, 2004 Form 8-K is in writing and speaks for itself.  KPMG further states that Fannie Mae's stock prices and trading volume are publicly available and speak for themselves.  To the extent Paragraph 14 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies those allegations.

15.    To the extent Paragraph 15 asserts legal conclusions, no response is required.  To the extent Paragraph 15 contains factual allegations requiring a response, KPMG denies that the appropriate "Loss Period" for this action is January 26, 2001 to September 28, 2005.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and on that basis denies those allegations.

16.    KPMG admits that Paragraph 16 purports to assert claims under Sections 10(b) and 20A of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), SEC Rule 10b-5 promulgated under Section 10(b)(17 C.F.R. 240.10b-5), Section 18 of the Exchange Act (15 U.S.C. § 78r), Section 20A of the Exchange Act (15 U.S.C. § 78t-1), Title 4 of the California Corporations Code §§ 25400 and 25500, and common law.  KPMG denies the remaining allegations in Paragraph 16, and denies that any of the claims asserted are legally cognizable.

17.    To the extent Paragraph 17 asserts legal conclusions, no response is required.  To the extent Paragraph 17 contains factual allegations requiring a response, KPMG denies those allegations.

18.    Paragraph 18 sets forth legal assertions to which no response is required.

19.    To the extent Paragraph 19 asserts legal conclusions, no response is required.  To the extent Paragraph 19 contains factual allegations requiring a response, KPMG admits that Fannie Mae's principal place of business is located in this District.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and on that basis denies those allegations.

20.    To the extent Paragraph 20 asserts legal conclusions, no response is required.  To the extent Paragraph 20 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies those allegations.

21.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, including Footnote 1 of Paragraph 21, and on that basis denies those allegations.

22.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies those allegations.

23.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies those allegations.

24.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies those allegations.

25.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies those allegations.

26.    To the extent Paragraph 26 asserts legal conclusions, no response is required.  To the extent Paragraph 26 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 26 and on that basis denies those allegations.

27.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 27 and on that basis denies those allegations.

28.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 28 and on that basis denies those allegations.

29.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 29 and on that basis denies those allegations.

30.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 30 and on that basis denies those allegations.

31.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 31 and on that basis denies those allegations.

32.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 32 and on that basis denies those allegations.

33.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 33 and on that basis denies those allegations.

34.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 34 and on that basis denies those allegations.

35.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 35 and on that basis denies those allegations.

36.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 36 and on that basis denies those allegations.

37.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis denies those allegations.

38.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies those allegations.

39.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies those allegations.

40.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis denies those allegations.

41.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies those allegations.

42.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies those allegations.

43.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies those allegations.

44.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis denies those allegations.

45.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis denies those allegations.

46.     To the extent the allegations in Paragraph 46 are not directed to KPMG, no response is required.  KPMG admits that Defendant Federal National Mortgage Association is also known as Fannie Mae and that it provides a source of funds for mortgage lenders.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies those allegations.

47.    To the extent the allegations in Paragraph 47 are not directed to KPMG, no response is required.  To the extent Paragraph 47 asserts legal conclusions or purports to summarize or characterize the Charter Act, no response is required.  KPMG states that the Charter Act is in writing and speaks for itself.  To the extent Paragraph 47 contains factual allegations requiring a response, KPMG admits that Fannie Mae's common stock is traded on the New York Stock Exchange under the symbol "FNM."  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and on that basis denies those allegations.

48.    To the extent the allegations in Paragraph 48 are not directed to KPMG, no response is required.  To the extent Paragraph 48 asserts legal conclusions or purports to summarize or characterize the statutes and regulations governing Fannie Mae's operations, no response is required.  KPMG states that those statutes and regulations are in writing and speak for themselves.  To the extent Paragraph 48 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies those allegations.

49.    To the extent the allegations in Paragraph 49 are not directed to KPMG, no response is required.  To the extent Paragraph 49 asserts legal conclusions or purports to summarize or characterize the statutes and regulations governing Fannie Mae's operations, no response is required.  KPMG states that those statutes and regulations are in writing and speak for themselves.  To the extent Paragraph 49 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies those allegations.

50.     To the extent Paragraph 50 asserts legal conclusions or purports to summarize or characterize the statutes and regulations governing Fannie Mae's operations, no response is required.  KPMG states that those statutes and regulations are in writing and speak for themselves.  To the extent Paragraph 50 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies those allegations.

51.     To the extent Paragraph 51 asserts legal conclusions or purports to summarize or characterize the content of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 51 contains factual allegations requiring a response, KPMG admits that Defendant Raines was Chairman of the Board and Chief Executive Officer of Fannie Mae from January 1999 until December 2004, that Defendant Raines was a Fannie Mae director from December 1998 to December 2004, and that from 1996 to 1998 Defendant Raines was the Director of the U.S. Office of Management and Budget ("OMB") under President Bill Clinton.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and on that basis denies those allegations.

52.     To the extent Paragraph 52 purports to summarize or characterize the content of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 52 contains factual allegations requiring a response, KPMG admits that Defendant Howard became a member of the Office of the Chairman in November 2000 and was the Vice Chairman of the Board of Directors of Fannie Mae from May 2003 until December 2004 and that Defendant Howard was Executive Vice President and Chief Financial Officer of Fannie Mae from 1998 until December 2004.  KPMG is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and on that basis denies those allegations.

53.    To the extent Paragraph 53 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required. KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves. To the extent Paragraph 53 contains factual allegations requiring a response, KPMG admits that Defendant Spencer was Controller of Fannie Mae from November 1998 until January 2005. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and on that basis denies those allegations.

54.    Paragraph 54 does not contain factual allegations, therefore, no response is required.

55.    To the extent Paragraph 55 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required. KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves. To the extent Paragraph 55 contains factual allegations requiring a response, KPMG admits that Defendant Gerrity served as a member of Fannie Mae's Board of Directors and as Chairman of Fannie Mae's Audit Committee since at least from 1998 to 2006, that Defendant Gerrity was a member of Fannie Mae's Audit Committee during 2002 and 2003, and that Defendant Gerrity is a Professor at The Wharton School of Business. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and on that basis denies those allegations.

56.    To the extent Paragraph 56 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required. KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves. To the extent Paragraph 56 contains factual allegations

requiring a response, KPMG admits that Defendant Mulcahy served as a member of Fannie

Mae's Board of Directors from 2000 until 2004. KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and on that

basis denies those allegations.

57.     To the extent Paragraph 57 purports to summarize or characterize the contents of

Fannie Mae's SEC filings, no response is required. KPMG states that Fannie Mae's SEC filings

are in writing and speak for themselves. To the extent Paragraph 57 contains factual allegations

requiring a response, KPMG admits that Defendant Malek served as a member of Fannie Mae's

Board of Directors from 2002 to 2004. KPMG is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 57 and on that basis denies

those allegations.

58.     To the extent Paragraph 58 purports to summarize or characterize the contents of

Fannie Mae's SEC filings, no response is required. KPMG states that Fannie Mae's SEC filings

are in writing and speak for themselves. To the extent Paragraph 58 contains factual allegations

requiring a response, KPMG admits that Defendant Segue served as a member of Fannie Mae's

Board of Directors from 2001 to 2004 and that the law firm of Howard & Howard represented

KPMG in the past in connection with a litigation not related to this action. KPMG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 58 and on that basis denies those allegations.

59.     To the extent Paragraph 59 purports to summarize or characterize the contents of

Fannie Mae's SEC filings, no response is required. KPMG states that Fannie Mae's SEC filings

are in writing and speak for themselves. To the extent Paragraph 59 contains factual allegations

requiring a response, KPMG admits that Defendant Harvey served as a member of Fannie Mae's

Board of Directors from 2001 until 2004.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and on that basis denies those allegations.

60.     To the extent Paragraph 60 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 60 contains factual allegations requiring a response, KPMG admits that Defendant Pickett served as a member of Fannie Mae's Board of Directors from 1998 until the present.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and on that basis denies those allegations.

61.     Paragraph 61 does not contain factual allegations, therefore, no response is required.

62.     To the extent Paragraph 62 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 62 contains factual allegations requiring a response, KPMG admits that Defendant Ashley served as a member of Fannie Mae's Board of Directors from 1998 until the present.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and on that basis denies those allegations.

63.     To the extent Paragraph 63 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 63 contains factual allegations requiring a response, KPMG admits that Defendant Duberstein served as a member of Fannie

Mae's Board of Directors from 1998 until February 2007.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and on that basis denies those allegations.

64.    To the extent Paragraph 64 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 64 contains factual allegations requiring a response, KPMG admits that Defendant Gorelick served as a member of Fannie Mae's Board of Directors from 1998 until 2002.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and on that basis denies those allegations.

65.    To the extent Paragraph 65 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 65 contains factual allegations requiring a response, KPMG admits that Defendant Justiz served as a member of Fannie Mae's Board of Directors from 2001 to 2004.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and on that basis denies those allegations.

66.    To the extent Paragraph 66 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 66 contains factual allegations requiring a response, KPMG admits that Defendant Korologos served as a member of Fannie Mae's Board of Directors from 1998 to 2004.  KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and on that basis denies those allegations.

67.    To the extent Paragraph 67 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 67 contains factual allegations requiring a response, KPMG admits that Defendant Marron served as a member of Fannie Mae's Board of Directors from 2001 to 2003.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and on that basis denies those allegations.

68.    To the extent Paragraph 68 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 68 contains factual allegations requiring a response, KPMG admits that Defendant Mudd served as a member of Fannie Mae's Board of Directors from 1999 until the present.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and on that basis denies those allegations.

69.    To the extent Paragraph 69 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 69 contains factual allegations requiring a response, KPMG admits that Defendant Swygert served as a member of Fannie Mae's Board of Directors from 2000 until the present.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 and on that basis denies those allegations.

70.     To the extent Paragraph 70 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 70 contains factual allegations requiring a response, KPMG admits that Defendant Rahl served as a member of Fannie Mae's Board of Directors from 2003 until the present.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and on that basis denies those allegations.

71.     Paragraph 71 does not contain factual allegations, therefore, no response is required.

72.     Paragraph 72 does not contain factual allegations, therefore, no response is required.

73.     To the extent Paragraph 73 asserts legal conclusions or purports to summarize Fannie Mae's financial statements or KPMG's audit opinions, no response is required.  KPMG states that Fannie Mae's financial statements and KPMG's audit opinions are in writing and speak for themselves.  To the extent Paragraph 73 contains factual allegations requiring a response, KPMG admits that it is a Delaware limited liability partnership, that it provides audit, tax and accounting advisory services, that it served as Fannie Mae's independent auditor from 1969 until December 21, 2004 and that it audited Fannie Mae's financial statements for the fiscal years ended 2001, 2002 and 2003.  KPMG denies the remaining allegations in Paragraph 73.

74.     To the extent the allegations in Paragraph 74 are not directed to KPMG, no response is required.  To the extent Paragraph 74 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's November 10, 2005 Form 12b-25, no response is required.  KPMG states that the November 10, 2005 Form 12b-25 is in writing and

speaks for itself.  To the extent Paragraph 74 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies those allegations.

75.    To the extent Paragraph 75 asserts legal conclusions or purports to summarize or characterize KPMG's audit opinions, no response is required.  KPMG states that its audit opinions are in writing and speak for themselves.  To the extent Paragraph 75 contains factual allegations requiring a response, KPMG denies those allegations.

76.    To the extent Paragraph 76 asserts legal conclusions, no response is required.  To the extent Paragraph 76 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and on that basis denies those allegations.

77.    To the extent Paragraph 77 asserts legal conclusions or purports to summarize or characterize public statements by Fannie Mae executives or KPMG's audit opinions, no response is required.  KPMG states that public statements by Fannie Mae executives and KPMG's audit opinions are in writing and speak for themselves.  To the extent Paragraph 77 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and on that basis denies those allegations.

78.    To the extent Paragraph 78 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or the testimony of Former OFHEO Director Armando Falcon, no response is required.  KPMG states that the Interim OFHEO Report and Former Director Falcon's testimony are in writing and speak for themselves.  To the extent Paragraph 78 contains factual allegations requiring a response, KPMG admits that Fannie

Mae publicly disclosed the Interim OFHEO Report on September 22, 2004. KPMG denies the remaining allegations in Paragraph 78.

79.     To the extent Paragraph 79 asserts legal conclusions or purports to summarize or characterize the contents of a December 15, 2004 SEC press release or of Fannie Mae's December 16, 2004 Form 8-K, no response is required. KPMG states that the SEC's December 15, 2004 press release and Fannie Mae's December 16, 2004 Form 8-K are in writing and speak for themselves. To the extent Paragraph 79 contains factual allegations requiring a response, KPMG denies those allegations.

80.     To the extent Paragraph 80 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's December 22, 2004 Form 8-K or ABP 20, no response is required. KPMG states that Fannie Mae's December 22, 2004 Form 8-K and ABP 20 are in writing and speak for themselves. To the extent Paragraph 80 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis denies those allegations.

81.     To the extent Paragraph 81 purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required. KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves. To the extent Paragraph 81 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies those allegations.

82.     To the extent Paragraph 82 purports to summarize or characterize the testimony of Former OFHEO Director Armando Falcon before the House Subcommittee on Capital Markets, Insurance, and Government Sponsored Enterprises on April 6, 2005, no response is required. KPMG states that Former Director Falcon's testimony is a matter of public record and speaks for

itself.  To the extent Paragraph 82 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and on that basis denies those allegations.

83.    To the extent Paragraph 83 purports to summarize or characterize the contents of the Interim OFHEO Report or of the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 83 contains factual allegations requiring a response, KPMG denies those allegations.

84.    To the extent the allegations in Paragraph 84 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and on that basis denies those allegations.

85.    To the extent the allegations in Paragraph 85 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies those allegations.

86.    To the extent the allegations in Paragraph 86 are not directed to KPMG, no response is required.  To the extent Paragraph 86 purports to summarize or characterize the contents of Fannie Mae's 1999 Report to Congress, no response is required.  KPMG states that Fannie Mae's 1999 Report to Congress is in writing and speaks for itself.  To the extent Paragraph 86 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies those allegations.

87.    To the extent the allegations in Paragraph 87 are not directed to KPMG, no response is required.  To the extent Paragraph 87 purports to summarize or characterize an

August 10, 1998 memorandum, no response is required.  KPMG states that any such

memorandum is in writing and speaks for itself.  To the extent Paragraph 87 contains factual

allegations requiring a response, KPMG is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 87 and on that basis denies those allegations.

88.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 88 and on that basis denies those allegations.

89.     To the extent Paragraph 89 asserts legal conclusions or purports to summarize or

characterize Fannie Mae's amortization models, no response is required.  KPMG states that

Fannie Mae's amortization models are in writing and speak for themselves.  To the extent

Paragraph 89 contains factual allegations requiring a response, KPMG is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on

that basis denies those allegations.

90.     To the extent the allegations in Paragraph 90 are not directed to KPMG, no

response is required.  To the extent Paragraph 90 purports to summarize or characterize an

"Earnings Alternatives" document, no response is required.  KPMG states that any such

"Earnings Alternatives" document is in writing and speaks for itself.  To the extent Paragraph 90

contains factual allegations requiring a response, KPMG is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis

denies those allegations.

91.     To the extent the allegations in Paragraph 91 are not directed to KPMG, no

response is required.  To the extent Paragraph 91 purports to summarize or characterize an

"Earnings Alternatives" document, no response is required.  KPMG states that any such

"Earnings Alternatives" document is in writing and speaks for itself.  To the extent Paragraph 91

contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.    To the extent Paragraph 92 asserts legal conclusions, no response is required.  To the extent Paragraph 92 contains factual allegations requiring a response, KPMG admits that it posted an audit difference of approximately $199 million for its 1998 year-end audit of Fannie Mae, that it informed Fannie Mae's Audit Committee Chairman, Defendant Gerrity, of this audit difference and that it issued an audit opinion for Fannie Mae's 1998 financial statements, which audit opinion speaks for itself.  KPMG denies the remaining allegations in Paragraph 92.

93.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, including Footnote 2, and on that basis denies those allegations.

94.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies those allegations.

95.    KPMG denies the allegations in Paragraph 95 directed to KPMG.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 and on that basis denies those allegations.

96.    To the extent the allegations in Paragraph 96 are not directed to KPMG, no response is required.  To the extent Paragraph 96 purports to summarize or characterize a November 16, 1999 Fannie Mae Board resolution, no response is required.  KPMG states that any such Board resolution is in writing and speaks for itself.  To the extent Paragraph 96 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies those allegations.

97.    To the extent the allegations in Paragraph 97 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies those allegations.

98.    To the extent the allegations in Paragraph 98 are not directed to KPMG, no response is required.  To the extent Paragraph 98 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies those allegations.

99.    To the extent the allegations in Paragraph 99 are not directed to KPMG, no response is required.  To the extent Paragraph 99 asserts legal conclusions or purports to summarize or characterize Fannie Mae's proxy statements, no response is required.  KPMG states that Fannie Mae's proxy statements are in writing and speak for themselves.  To the extent Paragraph 99 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, including Footnotes 3 and 4, and on that basis denies those allegations.

100.    To the extent the allegations in Paragraph 100 are not directed to KPMG, no response is required.  To the extent Paragraph 100 asserts legal conclusions or purports to summarize or characterize Fannie Mae's proxy statements, no response is required.  KPMG states that Fannie Mae's proxy statements are in writing and speak for themselves.  To the extent Paragraph 100 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies those allegations.

101.     To the extent the allegations in Paragraph 101 are not directed to KPMG, no response is required.  To the extent Paragraph 101 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report and the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 101 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and on that basis denies those allegations.

102.     To the extent the allegations in Paragraph 102 are not directed to KPMG, no response is required.  To the extent Paragraph 102 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 102 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and on that basis denies those allegations.

103.     To the extent the allegations in Paragraph 103 are not directed to KPMG, no response is required.  To the extent Paragraph 103 asserts legal conclusions, no response is required.  To the extent Paragraph 103 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and on that basis denies those allegations.

104.     To the extent the allegations in Paragraph 104 are not directed to KPMG, no response is required.  To the extent Paragraph 104 asserts legal conclusions, no response is required.  To the extent Paragraph 104 contains factual allegations requiring a response, KPMG

is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and on that basis denies those allegations.

105.    To the extent the allegations in Paragraph 105 are not directed to KPMG, no response is required.  To the extent Paragraph 105 purports to summarize or characterize the contents of an article from *The Economist*, no response is required.  KPMG states that any such article from *The Economist* is in writing and speaks for itself.  To the extent Paragraph 105 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and on that basis denies those allegations.

106.    To the extent the allegations in Paragraph 106 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and on that basis denies those allegations.

107.    To the extent the allegations in Paragraph 107 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and on that basis denies those allegations.

108.    To the extent the allegations in Paragraph 108 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and on that basis denies those allegations.

109.    To the extent the allegations in Paragraph 109 are not directed to KPMG, no response is required.  To the extent Paragraph 109 purports to summarize or characterize statements of the Congressional Budget Office ("CBO"), no response is required.  KPMG states that the CBO's statements speak for themselves.  To the extent Paragraph 109 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 109 and on that basis denies those allegations.

110.    To the extent the allegations in Paragraph 110 are not directed to KPMG, no response is required.  To the extent Paragraph 110 purports to summarize or characterize statements by Alan Greenspan, the Department of Treasury or economist Bert Ely, no response is required.  KPMG states that any such statements are in writing and speak for themselves.  To the extent Paragraph 110 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and on that basis denies those allegations.

111.    To the extent the allegations in Paragraph 111 are not directed to KPMG, no response is required.  To the extent Paragraph 111 purports to summarize or characterize the June 2000 Congressional testimony of Fred Smith of the Competitive Enterprise Institute, no response is required.  KPMG states that Mr. Smith's testimony is in writing and speaks for itself. To the extent Paragraph 111 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies those allegations.

112.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and on that basis denies those allegations.

113.    To the extent the allegations in Paragraph 113 are not directed to KPMG, no response is required.  To the extent Paragraph 113 asserts legal conclusions, no response is required.  To the extent Paragraph 113 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and on that basis denies those allegations.

114.    To the extent Paragraph 114 purports to summarize or characterize the testimony of Roger Barnes before the House Subcommittee on Capital Markets, Insurance and Government Sponsored Entities on October 6, 2004, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 114 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies those allegations.

115.    To the extent the allegations in Paragraph 115 are not directed to KPMG, no response is required.  To the extent Paragraph 115 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's SEC filings or Fannie Mae's public statements, no response is required.  KPMG states that Fannie Mae's SEC filings and Fannie Mae's public statements are in writing and speak for themselves.  To the extent Paragraph 115 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and on that basis denies those allegations.

116.    To the extent Paragraph 116 asserts legal conclusions or purports to summarize or characterize Freddie Mac's statements to OFHEO or the SEC, no response is required.  KPMG states that Freddie Mac's statements speak for themselves.  To the extent Paragraph 116 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and on that basis denies those allegations.

117.    To the extent Paragraph 117 purports to summarize or characterize the contents of Freddie Mac's public announcements or any consent decree between Freddie Mac and OFHEO,

no response is required.  KPMG states that Freddie Mac's public announcements and any such consent decree speak for themselves.  To the extent Paragraph 117 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and on that basis denies those allegations.

118.    To the extent Paragraph 118 purports to summarize or characterize the contents of OFHEO's assertions with respect to Freddie Mac, the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that OFHEO's findings with respect to Freddie Mac, the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 118 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and on that basis denies those allegations.

119.    To the extent Paragraph 119 asserts legal conclusions, no response is required. To the extent Paragraph 119 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and on that basis denies those allegations.

120.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and on that basis denies those allegations.

121.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and on that basis denies those allegations.

122.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and on that basis denies those allegations.

123.    To the extent Paragraph 123 asserts legal conclusions or purports to summarize or characterize the contents of Defendants Raines's and Howard's employment contracts with

Fannie Mae, the Interim OFHEO Report or Defendant Raines's comments during a July 31, 2003 analyst call, no response is required. KPMG states that the employment contracts, the Interim OFHEO Report and a transcript of the July 31, 2003 analyst call are in writing and speak for themselves. To the extent Paragraph 123 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and on that basis denies those allegations.

124.    To the extent Paragraph 124 asserts legal conclusions or purports to summarize or characterize SEC Release No. 33-6504, no response is required. KPMG states that SEC Release No. 33-6504 is in writing and speaks for itself. To the extent Paragraph 124 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and on that basis denies those allegations.

125.    To the extent Paragraph 125 asserts legal conclusions or purports to summarize or characterize Rule 4-01(a) of SEC Regulation S-X, 17 C.F.R. § 210.4-01(a)(1), no response is required. KPMG states that Rule 4.01(a) of SEC Regulation S-X is in writing and speaks for itself. To the extent Paragraph 125 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and on that basis denies those allegations.

126.    To the extent Paragraph 126 asserts legal conclusions or purports to quote language from SEC Accounting Series Release 173, no response is required. KPMG states that SEC Accounting Series Release 173 is in writing and speaks for itself. To the extent Paragraph 126 contains factual allegations requiring a response, KPMG is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and on that basis denies those allegations.

127.    To the extent Paragraph 127 asserts legal conclusions, no response is required. To the extent Paragraph 127 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 127.

128.    To the extent Paragraph 128 asserts legal conclusions or purports to summarize or characterize 12 U.S.C. § 4501 or Congress's mandate to OFHEO, no response is required. KPMG states that the statutes relating to OFHEO's mandate and operations are in writing and speak for themselves. To the extent Paragraph 128 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and on that basis denies those allegations.

129.    To the extent Paragraph 129 asserts legal conclusions or purports to summarize or characterize the Safety and Soundness Act or statutes and regulations relating to OFHEO, no response is required. KPMG states that the Safety and Soundness Act and statutes and regulations relating to OFHEO are in writing and speak for themselves. To the extent Paragraph 129 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and on that basis denies those allegations.

130.    To the extent Paragraph 130 asserts legal conclusions or purports to summarize or characterize or characterize the contents of OFHEO's policy guidance or regulations, no response is required. KPMG states that OFHEO's policy guidance and regulations are in writing and speak for themselves. To the extent Paragraph 130 contains factual allegations requiring a

response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and on that basis denies those allegations.

131.    To the extent Paragraph 131 asserts legal conclusions or purports to summarize or characterize the contents of OFHEO's corporate governance rules, no response is required. KPMG states that OFHEO's corporate governance rules are in writing and speak for themselves. To the extent Paragraph 131 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and on that basis denies those allegations.

132.    To the extent Paragraph 132 asserts legal conclusions, no response is required. To the extent Paragraph 132 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 132.

133.    To the extent Paragraph 133 asserts legal conclusions or purports to summarize or characterize GAAP principles, no response is required. To the extent Paragraph 133 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and on that basis denies those allegations.

134.    To the extent Paragraph 134 asserts legal conclusions or purports to summarize or characterize Fannie Mae's financial statements or FASB's Statements of Concepts, no response is required. KPMG states that Fannie Mae's financial statements and FASB's Statements of Concepts are in writing and speak for themselves. To the extent Paragraph 134 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 134.

135.    To the extent Paragraph 135 asserts legal conclusions or purports to summarize or characterize Fannie Mae's financial statements, no response is required. KPMG states that

Fannie Mae's financial statements are in writing and speak for themselves. To the extent Paragraph 135 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 135.

136.    Paragraph 136 purports to summarize or characterize SFAS 91 and does not contain factual allegations, therefore, no response is required. KPMG states that SFAS 91 is in writing and speaks for itself. To the extent Paragraph 136 contains any factual allegations, KPMG denies those allegations.

137.    Paragraph 137 asserts legal conclusions and does not contain factual allegations, therefore, no response is required. KPMG states that SFAS 91 is in writing and speaks for itself. To the extent Paragraph 137 contains any factual allegations, KPMG denies those allegations.

138.    To the extent Paragraph 138 purports to summarize or characterize SFAS 91 or related accounting principles, no response is required. KPMG states that SFAS 91 is in writing and speaks for itself. To the extent Paragraph 138 contains factual allegations requiring a response, KPMG admits that Fannie Mae referred to an amortization adjustment as the "catch-up." KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138 and on that basis denies those allegations.

139.    To the extent Paragraph 139 purports to summarize or characterize the contents of the Interim OFHEO Report, the Final OFHEO Report or the Paul Weiss Report, no response is required. KPMG states that the Interim OFHEO Report, the Final OFHEO Report and the Paul Weiss Report are in writing and speak for themselves. To the extent Paragraph 139 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and on that basis denies those allegations.

140.     To the extent Paragraph 140 asserts legal conclusions, no response is required. To the extent Paragraph 140 contains factual allegations requiring a response, KPMG admits that at certain points in time, it made requests to Fannie Mae regarding Fannie Mae's SFAS 91 accounting.  KPMG denies the remaining allegations directed to KPMG.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140 and on that basis denies those allegations.

141.     To the extent Paragraph 141 purports to summarize or characterize the contents of KPMG's workpapers, no response is required.  KPMG states that its workpapers are in writing and speak for themselves.  To the extent Paragraph 141 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 141.

142.     To the extent the allegations in Paragraph 142 are not directed to KPMG, no response is required.  To the extent Paragraph 142 purports to summarize or characterize the contents of a Fannie Mae November 7, 1995 memorandum, no response is required.  KPMG states that any such memorandum is in writing and speaks for itself.  To the extent Paragraph 142 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and on that basis denies those allegations.

143.     To the extent Paragraph 143 asserts legal conclusions, no response is required. To the extent Paragraph 143 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and on that basis denies those allegations.

144.    KPMG admits that Defendant Howard, Defendant Spencer, Janet Pennewell, Thomas Lawler, Jeffrey Juliane and Rene LeRouzes had some involvement in developing a SFAS 91 practice for Fannie Mae.  KPMG denies the remaining allegations in Paragraph 144.

145.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and on that basis denies those allegations.

146.    To the extent the allegations in Paragraph 146 are not directed to KPMG, no response is required.  To the extent Paragraph 146 asserts legal conclusions, no response is required.  To the extent Paragraph 146 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 146.

147.    To the extent Paragraph 147 asserts legal conclusions or purports to summarize or characterize a September 23, 1999 memorandum from Janet Pennewell to Defendant Howard or SFAS 91, no response is required.  KPMG states that any such memorandum and SFAS 91 are in writing and speak for themselves.  To the extent Paragraph 147 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and on that basis denies those allegations.

148.    To the extent Paragraph 148 asserts legal conclusions or purports to summarize or characterize SAB 99 or a September 23, 1999 memorandum from Janet Pennewell to Defendant Howard, no response is required.  KPMG states that SAB 99 and any such memorandum are in writing and speak for themselves.  To the extent Paragraph 148 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and on that basis denies those allegations.

149.    To the extent Paragraph 149 purports to summarize or characterize the contents of an October 27, 1999 memorandum from Defendant Howard to Janet Pennewell, no response is

required.  KPMG states that any such memorandum is in writing and speaks for itself.  To the

extent Paragraph 149 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 149 and on that basis denies those allegations.

150.     To the extent Paragraph 150 asserts legal conclusions, no response is required.

To the extent Paragraph 150 contains factual allegations requiring a response, KPMG denies the

allegations in Paragraph 150.

151.     To the extent Paragraph 151 asserts legal conclusions or purports to summarize or

characterize the contents of the Interim OFHEO Report, the Final OFHEO Report, the SEC

Complaint or SFAS 91, no response is required.  KPMG states that the Interim OFHEO Report,

the Final OFHEO Report, the SEC Complaint and SFAS 91 are in writing and speak for

themselves.  To the extent Paragraph 151 contains factual allegations requiring a response,

KPMG denies the allegations in Paragraph 151.

152.     To the extent Paragraph 152 asserts legal conclusions, no response is required.

To the extent Paragraph 152 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 152 and on that basis denies those allegations.

153.     To the extent Paragraph 153 asserts legal conclusions, no response is required.

To the extent Paragraph 153 contains factual allegations requiring a response, KPMG admits that

at certain points in time, it made requests to Fannie Mae regarding Fannie Mae's SFAS 91

accounting.  KPMG denies the remaining allegations in Paragraph 153.

154.     To the extent Paragraph 154 asserts legal conclusions or purports to summarize or

characterize the contents of the Interim OFHEO Report, the Final OFHEO Report, the SEC

Complaint or Fannie Mae's November 15, 2004 Form NT-10-Q, no response is required. KPMG states that the Interim OFHEO Report, the Final OFHEO Report, the SEC Complaint and Fannie Mae's November 15, 2004 Form NT-10-Q are in writing and speak for themselves. To the extent Paragraph 154 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 154.

155.    To the extent Paragraph 155 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required. KPMG states that the Paul Weiss Report is in writing and speaks for itself. To the extent Paragraph 155 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and on that basis denies those allegations.

156.    To the extent Paragraph 156 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required. KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves. To the extent Paragraph 156 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and on that basis denies those allegations.

157.    To the extent Paragraph 157 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required. KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves. To the extent Paragraph 157 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and on that basis denies those allegations.

158.     To the extent Paragraph 158 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's filings, financial statements or balance sheet, no response is required.  KPMG states that Fannie Mae's filings, financial statements and balance sheet are in writing and speak for themselves.  To the extent Paragraph 158 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 158.

159.     To the extent the allegations in Paragraph 159 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and on that basis denies those allegations.

160.     To the extent Paragraph 160 purports to summarize or characterize the contents of Fannie Mae's financial statements, no response is required.  KPMG states that Fannie Mae's financial statements are in writing and speak for themselves. To the extent Paragraph 160 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and on that basis denies those allegations.

161.     To the extent Paragraph 161 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's financial statements, no response is required.  KPMG states that Fannie Mae's financial statements are in writing and speak for themselves.  To the extent Paragraph 161 contains factual allegations requiring a response, KPMG admits that Fannie Mae used derivatives to hedge against risks associated with its debt.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161 and on that basis denies those allegations.

162.     To the extent Paragraph 162 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the

extent Paragraph 162 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and on that basis denies those allegations.

163.    To the extent Paragraph 163 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 163 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and on that basis denies those allegations.

164.    To the extent Paragraph 164 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 164 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and on that basis denies those allegations.

165.    To the extent Paragraph 165 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 165 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and on that basis denies those allegations.

166.    To the extent Paragraph 166 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 166 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and on that basis denies those allegations.

167.    To the extent Paragraph 167 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 167 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and on that basis denies those allegations.

168.    To the extent Paragraph 168 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 168 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and on that basis denies those allegations.

169.    To the extent Paragraph 169 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 169 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and on that basis denies those allegations.

170.    To the extent Paragraph 170 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 170 contains factual allegations requiring a response, KPMG admits that Fannie Mae undertook efforts to implement SFAS 133 prior to the standard's effective date.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and on that basis denies those allegations.

171.    To the extent Paragraph 171 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 171 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 171.

172.    To the extent Paragraph 172 purports to summarize or characterize the contents of a September 14, 1994 memorandum purportedly drafted by Jonathan Boyles, no response is required.  KPMG states that any such memorandum is in writing and speaks for itself.  To the extent Paragraph 172 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and on that basis denies those allegations.

173.    To the extent Paragraph 173 purports to summarize or characterize the contents of a December 4, 1998 memorandum purportedly drafted by Leanne Spender, no response is required.  KPMG states that any such memorandum is in writing and speaks for itself.  To the extent Paragraph 173 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and on that basis denies those allegations.

174.    To the extent Paragraph 174 purports to summarize or characterize a July 21, 2000 email by Mehmood Nathani, no response is required.  KPMG states that any such email is in writing and speaks for itself.  To the extent Paragraph 174 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and on that basis denies those allegations.

175.    To the extent Paragraph 175 asserts legal conclusions or purports to summarize or characterize the contents of the Derivatives Accounting Guideline ("DAG"), no response is

required.  KPMG states that the DAG is in writing and speaks for itself.  To the extent Paragraph 175 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and on that basis denies those allegations.

176.    To the extent Paragraph 176 purports to summarize or characterize the contents of nomination forms prepared by Defendant Leanne Spencer and by Linda Knight, no response is required.  KPMG states that any such nomination forms are in writing and speak for themselves. To the extent Paragraph 176 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and on that basis denies those allegations.

177.    To the extent Paragraph 177 purports to summarize or characterize the DAG, no response is required.  KPMG states that the DAG is in writing and speaks for itself.  To the extent Paragraph 177 contains factual allegations requiring a response, KPMG admits that Fannie Mae drafted the DAG and that certain of KPMG's personnel read and commented on portions of a draft of the DAG.  KPMG denies the remaining allegations in Paragraph 177.

178.    To the extent Paragraph 178 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 178 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and on that basis denies those allegations.

179.    To the extent Paragraph 179 purports to summarize or characterize a March 30, 2001 document titled "SFAS 133 Implementation," no response is required.  KPMG states that

any such document is in writing and speaks for itself. To the extent Paragraph 179 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 179.

180. To the extent Paragraph 180 asserts legal conclusions or purports to summarize or characterize SFAS 138, no response is required. KPMG states that SFAS 138 is in writing and speaks for itself. To the extent Paragraph 180 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 180.

181. To the extent Paragraph 181 purports to summarize or characterize the exposure draft of SFAS 138, no response is required. KPMG states that the exposure draft of SFAS 138 is in writing and speaks for itself. To the extent Paragraph 181 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and on that basis denies those allegations.

182. To the extent Paragraph 182 purports to summarize or characterize the contents of handwritten notes and a March 8, 2000 memorandum by Kimberly Stone, no response is required. KPMG states that any such notes and memorandum are in writing and speak for themselves. To the extent Paragraph 182 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and on that basis denies those allegations.

183. To the extent Paragraph 183 asserts legal conclusions or purports to summarize or characterize SFAS 138 or Kimberly Stone's notes, no response is required. KPMG states that SFAS 138 and Kimberly Stone's notes are in writing and speak for themselves. To the extent Paragraph 183 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 183 and on that basis denies those allegations.

184.    To the extent Paragraph 184 asserts legal conclusions or purports to summarize or characterize statements that Defendant Howard, Defendant Spencer or Jonathan Boyles made to OFHEO, no response is required.  KPMG states that any statements Defendant Howard, Defendant Spencer and Jonathan Boyles made to OFHEO are in writing and speak for themselves.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 184 and on that basis denies those allegations.

185.    To the extent Paragraph 185 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report, the Final OFHEO Report, the SEC Complaint or the Paul Weiss Report, no response is required.  KPMG states that the Interim OFHEO Report, the Final OFHEO Report, the SEC Complaint and the Paul Weiss Report are in writing and speak for themselves.  To the extent Paragraph 185 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 185.

186.    To the extent the allegations in Paragraph 186 are not directed to KPMG, no response is required.  To the extent Paragraph 186 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 186 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 186.

187.    To the extent Paragraph 187 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or the Paul Weiss Report, no response is required.  KPMG states that the Interim OFHEO Report and the Paul Weiss Report are in writing and speak for themselves.  To the extent Paragraph 187 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 187.

188.    To the extent Paragraph 188 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 188 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 188.

189.    To the extent Paragraph 189 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or the Paul Weiss Report, no response is required.  KPMG states that the Interim OFHEO Report and the Paul Weiss Report are in writing and speak for themselves.  To the extent Paragraph 189 contains factual allegations requiring a response, KPMG denies the remaining allegations in Paragraph 189.

190.    To the extent Paragraph 190 asserts legal conclusions or purports to summarize or characterize Implementation Issue E4, no response is required.  KPMG states that Implementation Issue E4 is in writing and speaks for itself.  To the extent Paragraph 190 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 190.

191.    To the extent Paragraph 191 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report or SFAS 133, no response is required.  KPMG states that the Paul Weiss Report and SFAS 133 are in writing and speak for themselves.  To the extent Paragraph 191 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 191.

192.    To the extent Paragraph 192 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 192 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 192.

193.    To the extent Paragraph 193 asserts legal conclusions or purports to summarize or characterize KPMG's workpapers, no response is required.  KPMG states that KPMG's workpapers are in writing and speak for themselves.  To the extent Paragraph 193 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 193.

194.    To the extent Paragraph 194 asserts legal conclusions or purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 194 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 194.

195.    To the extent Paragraph 195 purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 195 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 195.

196.    To the extent Paragraph 196 asserts legal conclusions, no response is required. To the extent Paragraph 196 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 196.

197.    To the extent Paragraph 197 asserts legal conclusions, no response is required. To the extent Paragraph 197 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 197.

198.    To the extent Paragraph 198 asserts legal conclusions or purports to summarize or characterize a March 2004 memorandum authored by Jonathan Boyles, no response is required.  KPMG states that any such memorandum is in writing and speaks for itself.  To the extent Paragraph 198 contains factual allegations requiring a response, KPMG denies those allegations.

199.    To the extent Paragraph 199 purports to summarize or characterize SFAS 133 and accounting literature prior to SFAS 133, no response is required.  KPMG states that SFAS 133 and accounting literature prior to SFAS 133 are in writing and speak for themselves.  To the extent Paragraph 199 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and on that basis denies those allegations.

200.    To the extent Paragraph 200 asserts legal conclusions or purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 200 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 200.

201.    To the extent Paragraph 201 asserts legal conclusions or purports to summarize portions of the DAG, no response is required.  KPMG states that the DAG is in writing and speaks for itself.  To the extent Paragraph 201 contains factual allegations requiring a response, KPMG denies those allegations.

202.    To the extent Paragraph 202 purports to summarize or characterize SFAS 133 or the DAG, no response is required.  KPMG states that SFAS 133 and the DAG are in writing and speak for themselves.  To the extent Paragraph 202 contains factual allegations requiring a response, KPMG denies those allegations.

203.    To the extent Paragraph 203 asserts legal conclusions or purports to summarize or characterize SFAS 133 or the Paul Weiss Report, no response is required.  KPMG states that SFAS 133 and the Paul Weiss Report are in writing and speak for themselves.  To the extent Paragraph 203 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 203.

204.    To the extent the allegations in Paragraph 204 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and on that basis denies those allegations.

205.    To the extent Paragraph 205 asserts legal conclusions or purports to summarize or characterize SFAS 133 or Fannie Mae's November 2005 Form 12b-25, no response is required. KPMG states that SFAS 133 and Fannie Mae's November 2005 Form 12b-25 are in writing and speak for themselves.  To the extent Paragraph 205 contains factual allegations requiring a response, KPMG denies those allegations.

206.    To the extent Paragraph 206 asserts legal conclusions, no response is required. To the extent Paragraph 206 contains factual allegations requiring a response, KPMG denies those allegations.

207.    To the extent the allegations in Paragraph 207 are not directed to KPMG, no response is required.  To the extent Paragraph 207 asserts legal conclusions, no response is required.  To the extent Paragraph 207 contains factual allegations requiring a response, KPMG denies those allegations.

208.    To the extent Paragraph 208 purports to summarize or characterize SFAS 149, no response is required.  KPMG states that SFAS 149 is in writing and speaks for itself.  To the extent Paragraph 208 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and on that basis denies those allegations.

209.    To the extent Paragraph 209 purports to summarize or characterize SFAS 133 or SFAS 149, no response is required.  KPMG states that SFAS 133 and SFAS 149 are in writing and speak for themselves.  To the extent Paragraph 209 contains factual allegations requiring a

response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and on that basis denies those allegations.

210.    To the extent Paragraph 210 purports to summarize or characterize the exposure draft of SFAS 149, no response is required.  KPMG states that the exposure draft of SFAS 149 is in writing and speaks for itself.  To the extent Paragraph 210 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and on that basis denies those allegations.

211.    To the extent  Paragraph 211 purports to summarize or characterize SFAS 133, SFAS 149 or statements made by FASB on October 9, 2002, no response is required.  KPMG states that SFAS 133, SFAS 149 and FASB's statements are in writing and speak for themselves. To the extent Paragraph 211 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and on that basis denies those allegations.

212.    To the extent the allegations in Paragraph 212 are not directed to KPMG, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and on that basis denies those allegations.

213.    To the extent Paragraph 213 asserts legal conclusions, no response is required. To the extent Paragraph 213 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and on that basis denies those allegations.

214.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and on that basis denies those allegations.

215.    To the extent Paragraph 215 purports to summarize or characterize the contents of the Paul Weiss Report or KPMG's workpapers, no response is required.  KPMG states that the Paul Weiss Report and KPMG's workpapers are in writing and speak for themselves.  To the extent Paragraph 215 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and on that basis denies those allegations.

216.    To the extent Paragraph 216 asserts legal conclusions or purports to summarize or characterize the contents of a Fannie Mae October 16, 2003 press release, a Fannie Mae October 29, 2003 press release or SFAS 149, no response is required.  KPMG states that Fannie Mae's press releases and SFAS 149 are in writing and speak for themselves.  To the extent Paragraph 216 contains factual allegations requiring a response, KPMG denies those allegations.

217.    To the extent Paragraph 217 asserts legal conclusions, no response is required. To the extent Paragraph 217 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 217.

218.    To the extent Paragraph 218 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 218 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 218.

219.    To the extent Paragraph 219 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report or SFAS 149, no response is required.  KPMG states that the Paul Weiss Report and SFAS 149 are in writing and speak for themselves.   To the extent Paragraph 219 contains factual allegations requiring a response, KPMG denies those allegations.

220.    To the extent Paragraph 220 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, SFAS 133 or SFAS 149, no response is required.  KPMG states that the Paul Weiss Report, SFAS 133 and SFAS 149 are in writing and speak for themselves.  To the extent Paragraph 220 contains factual allegations requiring a response, KPMG denies those allegations.

221.    To the extent Paragraph 221 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's November 2005 Form 12b-25, no response is required.  KPMG states that the November 2005 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 221 contains factual allegations requiring a response, KPMG denies those allegations.

222.    To the extent Paragraph 222 asserts legal conclusions or purports to summarize or characterize SFAS 149, no response is required.  KPMG states that SFAS 149 is in writing and speaks for itself.  To the extent Paragraph 222 contains factual allegations requiring a response, KPMG denies those allegations.

223.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and on that basis denies those allegations.

224.    Paragraph 224 purports to summarize or characterize SFAS 65 and does not contain factual allegations, therefore, no response is required.  KPMG states that SFAS 65 is in writing and speaks for itself.  To the extent Paragraph 224 contains any factual allegations, KPMG denies those allegations.

225.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and on that basis denies those allegations.

226.    To the extent Paragraph 226 purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 226 contains factual allegations requiring a response, KPMG denies those allegations.

227.    Paragraph 227 purports to summarize or characterize the contents of Fannie Mae's March 15, 2004 Form 10-K and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's March 15, 2004 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 227 contains any factual allegations, KPMG denies those allegations.

228.    To the extent Paragraph 228 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25, no response is required.  KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 228 contains factual allegations requiring a response, KPMG denies those allegations.

229.    To the extent Paragraph 229 asserts legal conclusions, no response is required.  To the extent Paragraph 229 contains factual allegations requiring a response, KPMG denies those allegations.

230.    To the extent Paragraph 230 asserts legal conclusions or purports to summarize or characterize SFAS 115, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 230 contains factual allegations requiring a response, KPMG denies those allegations.

231.     Paragraph 231 purports to summarize or characterize SFAS 115 and does not contain factual allegations, therefore, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 231 contains any factual allegations, KPMG denies those allegations.

232.     To the extent Paragraph 232 asserts legal conclusions or purports to summarize or characterize SFAS 115, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 232 contains factual allegations requiring a response, KPMG denies those allegations.

233.     To the extent Paragraph 233 asserts legal conclusions or purports to summarize or characterize the contents of KPMG's workpapers or SFAS 115, no response is required.  KPMG states that KPMG's workpapers and SFAS 115 are in writing and speak for themselves.  To the extent Paragraph 233 contains factual allegations requiring a response, KPMG denies the remaining allegations in Paragraph 233.

234.     To the extent Paragraph 234 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 234 contains factual allegations requiring a response, KPMG denies those allegations.

235.     To the extent Paragraph 235 purports to summarize or characterize the contents of Fannie Mae's May 11, 2005 Form 12b-25 or Fannie Mae's November 2005 Form 12b-25, no response is required.  KPMG states that Fannie Mae's May 11, 2005 Form 12b-25 and Fannie Mae's November 2005 Form 12b-25 are in writing and speak for themselves.  To the extent Paragraph 235 contains factual allegations requiring a response, KPMG denies those allegations.

236.    To the extent Paragraph 236 purports to summarize or characterize SFAS 115, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 236 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 and on that basis denies those allegations.

237.    To the extent Paragraph 237 asserts legal conclusions, no response is required. KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 237 contains factual allegations requiring a response, KPMG denies those allegations.

238.    To the extent Paragraph 238 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's November 2005 Form 12b-25 or SFAS 115, no response is required.  KPMG states that Fannie Mae's November 2005 Form 12b-25 and SFAS 115 are in writing and speak for themselves.  To the extent Paragraph 238 contains factual allegations requiring a response, KPMG is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 238 and on that basis denies those allegations.

239.    To the extent Paragraph 239 asserts legal conclusions, no response is required. To the extent Paragraph 239 contains factual allegations requiring a response, KPMG denies those allegations.

240.    To the extent Paragraph 240 asserts legal conclusions or purports to summarize or characterize the requirements of GAAP or the Paul Weiss Report, no response is required. KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 240 contains factual allegations requiring a response, KPMG is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and on that basis denies those allegations.

241.    Paragraph 241 purports to summarize or characterize a November 6, 1998 speech given by then-Chief Accountant for the SEC Lynn E. Turner and does not contain factual allegations, therefore, no response is required.  KPMG states that Ms. Turner's November 6, 1998 speech is in writing and speaks for itself.  To the extent Paragraph 241 contains any factual allegations, KPMG denies those allegations.

242.    To the extent Paragraph 242 purports to summarize or characterize the requirements of GAAP, no response is required.  To the extent Paragraph 242 contains factual allegations requiring a response, KPMG denies those allegations.

243.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and on that basis denies those allegations.

244.    To the extent Paragraph 244 purports to summarize or characterize a June 2003 Controller's Office presentation or a white paper drafted by Jonathan Boyles, no response is required.  KPMG states that any such presentation and the white paper are in writing and speak for themselves.  To the extent Paragraph 244 contains factual allegations requiring a response, KPMG denies those allegations.

245.    KPMG admits that Mark Serock was KPMG's engagement partner for the audit of Fannie Mae's financial statements at the end of 2001.  KPMG denies the remaining allegations in Paragraph 245.

246.    To the extent Paragraph 246 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 246 contains factual allegations requiring a

response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and on that basis denies those allegations.

247.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247 and on that basis denies those allegations.

248.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 and on that basis denies those allegations.

249.    To the extent Paragraph 249 asserts legal conclusions, no response is required. To the extent Paragraph 249 contains factual allegations requiring a response, KPMG denies those allegations.

250.    To the extent Paragraph 250 purports to summarize or characterize the contents of the Paul Weiss Report or Defendant Spencer's September 24, 1997 notes, no response is required.  KPMG states that the Paul Weiss Report and Defendant Spencer's September 24, 1997 notes are in writing and speak for themselves.  To the extent Paragraph 250 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 and on that basis denies those allegations.

251.    To the extent the allegations in Paragraph 251 are not directed to KPMG, no response is required.  To the extent Paragraph 251 purports to summarize or characterize the contents of the Paul Weiss Report or Defendant Spencer's September 22, 1998 notes, no response is required.  KPMG states that the Paul Weiss Report and Defendant Spencer's September 22, 1998 notes are in writing and speak for themselves.  To the extent Paragraph 251 contains factual allegations requiring a response, KPMG is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 251 and on that basis denies those allegations.

252.    To the extent the allegations in Paragraph 252 are not directed to KPMG, no response is required.  To the extent Paragraph 252 purports to summarize or characterize the contents of a January 7, 1999 "Earnings Alternative Schedule," no response is required.  KPMG states that the January 7, 1999 "Earnings Alternative Schedule" is in writing and speaks for itself.  To the extent Paragraph 252 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 and on that basis denies those allegations.

253.    To the extent Paragraph 253 purports to summarize or characterize the contents of the Paul Weiss Report or a September 2000 Power Point presentation identifying Defendant Spencer as the presenter, no response is required.  KPMG states that the Paul Weiss Report and the September 2000 Power Point presentation are in writing and speak for themselves.  To the extent Paragraph 253 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 and on that basis denies those allegations.

254.    To the extent Paragraph 254 purports to summarize or characterize the definition of a "dollar-roll repurchase agreement" or Fannie Mae's general ledger accounts, no response is required.  To the extent Paragraph 254 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 254 and on that basis denies those allegations.

255.    Paragraph 255 purports to summarize or characterize applicable accounting literature and does not contain factual allegations, therefore, no response is required.  KPMG

states that the applicable accounting literature is in writing and speaks for itself.  To the extent

Paragraph 255 contains any factual allegations, KPMG denies those allegations.

256.     Paragraph 256 purports to summarize or characterize applicable accounting

literature and does not contain factual allegations, therefore, no response is required.  KPMG

states that the applicable accounting literature is in writing and speaks for itself.  To the extent

Paragraph 256 contains any factual allegations, KPMG denies those allegations.

257.     Paragraph 257 purports to summarize or characterize SFAS 140 and does not

contain factual allegations, therefore, no response is required.  KPMG states that SFAS 140 is in

writing and speaks for itself.  To the extent Paragraph 257 contains any factual allegations,

KPMG denies those allegations.

258.     Paragraph 258 purports to summarize or characterize SFAS 140 and does not

contain factual allegations, therefore, no response is required.  KPMG states that SFAS 140 is in

writing and speaks for itself.  To the extent Paragraph 258 contains any factual allegations,

KPMG denies those allegations.

259.     To the extent Paragraph 259 asserts legal conclusions or purports to summarize or

characterize the contents of SFAS 140, SFAS 125 or Fannie Mae's Financial Accounting Policy

Manuals, no response is required.  KPMG states that SFAS 140, SFAS 125 and Fannie Mae's

Financial Accounting Policy Manuals are in writing and speak for themselves.  To the extent

Paragraph 259 contains factual allegations requiring a response, KPMG is without knowledge or

information sufficient to form a belief as to the allegations in Paragraph 259 and on that basis

denies those allegations.

260.     To the extent Paragraph 260 asserts legal conclusions or purports to summarize or

characterize the requirements of SFAS 140, no response is required.  KPMG states that SFAS

140 is in writing and speaks for itself. To the extent Paragraph 260 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 and on that basis denies those allegations.

261. To the extent Paragraph 261 purports to summarize or characterize the contents of Fannie Mae's May 11, 2004 Portfolio Transactions Policy and Procedures Guideline, no response is required. KPMG states that Fannie Mae's May 11, 2004 Portfolio Transactions Policy and Procedures Guideline is in writing and speaks for itself. To the extent Paragraph 261 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 and on that basis denies those allegations.

262. To the extent Paragraph 262 asserts legal conclusions or purports to summarize or characterize SFAS 140 or GAAP requirements, no response is required. KPMG states that SFAS 140 is in writing and speaks for itself. To the extent Paragraph 262 contains factual allegations requiring a response, KPMG denies those allegations.

263. To the extent Paragraph 263 asserts legal conclusions or purports to summarize or characterize the contents of SFAS 140 or Fannie Mae's March 2006 Form 12b-25, no response is required. KPMG states that SFAS 140 and Fannie Mae's March 2006 Form 12b-25 are in writing and speak for themselves. To the extent Paragraph 263 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 and on that basis denies those allegations.

264. To the extent Paragraph 264 asserts legal conclusions, no response is required. To the extent Paragraph 264 contains factual allegations requiring a response, KPMG denies those allegations.

265.    To the extent Paragraph 265 purports to summarize or characterize the contents of Fannie Mae's November 2005 Form 12b-25, no response is required.  KPMG states that Fannie Mae's November 2005 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 265 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 and on that basis denies those allegations.

266.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 and on that basis denies those allegations.

267.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 and on that basis denies those allegations.

268.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 and on that basis denies those allegations.

269.    To the extent Paragraph 269 purports to summarize or characterize a December 12, 2001 email to Defendant Spencer from Brian Graham, no response is required.  KPMG states that any such email is in writing and speaks for itself.  To the extent Paragraph 269 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 and on that basis denies those allegations.

270.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 and on that basis denies those allegations.

271.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 and on that basis denies those allegations.

272.    To the extent Paragraph 272 asserts legal conclusions or purports to summarize emails dated November 20, 2001 or December 12, 2001, no response is required.  KPMG states that any such emails are in writing and speak for themselves.  To the extent Paragraph 272 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 and on that basis denies those allegations.

273.    To the extent Paragraph 273 asserts legal conclusions, no response is required. To the extent Paragraph 273 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 and on that basis denies those allegations.

274.    Paragraph 274 purports to summarize or characterize SFAS 113 and does not contain factual allegations, therefore, no response is required.  KPMG states that SFAS 113 is in writing and speaks for itself.  To the extent Paragraph 274 contains any factual allegations, KPMG denies those allegations.

275.    To the extent Paragraph 275 purports to summarize or characterize a January 8, 2002 email from Louis Hoyes to Adolfo Marzol, no response is required.  KPMG states that any such email is in writing and speaks for itself.  To the extent Paragraph 275 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275 and on that basis denies those allegations.

276.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 and on that basis denies those allegations.

277.    To the extent Paragraph 277 asserts legal conclusions, no response is required. To the extent Paragraph 277 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 and on that basis denies those allegations.

278.    To the extent Paragraph 278 asserts legal conclusions or purports to summarize or characterize the requirements of GAAP, no response is required.  To the extent Paragraph 278 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 and on that basis denies those allegations.

279.    To the extent Paragraph 279 purports to summarize or characterize FIN 46, no response is required.  KPMG states that FIN 46 is in writing and speaks for itself.  To the extent Paragraph 279 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 and on that basis denies those allegations.

280.    To the extent Paragraph 280 purports to summarize or characterize the testimony of former OFHEO Director Armando Falcon before Congress, no response is required.  KPMG states that Former Director Falcon's testimony is a matter of public record and speaks for itself. To the extent Paragraph 280 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 and on that basis denies those allegations.

281.    To the extent Paragraph 281 asserts legal conclusions or purports to summarize or characterize Fannie Mae's March 2006 Form 12b-25, no response is required.  KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself.  To the extent

Paragraph 281 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 281.

282.    To the extent Paragraph 282 purports to summarize or characterize SFAS 140, FIN 46 or Fannie Mae's May 2006 Form 12b-25, no response is required.  KPMG states that SFAS 140, FIN 46 and Fannie Mae's May 2006 Form 12b-25 are in writing and speak for themselves.  To the extent Paragraph 282 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 and on that basis denies those allegations.

283.    Paragraph 283 purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25 and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 283 contains any factual allegations, KPMG denies those allegations.

284.    To the extent Paragraph 284 purports to summarize or characterize the contents of the Paul Weiss Report, KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 284 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 and on that basis denies those allegations.

285.    To the extent Paragraph 285 purports to summarize or characterize the contents of a May 22, 2003 email by Defendant Spencer to Jane Pennewell, Richard Stawarz and Mary Lewers, KPMG states that the May 22, 2003 email is in writing and speaks for itself.  To the extent Paragraph 285 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 285 and on that basis denies those allegations.

286.    To the extent Paragraph 286 asserts legal conclusions or purports to summarize or characterize an internal analysis prepared by Mona Patel, no response is required.  KPMG states that Mona Patel's internal analysis is in writing and speaks for itself.  To the extent Paragraph 286 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 and on that basis denies those allegations.

287.    To the extent Paragraph 287 asserts legal conclusions, no response is required. To the extent Paragraph 287 contains factual allegations requiring a response, KPMG denies those allegations.

288.    To the extent Paragraph 288 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's November 2005 Form 12b-25, no response is required. KPMG states that Fannie Mae's November 2005 Form 12b-25 is in writing and speaks for itself. To the extent Paragraph 288 contains factual allegations requiring a response, KPMG admits that Fannie Mae has owned certain investments in LIHTC partnerships.  KPMG denies the remaining allegations in Paragraph 288.

289.    To the extent Paragraph 289 asserts legal conclusions or purports to summarize or characterize SOP 78-9 and EITF 94-1, no response is required.  KPMG states that SOP 78-9 and EITF 94-1 are in writing and speak for themselves.  KPMG denies the remaining allegations in Paragraph 289.

290.    Paragraph 290 purports to summarize or characterize SOP 78-9 and does not contain factual allegations, therefore, no response is required.  KPMG states that SOP 78-9 is in

writing and speaks for itself.  To the extent Paragraph 290 contains any factual allegations, KPMG denies those allegations.

291.    To the extent Paragraph 291 asserts legal conclusions or purports to summarize or characterize SOP 78-9, no response is required.  KPMG states that SOP 78-9 is in writing and speaks for itself.  To the extent Paragraph 291 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 and on that basis denies those allegations.

292.    Paragraph 292 purports to summarize or characterize the contents of Fannie Mae's November 2005 Form 12b-25 and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's November 2005 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 292 contains any factual allegations, KPMG denies those allegations.

293.    To the extent Paragraph 293 asserts legal conclusions or purports to summarize or characterize Fannie Mae's November 2005 Form 12b-25, no response is required.  KPMG states that Fannie Mae's November 2005 Form 12b-25 are in writing and speak for themselves.  To the extent Paragraph 293 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 and on that basis denies those allegations.

294.    Paragraph 294 purports to summarize or characterize the contents of the Paul Weiss Report and does not contain factual allegations, therefore, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 294 contains any factual allegations, KPMG denies those allegations.

295.    Paragraph 295 purports to summarize or characterize SFAS 115 and does not contain factual allegations, therefore, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 295 contains any factual allegations, KPMG denies those allegations.

296.    Paragraph 296 purports to summarize or characterize SFAS 115 and does not contain factual allegations, therefore, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 296 contains any factual allegations, KPMG denies those allegations.

297.    Paragraph 297 purports to summarize or characterize SFAS 115 and GAAP requirements and does not contain factual allegations, therefore, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 297 contains any factual allegations, KPMG denies those allegations.

298.    To the extent Paragraph 298 asserts legal conclusions or purports to summarize or characterize SFAS 115, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 298 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 298.

299.    To the extent Paragraph 299 asserts legal conclusions, no response is required. To the extent Paragraph 299 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 and on that basis denies those allegations.

300.    To the extent Paragraph 300 purports to summarize or characterize SFAS 115, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 300 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 300 and on that basis denies those allegations.

301.    To the extent Paragraph 301 purports to summarize or characterize the contents of

the Paul Weiss Report or Fannie Mae's financial statements, no response is required.  KPMG

states that the Paul Weiss Report and Fannie Mae's financial statements are in writing and speak

for themselves.  To the extent Paragraph 301 contains factual allegations requiring a response,

KPMG is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 301 and on that basis denies those allegations.

302.    KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 302 and on that basis denies those allegations.

303.    To the extent Paragraph 303 asserts legal conclusions or purports to summarize or

characterize the contents of SFAS 115 or a July 7, 2003 memorandum from David Benson, no

response is required.  KPMG states that SFAS 115 and any such memorandum are in writing and

speak for themselves.  To the extent Paragraph 303 contains factual allegations requiring a

response, KPMG is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 303 and on that basis denies those allegations.

304.    To the extent Paragraph 304 purports to summarize or characterize the contents of

the Paul Weiss Report or a March 14, 2003 memorandum from Paul Salfi, no response is

required.  KPMG states that the Paul Weiss Report and any such memorandum are in writing and

speak for themselves.  To the extent Paragraph 304 contains factual allegations requiring a

response, KPMG is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 304 and on that basis denies those allegations.

305.    To the extent Paragraph 305 asserts legal conclusions or purports to summarize or characterize the requirements of GAAP or SFAS 115, no response is required.  KPMG states that SFAS 115 is in writing and speaks for itself.  To the extent Paragraph 305 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 305.

306.    Paragraph 306 purports to summarize or characterize the contents of the Paul Weiss Report, therefore, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 306 contains any factual allegations, KPMG denies those allegations.

307.    Paragraph 307 purports to summarize or characterize the contents of the Paul Weiss Report and does not contain factual allegations, therefore, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 307 contains any factual allegations, KPMG denies those allegations.

308.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 and on that basis denies those allegations.

309.    To the extent Paragraph 309 asserts legal conclusions or purports to summarize or characterize GAAP requirements, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 and on that basis denies those allegations.

310.    To the extent Paragraph 310 asserts legal conclusions or purports to summarize or characterize a 1998 document titled "IO/REMIC Package Briefing for Tim Howard," no response is required.  KPMG states that the 1998 IO/REMIC document is in writing and speaks for itself.  To the extent Paragraph 310 contains factual allegations requiring a response, KPMG

is without knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 310 and on that basis denies those allegations.

311.    KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 311 and on that basis denies those allegations.

312.    To the extent Paragraph 312 asserts legal conclusions or purports to summarize or

characterize the contents of a January 28, 2002 email from Defendant Spencer to Defendant

Howard, no response is required.  KPMG states that any such email is in writing and speaks for

itself.  To the extent Paragraph 312 contains factual allegations requiring a response, KPMG

denies those allegations.

313.    To the extent Paragraph 313 asserts legal conclusions, no response is required.

To the extent Paragraph 313 contains factual allegations requiring a response, KPMG denies

those allegations.

314.    To the extent Paragraph 314 asserts legal conclusions or purports to summarize or

characterize the requirements of Accounting Principles Board ("APB") Opinion No. 21, no

response is required.  KPMG states that APB Opinion No. 21 is in writing and speaks for itself.

To the extent Paragraph 314 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 314 and on that basis denies those allegations.

315.    To the extent Paragraph 315 purports to summarize or characterize the

requirements of APB Opinion No. 21, no response is required.  KPMG states that APB Opinion

No. 21 is in writing and speaks for itself.  To the extent Paragraph 315 contains factual

allegations requiring a response, KPMG admits that Fannie Mae issued both callable debt and

noncallable debt as part of its business activities.  KPMG is without knowledge or information

sufficient to form a belief as to the remaining allegations in Paragraph 315 and on that basis denies those allegations.

316.    Paragraph 316 purports to summarize or characterize the requirements of APB Opinion No. 21 and does not contain factual allegations, therefore, no response is required.  To the extent Paragraph 316 contains any factual allegations, KPMG denies those allegations.

317.    To the extent Paragraph 317 asserts legal conclusions, no response is required. To the extent Paragraph 317 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 and on that basis denies those allegations.

318.    To the extent Paragraph 318 purports to summarize or characterize the contents of the Paul Weiss Report or Fannie Mae's financial statements, no response is required.  KPMG states that the Paul Weiss Report and Fannie Mae's financial statements are in writing and speak for themselves.  To the extent Paragraph 318 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318 and on that basis denies those allegations.

319.    To the extent Paragraph 319 asserts legal conclusions, no response is required. To the extent Paragraph 319 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 319.

320.    To the extent Paragraph 320 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's financial statements, no response is required.  KPMG states that Fannie Mae's financial statements are in writing and speak for themselves.  To the extent Paragraph 320 contains factual allegations requiring a response, KPMG denies those allegations.

321.    To the extent Paragraph 321 purports to summarize or characterize the contents of the Interim OFHEO Report, the Final OFHEO Report, the Paul Weiss Report or APB 20, no response is required.  KPMG states that the Interim OFHEO Report, the Final OFHEO Report, the Paul Weiss Report and APB 20 are in writing and speak for themselves.  To the extent Paragraph 321 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 and on that basis denies those allegations.

322.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 and on that basis denies those allegations.

323.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 and on that basis denies those allegations.

324.    Paragraph 324 purports to summarize or characterize APB 20 and does not contain factual allegations, therefore, no response is required.  KPMG states that APB 20 is in writing and speaks for itself.  To the extent Paragraph 324 contains any factual allegations, KPMG denies those allegations.

325.    To the extent Paragraph 325 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 325 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325 and on that basis denies those allegations.

326.    To the extent Paragraph 326 asserts legal conclusions or purports to summarize or characterize the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss

Report is in writing and speaks for itself.  To the extent Paragraph 326 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326 and on that basis denies those allegations.

327.    To the extent Paragraph 327 asserts legal conclusions or purports to summarize or characterize the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 327 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327 and on that basis denies those allegations.

328.    To the extent Paragraph 328 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 328 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328 and on that basis denies those allegations.

329.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 and on that basis denies those allegations.

330.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 and on that basis denies those allegations.

331.    To the extent Paragraph 331 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 331 contains factual allegations requiring a

response, KPMG is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 331 and on that basis denies those allegations.

332.    To the extent Paragraph 332 purports to summarize or characterize the contents of

the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in

writing and speaks for itself.  To the extent Paragraph 332 contains factual allegations requiring a

response, KPMG is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 332 and on that basis denies those allegations.

333.    To the extent Paragraph 333 asserts legal conclusions, no response is required.

To the extent Paragraph 333 contains factual allegations requiring a response, KPMG denies the

allegations in Paragraph 333.

334.    To the extent Paragraph 334 asserts legal conclusions or purports to summarize or

characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that

the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 334 contains

factual allegations requiring a response, KPMG is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 334 and on that basis denies those

allegations.

335.    KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 335 and on that basis denies those allegations.

336.    KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 336 and on that basis denies those allegations.

337.    KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 337 and on that basis denies those allegations.

338.    To the extent Paragraph 338 purports to summarize or characterize SFAS 91, no response is required.  KPMG states that SFAS 91 is in writing and speaks for itself.  To the extent Paragraph 338 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338 and on that basis denies those allegations.

339.    To the extent Paragraph 339 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25 or SFAS 144, no response is required.  KPMG states that Fannie Mae's March 2006 Form 12b-25 and SFAS 144 are in writing and speak for themselves.  To the extent Paragraph 339 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339 and on that basis denies those allegations.

340.    To the extent Paragraph 340 asserts legal conclusions, no response is required. To the extent Paragraph 340 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340 and on that basis denies those allegations.

341.    To the extent Paragraph 341 asserts legal conclusions or purports to summarize or characterize REO rules or the requirements of GAAP, no response is required.  KPMG states that REO rules are in writing and speak for themselves.  To the extent Paragraph 341 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341 and on that basis denies those allegations.

342.    To the extent Paragraph 342 asserts legal conclusions or purports to summarize or characterize REO rules or the requirements of GAAP, no response is required.  KPMG states that

REO rules are in writing and speak for themselves.  To the extent Paragraph 342 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342 and on that basis denies those allegations.

343.     To the extent Paragraph 343 purports to summarize or characterize the requirements of GAAP, no response is required.  To the extent Paragraph 343 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343 and on that basis denies those allegations.

344.     To the extent Paragraph 344 purports to summarize or characterize the requirements of GAAP, no response is required.  To the extent Paragraph 344 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344 and on that basis denies those allegations.

345.     To the extent Paragraph 345 purports to summarize or characterize the requirements of GAAP, no response is required.  To the extent Paragraph 345 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345 and on that basis denies those allegations.

346.     To the extent Paragraph 346 purports to summarize or characterize the requirements of GAAP, no response is required.  To the extent Paragraph 346 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 346 and on that basis denies those allegations.

347.     To the extent Paragraph 347 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 347 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347 and on that basis denies those allegations.

348.     To the extent Paragraph 348 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 348 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348 and on that basis denies those allegations.

349.     To the extent Paragraph 349 asserts legal conclusions or purports to summarize or characterize the requirements of GAAP, no response is required.  To the extent Paragraph 349 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349 and on that basis denies those allegations.

350.     To the extent Paragraph 350 purports to summarize or characterize the requirements of GAAP, no response is required.  To the extent Paragraph 350 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350 and on that basis denies those allegations.

351.    To the extent Paragraph 351 purports to summarize or characterize SFAS 144, no response is required.  KPMG states that SFAS 144 is in writing and speaks for itself.  To the extent Paragraph 351 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351 and on that basis denies those allegations.

352.    To the extent Paragraph 352 purports to summarize or characterize SFAS 66, no response is required.  KPMG states that SFAS 66 is in writing and speaks for itself.  To the extent Paragraph 352 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352 and on that basis denies those allegations.

353.    To the extent Paragraph 353 asserts legal conclusions or purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 353 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353 and on that basis denies those allegations.

354.    To the extent Paragraph 354 purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 354 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354 and on that basis denies those allegations.

355.     To the extent Paragraph 355 purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25, no response is required.  KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 355 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 355.

356.     Paragraph 356 purports to summarize or characterize SFAS 15, SFAS 114 and GAAP requirements and does not contain factual allegations, therefore, no response is required. KPMG states that SFAS 15 and SFAS 114 are in writing and speak for themselves.  To the extent Paragraph 356 contains any factual allegations, KPMG denies those allegations.

357.     To the extent Paragraph 357 purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25, no response is required.  KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 357 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357 and on that basis denies those allegations.

358.     To the extent Paragraph 358 asserts legal conclusions or purports to summarize or characterize the requirements of GAAP, no response is required.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358 and on that basis denies those allegations.

359.     Paragraph 359 purports to summarize or characterize the contents of Fannie Mae's 2002 Form 10-K and 2003 Form 10-K and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K and 2003 Form 10-K are in writing and speak for themselves.  To the extent Paragraph 359 contains any factual allegations, KPMG denies those allegations.

360.    To the extent Paragraph 360 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25, no response is required. KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself. To the extent Paragraph 360 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360 and on that basis denies those allegations.

361.    To the extent Paragraph 361 purports to summarize or characterize the contents of Fannie Mae's financial statements, no response is required. KPMG states that Fannie Mae's financial statements are in writing and speak for themselves. To the extent Paragraph 361 contains factual allegations requiring a response, KPMG denies those allegations.

362.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 and on that basis denies those allegations.

363.    To the extent Paragraph 363 purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25, no response is required. KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself. To the extent Paragraph 363 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 and on that basis denies those allegations.

364.    To the extent Paragraph 364 purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25, no response is required. KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself. To the extent Paragraph 364 contains factual allegations requiring a response, KPMG is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 364 and on that basis denies those allegations.

365.    To the extent Paragraph 365 purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25, no response is required.  KPMG states that Fannie Mae's March 2006 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 365 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 and on that basis denies those allegations.

366.    To the extent Paragraph 366 purports to summarize or characterize the contents of the Final OFHEO Report or GAAP requirements, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 366 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 and on that basis denies those allegations.

367.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367 and on that basis denies those allegations.

368.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 and on that basis denies those allegations.

369.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369 and on that basis denies those allegations.

370.    Paragraph 370 purports to summarize or characterize SFAS 144 and does not contain factual allegations, therefore, no response is required.  KPMG states that SFAS 144 is in

writing and speaks for itself.  To the extent Paragraph 370 contains any factual allegations, KPMG denies those allegations.

371.     To the extent Paragraph 371 purports to summarize or characterize SFAS 144, no response is required.  KPMG states that SFAS 144 is in writing and speaks for itself.  To the extent Paragraph 371 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371 and on that basis denies those allegations.

372.     To the extent Paragraph 372 purports to summarize or characterize Thomas Lawler's June 24, 2004 interview with OFHEO or Goldman Sachs' November 19, 2001 slides, no response is required.  KPMG states that Thomas Lawler's June 24, 2004 interview and Goldman Sachs' November 19, 2001 slides are in writing and speak for themselves.  To the extent Paragraph 372 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 and on that basis denies those allegations.

373.     To the extent Paragraph 373 purports to summarize or characterize an undated "Summary of Potential December REMIC Transactions," no response is required.  KPMG states that the undated "Summary" is in writing and speaks for itself.  To the extent Paragraph 373 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373 and on that basis denies those allegations.

374.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 and on that basis denies those allegations.

375.    To the extent Paragraph 375 purports to summarize or characterize a December 19, 2001 email from Ramon DeCastro to Defendant Howard or a December 20, 2001 email from Defendant Howard to Peter Niculescu and Jayne Shontell, no response is required.  KPMG states that any such emails are in writing and speak for themselves.  To the extent Paragraph 375 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 and on that basis denies those allegations.

376.    To the extent Paragraph 376 asserts legal conclusions or purports to summarize or characterize SFAS 91, no response is required.  KPMG states that SFAS 91 is in writing and speaks for itself.  To the extent Paragraph 376 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376 and on that basis denies those allegations.

377.    To the extent Paragraph 377 asserts legal conclusions or purports to summarize or characterize SFAS 140 or the Final OFHEO Report, no response is required.  KPMG states that SFAS 140 and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 377 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377 and on that basis denies those allegations.

378.    To the extent Paragraph 378 asserts legal conclusions or purports to summarize or characterize SFAS 140 or the contents of the Final OFHEO Report, no response is required.  KPMG states that SFAS 140 and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 378 contains factual allegations requiring a response,

KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378 and on that basis denies those allegations.

379.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379 and on that basis denies those allegations.

380.    To the extent Paragraph 380 purports to summarize or characterize SFAS 5, no response is required.  KPMG states that SFAS 5 is in writing and speaks for itself.  To the extent Paragraph 380 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380 and on that basis denies those allegations.

381.    To the extent Paragraph 381 purports to summarize or characterize SFAS 109, no response is required.  KPMG states that SFAS 109 is in writing and speaks for itself.  To the extent Paragraph 381 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381 and on that basis denies those allegations.

382.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 382 and on that basis denies those allegations.

383.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383 and on that basis denies those allegations.

384.    To the extent Paragraph 384 purports to summarize or characterize the contents of the Paul Weiss Report or a 1996 memorandum from Defendant Spencer to Defendant Howard, no response is required.  KPMG states that the Paul Weiss Report and any such memorandum are in writing and speak for themselves.  To the extent Paragraph 384 contains factual allegations

requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384 and on that basis denies those allegations.

385.    To the extent Paragraph 385 purports to summarize or characterize a September 28, 1998 memorandum from Hal Gann to Defendant Howard, no response is required.  KPMG states that any such memorandum is in writing and speaks for itself.  To the extent Paragraph 385 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385 and on that basis denies those allegations.

386.    To the extent Paragraph 386 purports to summarize or characterize APB 20 or an October 14, 2002 spreadsheet, no response is required.  KPMG states that APB 20 and the October 14, 2002 spreadsheet are in writing and speak for themselves.  To the extent Paragraph 386 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386 and on that basis denies those allegations.

387.    To the extent Paragraph 387 asserts legal conclusions or purports to summarize or characterize the contents of a February 2004 KPMG workpaper or the Paul Weiss Report, no response is required.  KPMG states any such KPMG workpaper and the Paul Weiss Report are in writing and speak for themselves.  To the extent Paragraph 387 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 387 and on that basis denies those allegations.

388.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 388 and on that basis denies those allegations.

389.    To the extent Paragraph 389 purports to summarize or characterize the contents of the Paul Weiss Report or GAAP requirements, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 389 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 389 and on that basis denies those allegations.

390.    To the extent Paragraph 390 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 390 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 390 and on that basis denies those allegations.

391.    To the extent Paragraph 391 purports to summarize or characterize the contents of a December 18, 2001 email from Brian Graham, no response is required.  KPMG states that any such email is in writing and speaks for itself.  To the extent Paragraph 391 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 391 and on that basis denies those allegations.

392.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392 and on that basis denies those allegations.

393.    To the extent Paragraph 393 purports to summarize or characterize the contents of the Paul Weiss Report or a December 31, 2002 email from Defendant Howard, no response is required.  KPMG states that the Paul Weiss Report and any such email are in writing and speak for themselves.  To the extent Paragraph 393 contains factual allegations requiring a response,

KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 393 and on that basis denies those allegations.

394.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 394 and on that basis denies those allegations.

395.     To the extent Paragraph 395 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 395 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 395 and on that basis denies those allegations.

396.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 396 and on that basis denies those allegations.

397.     To the extent Paragraph 397 purports to summarize or characterize the contents of Fannie Mae's published financial statements, no response is required.  KPMG states that Fannie Mae's published financial statements are in writing and speak for themselves.  To the extent Paragraph 397 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 397 and on that basis denies those allegations.

398.     To the extent Paragraph 398 purports to summarize or characterize the contents of the Final OFHEO Report or a September 24, 2003 email from Defendant Howard, no response is required.  KPMG states that the Final OFHEO Report and any such email are in writing and speak for themselves.  To the extent Paragraph 398 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 398 and on that basis denies those allegations.

399.    To the extent Paragraph 399 purports to summarize or characterize the contents of a September 5, 2001 email from Defendant Howard, no response is required.  KPMG states that any such email is in writing and speaks for itself.  To the extent Paragraph 399 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 399 and on that basis denies those allegations.

400.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 400 and on that basis denies those allegations.

401.    To the extent Paragraph 401 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 401 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 401 and on that basis denies those allegations.

402.    To the extent Paragraph 402 purports to summarize or characterize the contents of Roger Barnes's testimony before the United States House of Representatives in October 2004, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 402 contains factual allegations requiring a response, KPMG admits that Roger Barnes was formerly an employee in Fannie Mae's Controller's Office. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 402 and on that basis denies those allegations.

403.    To the extent Paragraph 403 purports to summarize or characterize the contents of written testimony of Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the

extent Paragraph 403 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 403 and on that basis denies those allegations.

404.     To the extent Paragraph 404 purports to summarize or characterize the contents of written testimony of Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 404 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404 and on that basis denies those allegations.

405.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 405 and on that basis denies those allegations.

406.     To the extent Paragraph 406 purports to summarize or characterize the contents of written testimony of Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 406 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 406 and on that basis denies those allegations.

407.     To the extent Paragraph 407 purports to summarize or characterize the contents of written testimony of Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 407 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407 and on that basis denies those allegations.

408.    To the extent Paragraph 408 purports to summarize or characterize the contents of written testimony of Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 408 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 408 and on that basis denies those allegations.

409.    To the extent Paragraph 409 purports to summarize or characterize the contents of the Final OFHEO Report, written testimony provided by Roger Barnes to the United States House of Representatives or a memorandum drafted by Mr. Barnes, no response is required.  KPMG states that the Final OFHEO Report, Mr. Barnes's testimony and the memorandum drafted by Mr. Barnes are in writing and speak for themselves.  To the extent Paragraph 409 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 409 and on that basis denies those allegations.

410.    To the extent Paragraph 410 purports to summarize or characterize the contents of written testimony of Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 410 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 410 and on that basis denies those allegations.

411.    To the extent Paragraph 411 purports to summarize or characterize the contents of written testimony provided by Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for

itself.  To the extent Paragraph 411 contains factual allegations requiring a response, KPMG admits that Fannie Mae held a meeting on August 4, 2003 to discuss Mr. Barnes's alleged concerns.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 411 and on that basis denies those allegations.

412.     To the extent Paragraph 412 purports to summarize or characterize the contents of Mr. Barnes's memorandum to Defendant Spencer, no response is required.  KPMG states that any such memorandum is in writing and speaks for itself.  To the extent Paragraph 412 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 412 and on that basis denies those allegations.

413.     To the extent Paragraph 413 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 413 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 413 and on that basis denies those allegations.

414.     KPMG admits that Sampath Rajappa discussed with Mark Serock what he asserted were Mr. Barnes's allegations.  KPMG denies the allegations in Paragraph 414 as to KPMG.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 414 and on that basis denies those allegations.

415.     To the extent Paragraph 415 purports to summarize or characterize the contents of written testimony provided by Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 415 contains factual allegations requiring a response, KPMG is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 415 and on that basis denies those allegations.

416.    KPMG states that Paragraph 416 purports to summarize or characterize the contents of the Paul Weiss Report.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 416 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 416 and on that basis denies those allegations.

417.    To the extent Paragraph 417 purports to summarize or characterize the contents of written testimony provided by Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 416 contains factual allegations requiring a response, KPMG admits that a meeting was held on August 8, 2003 at Fannie Mae to discuss Mr. Barnes's allegations and that Mark Serock and Michael Tascher from KPMG were present for some part of the meeting.  KPMG denies the remaining allegations in Paragraph 417.

418.    To the extent the allegations in Paragraph 418 are not directed to KPMG, no response is required.  To the extent Paragraph 418 purports to summarize or characterize the contents of written testimony provided by Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 418 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 418 and on that basis denies those allegations.

419.    To the extent Paragraph 419 purports to summarize or characterize the contents of Fannie Mae's August 14, 2003 Form 10-Q for the second quarter of 2003, no response is

required.  KPMG states that Fannie Mae's August 14, 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 419 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 419 and on that basis denies those allegations.

420.    To the extent Paragraph 420 asserts legal conclusions, no response is required. To the extent Paragraph 420 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 420.

421.    To the extent Paragraph 421 asserts legal conclusions or purports to summarize or characterize the contents of written testimony provided by Roger Barnes to the United States House of Representatives, no response is required.  KPMG states that Mr. Barnes's testimony is in writing and speaks for itself.  To the extent Paragraph 421 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 421 and on that basis denies those allegations.

422.    KPMG denies the allegations in Paragraph 422 as to KPMG.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 422 and on that basis denies those allegations.

423.    To the extent Paragraph 423 purports to summarize or characterize the contents of a September 9, 2003 email from Michelle Skinner to Defendant Daniel Mudd, no response is required.  KPMG states that any such email is in writing and speaks for itself.  To the extent Paragraph 423 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 423 and on that basis denies those allegations.

424.    To the extent Paragraph 424 purports to summarize or characterize the contents of the Final OFHEO Report or Mr. Rajappa's analysis, no response is required.  KPMG states that the Final OFHEO Report and Mr. Rajappa's analysis are in writing and speak for themselves. To the extent Paragraph 424 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 424 and on that basis denies those allegations.

425.    To the extent Paragraph 425 purports to summarize or characterize the contents of draft responses prepared by Ann Kappler for Defendant Daniel Mudd or a September 26, 2003 email from Defendant Mudd, no response is required.  KPMG states that Ms. Kappler's draft responses and any such email are in writing and speak for themselves.  To the extent Paragraph 425 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425 and on that basis denies those allegations.

426.    To the extent Paragraph 426 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report or Fannie Mae's Code of Business Conduct, no response is required.  KPMG states that the Final OFHEO Report and Fannie Mae's Code of Business Conduct are in writing and speak for themselves.  To the extent Paragraph 426 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 426 and on that basis denies those allegations.

427.    To the extent Paragraph 427 purports to summarize or characterize OFHEO's guidelines relating to internal controls, no response is required.  KPMG states that OFHEO's guidelines relating to internal controls are in writing and speak for themselves.  To the extent

Paragraph 427 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 427 and on that basis denies those allegations.

428.     To the extent Paragraph 428 purports to summarize or characterize SFAS 91, SFAS 133 or the contents of the Interim OFHEO Report, no response is required.  KPMG states that SFAS 91, SFAS 133 and the Interim OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 428 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 428 and on that basis denies those allegations.

429.     To the extent Paragraph 429 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 429 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 429 and on that basis denies those allegations.

430.     To the extent Paragraph 430 purports to summarize or characterize the contents of the Interim OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 430 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 430.

431.     To the extent Paragraph 431 purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 431 contains factual allegations requiring a response,

KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 431 and on that basis denies those allegations.

432.    To the extent Paragraph 432 purports to summarize or characterize the contents of the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 432 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 432 and on that basis denies those allegations.

433.    To the extent Paragraph 433 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 433 contains factual allegations requiring a response, KPMG admits that Defendant Spencer served as Controller of Fannie Mae from 1999 through early 2005, that Defendant Spencer is not a Certified Public Accountant and that the Controller's Office was separated into various functions.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 433 and on that basis denies those allegations.

434.    KPMG admits that Fannie Mae's Controller's Office was involved in the implementation of SFAS 133 and SFAS 149.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 434 and on that basis denies those allegations.

435.    To the extent Paragraph 435 asserts legal conclusions, no response is required. To the extent Paragraph 435 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 435 and on that basis denies those allegations.

436.    Paragraph 436 purports to summarize or characterize the requirements of the Sarbanes-Oxley Act and the contents of the Paul Weiss Report and does not contain factual allegations, therefore, no response is required.  KPMG states that the Sarbanes-Oxley Act and the Paul Weiss Report are in writing and speak for themselves.  To the extent Paragraph 436 contains any factual allegations, KPMG denies those allegations.

437.    To the extent Paragraph 437 asserts legal conclusions, no response is required. To the extent Paragraph 437 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 437 and on that basis denies those allegations.

438.    To the extent Paragraph 438 asserts legal conclusions, no response is required. To the extent Paragraph 438 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 438 and on that basis denies those allegations.

439.    To the extent Paragraph 439 purports to summarize or characterize the contents of Fannie Mae's Internal Audit Department Charter, no response is required.  KPMG states that the Internal Audit Department Charter is in writing and speaks for itself.  To the extent Paragraph 439 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 439 and on that basis denies those allegations.

440.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 440 and on that basis denies those allegations.

441.    To the extent Paragraph 441 purports to summarize or characterize the contents of the Paul Weiss Report or a March 3, 2004 email from Defendant Howard to Defendant Spencer, no response is required.  KPMG states that the Paul Weiss Report and any such email are in writing and speak for themselves.  To the extent Paragraph 441 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 441 and on that basis denies those allegations.

442.    To the extent Paragraph 442 purports to summarize or characterize the contents of a February 16, 2003 speech given by Sampath Rajappa, no response is required.  KPMG states that Mr. Rajappa's speech speaks for itself.  To the extent Paragraph 442 contains factual allegations requiring a response, KPMG admits that bonus compensation for certain individuals at Fannie Mae was related to certain earnings measures.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 442 and on that basis denies those allegations.

443.    KPMG admits that Fannie Mae became an SEC registrant and became subject to the Sarbanes-Oxley Act during Mr. Rajappa's tenure in Fannie Mae's Internal Audit Department. KPMG is without knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 443 and on that basis denies those allegations.

444.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 444 and on that basis denies those allegations.

445.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 445 and on that basis denies those allegations.

446.    To the extent Paragraph 446 purports to summarize or characterize the contents of a March 24, 2003 email from Sampath Rajappa to Defendant Howard, no response is required.

KPMG states that any such email is in writing and speaks for itself.  To the extent Paragraph 446 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 446 and on that basis denies those allegations.

447.     To the extent Paragraph 447 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 447 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 447 and on that basis denies those allegations.

448.     To the extent Paragraph 448 purports to summarize or characterize the contents of the Final OFHEO Report or an August 13, 2004 email from Jill Blickstein to Rebecca Senhauser and Emmanuel Bailey, no response is required.  KPMG states that the Final OFHEO Report and any such email are in writing and speak for themselves.  To the extent Paragraph 448 contains factual allegations requiring a response, KPMG admits that Defendant Howard was Fannie Mae's CFO and Chief Risk Officer in 2004.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 448 and on that basis denies those allegations.

449.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 449 and on that basis denies those allegations.

450.     To the extent Paragraph 450 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 450 contains factual allegations

requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 450 and on that basis denies those allegations.

451.    To the extent Paragraph 451 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 451 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 451 and on that basis denies those allegations.

452.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 452 and on that basis denies those allegations.

453.    To the extent Paragraph 453 asserts legal conclusions, no response is required. To the extent Paragraph 453 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 453 and on that basis denies those allegations.

454.    To the extent Paragraph 454 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 454 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 454 and on that basis denies those allegations.

455.    To the extent Paragraph 455 purports to summarize or characterize the content of KPMG's audit opinions or the requirements of GAAS, including AU §§ 319, 312 and 722, no response is required.  KPMG states its audit opinions and AU §§ 319, 312 and 722 are in writing

and speak for themselves.  To the extent Paragraph 455 contains factual allegations requiring a response, KPMG denies those allegations.

456.    To the extent Paragraph 456 asserts legal conclusions or purports to summarize or characterize the requirements of GAAS, no response is required.  To the extent Paragraph 456 contains factual allegations requiring a response, KPMG admits that it served as Fannie Mae's independent auditor from 1969 until December 21, 2004.  KPMG denies the remaining allegations in Paragraph 456.

457.    To the extent Paragraph 457 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's Audit Committee Charter, no response is required. KPMG states that the Audit Committee Charter is in writing and speaks for itself.  To the extent Paragraph 457 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 457 and on that basis denies those allegations.

458.    To the extent Paragraph 458 asserts legal conclusions, no response is required. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 458 and on that basis denies those allegations.

459.    To the extent Paragraph 459 purports to summarize or characterize the contents of the Paul Weiss Report, the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Paul Weiss Report, the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 459 and on that basis denies those allegations.

460.    To the extent Paragraph 460 purports to summarize or characterize the testimony of Former OFHEO Director Armando Falcon before the House Subcommittee on Capital Markets, Insurance, and Government Sponsored Enterprises on April 6, 2005, no response is required.  KPMG states that a transcript of Former Director Falcon's testimony is in writing and speaks for itself.  To the extent Paragraph 460 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 460 and on that basis denies those allegations.

461.    To the extent Paragraph 461 purports to summarize or characterize the testimony of Former OFHEO Director Armando Falcon before the House Subcommittee on Capital Markets, Insurance, and Government Sponsored Enterprises on April 6, 2005, no response is required.  KPMG states that a transcript of Former Director Falcon's testimony is in writing and speaks for itself.  To the extent Paragraph 461 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 461 and on that basis denies those allegations.

462.    To the extent Paragraph 462 purports to summarize or characterize the testimony of Former OFHEO Director Armando Falcon before the House Subcommittee on Capital Markets, Insurance, and Government Sponsored Enterprises on April 6, 2005, no response is required.  KPMG states that a transcript of Former Director Falcon's testimony is in writing and speaks for itself.  To the extent Paragraph 462 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 462 and on that basis denies those allegations.

463.    To the extent Paragraph 463 purports to summarize or characterize a March 7, 2005 Supplemental Agreement between OFHEO and Fannie Mae, no response is required.

KPMG states that the March 7, 2005 Supplemental Agreement between OFHEO and Fannie Mae is in writing and speaks for itself.  To the extent Paragraph 463 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 463 and on that basis denies those allegations.

463.    To the extent Paragraph 464 asserts legal conclusions, no response is required. To the extent Paragraph 464 contains factual allegations requiring a response, KPMG denies those allegations.

465.    To the extent Paragraph 465 asserts legal conclusions or purports to summarize or characterize the contents of a December 15, 2000 speech given by Defendant Raines, no response is required.  KPMG states that Defendant Raines's December 15, 2000 speech is in writing and speaks for itself.  To the extent Paragraph 465 contains factual allegations requiring a response.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 465 and on that basis denies those allegations.

466.    To the extent Paragraph 466 asserts legal conclusions, no response is required. To the extent Paragraph 466 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 466 and on that basis denies those allegations.

467.    To the extent Paragraph 467 purports to summarize or characterize the contents of Fannie Mae's 2000 Annual Report, no response is required.  KPMG states that Fannie Mae's 2000 Annual Report is in writing and speaks for itself.  To the extent Paragraph 467 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 467 and on that basis denies those allegations.

468.     Paragraph 468 purports to summarize or characterize the contents of Fannie Mae's 2000 Annual Report and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2000 Annual Report is in writing and speaks for itself.  To the extent Paragraph 468 contains any factual allegations, KPMG denies those allegations.

469.     To the extent Paragraph 469 purports to summarize or characterize the contents of KPMG's Independent Auditors' Report for the year 2000 or Fannie Mae's 2000 Annual Report, no response is required.  KPMG states that its Independent Auditors' Report for the year 2000 and Fannie Mae's 2000 Annual Report are in writing and speak for themselves.  To the extent Paragraph 469 contains factual allegations requiring a response, KPMG denies those allegations.

470.     To the extent Paragraph 470 purports to summarize or characterize the contents of a letter from Defendants Howard and Spencer in Fannie Mae's 2000 Annual Report, no response is required.  KPMG states that any such letter is in writing and speaks for itself.  To the extent Paragraph 470 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 470 and on that basis denies those allegations.

471.     To the extent Paragraph 471 purports to summarize or characterize the contents of Fannie Mae's 2000 Annual Report, no response is required.  KPMG states that Fannie Mae's 2000 Annual Report is in writing and speaks for itself.  To the extent Paragraph 471 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 471 and on that basis denies those allegations.

472.     To the extent Paragraph 472 asserts legal conclusions or purports to summarize or characterize the contents of an April 17, 2001 press release by Fannie Mae, no response is

required.  KPMG states that the April 17, 2001 press release is in writing and speaks for itself.

To the extent Paragraph 472 contains factual allegations requiring a response, KPMG denies

those allegations.

473.    Paragraph 473 purports to summarize or characterize the contents of Fannie

Mae's April 17, 2001 press release and does not contain factual allegations, therefore, no

response is required.  KPMG states that Fannie Mae's April 17, 2001 press release is in writing

and speaks for itself.

474.    To the extent Paragraph 474 asserts legal conclusions, no response is required.

To the extent Paragraph 474 contains factual allegations directed to KPMG, KPMG denies them.

KPMG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 474 and on that basis denies those allegations.

475.    To the extent Paragraph 475 asserts legal conclusions, no response is required.

To the extent Paragraph 475 contains factual allegations directed to KPMG, KPMG denies them.

KPMG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 475 and on that basis denies those allegations.

476.    To the extent Paragraph 476 purports to summarize or characterize the contents of

Fannie Mae's 2001 Proxy Statement, no response is required.  KPMG states that Fannie Mae's

2001 Proxy Statement is in writing and speaks for itself.  To the extent Paragraph 476 contains

factual allegations requiring a response, KPMG is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 476 and on that basis denies those

allegations.

477.    Paragraph 477 purports to summarize or characterize the contents of Fannie

Mae's 2001 Proxy Statement, dated April 2, 2001, and does not contain factual allegations,

therefore, no response is required.  KPMG states that Fannie Mae's 2001 Proxy Statement is in writing and speaks for itself.  To the extent Paragraph 477 contains any factual allegations, KPMG denies those allegations.

478.    Paragraph 478 purports to summarize or characterize the contents of Fannie Mae's 2001 Proxy Statement, dated April 2, 2001, and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2001 Proxy Statement is in writing and speaks for itself.  To the extent Paragraph 478 contains any factual allegations, KPMG denies those allegations.

479.    To the extent Paragraph 479 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's 2001 Proxy Statement, dated April 2, 2001, no response is required.  KPMG states that Fannie Mae's 2001 Proxy Statement is in writing and speaks for itself.  To the extent Paragraph 479 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 479 and on that basis denies those allegations.

480.    To the extent Paragraph 480 asserts legal conclusions or purports to summarize or characterize the contents of a July 17, 2001 press release by Fannie Mae, no response is required. KPMG states that the July 17, 2001 press release is in writing and speaks for itself.  To the extent Paragraph 480 contains factual allegations requiring a response, KPMG denies those allegations.

481.    Paragraph 481 purports to summarize or characterize the contents of Fannie Mae's July 17, 2001 press release and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's July 17, 2001 press release is in writing and speaks

for itself.  To the extent Paragraph 481 contains any factual allegations, KPMG denies those allegations.

482.    Paragraph 482 purports to summarize or characterize the contents of Fannie Mae's July 17, 2001 press release and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's July 17, 2001 press release is in writing and speaks for itself.  To the extent Paragraph 482 contains any factual allegations, KPMG denies those allegations.

483.    To the extent Paragraph 483 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's July 17, 2001 press release, no response is required. KPMG states that Fannie Mae's July 17, 2001 press release is in writing and speaks for itself. To the extent Paragraph 483 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 483 and on that basis denies those allegations.

484.    To the extent Paragraph 484 asserts legal conclusions or purports to summarize or characterize the contents of an October 15, 2001 press release by Fannie Mae, no response is required.  KPMG states that the October 15, 2001 press release is in writing and speaks for itself. To the extent Paragraph 484 contains factual allegations requiring a response, KPMG denies those allegations.

485.    Paragraph 485 purports to summarize or characterize the contents of an October 15, 2001 press release by Fannie Mae and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's October 15, 2001 press release is in writing and speaks for itself.  To the extent Paragraph 485 contains any factual allegations, KPMG denies those allegations.

486.    To the extent Paragraph 486 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's October 15, 2001 press release, no response is required. KPMG states that Fannie Mae's October 15, 2001 press release is in writing and speaks for itself. To the extent Paragraph 486 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 486 and on that basis denies those allegations.

487.    To the extent Paragraph 487 asserts legal conclusions or purports to summarize or characterize the contents of a January 14, 2002 press release by Fannie Mae, no response is required. KPMG states that the January 14, 2002 press release is in writing and speaks for itself. To the extent Paragraph 487 contains factual allegations requiring a response, KPMG denies those allegations.

488.    To the extent Paragraph 488  calls for a conclusion of law or purports to summarize or characterize the contents of Fannie Mae's January 14, 2002 press release, no response is required. KPMG states that Fannie Mae's January 14, 2002 press release is in writing and speaks for itself. To the extent Paragraph 488 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488 and on that basis denies those allegations.

489.    Paragraph 489 purports to summarize or characterize the contents of Fannie Mae's January 14, 2002 press release and does not contain factual allegations, therefore, no response is required. KPMG states that Fannie Mae's January 14, 2002 press release is in writing and speaks for itself. To the extent Paragraph 489 contains any factual allegations, KPMG denies those allegations.

490.     To the extent Paragraph 490 asserts legal conclusions, no response is required. To the extent Paragraph 490 contains factual allegations requiring a response, KPMG denies those allegations.

491.     To the extent Paragraph 491 purports to summarize or characterize Defendant Howard's February 11, 2002 speech, no response is required.  KPMG states that Defendant Howard's speech speaks for itself.  To the extent Paragraph 491 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 491 and on that basis denies those allegations.

492.     Paragraph 492 purports to summarize or characterize Defendant Howard's February 11, 2002 speech and does not contain factual allegations, therefore, no response is required.  KPMG states that Defendant Howard's speech speaks for itself.  To the extent Paragraph 492 contains any factual allegations, KPMG denies those allegations.

493.     To the extent Paragraph 493 asserts legal conclusions or purports to summarize or characterize Defendant Howard's February 11, 2002 speech, no response is required.  KPMG states that Defendant Howard's February 11, 2002 speech speaks for itself.  To the extent Paragraph 493 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 493 and on that basis denies those allegations.

494.     To the extent Paragraph 494 purports to summarize or characterize the contents of Fannie Mae's 2001 Annual Report, no response is required.  KPMG states that Fannie Mae's 2001 Annual Report is in writing and speaks for itself.  To the extent Paragraph 494 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 494 and on that basis denies those allegations.

495.    Paragraph 495 purports to summarize or characterize the contents of Fannie Mae's 2001 Annual Report and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2001 Annual Report is in writing and speaks for itself. To the extent Paragraph 495 contains any factual allegations, KPMG denies those allegations.

496.    To the extent Paragraph 496 purports to summarize or characterize the contents of Fannie Mae's 2001 Annual Report or of KPMG's Independent Auditors' Report for the year 2001, no response is required.  KPMG states that Fannie Mae's 2001 Annual Report and KPMG's Independent Auditors' Report for the year 2001 are in writing and speak for themselves.  To the extent Paragraph 496 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 496 and on that basis denies those allegations.

497.    Paragraph 497 purports to summarize or characterize the contents of Fannie Mae's 2001 Annual Report and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2001 Annual Report is in writing and speaks for itself. To the extent Paragraph 497 contains any factual allegations, KPMG denies those allegations.

498.    To the extent Paragraph 498 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's 2001 Annual Report, no response is required.  KPMG states that Fannie Mae's 2001 Annual Report is in writing and speaks for itself.  To the extent Paragraph 498 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 498 and on that basis denies those allegations.

499.    To the extent Paragraph 499 asserts legal conclusions or purports to summarize or characterize the contents of an April 15, 2002 press release by Fannie Mae, no response is required. KPMG states that the April 15, 2002 press release is in writing and speaks for itself. To the extent Paragraph 499 contains factual allegations requiring a response, KPMG denies those allegations.

500.    Paragraph 500 purports to summarize or characterize the contents of an April 15, 2002 press release by Fannie Mae and does not contain factual allegations, therefore, no response is required. KPMG states that Fannie Mae's April 15, 2002 press release is in writing and speaks for itself. To the extent Paragraph 500 contains any factual allegations, KPMG denies those allegations.

501.    To the extent Paragraph 501 asserts legal conclusions, no response is required. To the extent Paragraph 501 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a basis as to the truth of the remaining allegations in Paragraph 501 and on that basis denies those allegations.

502.    Paragraph 502 purports to summarize or characterize the contents of an April 15, 2002 press release by Fannie Mae and does not contain factual allegations, therefore, no response is required. KPMG states that Fannie Mae's April 15, 2002 press release is in writing and speaks for itself. To the extent Paragraph 502 contains any factual allegations, KPMG denies those allegations.

503.    To the extent Paragraph 503 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's April 15, 2002 press release, no response is required. KPMG states that Fannie Mae's April 15, 2002 press release is in writing and speaks for itself. To the extent Paragraph 503 contains factual allegations directed to KPMG, KPMG denies them.

KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 503 and on that basis denies those allegations.

504.    To the extent Paragraph 504 purports to summarize or characterize Defendant Raines's June 5, 2002 speech, no response is required.  KPMG states that Defendant Raines's speech speaks for itself.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 504 and on that basis denies those allegations.

505.    Paragraph 505 purports to summarize or characterize Defendant Raines's June 5, 2002 speech and does not contain factual allegations, therefore, no response is required.  KPMG states that Defendant Raines's speech speaks for itself.  To the extent Paragraph 505 contains any factual allegations, KPMG denies those allegations.

506.    To the extent Paragraph 506 asserts legal conclusions or purports to summarize or characterize Defendant Raines's June 5, 2002 speech, no response is required.  KPMG states that Defendant Raines's June 5, 2002 speech speaks for itself.  To the extent Paragraph 506 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 506 and on that basis denies those allegations.

507.    To the extent Paragraph 507 asserts legal conclusions or purports to summarize or characterize the contents of a July 15, 2002 press release by Fannie Mae, no response is required.  KPMG states that the July 15, 2002 press release is in writing and speaks for itself.  To the extent Paragraph 507 contains factual allegations requiring a response, KPMG denies those allegations.

508.    Paragraph 508 purports to summarize or characterize the contents of a July 15, 2002 press release by Fannie Mae and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's July 15, 2002 press release is in writing and speaks

for itself.  To the extent Paragraph 508 contains any factual allegations, KPMG denies those allegations.

509.     Paragraph 509 purports to summarize or characterize the contents of a July 15, 2002 press release by Fannie Mae and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's July 15, 2002 press release is in writing and speaks for itself.  To the extent Paragraph 509 contains any factual allegations, KPMG denies those allegations.

510.     To the extent Paragraph 510 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's July 15, 2002 press release, no response is required. KPMG states that Fannie Mae's July 15, 2002 press release is in writing and speaks for itself. To the extent Paragraph 510 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 510 and on that basis denies those allegations.

511.     To the extent Paragraph 511 purports to summarize or characterize a July 15, 2002 conference call presided over by Defendants Raines and Howard, no response is required. KPMG states that a transcript of the July 15, 2002 conference call is in writing and speaks for itself.  To the extent Paragraph 511 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 511 and on that basis denies those allegations.

512.     To the extent Paragraph 512 asserts legal conclusions or purports to summarize or characterize a July 15, 2002 conference call presided over by Defendants Raines and Howard, no response is required.  KPMG states that a transcript of the July 15, 2002 conference call is in writing and speaks for itself.  To the extent Paragraph 512 contains factual allegations requiring a

response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 512 and on that basis denies those allegations.

513.    To the extent Paragraph 513 asserts legal conclusions or purports to summarize or characterize a July 15, 2002 conference call presided over by Defendants Raines and Howard, no response is required.  KPMG states that a transcript of the July 15, 2002 conference call is in writing and speaks for itself.  To the extent Paragraph 513 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 513 and on that basis denies those allegations.

514.    To the extent Paragraph 514 asserts legal conclusions or purports to summarize or characterize the contents of an October 15, 2002 press release by Fannie Mae, no response is required.  KPMG states that the October 15, 2002 press release is in writing and speaks for itself. To the extent Paragraph 514 contains factual allegations requiring a response, KPMG denies those allegations.

515.    Paragraph 515 purports to summarize or characterize the contents of an October 15, 2002 press release by Fannie Mae and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's October 15, 2002 press release is in writing and speaks for itself.  To the extent Paragraph 515 contains any factual allegations, KPMG denies those allegations.

516.    To the extent Paragraph 516 asserts legal conclusions or purports to summarize or characterize the contents of an October 15, 2002 press release by Fannie Mae, no response is required.  To the extent Paragraph 516 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 516 and on that basis denies those allegations.

517.    To the extent Paragraph 517 asserts legal conclusions or purports to summarize or characterize the contents of an October 15, 2002 press release by Fannie Mae, no response is required.  To the extent Paragraph 517 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 517 and on that basis denies those allegations.

518.    To the extent Paragraph 518 asserts legal conclusions or purports to summarize or characterize the contents of a January 15, 2003 press release by Fannie Mae, no response is required.  KPMG states that the January 15, 2003 press release is in writing and speaks for itself.  To the extent Paragraph 518 contains factual allegations requiring a response, KPMG denies those allegations.

519.    Paragraph 519 purports to summarize or characterize the contents of a January 15, 2003 press release by Fannie Mae and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's January 15, 2003 press release is in writing and speaks for itself.  To the extent Paragraph 519 contains any factual allegations, KPMG denies those allegations.

520.    To the extent Paragraph 520 asserts legal conclusions or purports to summarize or characterize the contents of a January 15, 2003 press release by Fannie Mae, no response is required.  KPMG states that Fannie Mae's January 15, 2003 press release is in writing and speaks for itself.  To the extent Paragraph 520 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 520 and on that basis denies those allegations.

521.    To the extent Paragraph 521 asserts legal conclusions or purports to summarize or characterize the contents of a January 15, 2003 press release by Fannie Mae, no response is required.  KPMG states that Fannie Mae's January 15, 2003 press release is in writing and speaks for itself.  To the extent Paragraph 521 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 521 and on that basis denies those allegations.

522.    To the extent Paragraph 522 purports to summarize or characterize a January 15, 2003 conference call presided over by Defendants Howard and Spencer, no response is required.  KPMG states that a transcript of the January 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 522 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 522 and on that basis denies those allegations.

523.    Paragraph 523 purports to summarize or characterize the January 15, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the January 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 523 contains any factual allegations, KPMG denies those allegations.

524.    Paragraph 524 purports to summarize or characterize the January 15, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the January 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 524 contains any factual allegations, KPMG denies those allegations.

114

525.     To the extent Paragraph 525 asserts legal conclusions or purports to summarize or characterize a January 15, 2003 conference call presided over by Defendants Howard and Spencer, no response is required.  KPMG states that a transcript of the January 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 525 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 525 and on that basis denies those allegations.

526.     To the extent Paragraph 526 purports to summarize or characterize Fannie Mae's 2002 Annual Report, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report is in writing and speaks for itself.  To the extent Paragraph 526 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 526 and on that basis denies those allegations.

527.     Paragraph 527 purports to summarize or characterize Fannie Mae's 2002 Annual Report and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report is in writing and speaks for itself.  To the extent Paragraph 527 contains any factual allegations, KPMG denies those allegations.

528.     To the extent Paragraph 528 purports to summarize or characterize the contents of Fannie Mae's 2002 Annual Report or of KPMG's Independent Auditors' Report for the year 2002, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report and KPMG's Independent Auditors' Report for the year 2002 are in writing and speak for themselves.  To the extent Paragraph 528 contains factual allegations requiring a response,

KPMG is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 528 and on that basis denies those allegations.

529.     Paragraph 529 purports to summarize or characterize the contents of a letter to Fannie Mae shareholders in Fannie Mae's 2002 Annual Report and does not contain factual allegations, therefore, no response is required.  KPMG states that the shareholder letter in Fannie Mae's 2002 Annual Report is in writing and speaks for itself.  To the extent Paragraph 529 contains any factual allegations, KPMG denies those allegations.

530.     Paragraph 530 purports to summarize or characterize the contents of Fannie Mae's 2002 Annual Report and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report is in writing and speaks for itself. To the extent Paragraph 530 contains any factual allegations, KPMG denies those allegations.

531.     Paragraph 531 purports to summarize or characterize Fannie Mae's 2002 Annual Report and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report is in writing and speaks for itself.  To the extent Paragraph 531 contains any factual allegations, KPMG denies those allegations.

532.     To the extent Paragraph 532 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Annual Report, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report is in writing and speaks for itself.  To the extent Paragraph 532 contains factual allegations requiring a response, KPMG denies the allegations in Paragraph 532 as to KPMG.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 532 as to the other Defendants and on that basis denies those allegations.

533.     Paragraph 533 purports to summarize or characterize Fannie Mae's 2002 Annual Report and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report is in writing and speaks for itself.  To the extent Paragraph 533 contains any factual allegations, KPMG denies those allegations.

534.     To the extent Paragraph 534 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Annual Report, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report is in writing and speaks for itself.  To the extent Paragraph 534 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 534 and on that basis denies those allegations.

535.     To the extent Paragraph 535 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Annual Report, the December 11, 2002 testimony of Annette Nazareth, the Director of the SEC's Division of Market Regulation or SEC guidance, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report, the December 11, 2002 testimony of Annette Nazareth, the Director of the SEC's Division of Market Regulation and SEC guidance are in writing and speak for themselves.  To the extent Paragraph 535 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 535 and on that basis denies those allegations.

536.     To the extent Paragraph 536 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Annual Report, no response is required.  KPMG states that Fannie Mae's 2002 Annual Report is in writing and speaks for itself.  To the extent Paragraph 536 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 536 and on that basis denies those allegations.

537.    To the extent Paragraph 537 purports to summarize or characterize Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 537 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 537 and on that basis denies those allegations.

538.    To the extent Paragraph 538 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's 2002 Form 10-K, Fannie Mae's 2002 Annual Report or KPMG's audit opinion, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K, Fannie Mae's 2002 Annual Report and KPMG's audit opinions are in writing and speak for themselves.  To the extent Paragraph 538 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 538 and on that basis denies those allegations.

539.    Paragraph 539 purports to summarize or characterize Fannie Mae's 2002 Form 10-K and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 539 contains any factual allegations, KPMG denies those allegations.

540.    Paragraph 540 purports to summarize or characterize Fannie Mae's 2002 Form 10-K and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 540 contains any factual allegations, KPMG denies those allegations.

541.    To the extent Paragraph 541 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 541 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 541 and on that basis denies those allegations.

542.    To the extent Paragraph 542 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 542 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 542 and on that basis denies those allegations.

543.    To the extent Paragraph 543 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 543 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 543 and on that basis denies those allegations.

544.    To the extent Paragraph 544 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 544 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 544 and on that basis denies those allegations.

545.    Paragraph 545 purports to summarize or characterize Fannie Mae's 2002 Form 10-K and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 545 contains any factual allegations, KPMG denies those allegations.

546.    To the extent Paragraph 546 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 546 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 546 and on that basis denies those allegations.

547.    To the extent Paragraph 547 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2002 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 547 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 547 and on that basis denies those allegations.

548.    Paragraph 548 purports to summarize or characterize Fannie Mae's Registration Statement, therefore, no response is required.  KPMG states that the Registration Statement is in writing and speaks for itself.  To the extent Paragraph 548 contains any factual allegations, KPMG denies those allegations.

549.     To the extent Paragraph 549 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's Registration Statement or Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's Registration Statement and Fannie Mae's 2002 Form 10-K are in writing and speak for themselves.  To the extent Paragraph 549 contains factual allegations requiring a response, KPMG admits that Fannie Mae's 2002 Form 10-K is incorporated by reference in Fannie Mae's Registration Statement.

550.     To the extent Paragraph 550 purports to summarize or characterize the contents of Fannie Mae's Registration Statement or of KPMG's Independent Auditors' Report for the year 2002, no response is required.  KPMG states that Fannie Mae's Registration Statement and KPMG's Independent Auditors' Report for the year 2002 are in writing and speak for themselves.  To the extent Paragraph 550 contains factual allegations requiring a response, KPMG denies those allegations.

551.     Paragraph 551 purports to summarize or characterize Fannie Mae's 2002 Registration Statement and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's Registration Statement is in writing and speaks for itself.  To the extent Paragraph 551 contains any factual allegations, KPMG denies those allegations.

552.     To the extent Paragraph 552 asserts legal conclusions or purports to summarize or characterize Fannie Mae's Registration Statement, no response is required.  KPMG states that Fannie Mae's Registration Statement is in writing and speaks for itself.  To the extent Paragraph 552 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 552 and on that basis denies those allegations.

553.    Paragraph 553 purports to summarize or characterize the contents of an April 14, 2003 press release by Fannie Mae and Fannie Mae's April 15, 2003 Form 8-K and does not contain factual allegations, therefore, no response is required.  KPMG states that the April 14, 2003 press release and Fannie Mae's April 15, 2003 Form 8-K are in writing and speak for themselves.  To the extent Paragraph 553 contains any factual allegations, KPMG denies those allegations.

554.    To the extent Paragraph 554 asserts legal conclusions or purports to summarize or characterize the contents of an April 14, 2003 press release by Fannie Mae, no response is required.  KPMG states that the April 14, 2003 press release is in writing and speaks for itself. To the extent Paragraph 554 contains factual allegations requiring a response, KPMG denies those allegations.

555.    To the extent Paragraph 555 asserts legal conclusions or purports to summarize or characterize the contents of an April 14, 2003 press release by Fannie Mae, no response is required.  KPMG states that the April 14, 2003 press release is in writing and speaks for itself. To the extent Paragraph 555 contains factual allegations requiring a response, KPMG denies those allegations.

556.    To the extent Paragraph 556 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's April 14, 2003 press release, no response is required. KPMG states that Fannie Mae's April 14, 2003 press release is in writing and speaks for itself. To the extent Paragraph 556 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 556 and on that basis denies those allegations.

557.    To the extent Paragraph 557 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 15, 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 15, 2003 Form 10-Q is in writing and speaks for itself. To the extent Paragraph 557 contains factual allegations requiring a response, KPMG denies those allegations.

558.    To the extent Paragraph 558 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 15, 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 15, 2003 Form 10-Q is in writing and speaks for itself. To the extent Paragraph 558 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 558 and on that basis denies those allegations.

559.    Paragraph 559 purports to summarize or characterize the contents of Fannie Mae's May 15, 2003 Form 10-Q and does not contain factual allegations, therefore, no response is required. KPMG states that Fannie Mae's May 15, 2003 Form 10-Q is in writing and speaks for itself. To the extent Paragraph 559 contains any factual allegations, KPMG denies those allegations.

560.    To the extent Paragraph 560 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 15, 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 15, 2003 Form 10-Q is in writing and speaks for itself. To the extent Paragraph 560 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 560 and on that basis denies those allegations.

561.    To the extent Paragraph 561 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 15, 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 15, 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 561 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 561 and on that basis denies those allegations.

562.    To the extent Paragraph 562 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 15, 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 15, 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 562 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 562 and on that basis denies those allegations.

563.    Paragraph 563 purports to summarize or characterize the contents of Fannie Mae's May 15, 2003 Form 10-Q and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's May 15, 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 563 contains any factual allegations, KPMG denies those allegations.

564.    To the extent Paragraph 564 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 15, 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 15, 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 564 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 564 and on that basis denies those allegations.

565.    Paragraph 565 purports to summarize or characterize a June 17, 2003 interview that Defendant Raines gave to *Business Week* and does not contain factual allegations, therefore, no response is required.  KPMG states that Defendant Raines's interview is memorialized in the article titled *Frank Raines Takes on the Critics; Fannie CEO Says Its Accounting Practices Aren't Freddie's*, which is in writing in the June 30, 2003 issue of *Business Week* and speaks for itself.  To the extent Paragraph 565 contains any factual allegations, KPMG denies those allegations.

566.    To the extent Paragraph 566 asserts legal conclusions, no response is required. To the extent Paragraph 566 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 566 and on that basis denies those allegations.

567.    Paragraph 567 purports to summarize or characterize the contents of a July 15, 2003 press release by Fannie Mae and Fannie Mae's July 15, 2003 Form 8-K and does not contain factual allegations, therefore, no response is required.  KPMG states that the July 15, 2003 press release and Fannie Mae's July 15, 2003 Form 8-K are in writing and speak for themselves.  To the extent Paragraph 567 contains any factual allegations, KPMG denies those allegations.

568.    To the extent Paragraph 568 asserts legal conclusions or purports to summarize or characterize the contents of a July 15, 2003 press release by Fannie Mae, no response is required. KPMG states that the July 15, 2003 press release is in writing and speaks for itself.  To the extent Paragraph 568 contains factual allegations requiring a response, KPMG denies those allegations.

569.    Paragraph 569 purports to summarize or characterize the contents of a July 15, 2003 press release by Fannie Mae and Fannie Mae's July 15, 2003 Form 8-K and does not

contain factual allegations, therefore, no response is required.  KPMG states that the July 15, 2003 press release and Fannie Mae's July 15, 2003 Form 8-K are in writing and speak for themselves.  To the extent Paragraph 569 contains any factual allegations, KPMG denies those allegations.

570.     To the extent Paragraph 570 asserts legal conclusions or purports to summarize or characterize the contents of a July 15, 2003 press release by Fannie Mae and Fannie Mae's July 15, 2003 Form 8-K, no response is required.  KPMG states that Fannie Mae's July 15, 2001 press release and July 15, 2003 Form 8-K are in writing and speak for themselves.  To the extent Paragraph 570 contains factual allegations requiring a response, KPMG denies the allegations as to KPMG.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 570 as to the other Defendants and on that basis denies those allegations.

571.     To the extent Paragraph 571 purports to summarize or characterize a July 15, 2003 conference call presided over by Defendant Howard, no response is required.  KPMG states that a transcript of the July 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 571 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 571 and on that basis denies those allegations.

572.     Paragraph 572 purports to summarize or characterize Defendant Howard's statements during the July 15, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the July 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 572 contains any factual allegations, KPMG denies those allegations.

573.    To the extent Paragraph 573 asserts legal conclusions or purports to summarize or characterize the July 15, 2003 conference call, no response is required.  KPMG states that a transcript of the July 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 573 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 573 and on that basis denies those allegations.

574.    Paragraph 574 purports to summarize or characterize Defendant Howard's statements during the July 15, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the July 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 574 contains any factual allegations, KPMG denies those allegations.

575.    To the extent Paragraph 575 asserts legal conclusions or purports to summarize or characterize the July 15, 2003 conference call, no response is required.  KPMG states that a transcript of the July 15, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 575 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 575 and on that basis denies those allegations.

576.    To the extent Paragraph 576 asserts legal conclusions or purports to summarize or characterize a July 30, 2003 conference call presided over by Defendant Raines, no response is required.  KPMG states that a transcript of the July 30, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 576 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 576 and on that basis denies those allegations.

577.    Paragraph 577 purports to summarize or characterize Defendant Raines's statements during the July 30, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the July 30, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 577 contains any factual allegations, KPMG denies those allegations.

578.    Paragraph 578 purports to summarize or characterize Defendant Raines's statements during the July 30, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the July 30, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 578 contains any factual allegations, KPMG denies those allegations.

579.    Paragraph 579 purports to summarize or characterize Defendant Raines's statements during the July 30, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the July 30, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 579 contains any factual allegations, KPMG denies those allegations.

580.    Paragraph 580 purports to summarize or characterize Defendant Raines's statements during the July 30, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the July 30, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 580 contains any factual allegations, KPMG denies those allegations.

581.    To the extent Paragraph 581 asserts legal conclusions or purports to summarize or characterize Defendant Raines's statements during the July 30, 2003 conference call or the Interim OFHEO report, no response is required.  KPMG states that the transcript of the July 30,

2003 conference call and the Interim OFHEO Report are in writing and speak for themselves. To the extent Paragraph 581 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 581 and on that basis denies those allegations.

582.    Paragraph 582 purports to summarize or characterize Defendant Raines's statements during the July 30, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the July 30, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 582 contains any factual allegations, KPMG denies those allegations.

583.    Paragraph 583 purports to summarize or characterize Defendant Raines's statements during the July 30, 2003 conference call and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of the July 30, 2003 conference call is in writing and speaks for itself.  To the extent Paragraph 583 contains any factual allegations, KPMG denies those allegations.

584.    To the extent Paragraph 584 asserts legal conclusions or purports to summarize a memorandum from Roger Barnes to Defendant Raines, no response is required.  KPMG states that the memorandum from Mr. Barnes to Defendant Raines is in writing and speaks for itself. To the extent Paragraph 584 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 584 and on that basis denies those allegations.

585.    To the extent Paragraph 585 asserts legal conclusions or purports to summarize a the July 30, 2003 conference call, no response is required.  KPMG states that a transcript of the July 30, 2003 conference call is in writing and speaks for itself.   To the extent Paragraph 585

contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 585 and on that basis denies those allegations.

586.    Paragraph 586 purports to summarize or characterize Defendant Raines's statements during a July 30, 2003 news conference and does not contain factual allegations, therefore, no response is required. KPMG states that a transcript of Defendant Raines's statements is in writing and speaks for itself. To the extent Paragraph 586 contains any factual allegations, KPMG denies those allegations.

587.    To the extent Paragraph 587 asserts legal conclusions, no response is required. To the extent Paragraph 587 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 587 and on that basis denies those allegations.

588.    Paragraph 588 purports to summarize or characterize Defendant Raines's statements during a July 30, 2003 news conference and the Final OFHEO Report and does not contain factual allegations, therefore, no response is required. KPMG states that a transcript of Defendant Raines's statements and the Final OFHEO Report are in writing and speak for themselves. To the extent Paragraph 588 contains any factual allegations, KPMG denies those allegations.

589.    To the extent the allegations in Paragraph 589 are not directed to KPMG, no response is required. To the extent Paragraph 589 asserts legal conclusions or purports to summarize or characterize Defendant Raines's statements during a July 30, 2003 news conference, no response is required. KPMG states that a transcript of Defendant Raines's statements is in writing and speaks for itself. To the extent Paragraph 589 contains factual

allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 589 and on that basis denies those allegations.

590.     Paragraph 590 purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q, therefore, no response is required.  KPMG states that the August 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 590 contains any factual allegations, KPMG denies those allegations.

591.     To the extent Paragraph 591 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 591 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 591 and on that basis denies those allegations.

592.     To the extent Paragraph 592 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 592 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 592 and on that basis denies those allegations.

593.     Paragraph 593 purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's August 2003 Form 10-Q is in writing and speaks for

itself.  To the extent Paragraph 593 contains any factual allegations, KPMG denies those allegations.

594.    To the extent Paragraph 594 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 594 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 594 and on that basis denies those allegations.

595.    To the extent Paragraph 595 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 595 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 595 and on that basis denies those allegations.

596.    To the extent Paragraph 596 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 596 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 596 and on that basis denies those allegations.

597.    Paragraph 597 purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's August 2003 Form 10-Q is in writing and speaks for

itself.  To the extent Paragraph 597 contains any factual allegations, KPMG denies those allegations.

598.     To the extent Paragraph 598 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 598 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 598 and on that basis denies those allegations.

599.     Paragraph 599 purports to summarize or characterize the contents of an October 16, 2003 press release by Fannie Mae and Fannie Mae's October 16, 2003 Form 8-K and does not contain factual allegations, therefore, no response is required.  KPMG states that the October 16, 2003 press release and Fannie Mae's October 16, 2003 Form 8-K are in writing and speak for themselves.  To the extent Paragraph 599 contains any factual allegations, KPMG denies those allegations.

600.     To the extent Paragraph 600 asserts legal conclusions or purports to summarize or characterize the contents of an October 16, 2003 press release by Fannie Mae, no response is required.  KPMG states that the October 16, 2003 press release is in writing and speaks for itself. To the extent Paragraph 600 contains factual allegations requiring a response, KPMG denies those allegations.

601.     Paragraph 601 purports to summarize or characterize the contents of an October 16, 2003 press release by Fannie Mae and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's October 16, 2003 press release is in

writing and speaks for itself.  To the extent Paragraph 601 contains any factual allegations, KPMG denies those allegations.

602.     To the extent Paragraph 602 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's October 16, 2003 press release, no response is required.  KPMG states that Fannie Mae's October 16, 2003 press release is in writing and speaks for itself.  To the extent Paragraph 602 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 602 and on that basis denies those allegations.

603.     To the extent Paragraph 603 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's October 16, 2003 press release, no response is required.  KPMG states that Fannie Mae's October 16, 2003 press release is in writing and speaks for itself.  To the extent Paragraph 603 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 603 and on that basis denies those allegations.

604.     Paragraph 604 purports to summarize or characterize the contents of Fannie Mae's November 2003 Form 10-Q, therefore, no response is required.  KPMG states that the November 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 604 contains any factual allegations, KPMG denies those allegations.

605.     To the extent Paragraph 605 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's November 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's November 2003 Form 10-Q is in writing and speaks for itself.

To the extent Paragraph 605 contains factual allegations requiring a response, KPMG denies those allegations.

606.     To the extent Paragraph 606 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's November 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's November 2003 Form 10-Q is in writing and speaks for itself. To the extent Paragraph 606 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 606 and on that basis denies those allegations.

607.     Paragraph 607 purports to summarize or characterize the contents of Fannie Mae's November 2003 Form 10-Q and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's November 2003 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 607 contains any factual allegations, KPMG denies those allegations.

608.     To the extent Paragraph 608 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's November 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's November 2003 Form 10-Q is in writing and speaks for itself. To the extent Paragraph 608 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608 and on that basis denies those allegations.

609.     To the extent Paragraph 609 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's November 2003 Form 10-Q, no response is required. KPMG states that Fannie Mae's November 2003 Form 10-Q is in writing and speaks for itself. To the extent Paragraph 609 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 609 and on that basis denies those allegations.

610.    To the extent Paragraph 610 asserts legal conclusions or purports to summarize or

characterize the contents of Fannie Mae's November 2003 Form 10-Q, no response is required.

KPMG states that Fannie Mae's November 2003 Form 10-Q is in writing and speaks for itself.

To the extent Paragraph 610 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 610 and on that basis denies those allegations.

611.    Paragraph 611 purports to summarize or characterize the contents of Fannie

Mae's November 2003 Form 10-Q and does not contain factual allegations, therefore, no

response is required.  KPMG states that Fannie Mae's November 2003 Form 10-Q is in writing

and speaks for itself.  To the extent Paragraph 611 contains any factual allegations, KPMG

denies those allegations.

612.    To the extent Paragraph 612 asserts legal conclusions or purports to summarize or

characterize the contents of Fannie Mae's November 2003 Form 10-Q, no response is required.

KPMG states that Fannie Mae's November 2003 Form 10-Q is in writing and speaks for itself.

To the extent Paragraph 612 contains factual allegations directed to KPMG, KPMG denies them.

KPMG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 612 and on that basis denies those allegations.

613.    Paragraph 613 purports to summarize or characterize the contents of a January 14,

2004 press release by Fannie Mae and Fannie Mae's January 21, 2004 Form 8-K and does not

contain factual allegations, therefore, no response is required.  KPMG states that the January 14,

2004 press release and Fannie Mae's January 21, 2004 Form 8-K are in writing and speak for

themselves.  To the extent Paragraph 613 contains any factual allegations, KPMG denies those

allegations.

614.    To the extent Paragraph 614 asserts legal conclusions or purports to summarize or

characterize the contents of a January 14, 2004 press release by Fannie Mae, no response is

required.  KPMG states that the January 14, 2004 press release is in writing and speaks for itself.

To the extent Paragraph 614 contains factual allegations requiring a response, KPMG denies

those allegations.

615.    To the extent Paragraph 615 asserts legal conclusions or purports to summarize or

characterize the contents of Fannie Mae's January 14, 2004 press release, no response is

required.  KPMG states that Fannie Mae's January 14, 2004 press release is in writing and

speaks for itself.  To the extent Paragraph 615 contains factual allegations directed to KPMG,

KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 615 and on that basis denies those

allegations.

616.    To the extent Paragraph 616 purports to summarize or characterize a January 21,

2004 conference call presided over by Defendants Howard and Spencer, no response is required.

KPMG states that a transcript of the January 21, 2004 conference call is in writing and speaks for

itself.  To the extent Paragraph 616 contains factual allegations requiring a response, KPMG is

without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 616 and on that basis denies those allegations.

617.    Paragraph 617 purports to summarize or characterize Defendants Howard's and

Spencer's statements during the January 21, 2004 conference call and does not contain factual

allegations, therefore, no response is required.  KPMG states that a transcript of the January 21,

2004 conference call is in writing and speaks for itself.  To the extent Paragraph 617 contains

any factual allegations, KPMG denies those allegations.

618.    To the extent Paragraph 618 asserts legal conclusions or purports to summarize or

characterize a January 21, 2004 conference call presided over by Defendants Howard and

Spencer, no response is required.  KPMG states that a transcript of the January 21, 2004

conference call is in writing and speaks for itself.  To the extent Paragraph 618 contains factual

allegations requiring a response, KPMG is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 618 and on that basis denies those

allegations.

619.    Paragraph 619 purports to summarize or characterize the contents of Fannie

Mae's 2003 Form 10-K, therefore, no response is required.  KPMG states that the 2003 Form 10-

K is in writing and speaks for itself.  To the extent Paragraph 619 contains any factual

allegations, KPMG denies those allegations.

620.    Paragraph 620 purports to summarize or characterize Fannie Mae's 2003 Form

10-K and does not contain factual allegations, therefore, no response is required.  KPMG states

that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph

620 contains any factual allegations, KPMG denies those allegations.

621.    To the extent Paragraph 621 purports to summarize or characterize the contents of

Fannie Mae's 2003 Form 10-K or KPMG's Independent Auditors' Report for the year 2003, no

response is required.  KPMG states that Fannie Mae's 2003 Form 10-K and KPMG's

Independent Auditors' Report for the year 2003 are in writing and speak for themselves.  To the

extent Paragraph 621 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 621 and on that basis denies those allegations.

622.    To the extent Paragraph 622 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2003 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 622 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 622 and on that basis denies those allegations.

623.    Paragraph 623 purports to summarize or characterize Fannie Mae's 2003 Form 10-K and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 623 contains any factual allegations, KPMG denies those allegations.

624.    To the extent Paragraph 624 purports to summarize or characterize Fannie Mae's 2003 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 624 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 624 and on that basis denies those allegations.

625.    To the extent Paragraph 625 purports to summarize or characterize Fannie Mae's 2003 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 625 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 625 and on that basis denies those allegations.

626.     To the extent Paragraph 626 purports to summarize or characterize Fannie Mae's 2003 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 626 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 626 and on that basis denies those allegations.

627.     Paragraph 627 purports to summarize or characterize Fannie Mae's 2003 Form 10-K and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 627 contains any factual allegations, KPMG denies those allegations.

628.     To the extent Paragraph 628 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2003 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 628 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 628 and on that basis denies those allegations.

629.     Paragraph 629 purports to summarize or characterize Fannie Mae's 2003 Form 10-K and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 629 contains any factual allegations, KPMG denies those allegations.

630.     To the extent Paragraph 630 asserts legal conclusions or purports to summarize or characterize Fannie Mae's 2003 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2003 Form 10-K is in writing and speaks for itself.  To the extent Paragraph 630 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

630 and on that basis denies those allegations.

631.    To the extent Paragraph 631 purports to summarize or characterize the contents of

Fannie Mae's 2004 Proxy Statement, no response is required.  KPMG states that Fannie Mae's

2004 Proxy Statement is in writing and speaks for itself.  To the extent Paragraph 631 contains

factual allegations requiring a response, KPMG denies those allegations.

632.    Paragraph 632 purports to summarize or characterize the contents of Fannie

Mae's 2004 Proxy Statement and does not contain factual allegations, therefore, no response is

required.  KPMG states that Fannie Mae's 2004 Proxy Statement is in writing and speaks for

itself.  To the extent Paragraph 632 contains any factual allegations, KPMG denies those

allegations.

633.    To the extent Paragraph 633 asserts legal conclusions or purports to summarize or

characterize the contents of Fannie Mae's 2004 Proxy Statement, no response is required.

KPMG states that Fannie Mae's 2004 Proxy Statement is in writing and speaks for itself.  To the

extent Paragraph 633 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 633 and on that basis denies those allegations.

634.    To the extent Paragraph 494 asserts legal conclusions or purports to summarize or

characterize Fannie Mae's 2003 Form 10-K or Fannie Mae's 2003 Annual Report, no response is

required.  KPMG states that Fannie Mae's 2003 Form 10-K and Fannie Mae's 2003 Annual

Report are in writing and speak for themselves.  To the extent Paragraph 634 contains factual

allegations requiring a response, KPMG is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 634 and on that basis denies those allegations.

635.     To the extent Paragraph 635 purports to summarize or characterize Fannie Mae's 2003 Annual Report, no response is required.  KPMG states that Fannie Mae's 2003 Annual Report is in writing and speaks for itself.  To the extent Paragraph 635 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 635 and on that basis denies those allegations.

636.     To the extent Paragraph 636 purports to summarize or characterize Fannie Mae's 2003 Annual Report, no response is required.  KPMG states that Fannie Mae's 2003 Annual Report is in writing and speaks for itself.  To the extent Paragraph 636 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 636 and on that basis denies those allegations.

637.     Paragraph 637 purports to summarize or characterize the contents of an April 19, 2004 press release by Fannie Mae and Fannie Mae's April 19, 2004 Form 8-K and does not contain factual allegations, therefore, no response is required.  KPMG states that the April 19, 2004 press release and Fannie Mae's April 19, 2004 Form 8-K are in writing and speak for themselves.  To the extent Paragraph 637 contains any factual allegations, KPMG denies those allegations.

638.     To the extent Paragraph 638 asserts legal conclusions or purports to summarize or characterize the contents of an April 19, 2004 press release by Fannie Mae, no response is required.  KPMG states that the April 19, 2004 press release is in writing and speaks for itself.

To the extent Paragraph 638 contains factual allegations requiring a response, KPMG denies those allegations.

639.    To the extent Paragraph 639 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's April 19, 2004 press release, no response is required. KPMG states that Fannie Mae's April 19, 2004 press release is in writing and speaks for itself. To the extent Paragraph 639 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 639 and on that basis denies those allegations.

640.    Paragraph 640 purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q, therefore, no response is required.  KPMG states that the May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 640 contains any factual allegations, KPMG denies those allegations.

641.    To the extent Paragraph 641 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 641 contains factual allegations requiring a response, KPMG denies those allegations.

642.    To the extent Paragraph 642 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 642 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 642 and on that basis denies those allegations.

643.    Paragraph 643 purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 643 contains any factual allegations, KPMG denies those allegations.

644.    To the extent Paragraph 644 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 644 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 644 and on that basis denies those allegations.

645.    To the extent Paragraph 645 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 645 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 645 and on that basis denies those allegations.

646.    To the extent Paragraph 646 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 646 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 646 and on that basis denies those allegations.

647.    Paragraph 647 purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 647 contains any factual allegations, KPMG denies those allegations.

648.    To the extent Paragraph 648 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's May 2004 Form 10-Q, no response is required.  KPMG states that Fannie Mae's May 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 648 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 648 and on that basis denies those allegations.

649.    To the extent Paragraph 649 purports to summarize or characterize the contents of Fannie Mae's July 21, 2004 press release, no response is required.  KPMG states that the July 21, 2004 press release is in writing and speaks for itself.  To the extent Paragraph 649 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 649 and on that basis denies those allegations.

650.    To the extent Paragraph 650 asserts legal conclusions or purports to summarize or characterize the contents of a July 21, 2004 press release by Fannie Mae, no response is required.  KPMG states that the July 21, 2004 press release is in writing and speaks for itself.  To the extent Paragraph 650 contains factual allegations requiring a response, KPMG denies those allegations.

651.    To the extent Paragraph 651 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's July 21, 2004 press release, no response is required.

KPMG states that Fannie Mae's July 21, 2004 press release is in writing and speaks for itself. To the extent Paragraph 651 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 651 and on that basis denies those allegations.

652.    Paragraph 652 purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q, therefore, no response is required.  KPMG states that the August 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 652 contains any factual allegations, KPMG denies those allegations.

653.    To the extent Paragraph 653 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 653 contains factual allegations requiring a response, KPMG denies those allegations.

654.    To the extent Paragraph 654 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 654 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 654 and on that basis denies those allegations.

655.    Paragraph 655 purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's August 2004 Form 10-Q is in writing and speaks for

itself.  To the extent Paragraph 655 contains any factual allegations, KPMG denies those allegations.

656.     To the extent Paragraph 656 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 656 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 656 and on that basis denies those allegations.

657.     To the extent Paragraph 657 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 657 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 657 and on that basis denies those allegations.

658.     To the extent Paragraph 658 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 658 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 658 and on that basis denies those allegations.

659.     Paragraph 659 purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q and does not contain factual allegations, therefore, no response is required.  KPMG states that Fannie Mae's August 2004 Form 10-Q is in writing and speaks for

itself.  To the extent Paragraph 659 contains any factual allegations, KPMG denies those allegations.

660.    To the extent Paragraph 660 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's August 2004 Form 10-Q, no response is required. KPMG states that Fannie Mae's August 2004 Form 10-Q is in writing and speaks for itself.  To the extent Paragraph 660 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 660 and on that basis denies those allegations.

661.    To the extent Paragraph 661 and its subparts assert legal conclusions, no response is required.  To the extent Paragraph 661 and its subparts contain factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 661 and its subparts and on that basis denies those allegations.

662.    To the extent Paragraph 662 and its subparts assert legal conclusions, no response is required.  To the extent Paragraph 662 and its subparts contain factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 662 and its subparts and on that basis denies those allegations.

663.    To the extent Paragraph 663 and its subparts assert legal conclusions, no response is required.  To the extent Paragraph 663 and its subparts contain factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 663 and its subparts and on that basis denies those allegations.

664.    To the extent Paragraph 664 and its subparts assert legal conclusions, no response is required.  To the extent Paragraph 664 and its subparts contain factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 664 and its subparts and on that basis denies those allegations.

665.    To the extent Paragraph 665 and its subparts assert legal conclusions, no response is required.  To the extent Paragraph 662 and its subparts contain factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 665 and its subparts and on that basis denies those allegations.

666.    To the extent Paragraph 666 and its subparts assert legal conclusions, no response is required.  To the extent Paragraph 666 and its subparts contain factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 666 and its subparts and on that basis denies those allegations.

667.    To the extent Paragraph 667 asserts legal conclusions, no response is required. To the extent Paragraph 667 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 667 and on that basis denies those allegations.

668.    To the extent Paragraph 668 asserts legal conclusions, no response is required. To the extent Paragraph 668 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 668 and on that basis denies those allegations.

669.    To the extent Paragraph 669 asserts legal conclusions, no response is required. To the extent Paragraph 669 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 669 and on that basis denies those allegations.

670.    To the extent Paragraph 670 asserts legal conclusions, no response is required. To the extent Paragraph 670 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 670 and on that basis denies those allegations.

671.    To the extent Paragraph 671 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's December 22, 2004 Form 8-K, no response is required.  KPMG states that Fannie Mae's December 22, 2004 Form 8-K is in writing and speaks for itself and further states that the December 22, 2004 8-K that Fannie Mae filed with the SEC provides, "[O]n December 17, 2004, the Audit Committee of the Board of Directors of Fannie Mae concluded that Fannie Mae's previously filed interim and audited financial statements and the independent auditors' reports thereon for the periods from January 2001 through the second quarter of 2004 should no longer be relied upon."  To the extent Paragraph 671 contains factual allegations requiring a response, KPMG denies those allegations.

672.    To the extent Paragraph 672 asserts legal conclusions, no response is required. To the extent Paragraph 672 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 672 and on that basis denies those allegations.

673.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 673 and on that basis denies those allegations.

674.    To the extent Paragraph 674 purports to summarize or characterize the contents of the Interim OFHEO Report or public statements made by the Defendants, no response is required.  KPMG states that the OFHEO Interim Report and the Defendants' public statements are in writing and speak for themselves.  To the extent Paragraph 674 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 674 and on that basis denies those allegations.

675.    Paragraph 675 purports to summarize or characterize the contents of a September 20, 2004 letter from OFHEO to Fannie Mae and does not contain factual allegations, therefore, no response is required.  KPMG states that the September 20, 2004 letter is in writing and speaks for itself.   To the extent Paragraph 675 contains any factual allegations, KPMG denies those allegations.

676.    To the extent Paragraph 676 purports to summarize or characterize the contents of the Interim OFHEO Report, no response is required.  KPMG states that the Interim OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 676 contains factual allegations requiring a response, KPMG denies those allegations.

677.    Paragraph 677 purports to summarize or characterize the contents of the Interim OFHEO Report and does not contain factual allegations, therefore, no response is required.  KPMG states that the Interim OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 677 contains any factual allegations, KPMG denies those allegations.

678.    Paragraph 678 purports to summarize or characterize the contents of the Interim OFHEO Report and does not contain factual allegations, therefore, no response is required.  KPMG states that the Interim OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 678 contains any factual allegations, KPMG denies those allegations.

679.     Paragraph 679 purports to summarize or characterize the contents of the Interim OFHEO Report and does not contain factual allegations, therefore, no response is required. KPMG states that the Interim OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 679 contains any factual allegations, KPMG denies those allegations.

680.     Paragraph 680 purports to summarize or characterize the contents of the Interim OFHEO Report and does not contain factual allegations, therefore, no response is required. KPMG states that the Interim OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 680 contains any factual allegations, KPMG denies those allegations.

681.     Paragraph 681 purports to summarize or characterize the contents of the Interim OFHEO Report and does not contain factual allegations, therefore, no response is required. KPMG states that the Interim OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 681 contains any factual allegations, KPMG denies those allegations.

682.     Paragraph 682 purports to summarize or characterize the contents of the Interim OFHEO Report and does not contain factual allegations, therefore, no response is required. KPMG states that the Interim OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 682 contains any factual allegations, KPMG denies those allegations.

683.     Paragraph 683 purports to summarize or characterize the contents of a September 27, 2004 agreement between Fannie Mae and OFHEO and does not contain factual allegations, therefore, no response is required.  KPMG states that the September 27, 2004 agreement is in writing and speaks for itself.  To the extent Paragraph 683 contains any factual allegations, KPMG denies those allegations.

684.     To the extent Paragraph 684 purports to summarize or characterize the contents of a September 27, 2004 agreement between Fannie Mae and OFHEO and Fannie Mae's Board

mandate to Paul Weiss, no response is required.  KPMG states that the September 27, 2004 agreement and Fannie Mae's Board mandate to Paul Weiss are in writing and speak for themselves.  To the extent Paragraph 684 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 684 and on that basis denies those allegations.

685.    Paragraph 685 purports summarize or characterize the October 6, 2004 testimony of Former OFHEO Director Falcon before the Congressional Subcommittee on Capital Markets, Insurance, and Government Sponsored Entities and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of Former OFHEO Director Falcon's testimony is available in writing and speaks for itself.  To the extent Paragraph 685 contains any factual allegations, KPMG denies those allegations.

686.    Paragraph 686 purports summarize or characterize the October 6, 2004 testimony of Former OFHEO Director Falcon before the Congressional Subcommittee on Capital Markets, Insurance, and Government Sponsored Entities and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of Former OFHEO Director Falcon's testimony is available in writing and speaks for itself.  To the extent Paragraph 686 contains any factual allegations, KPMG denies those allegations.

687.    Paragraph 687 purports summarize or characterize the October 6, 2004 testimony of Former OFHEO Director Falcon before the Congressional Subcommittee on Capital Markets, Insurance, and Government Sponsored Entities and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of Former OFHEO Director Falcon's testimony is available in writing and speaks for itself.  To the extent Paragraph 687 contains any factual allegations, KPMG denies those allegations.

688.     To the extent Paragraph 688 purports to summarize or characterize the stock prices of Fannie Mae stock before and after the release of the Interim OFHEO Report, no response is required.  KPMG states that the prices of Fannie Mae stock are publicly available and speak for themselves.  To the extent Paragraph 688 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 688 and on that basis denies those allegations.

689.     To the extent Paragraph 689 purports to summarize or characterize the stock prices of Fannie Mae stock before and after the release of the Interim OFHEO Report, no response is required.  KPMG states that the prices of Fannie Mae stock are publicly available and speak for themselves.  To the extent Paragraph 689 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 689 and on that basis denies those allegations.

690.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 690 and on that basis denies those allegations.

691.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 691 and on that basis denies those allegations.

692.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 692 and on that basis denies those allegations.

693.     Paragraph 693 purports to summarize or characterize the contents of Fannie Mae's November 15, 2004 statement, therefore, no response is required.  KPMG states that Fannie Mae's November 15, 2004 statement is in writing and speaks for itself.  To the extent Paragraph 693 contains any factual allegations, KPMG denies those allegations.

694.     Paragraph 694 purports to summarize or characterize the contents of a December 15, 2004 press release by Donald T. Nicolaisen of the SEC and does not contain factual allegations, therefore, no response is required.  KPMG states that the SEC press release is in writing and speaks for itself.  To the extent Paragraph 694 contains any factual allegations, KPMG denies those allegations.

695.     To the extent Paragraph 695 purports to summarize or characterize the contents of a SEC December 15, 204 press release, no response is required.  KPMG states that the December 15, 2004 press release is in writing and speaks for itself.  To the extent Paragraph 695 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 695 and on that basis denies those allegations.

696.     To the extent Paragraph 696 asserts legal conclusions or purports to summarize or characterize Fannie Mae's December 22, 2004 Form 8-K or GAAP requirements, no response is required.  KPMG states that Fannie Mae's December 22, 2004 Form 8-K is in writing and speaks for itself.  To the extent Paragraph 696 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 696 and on that basis denies those allegations.

697.     To the extent Paragraph 697 purports to summarize or characterize the contents of a statement by Defendant Raines upon his retirement or the contents of Fannie Mae's December 28, 2004 Form 8-K, no response is required.  KPMG states that the statement by Defendant Raines upon his retirement and the contents of Fannie Mae's December 28, 2004 Form 8-K are in writing and speak for themselves.  To the extent Paragraph 697 contains factual allegations requiring a response, KPMG admits that its audit engagement ended on December 21, 2004 and

that Defendant Spencer was Controller of Fannie Mae until January 2005.  KPMG denies the remaining allegations in Paragraph 697.

698.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 698 and on that basis denies those allegations.

699.    Paragraph 699 purports to summarize or characterize the February 9, 2005 testimony of SEC Chief Accountant Donald Nicolaisen and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of Mr. Nicolaisen's February 9, 2005 testimony is in writing and speaks for itself.  To the extent Paragraph 699 contains any factual allegations, KPMG denies those allegations.

700.    Paragraph 700 purports to summarize or characterize the February 9, 2005 testimony of SEC Chief Accountant Donald Nicolaisen and does not contain factual allegations, therefore, no response is required.  KPMG state that a transcript of Mr. Nicolaisen's February 9, 2005 testimony is in writing and speaks for itself.  To the extent Paragraph 700 contains any factual allegations, KPMG denies those allegations.

701.    To the extent Paragraph 701 asserts legal conclusions or purports to summarize or characterize Fannie Mae's SEC filings, no response is required.  KPMG states that Fannie Mae's SEC filings are in writing and speak for themselves.  To the extent Paragraph 701 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 701 and on that basis denies those allegations.

702.    Paragraph 702 purports to summarize or characterize Fannie Mae's February 23, 2005 Form 8-K and does not contain factual allegations, therefore, no response is required.

KPMG states that Fannie Mae's February 23, 2005 Form 8-K is in writing and speaks for itself. To the extent Paragraph 702 contains any factual allegations, KPMG denies those allegations.

703.     To the extent Paragraph 703 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's February 23, 2005 Form 8-K, no response is required. KPMG states that Fannie Mae's February 23, 2005 Form 8-K is in writing and speaks for itself. To the extent Paragraph 703 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 703 and on that basis denies those allegations.

704.     Paragraph 704 purports to summarize or characterize the contents of a March 7, 2005 Supplemental Agreement between Fannie Mae and OFHEO and does not contain factual allegations, therefore, no response is required. KPMG states that the March 7, 2005 Supplemental Agreement is in writing and speaks for itself. To the extent Paragraph 704 contains any factual allegations, KPMG denies those allegations.

705.     To the extent Paragraph 705 purports to summarize or characterize the contents of Fannie Mae's March 17, 2005 announcement, no response is required. KPMG states that Fannie Mae's March 17, 2005 announcement is in writing and speaks for itself. To the extent Paragraph 705 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 705 and on that basis denies those allegations.

706.     To the extent Paragraph 706 purports to summarize or characterize Former Director Falcon's testimony, no response is required. KPMG states that a transcript of Former Director Falcon's testimony is in writing and speaks for itself. To the extent Paragraph 706 contains factual allegations requiring a response, KPMG denies those allegations.

707.     Paragraph 707 purports to summarize or characterize Former Director Falcon's testimony and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of Former Director Falcon's testimony is in writing and speaks for itself. To the extent Paragraph 707 contains any factual allegations, KPMG denies those allegations.

708.     Paragraph 708 purports to summarize or characterize Former Director Falcon's testimony and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of Former Director Falcon's testimony is in writing and speaks for itself. To the extent Paragraph 708 contains any factual allegations, KPMG denies those allegations.

709.     To the extent Paragraph 709 purports to summarize or characterize Fannie Mae's May 11, 2005 announcement, no response is required.  KPMG states that any such announcement is in writing and speaks for itself.  To the extent Paragraph 709 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 709 and on that basis denies those allegations.

710.     To the extent Paragraph 710 purports to summarize or characterize Fannie Mae's August 9, 2005 announcement, no response is required.  KPMG states that any such announcement is in writing and speaks for itself.  To the extent Paragraph 710 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 710 and on that basis denies those allegations.

711.     To the extent Paragraph 711 purports to summarize or characterize a Dow Jones report, no response is required.  KPMG states that Dow Jones's reports are in writing and speak for themselves.  To the extent Paragraph 711 contains factual allegations requiring a response,

KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 711 and on that basis denies those allegations.

712.    Paragraph 712 purports to summarize or characterize the contents of Fannie Mae's November 2005 Form 12b-25 and does not contain factual allegations, therefore, no response is required.  KPMG states that the November 2005 Form 12b-25 is in writing and speaks for itself.  To the extent Paragraph 712 contains any factual allegations, KPMG denies those allegations.

713.    To the extent Paragraph 713 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Paul Weiss Report, the Interim OFHEO Report, or the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 713 contains factual allegations requiring a response, KPMG denies those allegations.

714.    To the extent Paragraph 714 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's March 2006 Form 12b-25 or Fannie Mae's May 2006 Form 12b-25, no response is required.  KPMG states that Fannie Mae's March 2006 Form 12b-25 and May 2006 Form 12b-25 are in writing and speak for themselves.  To the extent Paragraph 714 contains factual allegations requiring a response, KPMG denies those allegations.

715.    To the extent the allegations in Paragraph 715 are not directed to KPMG, no response is required.  To the extent Paragraph 715 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 715 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 715 and on that basis denies those allegations.

716.     To the extent Paragraph 716 purports to summarize or characterize Fannie Mae's May 23, 2006 announcement, no response is required.  KPMG states that the announcement is in writing and speaks for itself.  To the extent Paragraph 716 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 716 and on that basis denies those allegations.

717.     To the extent Paragraph 717 asserts legal conclusions, no response is required. To the extent Paragraph 717 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 717 and on that basis denies those allegations.

718.     To the extent Paragraph 718 asserts legal conclusions, no response is required. To the extent Paragraph 718 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 718 and on that basis denies those allegations.

719.     Paragraph 719 asserts legal conclusions and does not contain factual allegations, therefore, no response is required.  To the extent Paragraph 719 contains any factual allegations, KPMG denies those allegations.

720.     To the extent Paragraph 720 asserts legal conclusions, no response is required. To the extent Paragraph 720 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 720 and on that basis denies those allegations.

721.    To the extent Paragraph 721 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  To the extent Paragraph 721 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 721 and on that basis denies those allegations.

722.    To the extent Paragraph 722 asserts legal conclusions, no response is required. To the extent Paragraph 722 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 722 and on that basis denies those allegations.

723.    To the extent Paragraph 723 asserts legal conclusions, no response is required. To the extent Paragraph 723 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 723 and on that basis denies those allegations.

724.    To the extent Paragraph 724 asserts legal conclusions, no response is required. To the extent Paragraph 724 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 724 and on that basis denies those allegations.

725.    To the extent Paragraph 725 asserts legal conclusions, no response is required. To the extent Paragraph 725 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 725 and on that basis denies those allegations.

726.    To the extent Paragraph 726 asserts legal conclusions, no response is required. To the extent Paragraph 726 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 726 and on that basis denies those allegations.

727.     To the extent Paragraph 727 asserts legal conclusions or purports to summarize or

characterize Fannie Mae's SEC registration, no response is required.  KPMG states that Fannie

Mae's SEC registration is in writing and speaks for itself.  To the extent Paragraph 727 contains

factual allegations requiring a response, KPMG is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 727 and on that basis denies those

allegations.

728.     To the extent Paragraph 728 asserts legal conclusions or purports to summarize or

characterize the contents of a Fannie Mae January 15, 2003 press release, no response is

required.  KPMG states that the January 15, 2003 press release is in writing and speaks for itself.

To the extent Paragraph 728 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 728 and on that basis denies those allegations.

729.     To the extent Paragraph 729 asserts legal conclusions or purports to summarize or

characterize a Fannie Mae January 21, 2004 press release, no response is required.  KPMG states

that the January 21, 2004 press release is in writing and speaks for itself.  To the extent

Paragraph 729 contains factual allegations requiring a response, KPMG is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 729 and on

that basis denies those allegations.

730.     KPMG is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 730 and on that basis denies those allegations.

731.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 731 and on that basis denies those allegations.

732.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 732 and on that basis denies those allegations.

733.     To the extent Paragraph 733 purports to summarize or characterize an April 15, 2004 Congressional request letter, no response is required.  KPMG states that the April 15, 2004 Congressional request letter is in writing and speaks for itself.  To the extent Paragraph 733 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 733 and on that basis denies those allegations.

734.     Paragraph 734 purports to summarize or characterize the contents of Duane Duncan's interview with OFHEO and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of Mr. Duncan's interview is in writing and speaks for itself.  To the extent Paragraph 734 contains any factual allegations, KPMG denies those allegations.

735.     Paragraph 735 purports to summarize or characterize the contents of Duane Duncan's interview with OFHEO and does not contain factual allegations, therefore, no response is required.  KPMG states that a transcript of Mr. Duncan's interview is in writing and speaks for itself.  To the extent Paragraph 735 contains any factual allegations, KPMG denies those allegations.

736.     To the extent Paragraph 735 purports to summarize or characterize the contents of Duane Duncan's interview with OFHEO, no response is required.  KPMG states that a transcript of Mr. Duncan's interview is in writing and speaks for itself.  To the extent Paragraph 736

contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 736 and on that basis denies those allegations.

737.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 737 and on that basis denies those allegations.

738.     Paragraph 738 purports to summarize or characterize the contents of the Final OFHEO Report and does not contain factual allegations, therefore, no response is required. KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 738 contains any factual allegations, KPMG denies those allegations.

739.    KPMG states that Paragraph 739 asserts legal conclusions and does not contain factual allegations requiring a response, therefore, no response is required.

740.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 740 and on that basis denies those allegations.

741.    To the extent Paragraph 741 purports to summarize or characterize the contents of the Paul Weiss Report, the Interim OFHEO Report or the Final OFHEO Report, no response is required.  KPMG states that the Paul Weiss Report, the Interim OFHEO Report and the Final OFHEO Report are in writing and speak for themselves.  To the extent Paragraph 741 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 741 and on that basis denies those allegations.

742.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 742 and on that basis denies those allegations.

743.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 743 and on that basis denies those allegations.

744.    To the extent Paragraph 744 asserts legal conclusions or purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 744 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 744 and on that basis denies those allegations.

745.    To the extent that Paragraph 745 purports to summarize or characterize the contents of KPMG's engagement agreements with Fannie Mae, no response is required.  KPMG states that these engagement agreements are in writing and speak for themselves.  To the extent Paragraph 745 contains factual allegations requiring a response, KPMG admits that it was Fannie Mae's independent auditor from 1969 through December 21, 2004 and that during that time it entered into various engagement agreements with Fannie Mae.  KPMG denies the remaining allegations in Paragraph 745.

746.    To the extent Paragraph 746 purports to summarize or characterize Fannie Mae's financial statements or KPMG's audit opinions, no response is required.  KPMG states that Fannie Mae's financial statements and KPMG's audit opinions are in writing and speak for themselves.  To the extent Paragraph 746 contains any factual allegations requiring a response, KPMG denies them.

747.    To the extent Paragraph 747 asserts legal conclusions or purports to summarize or characterize the contents of KPMG's workpapers, no response is required.  KPMG states that its workpapers are in writing and speak for themselves.  To the extent Paragraph 747 contains

factual allegations requiring a response, KPMG admits that in 1998 it posted an audit difference of approximately $199 million. KPMG denies the remaining allegations in Paragraph 747.

748.    To the extent Paragraph 748 asserts legal conclusions or purports to summarize the content of KPMG's workpapers, of its audit opinions or of professional practice letters from KPMG's Department of Professional Practice ("DPP"), no response is required. KPMG states that its workpapers, its audit opinions and DPP professional practice letters are in writing and speak for themselves. To the extent Paragraph 748 contains factual allegations requiring a response, KPMG denies those allegations.

749.    To the extent Paragraph 749 purports to summarize or characterize a KPMG letter, no response is required. KPMG states that any such letter is in writing and speaks for itself. To the extent Paragraph 749 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 749 and on that basis denies those allegations.

750.    To the extent Paragraph 750 purports to summarize or characterize the contents of KPMG's audit opinions, no response is required. KPMG states that its audit opinions are in writing and speak for themselves. To the extent Paragraph 750 contains factual allegations requiring a response, KPMG denies those allegations.

751.    To the extent Paragraph 751 asserts legal conclusions, no response is required. To the extent Paragraph 751 contains factual allegations requiring a response, KPMG admits that on August 5, 2003, Sampath Rajappa discussed with KPMG what he asserted were the allegations raised by Fannie Mae's former employee, Roger Barnes. KPMG denies the remaining allegations in Paragraph 751.

752.    To the extent Paragraph 752 asserts legal conclusions, no response is required. To the extent Paragraph 752 contains factual allegations requiring a response, KPMG denies those allegations.

753.    To the extent Paragraph 753 asserts legal conclusions or purports to summarize or characterize SFAS 133, no response is required.  KPMG states that SFAS 133 is in writing and speaks for itself.  To the extent Paragraph 753 contains factual allegations requiring a response, KPMG denies those allegations.

754.    Paragraph 754 purports to summarize or characterize AU § 332 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 332 is in writing and speaks for itself.  To the extent Paragraph 754 contains any factual allegations, KPMG denies those allegations.

755.    Paragraph 755 purports to summarize or characterize AU § 332 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 332 is in writing and speaks for itself.  To the extent Paragraph 755 contains any factual allegations, KPMG denies those allegations.

756.    Paragraph 756 asserts legal conclusions and does not contain factual allegations, therefore, no response is required.  KPMG states that any obligations under AU § 332 are contained in AU § 332, are in writing and speak for themselves.  To the extent Paragraph 756 contains any factual allegations, KPMG denies those allegations.

757.    To the extent Paragraph 757 asserts legal conclusions, no response is required. To the extent Paragraph 757 contains factual allegations requiring a response, KPMG denies those allegations.

758.     To the extent Paragraph 758 asserts legal conclusions, no response is required. To the extent Paragraph 758 contains factual allegations requiring a response, KPMG denies those allegations.

759.     To the extent Paragraph 759 asserts legal conclusions or purports to summarize or characterize the contents of a December 31, 1999 memorandum titled "KPMG Fannie Mae Strategic Analysis Memorandum," no response is required.  KPMG states that the December 31, 1999 memorandum is in writing and speaks for itself.  To the extent Paragraph 759 contains factual allegations requiring a response, KPMG denies those allegations.

760.     Paragraph 760 purports to summarize or characterize the contents of a 2002 KPMG workpaper and does not contain factual allegations, therefore, no response is required. KPMG states that the 2002 workpaper is in writing and speaks for itself.  To the extent Paragraph 760 contains any factual allegations, KPMG denies those allegations.

761.     To the extent Paragraph 761 asserts legal conclusions, no response is required. To the extent Paragraph 761 contains factual allegations requiring a response, KPMG denies those allegations.

762.     To the extent Paragraph 762 and its bulleted subparagraphs call for a legal conclusion or purport to summarize or characterize the contents of Fannie Mae's annual and quarterly financial statements, Fannie Mae's Form 10-K and 10-Q filings, KPMG's audit opinions, the Interim OFHEO Report, the Final OFHEO Report or the Paul Weiss Report, no response is required.  KPMG states that Fannie Mae's annual and quarterly financial statements, Fannie Mae's Form 10-K and 10-Q filings, KPMG's audit opinions, the Interim OFHEO Report, the Final OFHEO Report and the Paul Weiss Report are in writing and speak for themselves.  To

the extent Paragraph 762 and its bulleted subparagraphs contain factual allegations requiring a response, KPMG denies those allegations.

763.    To the extent Paragraph 763 asserts legal conclusions or purports to summarize or characterize AU §§ 319, 312 or 722, no response is required.  KPMG states that AU §§ 319, 312 and 722 are in writing and speak for themselves.  To the extent Paragraph 763 contains factual allegations requiring a response, KPMG denies those allegations.

764.    To the extent Paragraph 764 and its subparts (a) through (x) call for legal conclusions or purport to summarize or characterize the contents of the Interim OFHEO Report, the Final OFHEO Report or the Paul Weiss Report, no response is required.  KPMG states that the Interim OFHEO Report, the Final OFHEO Report and the Paul Weiss Report are in writing and speak for themselves.  To the extent Paragraph 764 and its bulleted subparagraphs contain factual allegations requiring a response, KPMG denies those allegations.

765.    To the extent Paragraph 765 asserts legal conclusions, no response is required. To the extent Paragraph 765 contains factual allegations requiring a response, KPMG denies those allegations.

766.    To the extent Paragraph 766 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's Proxy Statements, no response is required.  KPMG states that Fannie Mae's Proxy Statements are in writing and speak for themselves.  To the extent Paragraph 766 contains factual allegations requiring a response, KPMG denies those allegations.

767.    To the extent Paragraph 767 asserts legal conclusions, no response is required. To the extent Paragraph 767 contains factual allegations requiring a response, KPMG admits that Kenneth Russell was the KPMG lead engagement partner for the audits of Fannie Mae's 1998, 1999 and 2000 financial statements and that Mark Serock was the KPMG lead engagement

partner for the audits of Fannie Mae's 2001, 2002 and 2003 financial statements and that both

Mr. Russell and Mr. Serock participated in planning and performing KPMG's audits.  KPMG

denies the remaining allegations in Paragraph 767.

768.     To the extent Paragraph 768 asserts legal conclusions, no response is required.

To the extent Paragraph 768 contains factual allegations requiring a response, KPMG denies

those allegations.

769.     To the extent Paragraph 769 asserts legal conclusions, no response is required.

To the extent Paragraph 769 contains factual allegations requiring a response, KPMG denies

those allegations.

770.     To the extent Paragraph 770 asserts legal conclusions, no response is required.

To the extent Paragraph 770 contains factual allegations requiring a response, KPMG denies

those allegations.

771.     To the extent Paragraph 771 asserts legal conclusions or purports to summarize or

characterize AU § 316, no response is required.  KPMG states that AU § 316 is in writing and

speaks for itself.  To the extent Paragraph 771 contains factual allegations requiring a response,

KPMG denies those allegations.

772.     To the extent Paragraph 772 and its corresponding tables call for a legal

conclusion, no response is required.  To the extent Paragraph 772 and its corresponding tables

contain factual allegations requiring a response, KPMG denies the allegations in Paragraph 772

and its corresponding tables.

773.     To the extent Paragraph 773 asserts legal conclusions or purports to summarize or

characterize AU § 316, no response is required.  KPMG states that AU § 316 is in writing and

speaks for itself.  To the extent Paragraph 773 contains factual allegations requiring a response, KPMG denies those allegations.

774.     To the extent Paragraph 774 asserts legal conclusions or purports to summarize or characterize KPMG's audit opinions or AU §§ 411, 508 or 544, no response is required.  KPMG states that its audit opinions and AU §§ 411, 508 and 544 are in writing and speak for themselves.  To the extent Paragraph 774 contains factual allegations requiring a response, KPMG denies those allegations.

775.     Paragraph 775 purports to summarize or characterize the contents of AU § 411 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 411 is in writing and speaks for itself.  To the extent Paragraph 775 contains any factual allegations, KPMG denies those allegations.

776.     To the extent Paragraph 776 asserts legal conclusions, no response is required. To the extent Paragraph 776 contains factual allegations requiring a response, KPMG denies those allegations.

777.     Paragraph 777 purports to summarize or characterize the contents of AU § 544 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 544 is in writing and speaks for itself.  To the extent Paragraph 777 contains any factual allegations, KPMG denies those allegations.

778.     Paragraph 778 purports to summarize or characterize the contents of AU § 508 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 508 is in writing and speaks for itself.  To the extent Paragraph 778 contains any factual allegations, KPMG denies those allegations.

779.    To the extent Paragraph 779 asserts legal conclusions or purports to summarize or characterize Fannie Mae's statements relating to its restatement, no response is required.  KPMG states that Fannie Mae's statements relating to its restatement are in writing and speak for themselves.  To the extent Paragraph 779 contains factual allegations requiring a response, KPMG denies those allegations.

780.    To the extent Paragraph 780 asserts legal conclusions or purports to summarize or characterize KPMG's audit opinions or AU §§ 508 and 544, no response is required.  KPMG states that its audit opinions and AU §§ 508 and 544 are in writing and speak for themselves.  To the extent Paragraph 780 contains factual allegations requiring a response, KPMG denies the remaining allegations in Paragraph 780.

781.    To the extent Paragraph 781 asserts legal conclusions or purports to summarize or characterize KPMG's audit opinions or AU §§ 508 and 544, no response is required.  KPMG states that its audit opinions and AU §§ 508 and 544 are in writing and speak for themselves.  To the extent Paragraph 781 contains factual allegations requiring a response, KPMG denies the remaining allegations in Paragraph 781.

782.    To the extent Paragraph 782 asserts legal conclusions, no response is required. To the extent Paragraph 782 contains factual allegations requiring a response, KPMG denies those allegations.

783.    Paragraph 783 purports to summarize or characterize the contents of AU § 342 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 342 is in writing and speaks for itself.  To the extent Paragraph 783 contains any factual allegations, KPMG denies those allegations.

784.    To the extent Paragraph 784 asserts legal conclusions, no response is required. To the extent Paragraph 784 contains factual allegations requiring a response, KPMG denies those allegations.

785.    To the extent Paragraph 785 asserts legal conclusions, no response is required. To the extent Paragraph 785 contains factual allegations requiring a response, KPMG denies those allegations.

786.    Paragraph 786 purports to summarize or characterize the contents of AU § 326 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 326 is in writing and speaks for itself.  To the extent Paragraph 786 contains any factual allegations, KPMG denies those allegations.

787.    To the extent Paragraph 787 asserts legal conclusions, no response is required. To the extent Paragraph 787 contains factual allegations requiring a response, KPMG denies those allegations.

788.    To the extent Paragraph 788 asserts legal conclusions or purports to summarize or characterize the requirements of AU § 326, no response is required.  KPMG states that the requirements of AU § 326 are in writing and speak for themselves.  To the extent Paragraph 788 contains factual allegations requiring a response, KPMG denies those allegations.

789.    Paragraph 789 purports to summarize or characterize AU § 431 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 431 is in writing and speaks for itself.  To the extent Paragraph 789 contains any factual allegations, KPMG denies those allegations.

790.    To the extent Paragraph 790 asserts legal conclusions, no response is required. To the extent Paragraph 790 contains factual allegations requiring a response, KPMG denies those allegations.

791.    To the extent Paragraph 791 asserts legal conclusions or purports to summarize or characterize AU § 431, no response is required.  KPMG states that AU § 431 is in writing and speaks for itself.  To the extent Paragraph 791 contains factual allegations requiring a response, KPMG denies those allegations.

792.    To the extent Paragraph 792 asserts legal conclusions or purports to summarize or characterize AU § 722 or SEC requirements, no response is required.  KPMG states that AU § 722 and SEC requirements are in writing and speak for themselves.  To the extent Paragraph 792 contains factual allegations requiring a response, KPMG denies those allegations.

793.    Paragraph 793 asserts legal conclusions, purports to summarize or characterize AU § 722 and contains no factual allegations, therefore, no response is required.  KPMG states that AU § 722 is in writing and speaks for itself.  To the extent Paragraph 793 contains any factual allegations, KPMG denies those allegations.

794.    To the extent Paragraph 794 asserts legal conclusions or purports to summarize or characterize AU § 722, no response is required.  KPMG states that AU § 722 is in writing and speaks for itself.  To the extent Paragraph 794 contains factual allegations requiring a response, KPMG denies those allegations.

795.    To the extent Paragraph 795 asserts legal conclusions, no response is required. To the extent Paragraph 795 contains factual allegations requiring a response, KPMG denies those allegations.

796.     Paragraph 796 purports to summarize or characterize GAAS requirements and AU § 220 and does not contain factual allegations, therefore, no response is required.  KPMG states that AU § 220 is in writing and speaks for itself.  To the extent Paragraph 796 contains any factual allegations, KPMG denies those allegations.

797.     To the extent Paragraph 797 asserts legal conclusions, no response is required. To the extent Paragraph 797 contains factual allegations requiring a response, KPMG admits that it received revenues from Fannie Mae for both audit and other work and that it was Fannie Mae's auditor since 1969.  KPMG denies the remaining allegations in Paragraph 797.

798.     KPMG admits the allegations in Paragraph 798.

799.     To the extent Paragraph 799 purports to summarize or characterize the Audit Committee's charter, no response is required.  KPMG states that the Audit Committee charter is in writing and speaks for itself.  To the extent Paragraph 799 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 799 and on that basis denies those allegations.

800.     Paragraph 800 purports to summarize or characterize the 2000 Charter for Fannie Mae's Audit Committee and does not contain factual allegations, therefore, no response is required.  KPMG states that the 2000 Charter is in writing and speaks for itself.  To the extent Paragraph 800 contains any factual allegations, KPMG denies those allegations.

801.     Paragraph 801 purports to summarize or characterize the 2000 Charter for Fannie Mae's Audit Committee and does not contain factual allegations, therefore, no response is required.  KPMG states that the 2000 Charter is in writing and speaks for itself.  To the extent Paragraph 801 contains any factual allegations, KPMG denies those allegations.

802.    Paragraph 802 purports to summarize or characterize the 2000 Charter for Fannie Mae's Audit Committee and does not contain factual allegations, therefore, no response is required.  KPMG states that the 2000 Charter is in writing and speaks for itself.  To the extent Paragraph 802 contains any factual allegations, KPMG denies those allegations.

803.    To the extent Paragraph 803 purports to summarize or characterize the 2002 Charter, no response is required.  KPMG states that the 2002 Charter is in writing and speaks for itself.  To the extent Paragraph 803 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 803 and on that basis denies those allegations.

804.    Paragraph 804 purports to summarize or characterize the 2002 Charter for Fannie Mae's Audit Committee and does not contain factual allegations, therefore, no response is required.  KPMG states that the 2002 Charter is in writing and speaks for itself.  To the extent Paragraph 804 contains any factual allegations, KPMG denies those allegations.

805.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 805 and on that basis denies those allegations.

806.    To the extent Paragraph 806 asserts legal conclusions, no response is required.  To the extent Paragraph 806 contains factual allegations requiring a response, KPMG admits that it posted an audit difference of approximately $199 million for its 1998 year-end audit of Fannie Mae and that it informed Fannie Mae's Audit Committee Chairman, Defendant Gerrity, of this audit difference.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 806 and on that basis denies those allegations.

807.    To the extent the allegations in Paragraph 807 are not directed to KPMG, no response is required.  To the extent Paragraph 807 asserts legal conclusions, no response is

required.  To the extent Paragraph 807 contains factual allegations requiring a response, KPMG

is without knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 807 and on that basis denies those allegations.

808.     To the extent the allegations in Paragraph 808 are not directed to KPMG, no

response is required.  To the extent Paragraph 808 asserts legal conclusions, no response is

required.  To the extent Paragraph 808 contains factual allegations requiring a response, KPMG

is without knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 808 and on that basis denies those allegations.

809.     To the extent the allegations in paragraph 809 are not directed to KPMG, no

response is required.  To the extent Paragraph 809 asserts legal conclusions, no response is

required.  To the extent Paragraph 809 contains factual allegations requiring a response, KPMG

is without knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 809 and on that basis denies those allegations.

810.     To the extent the allegations in paragraph 810 are not directed to KPMG, no

response is required.  To the extent Paragraph 810 asserts legal conclusions, no response is

required.  To the extent Paragraph 810 contains factual allegations requiring a response, KPMG

is without knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 810 and on that basis denies those allegations.

811.     To the extent Paragraph 811 asserts legal conclusions, no response is required.

To the extent Paragraph 811 contains factual allegations requiring a response, KPMG is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 811 and on that basis denies those allegations.

812.     To the extent the allegations in paragraph 812 are not directed to KPMG, no response is required.  To the extent Paragraph 812 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report or Fannie Mae's Audit Committee Charter, no response is required.  KPMG states that the Final OFHEO Report and Fannie Mae's Audit Committee Charter are in writing and speak for themselves.  To the extent Paragraph 812 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 812 and on that basis denies those allegations.

813.     To the extent the allegations in paragraph 813 are not directed to KPMG, no response is required.  To the extent Paragraph 813 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's Audit Committee Charter, no response is required.  KPMG states that Fannie Mae's Audit Committee Charter is in writing and speaks for itself.  To the extent Paragraph 813 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 813 and on that basis denies those allegations.

814.     To the extent the allegations in paragraph 814 are not directed to KPMG, no response is required.  To the extent Paragraph 814 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.   To the extent Paragraph 814 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 814 and on that basis denies those allegations.

815.    To the extent Paragraph 815 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO report is in writing and speaks for itself.  To the extent Paragraph 815 contains factual allegations requiring a response, KPMG denies those allegations.

816.    To the extent Paragraph 816 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 816 contains factual allegations requiring a response, KPMG admits that it posted an audit difference of approximately $199 million for its 1998 year-end audit of Fannie Mae and that it informed Fannie Mae's Audit Committee Chairman, Defendant Gerrity, of this audit difference.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 816 and on that basis denies those allegations.

817.    To the extent Paragraph 817 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 817 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 817 and on that basis denies those allegations.

818.    To the extent the allegations in paragraph 818 are not directed to KPMG, no response is required.  To the extent Paragraph 818 asserts legal conclusions, no response is required.  To the extent Paragraph 818 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 818 and on that basis denies those allegations.

819.    To the extent Paragraph 819 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, minutes from an April 2000 Audit Committee meeting, or a February 2001 report to the Board of Directors by Defendant Howard, no response is required.  KPMG states that the Final OFHEO Report, the minutes from the April 2000 Audit Committee meeting and the February 2001 report to the Board of Directors by Defendant Howard are in writing and speak for themselves.  To the extent Paragraph 819 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 819 and on that basis denies those allegations.

820.    To the extent the allegations in Paragraph 820 are not directed to KPMG, no response is required.  To the extent Paragraph 820 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 820 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 820 and on that basis denies those allegations.

821.    To the extent the allegations in Paragraph 821 are not directed to KPMG, no response is required.  To the extent Paragraph 821 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 821 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 821 and on that basis denies those allegations.

822.    To the extent Paragraph 822 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 822 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 822 and on that basis denies those allegations.

823.    To the extent Paragraph 823 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 823 contains factual allegations directed to KPMG, KPMG denies them.  KPMG is without knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 823 and on that basis denies those allegations.

824.    To the extent Paragraph 824 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 824 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 824 and on that basis denies those allegations.

825.    To the extent Paragraph 825 asserts legal conclusions, no response is required. To the extent Paragraph 825 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 825 and on that basis denies those allegations.

826.     To the extent the allegations in Paragraph 826 are not directed to KPMG, no response is required.  To the extent Paragraph 826 asserts legal conclusions, no response is required.  To the extent Paragraph 826 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 826 and on that basis denies those allegations.

827.     To the extent the allegations in Paragraph 827 are not directed to KPMG, no response is required.  To the extent Paragraph 827 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 827 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 827 and on that basis denies those allegations.

828.     To the extent the allegations in Paragraph 828 are not directed to KPMG, no response is required.  To the extent Paragraph 828 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 828 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 828 and on that basis denies those allegations.

829.     To the extent the allegations in Paragraph 829 are not directed to KPMG, no response is required.  To the extent Paragraph 829 purports to summarize or characterize OFHEO regulations, no response is required.  KPMG states that OFHEO regulations are in

writing and speak for themselves.  To the extent Paragraph 829 contains factual allegations requiring a response, KPMG denies those allegations.

830.    To the extent the allegations in Paragraph 830 are not directed to KPMG, no response is required.  To the extent Paragraph 830 asserts legal conclusions or purports to summarize or characterize OFHEO regulations, no response is required.  KPMG states that OFHEO regulations are in writing and speak for themselves.  To the extent Paragraph 830 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 830 and on that basis denies those allegations.

831.    To the extent the allegations in Paragraph 831 are not directed to KPMG, no response is required.  To the extent Paragraph 831 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required. KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 831 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 831 and on that basis denies those allegations.

832.    To the extent the allegations in Paragraph 832 are not directed to KPMG, no response is required.  To the extent Paragraph 832 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report or OFHEO requirements, no response is required.  KPMG states that the Final OFHEO Report and OFHEO requirements are in writing and speak for themselves.  To the extent Paragraph 832 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 832 and on that basis denies those allegations.

833. To the extent the allegations in Paragraph 833 are not directed to KPMG, no response is required. To the extent Paragraph 833 asserts legal conclusions, no response is required. To the extent Paragraph 833 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 833 and on that basis denies those allegations.

834. To the extent the allegations in Paragraph 834 are not directed to KPMG, no response is required. To the extent Paragraph 834 asserts legal conclusions or purports to summarize or characterize Defendant Howard's July 2002 Presentation titled "Corporate Risk Appetite" or EPS growth charts for Alcoa, Fifth Third Bank or Citigroup, no response is required. KPMG states that Defendant Howard's July 2002 Presentation and the EPS growth charts for Alcoa, Fifth Third Bank and Citigroup are in writing and speak for themselves. To the extent Paragraph 834 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 834 and on that basis denies those allegations.

835. To the extent the allegations in Paragraph 835 are not directed to KPMG, no response is required. To the extent Paragraph 835 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required. KPMG states that the Final OFHEO report is in writing and speaks for itself. To the extent Paragraph 835 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 835 and on that basis denies those allegations.

836. To the extent the allegations in Paragraph 836 are not directed to KPMG, no response is required. To the extent Paragraph 836 asserts legal conclusions or purports to

summarize or characterize the contents of the Final OFHEO Report, no response is required. KPMG states that the Final OFHEO Report is in writing and speaks for itself. To the extent Paragraph 836 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 836 and on that basis denies those allegations.

837.    To the extent the allegations in Paragraph 837 are not directed to KPMG, no response is required. To the extent Paragraph 837 asserts legal conclusions, no response is required. To the extent Paragraph 837 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 837 and on that basis denies those allegations.

838.    Paragraph 838 purports to summarize or characterize the contents of the Final OFHEO Report and contains no factual allegations, therefore, no response is required. KPMG states that the Final OFHEO Report is in writing and speaks for itself. To the extent Paragraph 838 contains any factual allegations, KPMG denies those allegations.

839.    To the extent Paragraph 839 purports to summarize or characterize the contents of the Final OFHEO Report or Fannie Mae's bylaws, no response is required. KPMG states that the Final OFHEO Report and Fannie Mae's bylaws are in writing and speak for themselves. To the extent Paragraph 839 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 839 and on that basis denies those allegations.

840.    To the extent Paragraph 841 purports to summarize or characterize an email from Monica Medina to a student at the Wharton School of Business, no response is required. KPMG states that any such email is in writing and speaks for itself. To the extent Paragraph 840

contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 840 and on that basis denies those allegations.

841.    To the extent Paragraph 841 purports to summarize or characterize the contents of the Paul Weiss Report, no response is required.  KPMG states that the Paul Weiss Report is in writing and speaks for itself.  To the extent Paragraph 841 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 841 and on that basis denies those allegations.

842.    To the extent Paragraph 842 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 842 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 842 and on that basis denies those allegations.

843.    To the extent Paragraph 843 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 843 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 843 and on that basis denies those allegations.

844.    To the extent Paragraph 844 purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 844 contains factual allegations requiring a response, KPMG admits that Defendant Howard was Fannie Mae's CFO and Chief

Risk Officer.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 844 and on that basis denies those allegations.

845.     To the extent Paragraph 845 purports to summarize or characterize Defendant Mudd's August 2004 presentation to the Board of Directors, no response is required.  KPMG states that the August 2004 presentation to the Board of Directors is in writing and speaks for itself.  To the extent Paragraph 845 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 845 and on that basis denies those allegations.

846.     To the extent the allegations in Paragraph 846 are not directed to KPMG, no response is required.  To the extent Paragraph 846 asserts legal conclusions, no response is required.  To the extent Paragraph 846 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 846 and on that basis denies those allegations.

847.     To the extent the allegations in Paragraph 847 are not directed to KPMG, no response is required.  To the extent Paragraph 847 asserts legal conclusions, no response is required.   To the extent Paragraph 847 contains factual allegations, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 847 and on that basis denies those allegations.

848.     To the extent Paragraph 848 asserts legal conclusions or purports to summarize or characterize Fannie Mae's public statements regarding the Freddie Mac investigation, no response is required.  KPMG states that Fannie Mae's public statements are in writing and speak for themselves.  To the extent Paragraph 848 contains factual allegations requiring a response,

KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 848 and on that basis denies those allegations.

849.    To the extent Paragraph 849 asserts legal conclusions, no response is required. To the extent Paragraph 849 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 849 and on that basis denies those allegations.

850.    To the extent Paragraph 850 asserts legal conclusions, no response is required. To the extent Paragraph 850 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 850 and on that basis denies those allegations.

851.    To the extent Paragraph 851 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 851 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 851 and on that basis denies those allegations.

852.    To the extent Paragraph 852 asserts legal conclusions or purports to summarize or characterize the contents of the Final OFHEO Report, no response is required.  KPMG states that the Final OFHEO Report is in writing and speaks for itself.  To the extent Paragraph 852 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 852 and on that basis denies those allegations.

853.    To the extent Paragraph 853 purports to summarize or characterize Defendant Howard's presentation on risk management objectives made at the Fannie Mae Board of Directors' Strategic Retreat, no response is required.  KPMG states that Defendant Howard's presentation is in writing and speaks for itself.  To the extent Paragraph 853 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 853 and on that basis denies those allegations.

854.    To the extent Paragraph 854 purports to summarize or characterize Baker Botts's report on its investigation of Freddie Mac, no response is required.  KPMG states that Baker Botts's Freddie Mac report is in writing and speaks for itself.  To the extent Paragraph 854 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 854 and on that basis denies those allegations.

855.    To the extent Paragraph 855 purports to summarize or characterize the contents of the Final OFHEO Report, SEC regulations or OFHEO regulations, no response is required. KPMG states that the Final OFHEO Report, SEC regulations and OFHEO regulations are in writing and speak for themselves.   To the extent Paragraph 855 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 855 and on that basis denies those allegations.

856.    To the extent Paragraph 856 asserts legal conclusions, no response is required. To the extent Paragraph 856 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 856 and on that basis denies those allegations.

857.    Paragraph 857 asserts legal conclusions and does not contain factual allegations, therefore, no response is required.  To the extent Paragraph 857 contains any factual allegations, KPMG denies those allegations.  To the extent Paragraph 857 contains any factual allegations, KPMG denies those allegations.

858.    Paragraph 858 asserts legal conclusions and does not contain factual allegations, therefore, no response is required.  To the extent Paragraph 858 contains any factual allegations, KPMG denies those allegations.  To the extent Paragraph 858 contains any factual allegations, KPMG denies those allegations.

859.    To the extent Paragraph 859 and its subparts asserts legal conclusions, no response is required.  To the extent Paragraph 859 and its subparts contain factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 859 and its subparts and on that basis denies those allegations.

860.    To the extent Paragraph 860 asserts legal conclusions, no response is required. To the extent Paragraph 860 contains factual allegations, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 860 and on that basis denies those allegations.

861.    To the extent Paragraph 861 asserts legal conclusions, no response is required. To the extent Paragraph 861 contains any factual allegations, KPMG denies those allegations.

862.    To the extent Paragraph 862 asserts legal conclusions, no response is required. To the extent Paragraph 862 contains factual allegations requiring a response, KPMG denies those allegations.

863.    To the extent Paragraph 863 asserts legal conclusions, no response is required. To the extent Paragraph 863 contains factual allegations requiring a response, KPMG denies those allegations.

864.    To the extent Paragraph 864 asserts legal conclusions or purports to summarize or characterize Fannie Mae's SEC filings and public announcements, no response is required. KPMG states that Fannie Mae's SEC filings and its public announcements are in writing and speak for themselves. To the extent Paragraph 864 contains factual allegations requiring a response, KPMG denies those allegations.

865.    To the extent Paragraph 865 asserts legal conclusions or purports to summarize or characterize the contents of Fannie Mae's stock prices, no response is required. KPMG states that Fannie Mae's stock prices are publicly available and speak for themselves. To the extent Paragraph 865 contains factual allegations requiring a response, KPMG denies those allegations.

866.    To the extent Paragraph 866 asserts legal conclusions, no response is required. To the extent Paragraph 866 contains factual allegations requiring a response, KPMG denies those allegations.

867.    To the extent Paragraph 867 asserts legal conclusions or purports to summarize or characterize Fannie Mae's February 23, 2005 Form 8-K or the price of Fannie Mae stock at various points in time, no response is required. KPMG states that the February 23, 2005 Form 8-K and Fannie Mae's stock prices are publicly available and speak for themselves. To the extent Paragraph 867 contains factual allegations requiring a response, KPMG admits that Fannie Mae disclosed the Interim OFHEO Report to the public on September 22, 2004. KPMG denies the remaining allegations in Paragraph 867.

868.     To the extent Paragraph 868 asserts legal conclusions, no response is required. To the extent Paragraph 868 contains factual allegations requiring a response, KPMG admits that *Vinci v. Federal National Mortgage Association, et al.* is now pending as *In re Fannie Mae Securities Litigation*, No. 1:04-cv-01639-RJL in the United District Court for the District of Columbia, and that the *Vinci* action purports to assert claims pursuant to Section 10(b), Rule 10b-5 and Section 20(a) of the Exchange Act.  KPMG denies the remaining allegations in Paragraph 868 and denies that any of claims asserted in that action brought against KPMG are legally cognizable.

869.     To the extent Paragraph 869 asserts legal conclusions, no response is required. To the extent Paragraph 869 contains factual allegations requiring a response, KPMG denies those allegations.

870.     In response to Paragraph 870, KPMG incorporates by reference its answers to Paragraphs 1 through 869 inclusive.

871.     To the extent Paragraph 871 asserts legal conclusions, no response is required. To the extent Paragraph 871 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 871 and on that basis denies those allegations.

872.     To the extent Paragraph 872 asserts legal conclusions, no response is required. To the extent Paragraph 872 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 872 and on that basis denies those allegations.

873.     To the extent Paragraph 873 asserts legal conclusions, no response is required. To the extent Paragraph 873 contains factual allegations directed to KPMG, KPMG denies them.

KPMG is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 873 and on that basis denies those allegations.

874.     To the extent Paragraph 874 asserts legal conclusions, no response is required. To the extent Paragraph 874 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 874 and on that basis denies those allegations.

875.     To the extent Paragraph 875 asserts legal conclusions, no response is required. To the extent Paragraph 875 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 875 and on that basis denies those allegations.

876.     To the extent Paragraph 876 asserts legal conclusions, no response is required. To the extent Paragraph 876 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 876 and on that basis denies those allegations.

877.     In response to Paragraph 877, KPMG incorporates by reference its answers to Paragraphs 1 through 876 inclusive.

878.     To the extent the allegations in Paragraph 878 are not directed to KPMG, no response is required.  To the extent Paragraph 878 asserts legal conclusions, no response is required.  To the extent Paragraph 878 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 878 and on that basis denies those allegations.

879.     To the extent the allegations in Paragraph 879 are not directed to KPMG, no response is required.  To the extent Paragraph 879 asserts legal conclusions, no response is

required.  To the extent Paragraph 879 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 879 and on that basis denies those allegations.

880.    To the extent the allegations in Paragraph 880 are not directed to KPMG, no response is required.  To the extent Paragraph 880 asserts legal conclusions, no response is required.  To the extent Paragraph 880 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 880 and on that basis denies those allegations.

881.    To the extent the allegations in Paragraph 881 are not directed to KPMG, no response is required.  To the extent Paragraph 881 asserts legal conclusions, no response is required.  To the extent Paragraph 881 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 881 and on that basis denies those allegations.

882.    To the extent the allegations in Paragraph 882 are not directed to KPMG, no response is required.  To the extent Paragraph 882 asserts legal conclusions, no response is required.  To the extent Paragraph 882 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 882 and on that basis denies those allegations.

883.    To the extent the allegations in Paragraph 883 are not directed to KPMG, no response is required.  To the extent Paragraph 883 asserts legal conclusions, no response is required.  To the extent Paragraph 883 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 883 and on that basis denies those allegations.

884.    To the extent the allegations in Paragraph 884 are not directed to KPMG, no response is required.  To the extent Paragraph 884 asserts legal conclusions, no response is required.  To the extent Paragraph 884 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 884 and on that basis denies those allegations.

885.    In response to Paragraph 885, KPMG incorporates by reference its answers to Paragraphs 1 through 884 inclusive.

886.    Paragraph 886 does not contain factual allegations, therefore, no response is required.  To the extent Paragraph 886 contains any factual allegations, KPMG denies those allegations.

887.    To the extent Paragraph 887 asserts legal conclusions, no response is required. To the extent Paragraph 887 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 887 and on that basis denies those allegations.

888.    To the extent Paragraph 888 asserts legal conclusions or purports to summarize or characterize Fannie Mae's SEC filings or KPMG's audit opinions, no response is required. KPMG states that Fannie Mae's SEC filings and KPMG's audit opinions are in writing and speak for themselves.  To the extent Paragraph 888 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 888 and on that basis denies those allegations.

889.    To the extent Paragraph 889 asserts legal conclusions, no response is required. To the extent Paragraph 889 contains factual allegations requiring a response, KPMG is without

information or knowledge sufficient to form a belief as to the truth of the allegations in

Paragraph 889 and on that basis denies those allegations.

890.     To the extent Paragraph 890 asserts legal conclusions, no response is required.

To the extent Paragraph 890 contains factual allegations requiring a response, KPMG denies

those allegations.

891.     To the extent Paragraph 891 purports to summarize or characterize the contents of

Fannie Mae's 2002 Form 10-K, no response is required.  KPMG states that Fannie Mae's Form

10-K is in writing and speaks for itself.  To the extent Paragraph 891 contains factual allegations

requiring a response, KPMG denies those allegations.

892.     To the extent Paragraph 892 purports to summarize or characterize the contents of

Fannie Mae's 2003 Form 10-K, no response is required.  KPMG states that Fannie Mae's 2003

Form 10-K is in writing and speaks for itself.  To the extent Paragraph 892 contains factual

allegations requiring a response, KPMG denies those allegations.

893.     KPMG admits the allegations in Paragraph 893.

894.     To the extent Paragraph 894 purports to summarize or characterize the contents of

KPMG's audit opinions or of Fannie Mae's SEC filings, no response is required.  KPMG states

that its audit opinions and Fannie Mae's SEC filings are in writing and speak for themselves.  To

the extent Paragraph 894 contains factual allegations requiring a response, KPMG admits those

allegations.

895.     To the extent Paragraph 895 asserts legal conclusions, no response is required.

To the extent Paragraph 895 contains factual allegations requiring a response, KPMG is without

information or knowledge sufficient to form a belief as to the truth of the allegations in

Paragraph 895 and on that basis denies those allegations.

896.    To the extent Paragraph 896 asserts legal conclusions, no response is required. To the extent Paragraph 896 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 896 and on that basis denies those allegations.

897.    To the extent Paragraph 897 asserts legal conclusions, no response is required. To the extent Paragraph 897 contains factual allegations requiring a response, KPMG denies those allegations.

898.    To the extent Paragraph 898 asserts legal conclusions, no response is required. To the extent Paragraph 898 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 898 and on that basis denies those allegations.

899.    In response to Paragraph 899, KPMG incorporates by reference its answers to Paragraphs 1 through 898 inclusive.

900.    To the extent the allegations in Paragraph 900 are not directed to KPMG, no response is required.  To the extent Paragraph 900 asserts legal conclusions, no response is required.  To the extent Paragraph 900 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 900 and on that basis denies those allegations.

901.    To the extent Paragraph 901 asserts legal conclusions, no response is required. To the extent Paragraph 901 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 901 and on that basis denies those allegations.

902.     To the extent the allegations in Paragraph 902 are not directed to KPMG, no response is required.  To the extent Paragraph 902 asserts legal conclusions, no response is required.  To the extent Paragraph 902 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 902 and on that basis denies those allegations.

903.     To the extent the allegations in Paragraph 903 are not directed to KPMG, no response is required.  To the extent Paragraph 903 asserts legal conclusions, no response is required.  To the extent Paragraph 903 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 903 and on that basis denies those allegations.

904.     To the extent Paragraph 904 asserts legal conclusions, no response is required.  To the extent Paragraph 904 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 904 and on that basis denies those allegations.

905.     In response to Paragraph 905, KPMG incorporates by reference its answers to Paragraphs 1 through 904 inclusive.

906.     To the extent the allegations in Paragraph 906 are not directed to KPMG, no response is required.  To the extent Paragraph 906 asserts legal conclusions, no response is required.  To the extent Paragraph 906 contains factual allegations requiring a response, KPMG is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 906 and on that basis denies those allegations.

907.     To the extent the allegations in Paragraph 907 are not directed to KPMG, no response is required.  To the extent Paragraph 907 asserts legal conclusions, no response is

required.  To the extent Paragraph 907 contains factual allegations requiring a response, KPMG

is without information or knowledge sufficient to form a belief as to the truth of the allegations

in Paragraph 907 and on that basis denies those allegations.

908.     To the extent the allegations in Paragraph 908 are not directed to KPMG, no

response is required.  To the extent Paragraph 908 asserts legal conclusions, no response is

required.  To the extent Paragraph 908 contains factual allegations requiring a response, KPMG

is without information or knowledge sufficient to form a belief as to the truth of the allegations

in Paragraph 908 and on that basis denies those allegations.

909.     To the extent Paragraph 909 asserts legal conclusions, no response is required.

To the extent Paragraph 909 contains factual allegations requiring a response, KPMG is without

information or knowledge sufficient to form a belief as to the truth of the allegations in

Paragraph 909 and on that basis denies those allegations.

910.     In response to Paragraph 910, KPMG incorporates by reference its answers to

Paragraphs 1 through 909 inclusive.

911.     To the extent Paragraph 911 asserts legal conclusions, no response is required.

To the extent Paragraph 911 contains factual allegations requiring a response, KPMG denies the

allegations in Paragraph 911 as to KPMG.  KPMG admits that Plaintiffs purport to assert this

action on various common law theories but denies that any of the claims asserted are legally

cognizable.  KPMG denies the remaining allegations in Paragraph 911.

912.     To the extent Paragraph 912 asserts legal conclusions, no response is required.

To the extent Paragraph 912 contains factual allegations directed to KPMG, KPMG denies them.

KPMG is without knowledge of information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 912 and on that basis denies those allegations.

913.    To the extent Paragraph 913 asserts legal conclusions, no response is required. To the extent Paragraph 913 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 913 and on that basis denies those allegations.

914.    To the extent Paragraph 914 asserts legal conclusions, no response is required. To the extent Paragraph 914 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 914 and on that basis denies those allegations.

915.    To the extent Paragraph 915 asserts legal conclusions, no response is required. To the extent Paragraph 915 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 915 and on that basis denies those allegations.

916.    To the extent Paragraph 916 asserts legal conclusions, no response is required. To the extent Paragraph 916 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 916 and on that basis denies those allegations.

917.    To the extent Paragraph 917 asserts legal conclusions, no response is required. To the extent Paragraph 917 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 917 and on that basis denies those allegations.

918.    To the extent Paragraph 918 asserts legal conclusions, no response is required. To the extent Paragraph 918 contains factual allegations directed to KPMG, KPMG denies them.

KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 918 and on that basis denies those allegations.

919.    In response to Paragraph 919, KPMG incorporates by reference its answers to Paragraphs 1 through 918 inclusive.

920.    To the extent the allegations in Paragraph 920 are not directed to KPMG, no response is required.  To the extent Paragraph 920 asserts legal conclusions, no response is required.  To the extent Paragraph 920 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 920 and on that basis denies those allegations.

921.    To the extent the allegations in Paragraph 921 are not directed to KPMG, no response is required.  To the extent Paragraph 921 asserts legal conclusions, no response is required.  To the extent Paragraph 921 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 921 and on that basis denies those allegations.

922.    To the extent the allegations in Paragraph 922 are not directed to KPMG, no response is required.  To the extent Paragraph 922 asserts legal conclusions, no response is required.  To the extent Paragraph 922 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 922 and on that basis denies those allegations.

923.    To the extent the allegations in Paragraph 923 are not directed to KPMG, no response is required.  To the extent Paragraph 923 asserts legal conclusions, no response is required.  To the extent Paragraph 923 contains factual allegations requiring a response, KPMG

is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 923 and on that basis denies those allegations.

924.    To the extent the allegations in Paragraph 924 are not directed to KPMG, no response is required.  To the extent Paragraph 924 asserts legal conclusions, no response is required.  To the extent Paragraph 924 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 924 and on that basis denies those allegations.

925.    To the extent the allegations in Paragraph 925 are not directed to KPMG, no response is required.  To the extent Paragraph 925 asserts legal conclusions, no response is required.  To the extent Paragraph 925 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 925 and on that basis denies those allegations.

926.    To the extent the allegations in Paragraph 926 are not directed to KPMG, no response is required.  To the extent Paragraph 926 asserts legal conclusions, no response is required.  To the extent Paragraph 926 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 926 and on that basis denies those allegations.

927.    To the extent Paragraph 927 asserts legal conclusions, no response is required. To the extent Paragraph 927 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 927 and on that basis denies those allegations.

928.    To the extent the allegations in Paragraph 928 are not directed to KPMG, no response is required.  To the extent Paragraph 928 asserts legal conclusions, no response is

required.  To the extent Paragraph 928 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 928 and on that basis denies those allegations.

929.    In response to Paragraph 929, KPMG incorporates by reference its answers to Paragraphs 1 through 928 inclusive.

930.    To the extent Paragraph 930 asserts legal conclusions, no response is required. To the extent Paragraph 930 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 930 and on that basis denies those allegations.

931.    To the extent Paragraph 931 asserts legal conclusions, no response is required. To the extent Paragraph 931 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 931 and on that basis denies those allegations.

932.    To the extent Paragraph 932 asserts legal conclusions, no response is required. To the extent Paragraph 932 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 932 and on that basis denies those allegations.

933.    To the extent Paragraph 933 asserts legal conclusions, no response is required. To the extent Paragraph 933 contains factual allegations directed to KPMG, KPMG denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 933 and on that basis denies those allegations.

934.    To the extent the allegations in Paragraph 934 are not directed to KPMG, no response is required.  To the extent Paragraph 934 asserts legal conclusions, no response is

required.  To the extent Paragraph 934 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 934 and on that basis denies those allegations.

935.    To the extent the allegations in Paragraph 935 are not directed to KPMG, no response is required.  To the extent Paragraph 935 asserts legal conclusions, no response is required.  To the extent Paragraph 935 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 935 and on that basis denies those allegations.

936.    In response to Paragraph 936, KPMG incorporates by reference its answers to Paragraphs 1 through 935 inclusive.

937.    To the extent the allegations in Paragraph 937 are not directed to KPMG, no response is required.  To the extent Paragraph 937 asserts legal conclusions, no response is required.  To the extent Paragraph 937 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 937 and on that basis denies those allegations.

938.    To the extent the allegations in Paragraph 938 are not directed to KPMG, no response is required.  KPMG admits that Fannie Mae offered its securities for sale during the Loss Period as defined by Plaintiffs.  KPMG denies that the Loss Period as defined by Plaintiffs is appropriate.

939.    To the extent the allegations in Paragraph 939 are not directed to KPMG, no response is required.  To the extent Paragraph 939 asserts legal conclusions, no response is required.  To the extent Paragraph 939 contains factual allegations requiring a response, KPMG denies those allegations.

940.    To the extent the allegations in Paragraph 940 are not directed to KPMG, no response is required.  To the extent Paragraph 940 asserts legal conclusions, no response is required.  To the extent Paragraph 940 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 940 and on that basis denies those allegations.

941.    To the extent the allegations in Paragraph 941 are not directed to KPMG, no response is required.  To the extent Paragraph 941 asserts legal conclusions, no response is required.  To the extent Paragraph 941 contains factual allegations requiring a response, KPMG admits that Fannie Mae sold its securities to the public and that it made filings with the SEC, which filings are publicly available and speak for themselves.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 941 and on that basis denies those allegations.

942.    To the extent the allegations in Paragraph 942 are not directed to KPMG, no response is required.  To the extent Paragraph 942 asserts legal conclusions, no response is required.  To the extent Paragraph 942 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 942 and on that basis denies those allegations.

943.    To the extent the allegations in Paragraph 943 are not directed to KPMG, no response is required.  To the extent Paragraph 943 asserts legal conclusions, no response is required.  To the extent Paragraph 943 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 943 and on that basis denies those allegations.

944.     To the extent the allegations in Paragraph 944 are not directed to KPMG, no response is required.  To the extent Paragraph 944 asserts legal conclusions, no response is required.  To the extent Paragraph 944 contains factual allegations requiring a response, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 944 and on that basis denies those allegations.

*** 

## PLAINTIFF'S PRAYER FOR RELIEF

With regard to Plaintiff's "Prayer for Relief," KPMG denies that Plaintiffs have any basis for judgment against KPMG.

*** 

## AFFIRMATIVE DEFENSES

KPMG asserts the following affirmative and other defenses.  In asserting these defenses, KPMG does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

1.     Plaintiffs' claims are barred to the extent they lack standing to assert the claims set forth in the Second Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.     Plaintiffs' claims are barred because the Second Amended Complaint fails to set forth facts sufficient to state a claim for relief against KPMG.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Particularity)

3.     Plaintiffs' claims are barred, in whole or in part, because the Second Amended Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails to properly identify the alleged false or misleading statements of which Plaintiffs complain.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Show Loss Causation)

4.     Plaintiffs' claims are barred, in whole or in part, because the Second Amended Complaint fails to demonstrate that any alleged act or omission of KPMG caused the loss for which the Plaintiffs seek to recover damages (loss causation), as required by 15 U.S.C. § 78u-4(b)(4).

## FIFTH AFFIRMATIVE DEFENSE

### (Claims Barred by the Statute of Limitations)

5.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (No Wrongdoing by KPMG)

6.     Plaintiffs' claims are barred, in whole or in part, because at all relevant times KPMG acted in accordance with all federal, state and local laws.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Reliance by Plaintiffs on KPMG's Statements)

7.      Plaintiffs' claims are barred, in whole or in part, because KPMG did not make any false or misleading statement of material fact or any omission of material fact on which Plaintiffs relied.

## EIGHTH AFFIRMATIVE DEFENSE

### (KPMG Not Liable for Statements of Others)

8.      Plaintiffs' claims are barred, in whole or in part, because KPMG is not responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact by others on which Plaintiffs are alleged to have relied.  Further, KPMG is not liable under Section 10(b) of the Securities Exchange Act of 1934, or Rule 10b-5 promulgated thereunder, for any statements not made by KPMG.

## NINTH AFFIRMATIVE DEFENSE

### (No Cognizable Injury or Damage)

9.      Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have not suffered any actual cognizable injury or damage.  KPMG asserts this defense in the alternative, to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

## TENTH AFFIRMATIVE DEFENSE

### (No Scienter)

10.      Plaintiffs' claims are barred, in whole or in part, because KPMG and its officers and/or agents lacked the requisite scienter, including specific intent and/or willfulness, necessary to establish violations of the Securities laws, as required by 15 U.S.C. § 78u-4(b)(2)-(3).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith and Reasonable Care)

11.    Plaintiffs' claims are barred, in whole or in part, because at all times and with respect to all matters contained herein, KPMG acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Second Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Duty)

12.    Plaintiffs' claims are barred, in whole or in part, because KPMG owed no duty to Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Reliance on Statements of Others)

13.    Plaintiffs' claims are barred, in whole or in part, because KPMG reasonably relied on the statements and representations of others, including Fannie Mae and OFHEO, in issuing audit opinions on Fannie Mae's financial statements.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Damages, if any, Attributable to Third Parties)

14.    Plaintiffs' claims are barred, in whole or in part, to the extent any damages suffered by them were proximately caused, in whole or in part, by persons and/or entities that are neither agents nor employees of KPMG, and no legal or factual basis exists for imposing liability upon KPMG for the acts or omissions of any such other persons and/or entities.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Superseding Misconduct of Others)

15.     Plaintiffs' claims are barred, in whole or in part, by the superseding or intervening negligence or other acts or omissions of third parties, including Fannie Mae, over whom KPMG had no control, and if KPMG acted in any manner negligently or wrongfully, which KPMG expressly denies, the aforesaid negligence, other acts or omissions of third parties constituted an intervening and superseding cause of all damages alleged in the Second Amended Complaint or any claim contained therein.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

16.     Plaintiffs' claims are barred, in whole or in part, because they, and any persons on whose behalf they purport to act, knowingly and/or recklessly assumed the risk of purchasing the securities described in the Second Amended Complaint and such was the cause of their alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statements not Material)

17.     Plaintiffs' claims are barred, in whole or in part, to the extent that false or misleading statements, acts or omissions alleged to have been made by KPMG, or for which KPMG is alleged to be liable, were not material to the investment decisions of a reasonable investor.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Decline in Stock Prices Caused by Other Factors)

18.    Plaintiffs' claims are barred, in whole or in part, on the grounds that the decline in price or value of Fannie Mae securities or any other alleged damages sustained by them were not caused by KPMG, did not result from any alleged false or misleading statements, acts or omissions referred to in the Second Amended Complaint for which KPMG could be legally found to be responsible or liable, and were caused, if at all, by economic, market, or other forces or independent intervening or superseding causes other than those alleged in the Second Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Causation)

19.    Plaintiffs' claims are barred, in whole or in part, because any losses suffered by them were not causally related to any misstatements allegedly made by KPMG.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

20.    Plaintiffs' claims are barred, in whole or in part, to the extent they have failed to mitigate their damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Reasonable Reliance on KPMG by Plaintiffs)

21.    Plaintiffs' claims are barred, in whole or in part, to the extent that they did not reasonably rely or could not reasonably rely on any statements by KPMG alleged to be materially false or misleading when made.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Reliance on Market Price for Investment Decision)

22.     Plaintiffs' claims are barred, in whole or in part, because Fannie Mae shareholders, including Plaintiffs, did not rely on the market price of Fannie Mae's securities in making their decision to purchase Fannie Mae stock.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiffs' Knowledge of Allegedly Undisclosed Facts)

23.     Plaintiffs' claims are barred, in whole or in part, to the extent that they knew or are deemed to have known of any allegedly undisclosed facts that allegedly gave rise to any cause of action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Fraud on the Market)

24.     Plaintiffs' claims are barred, in whole or in part, to the extent that the truth of the matters complained of was timely disseminated in the market.  Some or all of the matters now alleged to be the subject of false and misleading statements, acts or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and the market and were at all times reflected in the price of Fannie Mae's securities.  Accordingly, the market price of Fannie Mae securities was not inflated as a result of any alleged representation or omission made by KPMG, and, thus, a "fraud on the market" presumption is not appropriate.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Effect on Market Price from Alleged Misstatements)

25.     Plaintiffs' claims are barred, in whole or in part, to the extent that the allegedly false and misleading statements, acts or omissions did not affect the market price of Fannie Mae

securities and/or that an insufficient number of traders in Fannie Mae securities relied on the alleged false and misleading statements, acts or omissions to affect the market price of those securities.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

26.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Negligence)

27.    Plaintiffs' claims are barred, in whole or in part, by their own negligence.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

28.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Release)

29.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released KPMG from any liability.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Loss Period Not Appropriate)

30. Plaintiffs' claims are barred, in whole or in part, because the defined loss period is not appropriate.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Speculative Damages)

31.    Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are impermissibly remote and speculative and because of the impossibility of ascertaining and allocating the alleged damages.  KPMG asserts this defense in the alternative, to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Damages Not Authorized by Law)

32.    Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages, if any, are above those authorized by the Securities Exchange Act of 1934, the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1) and other applicable laws.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Damages Not Proportional)

33.    Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages, if any, do not proportionally reflect KPMG's degree of responsibility, if any, as required by the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(f).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Set-Off)

34.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged net losses during the alleged class period are offset by gains made outside of the class period.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

35.     KPMG expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' position in this litigation.  KPMG adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant in this action to the extent KPMG may share in such defense.

* * *

## CROSS-CLAIMS AGAINST FANNIE MAE

### INTRODUCTION

1.     Between 1998 and 2004, Fannie Mae engaged KPMG LLP ("KPMG") as its outside auditor.  Under engagement letters signed between KPMG and Fannie Mae, Fannie Mae expressly agreed to provide all material information to KPMG.  According to two investigations, several publicly-filed lawsuits, and Fannie Mae's own admissions, Fannie Mae repeatedly and intentionally violated these contractual undertakings by failing to disclose information to KPMG that was vital to KPMG's ability to perform audits and quarterly reviews and by misrepresenting material information to KPMG.  Fannie Mae made these omissions and misrepresentations for the purpose of inducing KPMG to continue to serve as Fannie Mae's independent auditor and these omissions and misrepresentations caused KPMG to issue audit opinions and quarterly reviews asserting that Fannie Mae's financial statements were fairly stated.

2.     Fannie Mae's pattern of deception toward KPMG continued for several years.  Indeed, for the audits and quarterly reviews from 1998 through 2004, Fannie Mae knowingly executed engagement letters representing that it would disclose all material information to KPMG.  Fannie Mae executed these letters even though it knew, at the time it did so, that it had

not disclosed material information to KPMG in previous years, and even though it knew, at the time it did so, that Fannie Mae had no intention of complying with its contractual obligations in the year for which the engagement letter was signed.

3.    Had KPMG known that Fannie Mae was not providing all material information to KPMG, KPMG would not have issued unqualified audit opinions on Fannie Mae's financial statements in the absence of further analysis, review procedures, and/or modifications to the financial statements.  KPMG similarly would not have agreed to continue to serve as Fannie Mae's outside auditor unless controls were implemented to ensure that information was not concealed from or misrepresented to KPMG.

4.    As a consequence of Fannie Mae's misconduct, KPMG is now the subject of civil litigation and regulatory inquiries.  KPMG has suffered significant damage to its reputation and good will, incurred substantial legal fees, and is threatened with substantial liability.  KPMG also suffered financial harm because KPMG was induced to charge fees for its audits of Fannie Mae's financial statements that were substantially lower than the fees that would have been charged had Fannie Mae disclosed the truth about its operations, controls, and accounting to KPMG.

5.    This cross-claim complaint asserts claims against Fannie Mae for breach of contract, fraudulent misrepresentation, fraudulent inducement, negligent misrepresentation, and contribution.

## JURISDICTION

6.    These are cross-claims filed in connection with *Franklin Managed Trust, et al. v. Federal National Mortgage Association, et al.*, No. 01:06CV00139 ("opt-out action"), pursuant to Federal Rule of Civil Procedure 13(g).  The cross-claims "aris[e] out of the same transaction or occurrence that is the subject matter . . . of" the consolidated actions, including both the opt-out action and *In re Federal National Mortgage Association Securities Litigation*, No.

01:04CV01639 ("securities action").  Fed. R. Civ. P. 13(g).  Jurisdiction is proper pursuant to 28

U.S.C. § 1367(a) because the claims are part of the same case or controversy as the opt-out action

and the securities action.

## PARTIES

7.      Cross-claimant KPMG LLP is an accounting and professional service firm.

KPMG is a limited liability partnership headquartered in New York, New York.

8.      Cross-claim Defendant Fannie Mae was established as a United States

government entity in 1938 and became a federally chartered, shareholder-owned corporation in

1968.  Fannie Mae's principal place of business is the District of Columbia.  Fannie Mae's

common stock was registered with the Securities and Exchange Commission in 2003 and was

traded on the New York Stock Exchange.

## FACTS COMMON TO ALL COUNTS

### A.      KPMG And Its Role As Fannie Mae's Independent Auditor

9.      KPMG issued opinions on Fannie Mae's annual financial statements for each year

from 1998 through 2003 and conducted interim reviews of Fannie Mae's quarterly financial

statements for each fiscal quarter from March 31, 1998 through the second quarter of 2004.

10.      Fannie Mae and KPMG executed engagement letters for the annual audits and

quarterly reviews for each year from 1998 through 2004.

11.      In each engagement letter, Fannie Mae unequivocally stated that it understood

that it was obligated to disclose "all material information" to KPMG and "that all records,

documentation, and information [KPMG] request[ed] in connection with [its] audit w[ould] be

made available to [KPMG], that all material information w[ould] be disclosed to [KPMG], and

that [KPMG] w[ould] have the full cooperation of [Fannie Mae's] personnel."

12.    The engagement letters also stated that Fannie Mae understood that KPMG would "make specific inquiries of" Fannie Mae and "obtain a written representation letter from management" and that "[t]he response to the[] inquiries, the written representations, and the results of audit tests [would] comprise the evidential matter [KPMG] w[ould] rely upon in forming an opinion of the financial statements."

13.    In connection with each audit and quarterly review, Fannie Mae also executed management "representation" letters to KPMG. In these letters, Fannie Mae confirmed that it had provided KPMG with accurate information regarding Fannie Mae's financial statements.

14.    In the representation letters, Fannie Mae expressly represented to KPMG that:

    a.   its "financial statements . . . [were] fairly presented in conformity with accounting principles generally accepted in the United States";

    b.   it had disclosed to KPMG any "[v]iolations or possible violations of laws or regulations, whose effects should be considered for disclosure in the financial statements";

    c.   there were no "[m]aterial transactions that have not been properly recorded in the accounting records underlying the financial statements";

    d.   it was "not aware of any significant deficiencies in the design or operation of internal controls which could adversely affect the Company's ability to record, process, summarize and report financial data, and we have identified no material weaknesses in internal controls";

    e.   it understood that it was the Company's responsibility to "design and implement[] . . . programs and controls to prevent and detect fraud";

    f.   it had "complied with all aspects of contractual agreements that would have a material effect on the financial statements in the event of noncompliance."

15.    SEC Rule 13b2-2 makes it unlawful for officers and directors of issuers to make misleading statements to an accountant in connection with an audit. The statements that Fannie Mae made to KPMG after Fannie Mae registered its securities with the Securities and Exchange Commission were governed by this rule.

**B.    Fannie Mae Memorialized Its Obligations And Promises**

16.    Fannie Mae memorialized its specific obligations and promises to KPMG, and its

intent to perform and comply with these obligations, in the following documents:

a.    Engagement letter dated February 20, 1998, signed by Sampath Rajappa (former Controller and later, Senior Vice President of Operations Risk and Internal Audit and head of the Office of Auditing), on behalf of Fannie Mae;

b.    Management representation letter dated January 13, 1999, signed by Franklin Raines (former Chief Executive Officer and Chairman of the Board), Lawrence Small (former President and Chief Operating Officer), Timothy Howard (former Executive Vice President and Chief Financial Officer), and Leanne Spencer (former Vice President and Controller), on behalf of Fannie Mae;

c.    Engagement letter dated February 16, 1999, signed by Leanne Spencer, on behalf of Fannie Mae;

d.    Management representation letter dated January 20, 2000, signed by Franklin Raines, Daniel Mudd (former Chief Operating Office from 2000-2004 and current Chief Executive Officer), Timothy Howard, and Leanne Spencer, on behalf of Fannie Mae;

e.    Engagement letter dated February 7, 2000, signed by Leanne Spencer, on behalf of Fannie Mae;

f.    Management representation letter dated January 11, 2001, signed by Franklin Raines, Daniel Mudd, Timothy Howard, and Leanne Spencer, on behalf of Fannie Mae;

g.    Engagement letter dated October 30, 2000, signed by Leanne Spencer, on behalf of Fannie Mae;

h.    Management representation letter dated January 10, 2002, signed by Franklin Raines, Daniel Mudd, Timothy Howard, and Leanne Spencer, on behalf of Fannie Mae;

i.    Engagement letter dated September 21, 2001, signed by Leanne Spencer, on behalf of Fannie Mae;

j.    Management representation letter dated January 14, 2003, signed by Franklin Raines, Daniel Mudd, Timothy Howard, and Leanne Spencer, on behalf of Fannie Mae;

k.    Engagement letter dated November 18, 2002, signed by Thomas Gerrity (former Chairman of the Audit Committee), on behalf of Fannie Mae;

        l.     Management representation letter dated January 20, 2004, Franklin Raines, Daniel Mudd, Timothy Howard, and Leanne Spencer, on behalf of Fannie Mae;

        m.    Engagement letter dated November 17, 2003, signed by Thomas Gerrity, on behalf of Fannie Mae.

17.     KPMG believed that Fannie Mae intended to perform and comply with its contractual obligations and promises.  But Fannie Mae did not do so.  Indeed, Fannie Mae knew it did not intend to fulfill these obligations and promises at the time it signed the engagement letters, and it knew that the management representation letters were false when they were signed.

18.     By knowingly making intentionally false representations to KPMG, Fannie Mae intended to—and did—induce KPMG to agree to serve as its external auditor, to issue unqualified opinions on Fannie Mae's financial statements absent further analysis, review procedures and/or modifications to the financial statements, and to charge audit fees significantly lower than the fees that would have been charged had Fannie Mae disclosed the truth about its operations, controls, and accounting.

### C.    The OFHEO Report And The Rudman Report

19.     On September 17, 2004, Fannie Mae's principal regulator, the Office of Federal Housing Enterprise Oversight ("OFHEO"), issued a report stating that, from 1998 to 2004 Fannie Mae violated generally accepted accounting principles ("GAAP") in order to achieve earnings targets and to portray Fannie Mae as a business that generated stable earnings over time.  The report concluded that Fannie Mae's "misapplications of GAAP [were] not limited occurrences, but [were] pervasive and [were] reinforced by management."

20.     After further investigation, OFHEO issued a final report ("Final Report") on May 23, 2006.  In the Final Report, OFHEO concluded that a key component of Fannie Mae's conduct

between 1998 and 2004 was to deceive KPMG about its accounting policies. The Final Report
also concluded that:

a.   Fannie Mae "worked strenuously to hide Fannie Mae's operational
deficiencies, significant risk exposures, and improper earnings
management. . . from [among others] its external auditor," KPMG.

b.   "Fannie Mae misapplied GAAP [and] diverted KPMG's attention from that
misapplication."

c.   Fannie Mae also "neglected to inform KPMG about accounting treatments
that they knew did not conform to GAAP."

d.   "Despite representations to the contrary, Fannie Mae knew of information
that might impact the GAAP representation of the Enterprise's financial
statements, but failed to provide this to the external auditors."

e.   In multiple situations, "Fannie Mae misapplied GAAP" and "its reaction was
to avoid calling KPMG's attention to the matter."

f.   From 1998 to mid-2004, Fannie Mae "systematically withheld information
about the Enterprise's operations and financial condition from . . . its
external auditors, OFHEO, the Congress, and the public—or disclosed
information that was incomplete, inaccurate or misleading. That prevented
others from becoming aware of Fannie Mae's earnings management
strategies [and] the fact that the Enterprise's accounting policies did not
comply with GAAP."

21.    A Special Review Committee of Fannie Mae's Board of Directors commissioned

Senator Warren Rudman and the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP

("Paul Weiss") to investigate the conduct of Fannie Mae, which produced what is known as the

Rudman Report. The Rudman Report confirmed that Fannie Mae engaged in a scheme to

manage earnings, and repeatedly concealed material facts from KPMG. Specifically, the

Rudman Report concluded that Fannie Mae's "accounting practices . . . were not consistent with

GAAP, and, in many instances, [Fannie Mae] was aware of the departures from GAAP." It also

found that Fannie Mae was "primarily responsible for adopting or implementing accounting

practices that departed from GAAP, and [ ] [it] put undue emphasis on avoiding earnings

volatility and meeting EPS targets and growth expectations."

      22.    OFHEO and Paul Weiss found that Fannie Mae had failed to provide KPMG with

material information regarding, among others, the following:

          a.    Fannie Mae's application of its FAS 91 policy;

          b.    Fannie Mae's reasons for recording an adjustment for Low Income Housing Tax Credits;

          c.    Fannie Mae's reasons for making an adjustment to an "other accounts receivable"—the so-called Account 1622;

          d.    Fannie Mae's decisions to make adjustments to its accounting for the purpose of meeting maximum EPS bonus targets;

          e.    Fannie Mae's decisions to make adjustments to its accounting for the purpose of earnings management;

          f.    Fannie Mae's accounting for interest-only mortgage-backed securities;

          g.    Fannie Mae's accounting for buy-ups;

          h.    Fannie Mae's accounting for insurance;

          i.    Fannie Mae's accounting for debt buybacks;

          j.    Fannie Mae's accounting for allowance for loan losses; and

          k.    Fannie Mae's accounting for dollar rolls.

      **D.**    **Fannie Mae Has Admitted Misleading KPMG**

      23.    Despite its conclusions that Fannie Mae "was aware of the departures from

GAAP," Fannie Mae expressly, publicly and repeatedly "accept[ed] and embrace[d] the

[Rudman] report, its findings, and recommendations."

      24.    In addition, Fannie Mae has admitted under oath that "[t]he final OFHEO report,

and the special investigation by former Senator Warren Rudman and the law firm of Paul Weiss

for our Board of Directors, have provided a detailed picture of the failings at Fannie Mae during

the years 1998 through 2004." Fannie Mae admitted that its "corporate culture" had "led to a lot of [its] problems" and that Fannie Mae had made "[b]ad decisions about accounting and many other matters . . . ." Fannie Mae further testified that "[i]t is clear from the reports that Fannie Mae got a lot of things wrong from 1998 to 2004."

25.    These and other admissions confirm that Fannie Mae repeatedly, systematically and intentionally misled KPMG over a number of years, in violation of its contractual promises, its written representations, and federal law. Among other issues, Fannie Mae intentionally withheld information from, or misrepresented information to, KPMG about the following issues:

a.    FAS 91: On various occasions from 1998 through 2004, Fannie Mae did not disclose to KPMG its intent for making certain adjustments to its catch-up adjustment. For example, in January 1999, Fannie Mae knew that its premium and discount amortization model calculated that Fannie Mae would need to book at least $439 million in additional expense for 1998. Fannie Mae told KPMG that it would book only $240 million, but Fannie Mae intentionally withheld from KPMG its true reasons and intent for not booking the entire $439 million.

b.    Account 1622: In 1998, Fannie Mae transferred $3.9 million from a suspense account for miscellaneous items known as Account 1622. Fannie Mae did not disclose to KPMG its reason for making this transfer.

c.    Low Income Housing Tax Credits: In 1998, Fannie Mae created an "internal (not public to KPMG) policy" that made a change to its accounting for its Low Income Housing Tax Credits. Fannie Mae initially planned to change its accounting for Low Income Housing Tax Credits in 1999, but it intentionally withheld this fact from KPMG. On November 18, 1998, a Fannie Mae employee wrote:

> "We haven't informed KPMG that we intend to implement this next year and our preference would be to not talk to them about it prior to year-end 1998 so they don't say 'book it' at year-end."

d.    Buy-ups: Fannie Mae diverted KPMG's attention from aspects of Fannie Mae's accounting for so-called "buy-ups." Fannie Mae accounted for its buy-ups under FAS 91 while tracking what a mark-to-market write down would have been for the buy-ups. Fannie Mae did not disclose this practice to KPMG.

e.   <u>Debt Buybacks</u>:  In 2001 and 2002, Fannie Mae engaged in debt buybacks and did not disclose the purpose of the buybacks to KPMG.  Also, in 2003, Fannie Mae reduced a debt buyback from $400 million to $350 million and did not disclose the purpose of the buyback to KPMG.

f.   <u>Interest Only Securities</u>:  In March 1998, Fannie Mae wrote a memorandum showing that Fannie Mae was "mak[ing] every effort" to keep "confidential" from KPMG information concerning Fannie Mae's impairment analysis of interest only securities.  The memorandum expressed concern that KPMG would reject Fannie Mae's accounting treatment of those securities.

g.   <u>IOs/POs</u>:  Fannie Mae did not disclose to KPMG that Fannie Mae was accounting for certain IO/PO securities as a bundle.

**E.     KPMG's Reliance on Fannie Mae's Representations**

26.     Induced by Fannie Mae's representations in the engagement letters and management representation letters from 1998 through 2004, KPMG issued unqualified audit opinions on Fannie Mae's financial statements absent further analysis, review procedures and/or modifications to the financial statements, and charged audit fees significantly lower than the fees that would have been charged had Fannie Mae disclosed the truth about its operations, controls, and accounting.

27.     Induced by Fannie Mae's representations in the engagement letters and management representation letters from 1998 through 2004, KPMG repeatedly agreed to stand for reappointment as Fannie Mae's auditor, to perform accounting services for Fannie Mae, to continue to serve as Fannie Mae's auditor, and to charge audit fees significantly lower than the fees that would have been charged had Fannie Mae disclosed the truth about its operations, controls, and accounting.

28.     As a consequence of Fannie Mae's misconduct, KPMG is now the subject of civil litigation and regulatory inquiries.  KPMG has suffered significant damage to its reputation and good will, incurred substantial legal fees, and is threatened with substantial liability.

29.    Had KPMG known that Fannie Mae was concealing information from it and providing misleading information to it, KPMG would not have issued unqualified opinions on Fannie Mae's financial statements in the absence of further analysis, review procedures and/or modifications to the financial statements, and KPMG would not have agreed to continue to serve as Fannie Mae's auditor.  KPMG also would not have charged fees for its audits of Fannie Mae's financial statements that were substantially lower than the fees would have been had Fannie Mae disclosed the truth about its operations, controls, and accounting to KPMG.

## COUNT I:  BREACH OF CONTRACT

30.    KPMG hereby incorporates by reference and realleges paragraphs 1-29.

31.    KPMG entered into agreements with Fannie Mae through engagement letters to conduct annual audits and quarterly reviews from 1998 to 2004.  The engagement letters created valid and enforceable contracts with Fannie Mae.

32.    KPMG substantially performed all of the conditions required to be performed by it under its agreements with Fannie Mae.

33.    Fannie Mae was contractually obligated to comply with the promises in each of the engagement letters.  Fannie Mae was contractually obligated to provide KPMG with all information material to KPMG's audits of Fannie Mae's financial statements and to KPMG's quarterly reviews.  Yet, as set forth in the preceding paragraphs, Fannie Mae repeatedly and intentionally did not do so, and it repeatedly and intentionally provided misleading information to KPMG.

34.    Fannie Mae materially and substantially breached its agreements with KPMG as memorialized in the engagement letters.  These breaches substantially obstructed and interfered with KPMG's audits of Fannie Mae's financial statements and KPMG's quarterly reviews.

35.    As a direct, foreseeable, and proximate consequence of these breaches, KPMG suffered damages in an amount to be determined at trial, including, but not limited to, injury to its reputation, legal costs, exposure to legal liability, costs and expenses of responding to investigations related to Fannie Mae's accounting, and lost fees that KPMG would have charged Fannie Mae to conduct Fannie Mae's audits had Fannie Mae disclosed all material information about its operations, controls, and accounting to KPMG.

## COUNT II:  FRAUDULENT MISREPRESENTATION

36.    KPMG hereby incorporates by reference and realleges paragraphs 1-35.

37.    Fannie Mae had and undertook a duty to prepare Fannie Mae's financial statements in accordance with GAAP.  In connection with KPMG's audits and reviews of Fannie Mae's financial statements, Fannie Mae had and undertook a duty to make timely, complete, accurate, and truthful disclosures to KPMG of Fannie Mae's records, documentation, and information requested by KPMG in connection with KPMG's audits and quarterly reviews. Fannie Mae also had and undertook a duty to disclose all material information to KPMG and to fully cooperate with KPMG.

38.    Fannie Mae repeatedly omitted to disclose presently existing or past material facts to KPMG and made numerous, repeated, specific, and material misrepresentations of presently existing or past material facts to KPMG during and in connection with KPMG's audits and quarterly reviews from 1998 through 2004.

39.    At the time Fannie Mae made the material misrepresentations of presently existing or past material facts to KPMG, Fannie Mae knew or believed them to be false, or recklessly disregarded whether they were false.  Fannie Mae's intent in making the material misrepresentations of presently existing or past material facts to KPMG was to deceive KPMG, to induce KPMG to rely thereon in conducting its audits and quarterly reviews from 1998

through 2004, to induce KPMG to issue unqualified audit opinions and unmodified review reports on Fannie Mae's annual financial statements and quarterly balance sheets from 1998 through 2004 in the absence of further analysis, review procedures and/or modifications to the financial statements and quarterly balance sheets, and to charge audit fees significantly lower than the fees that would have been charged had Fannie Mae disclosed all material information about its operations, controls, and accounting to KPMG.

40.     Fannie Mae made the misrepresentations set forth in the preceding paragraphs to KPMG consciously and intentionally, or with reckless indifference to the consequences to KPMG of such material misrepresentations.

41.     KPMG reasonably, justifiably, and detrimentally relied on Fannie Mae's material misrepresentations in the engagement letters and management representation letters, and, as a direct and proximate consequence of such reliance, performed its audits and quarterly reviews, issued unqualified audit opinions on Fannie Mae's annual financial statements and unmodified review reports on Fannie Mae's quarterly balance sheets from 1998 through 2004 in the absence of further analysis, review procedures and/or modifications to the financial statements and quarterly balance sheets, and charged audit fees significantly lower than the fees that would have been charged had Fannie Mae disclosed all material information about its operations, controls, and accounting to KPMG.

42.     Fannie Mae's omissions and material misrepresentations to KPMG were willfully and wantonly reckless or malicious.

43.     Fannie Mae's omissions and material misrepresentations to KPMG directly, proximately, and substantially injured KPMG.  As a result, KPMG suffered damages in an amount to be determined at trial, including, but not limited to, injury to its reputation, legal costs,

exposure to legal liability, costs and expenses of responding to investigations related to Fannie

Mae's accounting, and lost fees that KPMG would have charged Fannie Mae to conduct Fannie

Mae's audits had Fannie Mae disclosed all material information about its operations, controls,

and accounting to KPMG.

44.     Accordingly, Fannie Mae is liable to KPMG for actual and punitive damages in

an amount to be proved at trial, including, but not limited to, compensatory, consequential,

restitutionary, and rescissory damages and other remedies, and for attorney's fees, costs, and

expenses.

**COUNT III:  FRAUDULENT INDUCEMENT**

45.     KPMG hereby incorporates by reference and realleges paragraphs 1-44.

46.     Fannie Mae promised in the engagement letters it executed with KPMG to

disclose to KPMG all information material to KPMG's audits of Fannie Mae's financial

statements and to KPMG's quarterly reviews.  Fannie Mae also undertook a duty to make timely,

complete, and accurate disclosures to KPMG of Fannie Mae's financial position, statements,

information, records, and data.

47.     When Fannie Mae made those promises, however, it had no intention of carrying

out its obligations.  Fannie Mae repeatedly, deliberately, and recklessly provided misleading

information to KPMG and failed to disclose information material to KPMG's audits of Fannie

Mae's financial statements and KPMG's quarterly reviews.

48.     Fannie Mae made the foregoing material omissions and misrepresentations of fact

to KPMG.

49.     Fannie Mae made those material omissions and misrepresentations to induce

KPMG to enter into the agreements to conduct the audits and quarterly reviews from 1998

through 2004 and to charge audit fees significantly lower than the fees that would have been

228

charged had Fannie Mae disclosed all material information about its operations, controls, and accounting to KPMG.  Fannie Mae knew or recklessly disregarded that these omissions and representations were false when they were made.

50.     KPMG reasonably and justifiably relied on Fannie Mae's material omissions and misrepresentations, and as a consequence of that reliance, was induced to enter into those agreements to conduct the audits and quarterly reviews of Fannie Mae from 1998 through 2004 and to charge audit fees significantly lower than the fees that would have been charged had Fannie Mae disclosed all material information about its operations, controls, and accounting to KPMG.

51.     Fannie Mae's omissions and misrepresentations were willfully and wantonly reckless or malicious.

52.     Fannie Mae's omissions and misrepresentations to KPMG directly, proximately, and substantially injured KPMG.  As a result, KPMG suffered damages in an amount to be determined at trial, including, but not limited to, injury to its reputation, legal costs, exposure to legal liability, costs and expenses of responding to investigations related to Fannie Mae's accounting, and lost fees that KPMG would have charged Fannie Mae to conduct Fannie Mae's audits had Fannie Mae disclosed all material information about its operations, controls, and accounting to KPMG.

53.     Accordingly, Fannie Mae is liable to KPMG for actual and punitive damages in an amount to be proved at trial, including, but not limited to, compensatory, consequential, restitutionary, and rescissory damages and other remedies, and for attorney's fees, costs, and expenses.

## COUNT IV:  NEGLIGENT MISREPRESENTATION

54.     KPMG hereby incorporates by reference and realleges paragraphs 1-53.

229

55.    Fannie Mae, as detailed above, made repeated false representations of material fact to KPMG in connection with KPMG's audits of Fannie Mae's financial statements and KPMG's quarterly reviews, and repeatedly failed to disclose material facts during and in connection with these audits and reviews.

56.    Fannie Mae knew or should have known that these representations were false and that the omissions were material.

57.    Fannie Mae failed to exercise reasonable care in communicating these representations to KPMG and in failing to disclose to KPMG information material to KPMG's audits of Fannie Mae's financial statements and KPMG's quarterly reviews.

58.    KPMG reasonably, justifiably, and detrimentally relied on Fannie Mae's material misrepresentations in the engagement letters and management representation letters, and, as a direct and proximate consequence of such reliance, performed its audits and quarterly reviews, issued unqualified audit opinions on Fannie Mae's annual financial statements and unmodified review reports on Fannie Mae's quarterly balance sheets from 1998 through 2004 in the absence of further analysis, review procedures and/or modifications to the financial statements and quarterly balance sheets, and charged audit fees significantly lower than the fees that would have been charged had Fannie Mae disclosed all material information about its operations, controls, and accounting to KPMG.

59.    Absent Fannie Mae's negligent omissions and misrepresentations, KPMG would have done none of these things.

60.    Fannie Mae directly, proximately, and substantially caused KPMG's injuries. KPMG suffered damages in an amount to be determined at trial, including, but not limited to, injury to its reputation, legal costs, exposure to legal liability, costs and expenses of responding

to investigations related to Fannie Mae's accounting, and lost fees that KPMG would have charged Fannie Mae to conduct Fannie Mae's audits had Fannie Mae disclosed all material information about its operations, controls, and accounting to KPMG.

61.     Accordingly, Fannie Mae is liable to KPMG for damages in an amount to be proved at trial.

## COUNT V:  CONTRIBUTION

62.     KPMG hereby incorporates by reference and realleges paragraphs 1-61.

63.     If KPMG is liable to any of the plaintiffs in these consolidated securities actions, which KPMG denies, then Fannie Mae is responsible in whole or in substantial part for any damages suffered by the plaintiffs.  Fannie Mae was principally responsible for the conduct alleged in the plaintiffs' complaints and was an active wrongdoer.

64.     Any liability KPMG may incur to the plaintiffs would not have arisen if Fannie Mae had not breached its agreements with KPMG, fraudulently induced KPMG to audit Fannie Mae's financial statements, and repeatedly misrepresented, and failed to disclose to KPMG information that was material to KPMG's audits and quarterly reviews—all as alleged in Counts I through IV of these cross-claims.

65.     Accordingly, KPMG seeks contribution from Fannie Mae pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(f)(8), for Fannie Mae's share of the responsibility for any damages KPMG may become obligated to pay to the plaintiffs.

## JURY DEMAND

66.     KPMG demands a trial by jury on its cross-claims against Fannie Mae on all issues so triable.

231

## PRAYER FOR RELIEF

KPMG respectfully requests that the court enter judgment in its favor and against Fannie

Mae as follows:

A.    Compensatory damages to be determined at trial;

B.    Punitive or exemplary damages in an amount not less than three times

compensatory damages;

C.    Prejudgment and post-judgment interest;

D.    An award of costs and expenses KPMG has incurred in this action; and

E.    Any additional relief the court deems just and proper.


Dated: April 26, 2007              Respectfully submitted,


                                   /s/ Andrew S. Tulumello
                                   F. Joseph Warin (D.C. Bar No. 235978)
                                   Andrew S. Tulumello (D.C. Bar No. 468351)
                                   Claudia M. Osorio (D.C. Bar No. 477594)
                                   Melanie L. Katsur (D.C. Bar No. 484969)
                                   Henry C. Whitaker (D.C. Bar No. 499210)
                                   GIBSON, DUNN & CRUTCHER LLP
                                   1050 Connecticut Avenue, N.W.
                                   Washington, D.C. 20036
                                   Telephone: (202) 955-8500
                                   Facsimile: (202) 467-0539

                                   *Counsel for KPMG LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused electronic copies of the Defendant KPMG LLP's Answer to

the Second Amended Complaint and Cross-Claims Against Fannie Mae to be transmitted on

April 26, 2007, to the following counsel registered to receive electronic service:

Joshua S. Devore
Steven J. Toll
Matthew K. Handley
Daniel S. Sommers
Cohen, Milstein, Hausfeld & Toll P.L.L.C
West Tower, Suite 500
1100 New York Ave., N.W.
Washington, D.C. 20005
*Counsel for Plaintiffs Vincent Vinci; State
Teachers Retirement System of Ohio; Anne E.
Flynn; Robert L. Garber*

James R. Cummins
Melanie S. Corwin
Jean Marie Geoppinger
Waite, Schneider, Bayless & Chesley Co.,
L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
*Counsel for Plaintiffs Ohio Public Employees
Retirement System; State Teachers Retirement
System of Ohio*

Julie A. Richmond
Kathleen M. Donovan-Maher
Jeffery C. Block
Joseph C. Merschman
Berman Devalerio Pease Tabacco Burt &
Pucillo
One Liberty Square
Boston, MA 02190
*Counsel for Plaintiffs Ohio Public Employees
Retirement System; State Teachers Retirement
System of Ohio*

Alan J. Statman
Jeffery P. Harris
Statman, Harris & Eyrich LLC
3700 Carew Tower
441 Vine Street
Cincinnati, OH 45202
*Counsel for Plaintiffs Ohio Public Employees
Retirement System; State Teachers Retirement
System of Ohio*

Frank J. Johnson
Brett M. Weaver
Law Office of Frank J. Johnson
402 W. Broadway 27th Floor
San Diego, CA 92101
*Counsel for Plaintiff Sassan Shahrokhinia*

Robert W. Liles
Liles Parker, PLLC
4400 MacArthur Blvd., N.W.
Suite 203
Washington, DC 20007
*Counsel for Plaintiff Sassan Shahrokhinia*

Stuart M. Grant
Megan D. McIntyre
Christine M. Mackintosh
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801
*Counsel for the Franklin Templeton Plaintiffs*

Kevin M. Downey
Alex G. Romain
Daniel N. Marx
Joseph M. Terry, Jr.
Matthew L. Fore
John E. Clabby
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5091
*Counsel for Defendant Franklin D. Raines*

David S. Krakoff
Christopher F. Regan
Adam B. Miller
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
*Counsel for Defendant Leanne G. Spencer*

James D. Wareham
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W., Suite 12
Washington, D.C. 20005
*Counsel for Defendant Daniel H. Mudd*

Cristen Sikes Rose
Edward S. Scheideman III
DLA Piper US LLP
1200 19th Street, N.W.
Washington, D.C. 20036
*Counsel for Defendants Stephen B. Ashley,
Donald B. Marron, and Ann Korologos*

Jeffrey W. Kilduff
Michael J. Walsh, Jr.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
*Counsel for Defendant Fannie Mae, Thomas P.
Gerrity, Taylor C. Segue, III, William R.
Harvey, Joe Pickett, Kenneth M. Duberstein,
Manuel Justiz, H. Patrick Swygert, and Leslie
Rahl*

Steven M. Salky
Eric R. Delinsky
Ellen D. Marcus
Holly Ann Pal
Tammy Gershoni
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-2638
*Counsel for Defendant Timothy J. Howard*

David I. Ackerman
James Hamilton
Bingham McCutchen, LLP
2020 K Street, N.W.
Washington, D.C. 20006
*Counsel for Defendant Joe Pickett*

Richard H. Klapper
Patrice A. Rouse
Michael T. Tomaino
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
*Counsel for Goldman Sachs*

William H. Jeffress
Julie E. Guttman
Nicholas A. Brady
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
*Counsel for Defendant Jamie S. Gorelick*

David Smith
Jonathan S. Liss
Jonathan Michael Stern
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Philadelphia, PA 19103-7286
*Counsel for Radian Group Inc.*

John H. Doyle, III
Rhonda D. Orin
Anderson Kill & Olick LLP
2100 M Street, N.W. Suite 650
Washington, D.C. 20037
*Counsel for Defendant Leslie Rahl*

Carolyn M. Welshhans
Dechert LLP
1775 Eye Street, NW
Washington, DC 20006
*Counsel for Defendant Thomas P. Gerrity*

I hereby certify that I caused a copy of KPMG's Answer to the Second Amended Complaint and Cross-Claims Against Fannie Mae to be transmitted on April 27, 2007 to the following counsel by U.S. mail:

Seth Aronson
O'Melveny & Myers, LLP
400 South Hope Street
15th Floor
Los Angeles, Ca. 90071
*Counsel for Defendant Fannie Mae, Thomas P. Gerrity, Taylor C. Segue, III, William R. Harvey, Joe Pickett, Kenneth M. Duberstein, Manuel Justiz, H. Patrick Swygert, and Leslie Rahl*

Robert Romano
Bonnie Altro
Rachelle M. Barstow
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178-0060
*Counsel for Defendant Thomas P. Gerrity*

Shannon Ratliff
Ratliff Law Firm
600 Congress Avenue
Suite 3100
Austin, TX 78701
*Counsel for Manuel Justiz*

Barbara Van Gelder
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
*Counsel for Defendants Anne M. Mulcahy and Frederic V. Malek*

/s/ Claudia M. Osorio
Claudia M. Osorio

3