**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FRANKLIN MANAGED TRUST, *et al.*, ) ) Plaintiffs, ) ) v. ) ) FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, ) ) Defendants. ) ) ) ) ) ) | Consolidated Civil Action No. 1:06-CV00139 (RJL) |

**DEFENDANT FANNIE MAE'S MOTION TO DISMISS
DEFENDANT KPMG'S CROSS-CLAIMS**

For the reasons set forth in the attached Memorandum, Defendant Fannie Mae hereby moves this Court to dismiss counts I, II, III, and IV of Defendant KPMG's cross-complaint against Fannie Mae.

Dated: May 21, 2007.                                               /s/

JENNER & BLOCK LLP

| | |
|---|---|
| Jeffrey W. Kilduff (DC Bar No. 426632) | Jerome L. Epstein (DC Bar No. 412824) |
| Robert M. Stern (DC Bar No. 426632) | Ian Heath Gershengorn (DC Bar No. 448475) |
| Natasha Colton (DC Bar No. 479647) | Jenner & Block LLP |
| Michael J. Walsh, Jr. (DC Bar No. 483296) | 601 13th Street, N.W. |
| O'Melveny & Myers LLP | Suite 1200 |
| 1625 Eye Street, N.W. | Washington, D.C. 20005 |
| Washington, DC 2006 | 202-639-6062 (voice) |
| 202-383-5300 (voice) | 202-639-6066 (fax) |
| 202-383-5414 (fax) | jepstein@jenner.com |

Seth Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA 90071-2899
213-430-6000 (voice)
213-430-6407 (fax)

Ronald L. Marmer
C. John Koch
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL 60611-7603
312-222-9350

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| FRANKLIN MANAGED TRUST, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FEDERAL NATIONAL MORTGAGE ) <br> ASSOCIATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Consolidated Civil Action <br> No. 1:06-CV00139 (RJL) |

**DEFENDANT FANNIE MAE'S MOTION TO DISMISS COUNTS I, II, III, AND IV
OF DEFENDANT KPMG'S CROSS-COMPLAINT AGAINST FANNIE MAE**

KPMG's common-law cross-claims against Fannie Mae must be dismissed because they are compulsory counterclaims to Fannie Mae's malpractice claims against KPMG, and thus, Federal Rule of Civil Procedure 13(a) requires that they be litigated in the malpractice action rather than in this shareholder action. Common sense requires the same: KPMG's claims are undeniably more closely related to the malpractice claims than they are to the securities fraud claims, and thus can more easily and efficiently be adjudicated there. Counts I, II, III, and IV of KPMG's cross-complaint should be dismissed and refiled in the malpractice case.[1]

---

[1] KPMG filed a virtually identical set of cross-claims in *In re Federal National Mortgage Association Securities Litigation*, No. 01:04CV01639, and Fannie Mae filed a motion to dismiss Counts I, II, III, and IV of the cross-complaint. Fannie Mae's motion to dismiss KPMG's cross-claims here is virtually identical to the motion to dismiss Fannie Mae filed in the principal securities fraud case.

## INTRODUCTION

On December 12, 2006, Fannie Mae sued KPMG for malpractice. Raising claims of breach of contract and negligence, Fannie Mae's malpractice complaint alleges that KPMG failed to comply with generally accepted auditing standards ("GAAS") and applicable professional standards of care in conducting its audits and other accounting-related services. Fannie Mae further alleges that KPMG breached specific contractual promises in engagement agreements between Fannie Mae and KPMG. As a result of those failures and breaches, Fannie Mae seeks recovery of the more than $1 billion it has spent to prepare restated financial results and new financial statements.

On April 27 — more than four months after Fannie Mae filed its malpractice suit — KPMG filed its answer to the plaintiffs' second amended consolidated complaint in *Franklin Managed Trust v. Federal National Mortgage Association*, No. 01:06CV00139. Together with its answer, KPMG filed cross-claims against Fannie Mae. Counts I, II, III, and IV of KPMG's cross-complaint challenge Fannie Mae's compliance with the terms of the engagement letters governing the accountant-client relationship between KPMG and Fannie Mae, including the *same agreements* that Fannie Mae relies on for its malpractice complaint. KPMG Cross-Compl. ¶¶ 9-17. In addition, KPMG contends that it was fraudulently "induced" to enter into those agreements and that it is excused from all of its responsibilities as an auditor because Fannie Mae employees allegedly misrepresented certain facts to KPMG.[2]

---

[2] Count V of KPMG's cross-complaint in the *Franklin Managed Trust* securities fraud case seeks contribution from Fannie Mae arising out of the plaintiffs' securities law claims, and that count properly remains in the securities fraud litigation. Although Fannie Mae does not move here to dismiss the contribution claim, that claim is unnecessary. The PSLRA requires the jury to allocate fault, and it thus generally eliminates the need for contribution claims among parties to the litigation.

KPMG has filed those claims in the wrong case. KPMG brought its claims against Fannie Mae as cross-claims in the *Franklin Managed Trust* securities fraud case, in which KPMG and Fannie Mae are co-defendants. However, because KPMG's cross-claims arise out of the same transaction or occurrence as Fannie Mae's first-filed malpractice action, Federal Rule of Civil Procedure 13(a) makes clear that KPMG's claims are compulsory counterclaims, and Rule 13(a) requires those claims to be brought in the malpractice action.

Grouping like claims together makes perfect sense for the proper administration of the various cases before this Court. Fannie Mae's malpractice claims and KPMG's cross-claims arise out of the contractual relationship between Fannie Mae and KPMG and the parties' common-law duties to each other. Indeed, KPMG's cross-claims are essentially defenses to the malpractice action, alleging that KPMG is excused from its contractual obligations because Fannie Mae fraudulently or negligently "induced" KPMG to enter into the relevant agreements or because Fannie Mae itself breached those agreements. The *Franklin Managed Trust* securities case, in contrast, involves fraud claims against both Fannie Mae and KPMG arising out of the sale of securities. The securities case does not present claims of breach of the engagement agreements between Fannie Mae and KPMG. Conversely, neither KPMG's cross-claims nor Fannie Mae's malpractice complaint concerns the purchase or sale of stock, and the damages sought are unconnected to any stock price fluctuations.

Keeping the claims relating to the Fannie Mae-KPMG engagement agreements in a single proceeding will also avoid unnecessary complexity and jury confusion in the securities case. The jury in the securities case will have to decide (among other things) complex issues of scienter, loss causation, and damages relating to the sale of securities. The malpractice action and KPMG's cross-claims require a jury to address issues of Fannie Mae's and KPMG's

contractual and common-law duties to each other, KPMG's common-law claim of damage to its reputation, and Fannie Mae's distinct claim of damages due to the costs of the restatement and preparing new financial statements. Combining the securities claims with the cross-claims will thus needlessly complicate the ultimate trial and confuse the jury. Claims relating to the engagement agreements — whether based in contract or tort — should be tried as part of the malpractice case, and claims relating to the sale of securities should be tried in the securities case.

In short, the Federal Rules of Civil Procedure foreclose KPMG's latest attempt to confuse the issues by merging the two disputes. KPMG's "cross-claims" are compulsory counterclaims in Fannie Mae's malpractice suit, and that is where they must be brought.

## DISCUSSION

### I. KPMG's Cross-Claims Are Compulsory Counterclaims in Fannie Mae's Separate Malpractice Suit.

Federal Rule of Civil Procedure 13(a), "Compulsory Counterclaims," provides:

> A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if . . . at the time the action was commenced the claim was the subject of another pending action . . . .

Fed. R. Civ. P. 13(a) (emphasis added).

Rule 13 makes clear that KPMG's cross-claims in this case are compulsory counterclaims in Fannie Mae's malpractice suit. They are claims that KPMG "has against [the] opposing party" in the malpractice suit, and they "arise[] out of the transaction or occurrence that is the subject of" Fannie Mae's claims in that suit. Fannie Mae's claims and KPMG's cross-claims

relate directly to whether KPMG properly performed its accounting and auditing services for Fannie Mae pursuant to engagement agreements between the parties.

Fannie Mae's malpractice complaint asserts that KPMG breached its contractual obligations in numerous material respects, and KPMG's cross-complaint alleges the same of Fannie Mae: that Fannie Mae did not comply with its obligations to KPMG and never intended to do so. *E.g.*, KPMG Cross-Compl. ¶¶ 17, 25, 33-34, 37-39, 46-47. Likewise, Fannie Mae's malpractice complaint alleges that KPMG committed malpractice by issuing an unbroken line of unqualified audit opinions. KPMG's cross-complaint, in turn, alleges that the audit opinions were the product of false representations that Fannie Mae made to KPMG in connection with those audits. *Id.* ¶¶ 18, 26, 41, 58.

KPMG's specific claims against Fannie Mae are for:

- breach of contract, specifically KPMG's annual agreements (memorialized in engagement letters) to conduct audits and quarterly reviews of Fannie Mae's financial statements and balance sheets (*id.* ¶¶ 30-35);

- fraudulent misrepresentation, founded principally on allegations that Fannie Mae deceived KPMG so that KPMG would issue unqualified audit opinions and review reports on Fannie Mae's financial statements and balance sheets (*id.* ¶¶ 36-44);

- negligent misrepresentation, founded on similar allegations (*id.* ¶¶ 54-61); and

- fraudulent inducement, on the theory that Fannie Mae duped KPMG into agreeing to conduct the audit and quarterly review work on which much of Fannie Mae's malpractice suit is based (*id.* ¶¶ 45-53).

There can be no dispute that KPMG's cross-claims arise out of the same transaction or occurrence as Fannie Mae's malpractice claim. *See, e.g.*, *Columbia Plaza*, 525 F.2d at 625 (explaining that "the term 'transaction' is to be construed generously to avoid the unnecessary expense inherent in multiplicitous litigation"); *see also Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610 (1926).

5

Under the plain language of Rule 13(a), KPMG's cross-claims are compulsory counterclaims to Fannie Mae's claims in the malpractice action.

**II.    There Is No Basis To Exempt KPMG's Cross-Claims From Rule 13(a).**

KPMG cannot avoid the compulsory counterclaim requirement of Rule 13(a). For example, although Rule 13(a) provides that a party need not file a claim as a counterclaim if "at the time the action was commenced the claim was the subject of another pending action," Fed. R. Civ. P. 13(a), that clause does not apply here. That clause embodies what common sense dictates: if a party has already filed a claim, an opposing party's filing in another case does not trigger an obligation to re-file that same claim. Here, "the action was commenced" on December 12, 2006, when Fannie Mae sued KPMG in D.C. Superior Court. At that time, KPMG's cross-claims were not "the subject of another pending action." They became "the subject of another pending action" only in April 2007 — over four months later — when KPMG filed them in the securities fraud cases.

Nor can KPMG claim to be exempt from Rule 13(a)'s compulsory counterclaim rule by arguing that KPMG has not *yet* filed a pleading in Fannie Mae's malpractice case. Rule 13(a) "insures against an undesirable possibility . . . whereby a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court *after the commencement of the federal action but before serving his pleading in the federal action*." Fed. R. Civ. P. 13(a), 1946 advisory committee notes (emphasis added); *see, e.g.*, *Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 568, 571-72 (7th Cir. 1990); *Timberland Co. v. Sanchez*, 129 F.R.D. 382, 384 & n.3 (D.D.C. 1990).

6

KPMG thus cannot escape the conclusion that its cross-claims are compulsory counterclaims in Fannie Mae's malpractice suit.

### III. This Court Should Dismiss KPMG's Cross-Claims So That Those Claims Can Proceed in Fannie Mae's First-Filed Malpractice Suit.

Because KPMG's cross-claims are compulsory counterclaims, they should be dismissed, and KPMG should be required to assert those claims in the first-filed case, *i.e.*, the malpractice case. *See, e.g.*, *Pumpelly v. Cook*, 106 F.R.D. 238, 240 (D.D.C. 1985) (Oberdorfer, J.) (noting "the general rule 'that the forum where an action is filed first is accorded priority over subsequent actions arising out of the facts giving rise to the first filed action'") (quoting *Donaldson, Lufkin & Jenrette v. Los Angeles County*, 542 F.Supp. 1317, 1320 (S.D.N.Y.1982)); 6 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1418 at 143-44; *cf. Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830-31 (D.C. Cir. 1980) (applying the first-filed principle outside the setting of Rule 13). Any other result would render what is expressly a compulsory counterclaim provision merely advisory.

Although the D.C. Circuit has recognized that there is no categorical "rule" favoring the first-filed action, the court of appeals has made clear that, all other things being equal, the first-filed principle governs. *See Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.2d 620, 627 (D.C. Cir. 1975) ("In our view, . . . choice of the forum cannot be suitably made by *mechanical application* of [the first-filed] principle. The opinions recognizing the rule have frequently contained a caveat that it should be ignored *under some circumstances* . . . . We do not regard an injunction favoring the first-filed action as a mandatory step *in all instances* because *countervailing equitable considerations, where present,* cannot be ignored.") (emphasis added; footnotes omitted); *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir.

7

2003) (citing *Columbia Plaza* for the proposition that "the district court must balance equitable considerations rather than using a mechanical rule of thumb") (internal quotation marks omitted).

The D.C. Circuit has never permitted a second-filed claim to go forward separately when it should have been asserted as a compulsory counterclaim in the first-filed action. *See, e.g.*, *Columbia Plaza*, 525 F.2d at 627-29 (deciding that action filed in D.C. was first-filed suit, and concluding that the balance of equities warranted injunction against second-filed New York suit). Nor are we aware of any decision from this district that has allowed such a second-filed claim to proceed in those circumstances. *See, e.g.*, *Pumpelly*, 106 F.R.D. at 240 (dismissing second-filed claims without prejudice to plaintiff's ability to re-file them in first-filed suit).

This case should not be the first. As between this securities action and the malpractice action, there is little doubt that the malpractice action is more closely related to KPMG's cross-claims. The heart of both the cross-claims and the malpractice action is the accountant-client relationship, and the respective obligations of Fannie Mae and KPMG under the engagement agreements and applicable professional standards of care. The securities fraud case, in contrast, revolves principally around scienter and a host of liability and damages issues related to Fannie Mae's share price. Those issues are beside the point for Fannie Mae's malpractice claims and KPMG's cross-claims, which do not concern the purchase or sale of securities and do not involve damages that depend directly on stock price fluctuations.

The stark differences between the cases are amply illustrated by considering what it would be like to try KPMG's breach-of-contract cross-claims with the securities fraud claims. A jury in the securities fraud case will be called on to decide complex issues relating to scienter, loss causation, and damages. Experts will be called to explain complicated movements in securities prices, and the jury will need to sort through the relative fault (if any) of KPMG,

8

Fannie Mae, and the individual defendants. The trial of KPMG's cross-claims, like the trial of Fannie Mae's malpractice claims, will look very different. There, the testimony will focus not on scienter, but rather expert assessment of the applicable standard of care. The jury will seek to determine damages not on the basis of stock price, but on records detailing the costs of the restatement and other out-of-pocket expenses Fannie Mae has incurred, as well as KPMG's alleged damages. In short, complicating the securities fraud case by adding disparate issues, such as Fannie Mae's and KPMG's contractual obligations to each other, standards of care of simple negligence, distinct damages arising out of the costs of the restatement, and KPMG's allegations of reputational injury can only prolong and complicate the securities fraud trial and confuse the jury.

Nor is there any other reason to free KPMG from its obligation to assert its claims in the first-filed malpractice case. There is no prejudice to KPMG — KPMG will be able to litigate its claims in this Court in either event, and discovery will be coordinated across all claims no matter where KPMG's claims are filed. Fannie Mae, in contrast, would be prejudiced by any departure from the usual rule. As Fannie Mae predicted from the start — and as KPMG's actions have confirmed — KPMG seeks to blur the distinctions between the federal securities case and the malpractice case. If Fannie Mae's and KPMG's claims proceed together in the securities fraud case, rather than the malpractice case, there is a real danger that they will be lost in a morass of litigation over class certification, investor reliance, share prices, loss causation, and the like — none of which is a component of Fannie Mae's and KPMG's claims against each other.

In sum, KPMG has improperly filed its claims against Fannie Mae as cross-claims in the securities fraud case, rather than as compulsory counterclaims in Fannie Mae's first-filed malpractice case. The appropriate remedy is for this Court to dismiss those cross-claims, without

9

prejudice to KPMG's ability to file them in Fannie Mae's malpractice case.  *See, e.g.*, *Pumpelly*, 106 F.R.D. at 240; 6 Wright, *et al.*, *Federal Practice and Procedure*, *supra*, § 1418 at 144.

## CONCLUSION

Fannie Mae's motion to dismiss Counts I, II, III, and IV of KPMG's Cross-Complaint should be granted.

Respectfully submitted.

_____/s/_____

JENNER & BLOCK LLP

| | |
|---|---|
| Jeffrey W. Kilduff (DC Bar No. 426632) | Jerome L. Epstein (DC Bar No. 412824) |
| Robert M. Stern (DC Bar No. 426632) | Ian Heath Gershengorn (DC Bar No. 448475) |
| Natasha Colton (DC Bar No. 479647) | Jenner & Block LLP |
| Michael J. Walsh, Jr. (DC Bar No. 483296) | 601 13th Street, N.W. |
| O'Melveny & Myers LLP | Suite 1200 |
| 1625 Eye Street, N.W. | Washington, D.C. 20005 |
| Washington, DC 2006 | 202-639-6062 (voice) |
| 202-383-5300 (voice) | 202-639-6066 (fax) |
| 202-383-5414 (fax) | jepstein@jenner.com |
| | |
| Seth Aronson | Ronald L. Marmer |
| O'Melveny & Myers LLP | C. John Koch |
| 400 South Hope Street, 15th Floor | Jenner & Block LLP |
| Los Angeles, CA  90071-2899 | 330 N. Wabash Ave. |
| 213-430-6000 (voice) | Chicago, IL  60611-7603 |
| 213-430-6407 (fax) | 312-222-9350 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANKLIN MANAGED TRUST, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Consolidated Civil Action |
| ) | No. 1:06-CV00139 (RJL) |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, *et al.*, ) | |
| Defendants. ) | |

**PROPOSED ORDER GRANTING DEFENDANT FANNIE MAE'S MOTION
TO DISMISS COUNTS I, II, III, AND IV OF KPMG'S CROSS-COMPLAINT**

It is hereby ORDERED that Counts I, II, III, and IV of Defendant KPMG's Cross-Complaint against Defendant Fannie Mae are dismissed without prejudice to KPMG's ability to file these claims as counterclaims in *Fannie Mae v. KPMG, LLP*, No. 1:06-cv-02111.

_____
HONORABLE RICHARD J. LEON.