**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04-cv-01639 (RJL) |
| FRANKLIN MANAGED TRUST, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>FANNIE MAE, *et al.*,<br><br>*Defendants*. | No. 1:06-cv-00139 (RJL) |

**KPMG LLP'S OPPOSITION TO FANNIE MAE'S
MOTION TO DISMISS COUNTS I-IV OF KPMG'S CROSS-CLAIMS**

Fannie Mae has moved to dismiss the first four counts of KPMG LLP's cross-claims in these consolidated securities fraud actions.[1] Fannie Mae does not mount any substantive legal challenge to the sufficiency of KPMG's cross-claim complaint. Instead, Fannie Mae urges this Court to dismiss KPMG's cross-claims for "procedural" reasons—reasons that do not withstand even mild scrutiny.

According to Fannie Mae, rather than file the cross-claims in the securities case, KPMG was obligated to file its cross-claims against Fannie Mae as "compulsory counterclaims" in what Fannie Mae describes as its "stark[ly] differen[t]" action. Fannie Mae Mem. at 4-8. In particular, Fannie Mae contends that, under Federal Rule of Civil Procedure 13(a), KPMG's

---

[1] KPMG also has asserted a contribution claim against Fannie Mae. Fannie Mae does not move to dismiss that claim. *See* Fannie Mae Mem. at 2.

cross-claims must actually be *dismissed* from the securities case and *re-filed* in its negligence action so that the two actions remain separate from and independent of one another. This argument is erroneous—on both legal and practical levels.

As a practical matter, Fannie Mae's "motion to dismiss" is the latest effort to carve up the issues in the MDL in a manner that puts their negligence claim on a separate schedule from the rest of the case. First, Fannie Mae filed in Superior Court and contended that removal by KPMG was improper and that this Court lacked subject matter jurisdiction over Fannie Mae's claims. Second, alone among all the parties to the MDL, Fannie Mae actively opposed consolidation of its negligence claims into the securities action, on the dubious ground that the issues between the two matters were not "common" under Federal Rule of Civil Procedure 42(a). Now, Fannie Mae evidently seeks to use a motion to dismiss as a vehicle to achieve its preferred "case management" arrangement. Fannie Mae's apparent desire to secure a scheduling advantage for its own claims reflects no concern for orderly case management or for the inefficiency its proposals would create for the Court and other parties.

The legal argument Fannie Mae has advanced to support dismissal is also erroneous. Fannie Mae relies on the compulsory counterclaim principle embodied in Federal Rule of Civil Procedure 13(a). But as the D.C. Circuit has repeatedly explained, "the purpose of Rule 13(a) is to consolidate logically related claims" and to "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Colum. Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 625 (D.C. Cir. 1975) (emphasis added). When cases presenting common issues of law or fact are pending in the same or different courts, Rule 13(a) does not mechanically mandate the dismissal of claims in one particular suit or another. Instead, as the D.C. Circuit has repeatedly held, Rule 13(a) requires district courts to "balance equitable

2

considerations" to determine how the cases should proceed.  *See Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003); *see also Columbia Plaza*, 525 F.2d at 627 ("wise judicial administration . . . does not counsel rigid mechanical solutions of such problems") (quotation and citation omitted).

Rule 13(a)'s objective of "prevent[ing] multiplicity of actions" is best achieved—not by requiring KPMG to go through the empty exercise of dismissing and re-filing its cross-claims in Fannie Mae's negligence action—but instead by consolidating Fannie Mae's negligence claim into the securities fraud action.  Rule 42(a) and (b) vest this Court with broad discretion to decide how to manage Fannie Mae's claims should they survive dispositive motions.[2]  And if, as Fannie Mae contends, the issues presented by their claims are so "stark[ly] differ[ent]" from the claims asserted by both the securities plaintiffs and KPMG against Fannie Mae, this Court can enter the appropriate case management order at the appropriate time.  Rule 13(a) and Rule 42 both counsel in favor of consolidation.  Fannie Mae's motion to dismiss should therefore be denied.

**I.      Federal Rule of Civil Procedure 13 Does Not Require Dismissal Of KPMG's Cross-Claims.**

Fannie Mae's contention that KPMG's cross-claims must be dismissed and re-filed in Fannie Mae's "stand-alone" malpractice case is incorrect for two reasons.

---

[2] Rule 42(b) provides as follows:  **(b) Separate Trials.**  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of ***any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue*** or of any number of claims, cross-claims, counter-claims, third-party claims, or issues . . ."  This Court therefore has ample authority to manage KPMG's and Fannie Mae's claims and cross-claims against one another in the manner it deems most appropriate.

*First*, Fannie Mae bases its motion on a misapplication of the "first-filed" principle. According to Fannie Mae, under the first-filed principle, "the forum where an action is filed first is accorded priority over subsequent actions arising out of the facts giving rise to the first filed action." Fannie Mae Mem. at 6 (quoting *Pumpelly v. Cook*, 106 F.R.D. 238, 240 (D.D.C. 1985)). Fannie Mae evidently contends that KPMG's cross-claim must be dismissed because the securities fraud cases, which were filed in 2004, are the "second" action, while Fannie Mae's negligence action (filed in December 2006) is the "first-filed action." Fannie Mae Mem. at 6-7. But Fannie Mae's malpractice action is not the "first-filed action." The securities fraud action is.

The cases Fannie Mae cites in support of its position all miss the point. Fannie Mae relies on cases in which a party initiates duplicative litigation in "an independent action in another court." Fed. R. Civ. P. 13(a), 1946 advisory committee notes (emphasis added); *see, e.g., Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 568 (7th Cir. 1990); *Timberland Co. v. Sanchez*, 129 F.R.D. 382, 383 (D.D.C. 1990) (cited in Fannie Mae Mem. at 6). KPMG filed its cross-claims in the Court in which consolidated actions on these issues have been pending *for more than three years*. KPMG did not file its cross-claims in some other forum in an effort to evade this Court's jurisdiction. Indeed, Fannie Mae did. *See* Order Denying Fannie Mae's Motion to Remand to State Court, *Fannie Mae v. KPMG*, No. 06 Civ. 02111 (D.D.C. May 8, 2007).

*Second*, even if one were to assume that Fannie Mae's negligence claims were "first filed" for purposes of this motion, *and* that KPMG's cross-claims are in fact "compulsory counterclaims" to Fannie Mae's claims, it does not follow under Rule 13(a) that KPMG's cross-claims should be or must be "dismissed," only to be re-filed under a different case number in the very same court. The D.C. Circuit has twice repudiated any mechanical adherence to a "first-

4

filed" rule. *See Handy*, 325 F.3d at 350 ("Although some courts make this determination by using the so-called 'first-to-file' rule, we have emphasized that the district court must balance equitable considerations rather than using a mechanical rule of thumb.").[3]  In other words, Fannie Mae's motion to dismiss should be resolved, *not* (as Fannie Mae contends) by mechanically determining which action was filed "first," but instead by determining how best to advance the "federal policy against a multiplicity of litigation" that Rule 13(a) embodies.  6 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1418, at 146 (2d ed. 1990).  And here it is hard to envision a request that would require more meaningless multiplicity than requiring KPMG to *dismiss* claims pending in this Court only to *re-file* those claims in this very same Court.  That is a paper chase that simply does not need to occur.

Indeed, the logic of Fannie Mae's own argument suggests that the proper course would be to dismiss **Fannie Mae**'s malpractice action and require **Fannie Mae** to re-file it as a counterclaim to KPMG's cross-claims in the securities fraud action.  As KPMG noted in its consolidation briefing, Fannie Mae's malpractice claim is, in fact, a compulsory counterclaim to KPMG's cross-claims in the first-filed securities fraud action.  Def. KPMG LLP's Reply Mem. in Further Support of Mot. to Consolidate at 3-4 & n.1, *Fannie Mae v. KPMG*, No. 06 Civ. 02111 (D.D.C. Mar. 26, 2007).  If any action should be dismissed under Rule 13(a), therefore, it is Fannie Mae's malpractice claims, not KPMG's cross-claims.

---

[3] *See also Columbia Plaza*, 525 F.2d at 410 ("Thus we are confronted by the need to decide which of the two courts should handle the two claims the rest of the way.  Both parties have urged us to meet this need by invocation of an asserted general rule that the court first acquiring jurisdiction [controls] . . . .  In our view, however, choice of the forum cannot be suitably made by mechanical application of that principle . . . .  We do not regard an injunction favoring the first-filed action as a mandatory step in all instances because the countervailing equitable considerations, where present, cannot be ignored.").

But that is not a course this Court needs to follow either. The judicial efficiency that both Rule 42(a) and Rule 13(a) were designed to promote would be advanced by consolidating the two cases for pre-trial purposes under Rule 42(a). That is because—no matter how much Fannie Mae strives to show otherwise—the issues presented by its negligence claims are not "stark[ly] differen[t]" from those presented in the securities case. Fannie Mae Mem. at 8. The commonalities between KPMG's cross-claims, Fannie Mae's negligence claims, and the securities fraud action are simply undeniable. And were that ever to prove incorrect, this Court would have wide discretion under Rule 42(b) to organize these matters for trial in a manner it deems appropriate—should Fannie Mae's claim ever get that far.

## CONCLUSION

A proper application of Rule 13(a) as well as sound case-management principles cut squarely against dismissing KPMG's cross-claims. Judicial efficiency and orderly case management counsel in favor of granting KPMG's motion to consolidate and denying Fannie Mae's motion to dismiss. A proposed order is attached.

Dated: June 4, 2007                     Respectfully submitted,

/s/ Andrew S. Tulumello
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
Claudia M. Osorio (D.C. Bar No. 477594)
Melanie L. Katsur (D.C. Bar No. 484969)
Henry C. Whitaker (D.C. Bar No. 499210)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

**CERTIFICATE OF SERVICE**

        I hereby certify that I caused electronic copies of the foregoing to be transmitted on June 4, 2007, to the following counsel registered to receive electronic service:

Joshua S. Devore
Steven J. Toll
Matthew K. Handley
Daniel S. Sommers
Cohen, Milstein, Hausfeld & Toll P.L.L.C
West Tower, Suite 500
1100 New York Ave., N.W.
Washington, D.C. 20005
*Counsel for Plaintiffs Vincent Vinci*; *State Teachers Retirement System of Ohio*; *Anne E. Flynn*; *Robert L. Garber*

James R. Cummins
Melanie S. Corwin
Jean Marie Geoppinger
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
*Counsel for Plaintiffs Ohio Public Employees Retirement System*; *State Teachers Retirement System of Ohio*

Julie A. Richmond
Kathleen M. Donovan-Maher
Jeffery C. Block
Joseph C. Merschman
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02190
*Counsel for Plaintiffs Ohio Public Employees Retirement System*; *State Teachers Retirement System of Ohio*

Alan J. Statman
Jeffery P. Harris
Statman, Harris & Eyrich LLC
3700 Carew Tower
441 Vine Street
Cincinnati, OH 45202
*Counsel for Plaintiffs Ohio Public Employees Retirement System*; *State Teachers Retirement System of Ohio*

Frank J. Johnson
Brett M. Weaver
Law Office of Frank J. Johnson
402 W. Broadway 27th Floor
San Diego, CA 92101
*Counsel for Plaintiff Sassan Shahrokhinia*

Robert W. Liles
Liles Parker, PLLC
4400 MacArthur Blvd., N.W.
Suite 203
Washington, D.C. 20007
*Counsel for Plaintiff Sassan Shahrokhinia*

Stuart M. Grant
Megan D. McIntyre
Christine M. Mackintosh
Jeff A. Almeida
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801
*Counsel for the Franklin Templeton Plaintiffs*

Jeffrey W. Kilduff
Michael J. Walsh, Jr.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
*Counsel for Defendant Fannie Mae, Thomas P. Gerrity, Taylor C. Segue, III, William R. Harvey, Joe Pickett, Kenneth M. Duberstein, Manuel Justiz, H. Patrick Swygert, and Leslie Rahl*

Kevin M. Downey
Alex G. Romain
Daniel N. Marx
Joseph M. Terry, Jr.
Matthew L. Fore
John E. Clabby
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5091
*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric R. Delinsky
Ellen D. Marcus
Holly Ann Pal
Tammy Gershoni
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-2638
*Counsel for Defendant Timothy J. Howard*

David S. Krakoff
Christopher F. Regan
Adam B. Miller
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
*Counsel for Defendant Leanne G. Spencer*

David I. Ackerman
James Hamilton
Bingham McCutchen, LLP
2020 K Street, N.W.
Washington, D.C. 20006
*Counsel for Defendant Joe Pickett*

James D. Wareham
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W., Suite 12
Washington, D.C. 20005
*Counsel for Defendant Daniel H. Mudd*

William H. Jeffress
Julie E. Guttman
Nicholas A. Brady
Baker Botts LLP
The Warner; 1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
*Counsel for Defendant Jamie S. Gorelick*

Cristen Sikes Rose
Edward S. Scheideman III
DLA Piper US LLP
1200 19th Street, N.W.
Washington, D.C. 20036
*Counsel for Defendants Stephen B. Ashley, Donald B. Marron, and Ann Korologos*

John H. Doyle, III
Rhonda D. Orin
Anderson Kill & Olick LLP
2100 M Street, N.W. Suite 650
Washington, D.C. 20037
*Counsel for Defendant Leslie Rahl*

David Smith
Jonathan S. Liss
Jonathan Michael Stern
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Philadelphia, PA 19103-7286
*Counsel for Radian Group Inc.*

Ian Heath Gershengorn
Jerome Lewis Epstein
Jenner & Block
601 13th Street, NW
Suite 1200S
Washington, D.C. 20005
*Counsel for Defendant Fannie Mae*

Carolyn M. Welshhans
Dechert LLP
1775 Eye Street, NW
Washington, D.C. 20006
*Counsel for Defendant Thomas P. Gerrity*

3

I hereby certify that I caused a copy of the foregoing to be transmitted on June 5, 2007, to the following counsel by mail:

Barbara Van Gelder
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
*Counsel for Defendants Anne M. Mulcahy and Frederic V. Malek*

Bonnie Altro
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178-0060
*Counsel for Defendant Thomas P. Gerrity*

Shannon Ratliff
Ratliff Law Firm
600 Congress Avenue
Suite 3100
Austin, TX 78701
*Counsel for Manuel Justiz*

William K. Dodds
Neil A. Steiner
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112
*Counsel for Defendant Thomas P. Gerrity*

Seth Aronson
O'Melveny & Myers, LLP
400 South Hope Street
15th Floor
Los Angeles, CA 90071
*Counsel for Defendant Fannie Mae, Thomas P. Gerrity, Taylor C. Segue, III, William R. Harvey, Joe Pickett, Kenneth M. Duberstein, Manuel Justiz, H. Patrick Swygert, and Leslie Rahl*

/s/ Justin S. Herring
Justin S. Herring

4