IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRANKLIN MANAGED TRUST, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Consolidated Civil Action No. 1:06-CV00139 (RJL) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT FANNIE MAE'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS COUNTS I, II, III, AND IV OF
DEFENDANT KPMG'S CROSS-COMPLAINT AGAINST FANNIE MAE**

Nothing in KPMG's opposition undermines the basic premise of Fannie Mae's motion to dismiss:  KPMG has filed its cross-claims in the wrong action.[1]

KPMG's principal response is to pretend that Fannie Mae's motion is "meaningless," KPMG Opp. 5, and to denigrate Fannie Mae's motion as a "vehicle to achieve [Fannie Mae's] preferred 'case management' arrangement," *id.* at 5.  But that is wrong.  There are real practical consequences to permitting KPMG to file its claims in the wrong case.  It is well established that important rights — such as the right to appeal immediately from an adverse judgment — turn on which claims have been brought in

---

[1] KPMG has filed a virtually identical set of cross-claims in *In re Federal National Mortgage Association Securities Litigation*, No. 01:04CV01639, and Fannie Mae has moved to dismiss Counts I, II, III, and IV of that cross-complaint as well. Contemporaneously with the filing of this reply brief, Fannie Mae is filing a virtually identical reply brief in support of its motion to dismiss KPMG's cross-claims in the principal securities fraud case.

which docket.  And that is so even though this Court has consolidated the malpractice claims with the securities fraud claims for pre-trial purposes.

Nor is KPMG correct that granting Fannie Mae's motion would result in a "multiplicity of litigation."  *Id.*  In actuality, it is KPMG's position that would cause a multiplicity of litigation, for KPMG stated that it would file these same claims in the malpractice action if this Court were to deny KPMG's motion to dismiss Fannie Mae's malpractice action, as the Court has now done.  KPMG Mot. to Consolidate 6-7 (filed March 2, 2007).  KPMG's claims will thus proceed in two dockets.  In contrast, Fannie Mae seeks to have all claims related to the rights and obligations under the KPMG/Fannie Mae engagement agreements litigated in a single docket.  That result avoids confusion as to appellate rights and obligations, without in any way affecting the consolidation of the cases for purposes of pre-trial discovery.

That result is also what Fed. R. Civ. P. 13(a) requires.  Contrary to KPMG's contention, no reasonable reading of Rule 13(a) permits this Court to treat KPMG's cross-claims as "first-filed"; the cross-claims were indisputably filed months *after* Fannie Mae's malpractice claims.  And no reasonable reading of the case law permits KPMG to pursue its cross-claims — which are essentially defenses to Fannie Mae's malpractice action — with the securities fraud cases rather than in the malpractice action.

Accordingly, Fannie Mae's motion to dismiss should be granted.

## ARGUMENT

KPMG's opposition labors mightily to turn back time.  But try as it might, KPMG cannot escape the calendar.  As between Fannie Mae's December 2006 malpractice

action and KPMG's April 2007 cross-claims, Fannie Mae's claims are "first filed." That is dispositive of the issues in this motion.

Indeed, the sequence of events tells this Court all it needs to know. When Fannie Mae filed its malpractice action, the contractual dispute between Fannie Mae and KPMG was not the subject matter of any pending claim. Thus Fannie Mae's claims were not compulsory counterclaims anywhere.

In contrast, when KPMG filed its cross-claims four months later, KPMG's claims were already the subject of litigation, namely, Fannie Mae's earlier-filed malpractice action. The Federal Rules track common sense. KPMG's later-filed claims are compulsory counterclaims to Fannie Mae's malpractice action. Indeed, as Fannie Mae showed in its opening brief, the plain text of Rule 13(a) permits no other result. KPMG's contract and fraud claims plainly "arise out of the transaction or occurrence that is the subject of" Fannie Mae's malpractice action — indeed, they are essentially defenses to the malpractice action. And "at the time [Fannie Mae's malpractice] action was commenced," KPMG's claims were plainly *not* "the subject of another pending action." Fed. R. Civ. P. 13(a); *see* Fannie Mae Mot. Dismiss 4-6 (analyzing Fed. R. Civ. P. 13(a)).

KPMG's opposition does not directly contest that point, but makes three arguments against dismissal. *First*, KPMG tries to turn the facts and law on their head by arguing that Fannie Mae's December 2006 malpractice claims are actually compulsory counterclaims to KPMG's April 2007 claims. KPMG Opp. 5. But that is preposterous. No case has *ever* held that filing a claim such as KPMG's cross-claims can magically transform earlier-filed claims, such as Fannie Mae's malpractice claims, into compulsory

counterclaims.  Not surprisingly, when KPMG filed its motion to dismiss Fannie Mae's

malpractice complaint, it did not even raise that frivolous argument.

The reason for that approach is obvious.  Rule 13(a) forecloses that result, since it

expressly exempts from its compulsory counterclaim provision claims that are already the

"subject of another pending action," as Fannie Mae's claims plainly are.

*Second,* KPMG suggests that dismissal should be denied because Fannie Mae's

motion to dismiss results in "meaningless multiplicity" of litigation.  KPMG Opp. 5.  But

it is KPMG that has already represented to this Court that it intends to file counterclaims

in the malpractice case that are "virtually identical" to its cross-claims here (no doubt

because KPMG is unwilling to violate the compulsory-counterclaim requirements of the

Federal Rules).  KPMG Mot. to Consolidate at 6-7.  It makes no sense for KPMG to

pursue its admittedly "virtually identical" claims in both dockets.  Instead, and in

adherence to the first-filed rule, KPMG's cross-claims and defenses should be litigated as

part of the malpractice docket.[2]

Moreover, Fannie Mae's motion is anything but "meaningless."  To the contrary,

dismissal here will ensure that the litigation will proceed with all of the claims sensibly

aligned with the correct docket number.  That could have important practical

consequences.  For example, whether an adverse judgment is immediately appealable as

of right  —  or whether, alternatively, appeal is permissible only if there is a Rule 54(b)

certification  —  will depend on whether the Court's judgment disposes of all, or merely

---

[2] It is equally clear that the securities fraud complaints did not themselves trigger any
obligation for Fannie Mae to file its malpractice claims as cross-claims against KPMG.
In other words, cross-claims are not compulsory.  *See, e.g.*, *Answering Service, Inc. v.
Egan*, 728 F.2d 1500, 1503 (D.C. Cir. 1984); Charles Alan Wright et al., 6 *Federal
Practice and Procedure* § 1431, at 236.

some, of the claims.  *See, e.g.*, *Blackman v. District of Columbia*, 456 F.3d 167, 174-75 (D.C. Cir. 2006) (describing operation of final judgment rule and Fed. R. Civ. P. 54(b)). The presence or absence of KPMG's claims in a particular case could thus be the difference between immediate appeal and indefinite delay.

*Third,* KPMG asserts that even if its claims are "second-filed" compulsory counterclaims, they need not be dismissed.  As Fannie Mae explained in its opening brief, case law, as well as practical and "equitable considerations," preclude any departure from the usual rule that claims should proceed in the first-filed action.  *See* Fannie Mae Mot. Dismiss 7-9.  KPMG has not pointed to a single case from this district or from the D.C. Circuit permitting a second-filed claim to go forward when it should have been filed as a compulsory counterclaim in another case.  And again, KPMG's approach makes no sense.  As between the securities fraud case and the malpractice case, there can be no real dispute that KPMG's claims — relating to the engagement agreement obligations between Fannie Mae and KPMG — belong with the malpractice case.

Finally, it is critical to emphasize that this Court's decision to consolidate the malpractice claims with the securities fraud claims for purposes of pre-trial discovery does not in any way override the compulsory-counterclaim requirements of the Federal Rules or eliminate the practical consequences of KPMG's claims being brought in the wrong docket.  Again, citing just one example, consolidation for pre-trial purposes does not prevent judgments in the individual consolidated cases from being immediately appealable as of right.  *See U.S. ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214 (D.C. Cir. 2003); *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992).  Thus, even though this Court has consolidated these cases for pre-trial purposes,

it matters where KPMG's claims are filed, and there is no justification for relieving

KPMG of the obligation imposed by the Federal Rules to bring its claims as compulsory

counterclaims to Fannie Mae's malpractice action.

## CONCLUSION

Fannie Mae's motion to dismiss Counts I, II, III, and IV of KPMG's Cross-

Complaint should be granted.

Respectfully submitted.

_____/s/_____

JENNER & BLOCK LLP

| | |
|---|---|
| Jeffrey W. Kilduff (DC Bar No. 426632) | Jerome L. Epstein (DC Bar No. 412824) |
| Robert M. Stern (DC Bar No. 426632) | Ian Heath Gershengorn (DC Bar No. |
| Natasha Colton (DC Bar No. 479647) | 448475) |
| Michael J. Walsh, Jr. (DC Bar No. | Jenner & Block LLP |
| 483296) | 601 13th Street, N.W. |
| O'Melveny & Myers LLP | Suite 1200 |
| 1625 Eye Street, N.W. | Washington, D.C. 20005 |
| Washington, DC  2006 | 202-639-6062 (voice) |
| 202-383-5300 (voice) | 202-639-6066 (fax) |
| 202-383-5414 (fax) | jepstein@jenner.com |
| | |
| Seth Aronson | Ronald L. Marmer |
| O'Melveny & Myers LLP | C. John Koch |
| 400 South Hope Street, 15th Floor | Jenner & Block LLP |
| Los Angeles, CA  90071-2899 | 330 N. Wabash Ave. |
| 213-430-6000 (voice) | Chicago, IL  60611-7603 |
| 213-430-6407 (fax) | 312-222-9350 |