IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRANKLIN MANAGED TRUST, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FEDERAL NATIONAL MORTGAGE ) <br> ASSOCIATION, *et al.*, ) <br> ) <br> Defendants. ) | Consolidated Civil Action <br> No. 1:06-CV00139 (RJL) |

**DEFENDANT FANNIE MAE'S ANSWER TO**
**DEFENDANT KPMG'S CROSS-CLAIMS**

Defendant Fannie Mae, through undersigned counsel, answers Defendant KPMG, LLP's ("KPMG") cross-claims against Fannie Mae and states as follows:[1]

1. Fannie Mae denies each and every allegation in Paragraph 1, except to admit that it engaged KPMG to serve as Fannie Mae's outside auditor between 1998 and December 21, 2004, and to state that, to the extent that the second sentence of Paragraph 1 purports to characterize the contents of engagement letters between KPMG and Fannie Mae, no response is required. Fannie Mae refers to those documents for their full terms and content. To the extent a

---

[1] KPMG includes in its cross-claims lettered and numbered headings purporting to characterize certain actions or events. Fannie Mae specifically does not adopt the characterizations set forth in these headings. Because the headings are not set forth in numbered paragraphs, they are not properly pled facts that require a response. To the extent the headings do purport to state facts or legal conclusions and a response is required, Fannie Mae denies each and every allegation set forth in each and every heading.

further response is required, Fannie Mae denies that Paragraph 1 sets forth a complete and accurate description of each engagement letter.

2. Fannie Mae denies each and every allegation in Paragraph 2, except that Fannie Mae admits that engagement letters were executed and asserts that the engagement letters speak for themselves and thus refers to those letters for their full terms and content.

3. Fannie Mae denies each and every allegation in Paragraph 3.

4. Fannie Mae denies each and every allegation in Paragraph 4. Further answering, Fannie Mae states that to the extent that KPMG has suffered injury to its reputation or goodwill, incurred substantial legal expense, and been threatened with substantial liability, none of those have been caused by Fannie Mae but instead are problems of KPMG's own making, including but not limited to its failure to perform its professional obligations with reasonable skill and care and its failure thereafter to its acknowledge its own professional negligence.

5. Paragraph 5 contains KPMG's characterization of its claims to which no response is required. To the extent a further response is required, Fannie Mae denies that KPMG is entitled to relief on any of its claims.

6. Paragraph 6 contains KPMG's characterization of its claims and legal conclusions to which no response is required. To the extent a further response is required, Fannie Mae admits that KPMG has filed cross-claims in civil action No. 01:06-cv-00139, admits that this Court has subject matter jurisdiction over that action, and further contends that KPMG's cross-claims are not properly part of civil action No. 01:06-cv-00139 because the claims are compulsory counterclaims to Fannie Mae's action against KPMG, civil action No. 1:06-cv-02111.

7. Fannie Mae admits the allegations contained in Paragraph 7.

8.  Fannie Mae admits the allegations contained in Paragraph 8.

9.  Fannie Mae admits the allegations contained in Paragraph 9.

10. Fannie Mae admits the allegations contained in Paragraph 10.

11. Paragraph 11 purports to characterize certain engagement letters. Fannie Mae asserts that the engagement letters speak for themselves, and thus refers to those documents for their full terms and content. To the extent a further response is required, Fannie Mae denies that Paragraph 11 sets forth a complete and accurate description of each engagement letter.

12. Paragraph 12 purports to characterize certain engagement letters. Fannie Mae asserts that the engagement letters speak for themselves, and thus refers to those documents for their full terms and content. To the extent a further response is required, Fannie Mae denies that Paragraph 12 sets forth a complete and accurate description of each engagement letter.

13. Fannie Mae denies the allegations of Paragraph 13 except to admit that certain employees of Fannie Mae from time to time executed letters to KPMG which contained certain representations. Fannie Mae further states that Paragraph 13 does not specify particular letters, but that any letters executed by employees of Fannie Mae speak for themselves, and Fannie Mae refers to those documents for their full terms and content.

14. Fannie Mae denies the allegations of Paragraph 14 except to admit that certain employees of Fannie Mae from time to time executed letters to KPMG which contained certain representations. Fannie Mae further states that Paragraph 14 does not specify particular letters, but that any letters executed by employees of Fannie Mae speak for themselves, and Fannie Mae refers to those documents for their full terms and content.

15. Paragraph 15 contains legal conclusions to which no response is required. Fannie Mae further states that SEC Rule 13b2-2 speaks for itself and refers to the rule for its full terms and content.

16. Paragraph 16 purports to characterize the contents of various letters. Except for the letters described in subparagraphs 16(d) and 16(i), Fannie Mae admits that letters were sent by Fannie Mae employees to KPMG containing the dates alleged in Paragraph 16, asserts that the engagement letters speak for themselves, and refers to those documents for their full terms and content. Fannie Mae denies the allegations in subparagraphs 16(d) and 16(i). To the extent a further response is required, the allegations of Paragraph 16 are denied.

17. Fannie Mae denies each and every allegation in Paragraph 17 except that Fannie Mae is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17.

18. Fannie Mae denies each every allegation in Paragraph 18.

19. Fannie Mae admits that the Office of Federal Housing Enterprise Oversight ("OFHEO") issued a report on September 17, 2004 ("2004 OFHEO Report"). To the extent that Paragraph 19 attempts to characterize the contents of the 2004 OFHEO Report, Fannie Mae asserts that the report speaks for itself, refers to the report for its terms and content, and denies that Paragraph 19 sets forth a complete and accurate description of the 2004 OFHEO Report.

20. Fannie Mae admits that OFHEO issued a report on May 23, 2006 ("2006 OFHEO Report"). To the extent that Paragraph 20 attempts to characterize the contents of the 2006 OFHEO Report, Fannie Mae asserts that the report speaks for itself, refers to the report for its terms and content, and denies that Paragraph 20 sets forth a complete and accurate description of the 2006 OFHEO Report.

21.     Fannie Mae admits that a Special Review Committee of Fannie Mae's Board of Directors engaged the law firm of Paul, Weiss, Rifkind, Wharton & Garrison ("Paul Weiss") to conduct an investigation of Fannie Mae, and that Paul Weiss issued a report that has been referred to as the Rudman Report.  To the extent that Paragraph 21 attempts to characterize the contents of the Rudman Report, Fannie Mae asserts that the report speaks for itself, refers to the report for its terms and content, and denies that Paragraph 21 sets forth a complete and accurate description of the Rudman Report.

22.     Paragraph 22 purports to characterize the contents of certain reports of OFHEO and the Rudman Report.  Fannie Mae asserts that the reports speak for themselves, refers to the reports for their terms and content, and denies that Paragraph 22 sets forth a complete and accurate description of the reports.  Further answering, Fannie Mae states that it relied on KPMG's unqualified opinions and other accounting and auditing advice, including KPMG's advice that Fannie Mae's financial statements complied in all material respects with GAAP.  Fannie Mae further states that it disclosed all material information to KPMG, cooperated with KPMG, and did not interfere with KPMG's ability to conduct competent audits.

23.     Fannie Mae denies each and every allegation in Paragraph 23, except to state that Paragraph 23 purports to characterize the contents of unspecified "repeated" public statements.  Fannie Mae asserts that any press statements speak for themselves, refers to the statements for their terms and content, and denies that Paragraph 23 sets forth a complete and accurate description of public statements by Fannie Mae or its employees.

24.     Fannie Mae denies each and every allegation in Paragraph 24, except to state that Paragraph 24 purports to quote from portions of unspecified testimony.  Fannie Mae asserts that any such testimony speaks for itself, refers to the transcripts of any testimony for its terms and

content, and denies that Paragraph 24 sets forth a complete and accurate description of any testimony.

25. Fannie Mae denies each and every allegation in Paragraph 25, except to state that Paragraph 25 purports to quote from or characterize portions of reports by OFHEO or the Rudman Report. Fannie Mae asserts that the reports speak for themselves, refers to the reports for their terms and content, and denies that Paragraph 25 sets forth a complete and accurate description of the reports.

26. Fannie Mae denies each and every allegation in Paragraph 26, except to admit that KPMG issued unqualified audit opinions on Fannie Mae's financial statements.

27. Fannie Mae denies each and every allegation in Paragraph 27, except to admit that KPMG repeatedly sought reappointment as Fannie Mae's auditor and repeatedly sought to perform additional accounting services for Fannie Mae.

28. Fannie Mae denies each and every allegation in Paragraph 28. Further answering, Fannie Mae states that to the extent that KPMG has suffered injury to its reputation or goodwill, incurred substantial legal expense, and been threatened with substantial liability, none of those have been caused by Fannie Mae but instead are problems of KPMG's own making, including but not limited to its failure to perform its professional obligations with reasonable skill and care and its failure thereafter to its acknowledge its own professional negligence.

29. Fannie Mae denies each and every allegation in Paragraph 29.

30. Fannie Mae incorporates by reference its answers to Paragraphs 1-29.

31. Fannie Mae admits the allegations in the first sentence of Paragraph 31. The second sentence of Paragraph 31 asserts legal conclusions to which no response is required.

32. Fannie Mae denies each and every allegation in Paragraph 32.

33.     Paragraph 33 asserts legal conclusions to which no response is required.  To the extent Paragraph 33 contains factual assertions to which a response is required, the allegations are denied.

34.     Fannie Mae denies each and every allegation in Paragraph 34.

35.     Fannie Mae denies each and every allegation in Paragraph 35.

36.     Fannie Mae incorporates by reference its answers to Paragraphs 1-35.

37.     Paragraph 37 asserts legal conclusions to which no response is required.  To the extent Paragraph 37 contains factual assertions to which a response is required, the allegations are denied except to admit that Fannie Mae undertook to prepare its financial statements in accordance with GAAP and relied on KPMG's unqualified opinions and other accounting and auditing advice, including KPMG's advice that Fannie Mae's financial statements complied in all material respects with GAAP.  Fannie Mae further states that KPMG had substantial access to Fannie Mae's key personnel, procedures, and accounting books and records, that Fannie Mae provided KPMG with sufficient information to perform the requested auditing services competently, and that Fannie Mae did not interfere with KPMG's ability to conduct competent audits.

38.      Fannie Mae denies each and every allegation in Paragraph 38.

39.     Fannie Mae denies each and every allegation in Paragraph 39.

40.     Fannie Mae denies each and every allegation in Paragraph 40.

41.     Fannie Mae denies each and every allegation in Paragraph 41.

42.     Fannie Mae denies each and every allegation in Paragraph 42.

43.     Fannie Mae denies each and every allegation in Paragraph 43.

44.     Fannie Mae denies each and every allegation in Paragraph 44.

45. Fannie Mae incorporates by reference its answers to Paragraphs 1-44.

46. Paragraph 46 purports to characterize unspecified engagement letters. Fannie Mae asserts that engagement letters speak for themselves, and thus refers to those documents for their full terms and content. To the extent a further response is required, Fannie Mae denies that Paragraph 46 sets forth a complete and accurate description of each engagement letter.

47. Fannie Mae denies each and every allegation in Paragraph 47.

48. Fannie Mae denies each and every allegation in Paragraph 48.

49. Fannie Mae denies each and every allegation in Paragraph 49.

50. Fannie Mae denies each and every allegation in Paragraph 50.

51. Fannie Mae denies each and every allegation in Paragraph 51.

52. Fannie Mae denies each and every allegation in Paragraph 52.

53. Fannie Mae denies each and every allegation in Paragraph 53.

54. Fannie Mae incorporates by reference its answers to Paragraphs 1-53.

55. Fannie Mae denies each and every allegation in Paragraph 55.

56. Fannie Mae denies each and every allegation in Paragraph 56.

57. Fannie Mae denies each and every allegation in Paragraph 57.

58. Fannie Mae denies each and every allegation in Paragraph 58.

59. Fannie Mae denies each and every allegation in Paragraph 59.

60. Fannie Mae denies each and every allegation in Paragraph 60.

61. Fannie Mae denies each and every allegation in Paragraph 61.

62. Fannie Mae incorporates by reference its answers to Paragraphs 1-61.

63. Fannie Mae denies each and every allegation in Paragraph 63.

64. Fannie Mae denies each and every allegation in Paragraph 64.

65. Paragraph 65 is a statement of the relief KPMG seeks to which no response is required. To the extent a further response is required, Fannie Mae denies each and every allegation in Paragraph 65.

66. Paragraph 66 is a statement of KPMG's demand for a jury trial for issues so triable, to which no response is required.

* * *

## Prayer for Relief

With respect to KPMG's Prayer for Relief, Fannie Mae denies that KPMG is entitled to any relief.

* * *

## Affirmative and Other Defenses

Fannie Mae asserts the following affirmative and other defenses. In asserting these defenses, Fannie Mae does not assume the burden of proof with respect to any issue as to which applicable law otherwise places the burden of proof upon KPMG.

1. KPMG's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

2. KPMG's claims are barred, in whole or in part, because KPMG was contributorily negligent.

3. KPMG's claims are barred, in whole or in part, by the doctrines of recoupment and/or setoff.

4. KPMG's claims are barred, in whole or in part, by KPMG's failure to mitigate its damages.

5. KPMG's claims are barred, in whole or in part, by the applicable statutes of limitations.

6. KPMG's claims are barred, in whole or in part, by the doctrine of ratification and acceptance.

7. KPMG's claims are barred, in whole or in part, by reason of waiver.

8. KPMG's claims are barred, in whole or in part, by the doctrine of estoppel.

9. KPMG's claims are barred, in whole or in part, by the doctrine of laches.

10. KPMG's claims are barred, in whole or in part, by the doctrine of unclean hands.

11. To the extent they seek punitive damages from Fannie Mae, KPMG's claims are barred by the doctrine of federal sovereign immunity.

12. KPMG's claims are barred, in whole or in part, because KPMG cannot escape responsibility for its own malpractice by relying on a purported fraud that KPMG was hired to detect.

13. KPMG's claims are barred, in whole or in part, because KPMG has suffered no cognizable injury.

14. KPMG's claims are barred, in whole or in part, because the damages allegedly suffered by KPMG are too speculative or conjectural to be recoverable.

15. KPMG's claims are barred, in whole or in part, because the damages allegedly suffered by KPMG did not result from Fannie Mae's allegedly wrongful conduct.

16. KPMG's claims are barred, in whole or in part, because the damages allegedly suffered by KPMG were not foreseeable to Fannie Mae.

17.     KPMG's claims are barred, in whole or in part, because the damages allegedly suffered by KPMG resulted from the superseding, intervening, or independent conduct of persons for whose conduct Fannie Mae is not responsible, including KPMG.

18.     KPMG's claims are barred, in whole or in part, because Fannie Mae did not breach the agreements at issue.

19.     KPMG's claims are barred, in whole or in part, because KPMG materially breached the agreements at issue or failed to satisfy conditions for Fannie Mae's performance. KPMG failed, for example, to conduct audits in compliance with professional standards of care by, among other things:  failing to properly plan the audits; failing to properly perform the audits; failing to identify departures from GAAP during the audit process; failing to give proper consideration to audit risk and materiality when planning and performing the audits; failing to advise the Audit Committee of material weaknesses in internal controls; failing to obtain and evaluate sufficient documentation during the audit process; failing to document the basis for significant accounting estimates; failing to provide the Audit Committee with adequate information regarding the scope and results of the audits which would assist the Audit Committee in overseeing the financial reporting, including but not limited to failing to adequately advise the Audit Committee of significant accounting policies and their application; failing to adequately plan and supervise the work of its staff and establish and carry out procedures reasonably designed to search for and detect the existence of material misstatements; consistently providing "clean" opinions that Fannie Mae's financial statements presented fairly, in all material respects, the entity's financial position, results of operations, and cash flows in conformity with GAAP, when in fact they did not; failing to communicate to the Audit Committee whether KPMG was aware of any material modifications that should have been made

to Fannie Mae's interim financial information in order for it to conform with GAAP; incorrectly determining whether the effects of departures from GAAP were sufficiently material to require either a qualified or adverse opinion; failing to consider qualitative judgments in its determination of materiality; advising the Audit Committee that KPMG's audits were prepared in accordance with GAAS when they were not; failing to ensure that its audits of Fannie Mae were performed by persons having adequate technical training and proficiency as auditors; failing to ensure that its audit team was independent in mental attitude in all matters relating to the Fannie Mae audits; failing to properly consider the computer processing systems of Fannie Mae as part of the planning and performance of the audits; and otherwise failing to adequately test and evaluate Fannie Mae's internal controls, including the Internal Audit function.

20. KPMG's claims are barred, in whole or in part, because Fannie Mae's alleged representations to KPMG were not false.

21. KPMG's claims are barred, in whole or in part, because even if any of Fannie Mae's alleged representations were false, KPMG knew or should have known that they were false.

22. KPMG's claims are barred, in whole or in part, because Fannie Mae's alleged misrepresentations to KPMG were not material.

23. KPMG's claims are barred, in whole or in part, because Fannie Mae's alleged misrepresentations to KPMG were not knowing, reckless, or negligent.

24. KPMG's claims are barred, in whole or in part, because Fannie Mae's alleged misrepresentations to KPMG were not made with the intent to deceive.

25. KPMG's claims are barred, in whole or in part, because Fannie Mae did not know, nor should it have known, that its alleged misrepresentations would induce reliance on the part of KPMG.

26. KPMG's claims are barred, in whole or in part, because KPMG did not rely on Fannie Mae's alleged misrepresentations.

27. KPMG's claims are barred, in whole or in part, because any reliance by KPMG on Fannie Mae's alleged misrepresentations was not reasonable.

28. KPMG's claims are barred, in whole or in part, because Fannie Mae, its Audit Committee, and its Board of Directors acted reasonably and did not interfere with KPMG's ability to perform its audits and other accounting-related services competently.

29. KPMG's claims are barred, in whole or in part, because KPMG has not pled fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

30. KPMG's claims are barred, in whole or in part, because Fannie Mae is not liable (either proportionately or jointly and severally) to the plaintiffs in this case.

31. To the extent that they seek punitive damages, KPMG's claims are barred by the absence of sufficiently culpable conduct by Fannie Mae.

32. Fannie Mae reserves the right to raise additional defenses of which it becomes aware through discovery or further investigation. Fannie Mae further reserves the right to raise additional defenses that Federal Rule of Civil Procedure 8(c) does not require to be asserted in this pleading.

                                                      Respectfully submitted,

                                                      /s/

| | JENNER & BLOCK LLP |
|---|---|
| Jeffrey W. Kilduff (DC Bar No. 426632)<br>Robert M. Stern (DC Bar No. 426632)<br>Natasha Colton (DC Bar No. 479647)<br>Michael J. Walsh, Jr. (DC Bar No. 483296)<br>O'Melveny & Myers LLP<br>1625 Eye Street, N.W.<br>Washington, DC  2006<br>202-383-5300 (voice)<br>202-383-5414 (fax) | Jerome L. Epstein (DC Bar No. 412824)<br>Ian Heath Gershengorn (DC Bar No. 448475)<br>Jenner & Block LLP<br>601 13th Street, N.W.<br>Suite 1200<br>Washington, D.C. 20005<br>202-639-6062 (voice)<br>202-639-6066 (fax)<br>jepstein@jenner.com |
| Seth Aronson<br>O'Melveny & Myers LLP<br>400 South Hope Street, 15th Floor<br>Los Angeles, CA  90071-2899<br>213-430-6000 (voice)<br>213-430-6407 (fax) | Ronald L. Marmer (*admitted pro hac vice*)<br>C. John Koch<br>Jenner & Block LLP<br>330 N. Wabash Ave.<br>Chicago, IL  60611-7603<br>312-222-9350 |

## CERTIFICATE OF SERVICE

  I certify that on July 23, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

                /s/
               Jerome L. Epstein