UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Fannie Mae Securities Litigation** | **Consolidated Civil Action**<br>**No. 1:04-cv-1639 (RJL)** |
| **Evergreen Equity Trust,** *et al.,* **v. Federal National Mortgage Association,** *et al.*<br><br>**and**<br><br>**Franklin Managed Trust,** *et al.* **v. Federal National Mortgage Association,** *et al.* | **Case No. 1:06-cv-00082 (RJL)**<br><br><br>**Case No. 1:06-cv-00139 (RJL)** |

**MOTION OF RADIAN GUARANTY INC. FOR LEAVE TO
FILE A SECOND SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Radian Guaranty Inc. ("Radian") respectfully moves for leave to file the attached second supplemental memorandum in support of its motion to dismiss the Evergreen and Franklin plaintiffs' complaints. This second supplemental memorandum addresses the impact of the United States Supreme Court's recent decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2007 U.S. LEXIS 8270 (June 21, 2007), which was issued after the briefing and oral argument on Radian's motion to dismiss and controls its outcome. In support of this motion, Radian states:

1. In its prior memoranda in support of its motion to dismiss, Radian demonstrated that that the E&F plaintiffs had failed to satisfy the requirement that they plead with particularity facts supporting a "strong inference" of Radian's scienter as required by the

Private Securities Litigation Reform Act (PSLRA). *See* 15 U.S.C. § 78u-4(b)(2) ("[T]he complaint shall . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."); Radian's Mem. at 13-17. As Radian showed, the E&F plaintiffs completely failed to plead "the who, what, when, where and how" of Radian's claimed scienter. *In re U.S. Office Prods. Sec. Litig.*, 326 F. Supp. 2d 68, 73 (D.D.C. 2004). The E&F plaintiffs never alleged *who* at Radian supposedly knew of Fannie Mae's alleged improper accounting treatment of the single transaction with Radian; *what* that unknown someone at Radian knew about Fannie Mae's accounting treatment of that transaction; *when* that unknown someone at Radian supposedly gained the knowledge that Fannie Mae would account for this single transaction in an improper manner; *how* that unknown someone allegedly acquired the knowledge of Fannie Mae's accounting treatment; *what,* if anything, that unknown someone did or did not do with that knowledge; *where* all of this took place; and *how* this unknown someone prevented this information from being disclosed to Fannie Mae's investors. Instead, the E&F plaintiffs offered only the legally insufficient *non sequitur* that Radian somehow must have had a "motive" to participate in Fannie Mae's alleged fraud because it wanted to earn a "profit."

      2.    *Tellabs* demonstrates all the more that the E&F plaintiffs' claims should be dismissed because: (a) contrary to *Tellabs*' mandate, the E&F plaintiffs have not pled *any* facts -- let alone with particularity -- that could create a "cogent" inference of scienter that is "at least as compelling as any opposing inference of nonfraudulent intent," *id.* at *11-*12; and (b) *Tellabs* overrules the case law on which the E&F plaintiffs rely for their erroneous argument that their boilerplate allegations satisfy the requirements of the PSLRA.

      3.    In *Tellabs,* the Supreme Court made clear that the PSLRA not only requires that scienter be pled with particularity, but deprives plaintiffs of the benefit normally

afforded under Rule 12(b)(6) that all inferences will be drawn in their favor. Thus, it is not enough for securities fraud plaintiffs merely to allege with particularity "facts from which an inference of scienter *could* be drawn." 2007 U.S. LEXIS 8270 at *28. Rather, plaintiffs must "plead with particularity facts that give rise to a 'strong' -- *i.e.,* a powerful or cogent -- inference." *Id.* The Court must not ask simply whether plaintiffs' allegations *permit* an inference of scienter, as it might normally do under Rule 12(b)(6). Instead, the Court "*must consider plausible nonculpable explanations for the defendant's conduct*, as well as inferences favoring the plaintiff." *Id.* at *29 (emphasis added). Plaintiffs can succeed in stating a claim only if the inference of scienter is "at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at *11-*12.

    4.  The E&F plaintiffs have pled *no* facts -- let alone with particularity -- to support a strong inference of scienter against Radian under *Tellabs*. The E&F plaintiffs offer only conclusory assertions that:

- Radian supposedly was "aware that the Transaction [with Fannie Mae] did not sufficiently transfer risk to qualify for accounting as insurance";

- Radian supposedly "knew that Fannie Mae needed to spread its losses in order to manage earnings";

- Radian supposedly "knew that . . . Fannie Mae's premium payments were equal to the value of Radian's 'insurance coverage'";

PHDATA 1455259_1

- Radian supposedly knew "that Fannie Mae was fraudulently recording its transactions with Radian in the Company's financials as 'insurance' premium payments to Radian in violation of GAAP."

Evergreen Compl. ¶ 249; Franklin Compl. ¶ 278.

5. The E&F plaintiffs cannot dispute that there is nothing *inherently* wrong, let alone fraudulent, with finite insurance policies. Consequently, Radian's entering into such a contract cannot by itself create an inference that Radian "knew" about any supposed fraud committed by Fannie Mae. The E&F plaintiffs effectively concede this. Their argument is that Radian's legitimate transaction with Fannie Mae became fraudulent after the fact, as a result of the way it was accounted for on Fannie Mae's books. But the E&F plaintiffs allege no facts -- let alone with particularity -- that could begin to support an inference that Radian *knew* that Fannie Mae entered into the transaction for the purpose of defrauding its investors.

6. Nor is there any inference of scienter created by the E&F plaintiffs' unsupported assertions that Fannie Mae was utilizing the transaction with Radian to "manage earnings." As the OFHEO report on which plaintiffs put so much emphasis explains, "earnings management . . . describe[s] a spectrum of activities from legitimate managerial activities at one end to fraudulent reporting at the other." OFHEO Rep. at 104. Because there are "plausible nonculpable explanations for [such] conduct," *Tellabs,* 2007 U.S. LEXIS 8270, at *29, the E&F plaintiffs cannot plead scienter simply by asserting, without more, that the Radian-Fannie Mae transaction was "earnings management."

7. Nor, lastly, is there any inference of scienter created by the E&F plaintiffs' unsupported -- and erroneous -- allegation that Radian found "finite insurance policies to be

more profitable than ordinary insurance policies." Evergreen Compl. ¶ 249; Franklin Compl. ¶ 278.  Even assuming this characterization were accurate, there clearly is a "plausible nonculpable explanation" for Radian's offering such policies, namely, its desire to make a profit.  But, in any event, the transaction here was *not* profitable for Radian.  The E&F plaintiffs do not dispute that Radian received $35 million from Fannie Mae and paid $39 million in claims under the policy.  So the entire premise of the E&F plaintiffs' purported inference of scienter is erroneous.

8.  In short, plaintiffs' conclusory allegations of Radian's scienter fail under *Tellabs*.  Plaintiffs allege no factual basis -- let alone with particularity -- to support any inference that Radian "knew" or "recklessly disregarded" that Fannie Mae would account for its transaction with Radian in a way that the E&F plaintiffs say was fraudulent.  The E&F plaintiffs' boilerplate assertions cannot compete with far more compelling inferences of Radian's nonfraudulent intent.  *Tellabs* mandates dismissal of the E&F plaintiffs' securities fraud claims.

9.  *Tellabs* also overrules the case law on which plaintiffs' rely for their erroneous argument that their boilerplate allegations satisfy the requirements of the PSLRA.

10. In their opposition to Radian's motion to dismiss, the E&F plaintiffs erroneously argue that the "controlling precedent in this Circuit" is Second Circuit case law holding that a plaintiff can satisfy the "strong inference" requirement by pleading "either (1) that the defendants had motive and opportunity to commit fraud or (2) strong circumstantial evidence of misbehavior or recklessness." *In re Baan Co. Sec. Litig.,* 103 F. Supp. 2d 1, 19 (D.D.C. 2000) (citing *Press v. Chemical Invest. Servs. Corp.,* 166 F.3d 529, 538 (2d Cir. 1999)); *see* E&F Pls'

Opp. at 43, 55.[1]  If this standard ever was "controlling" in this Circuit, it does not survive *Tellabs*.

11.  First, *Tellabs* abrogates any standard so lax as to permit a plaintiff only to allege "motive and opportunity" *or* "strong circumstantial evidence of misbehavior or recklessness." *See* E&F Pls' Opp. at 55 (erroneously stating that "Plaintiffs may satisfy their burden by pleading **either** Radian's conscious misconduct, recklessness, **or** motive and opportunity.").  Contrary to the E&F plaintiffs' suggestion, mere "motive and opportunity" do not create a "cogent" or "compelling" inference of scienter, let alone an inference that is "*at least as compelling* as any opposing inference of nonfraudulent intent." *Tellabs,* 2007 U.S. LEXIS 8270, at *11-*12 (emphasis added).  Indeed, the E&F plaintiffs' allegations of "motive and opportunity" say *nothing* about Radian's state of mind.  The only "motive" that the E&F plaintiffs allege on Radian's part is a desire to make a profit from its transaction with Fannie Mae -- a desire of every for-profit corporation.  This innocuous "motive" does not begin to suggest a "cogent" or "compelling" inference of scienter.

12.  Second, the E&F plaintiffs' standard disregards the most crucial part of *Tellabs'* holding. *Tellabs,* 2007 U.S. LEXIS 8270, at *29.  However "strong" a plaintiff's supposed "circumstantial evidence" of scienter is alleged to be, there may still be "plausible nonculpable explanations for the defendant's conduct" that demonstrate the defendant's

---

[1]  This standard is a comparative late comer in the Second Circuit's securities fraud jurisprudence.  Earlier decisions properly had "required [plaintiffs] to supply a factual basis for their conclusory allegations" of scienter. *Ross v. A.H. Robins Co.,* 607 F.2d 545, 558 (2d Cir. 1979).  Indeed, *Ross* presciently held that plaintiffs should be required to "specifically plead those events which they assert give rise to a *strong inference* that the defendants had knowledge of the facts . . . or recklessly disregarded their existence." *Id.* (emphasis added).

innocence. *Id.* Simply pointing to a defendant's "motive and opportunity" or "strong circumstantial evidence" of scienter, without more, ignores this basic fact.

        13.      Moreover, the E&F plaintiffs simply do not allege *any* "circumstantial evidence" of Radian's supposed scienter, let alone allegations that could survive scrutiny under *Tellabs*. Radian's mere entering into a finite risk transaction with Fannie Mae is not "circumstantial evidence" of anything. Nor is the fact that such transactions allegedly are profitable, particularly when the transaction at issue here was *not* profitable for Radian.

        14.      In sum, there is no factual basis for an inference of scienter in the E&F plaintiffs' complaints that could begin to compete with "plausible nonculpable explanations" for Radian's conduct. The E&F plaintiffs' securities fraud claims should be dismissed.

WHEREFORE, Radian respectfully requests that the Court grant it leave to file the attached second supplemental memorandum in support of its motion to dismiss.

Dated: July 30, 2007

Respectfully submitted,

RADIAN GUARANTY INC.
By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By:  /s/ Jonathan M. Stern
     Jonathan M. Stern (DC Bar No. 412689)
     2001 Pennsylvania Avenue, NW
     Suite 300
     Washington, DC 20006-1825
     Telephone:  (202) 419-4200

Of Counsel:

David Smith
Stephen A. Fogdall
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
Telephone:  (215) 751-2000