UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In Re Fannie Mae Securities Litigation ) | Consolidated Civil Action No. 1:04-cv-1639 (RJL) |
| Evergreen Equity Trust, *et al.*, ) Plaintiffs, ) v. ) Federal National Mortgage Association, *et al.*, ) Defendants. ) | No. 1:06-cv-00082 (RJL) |
| Franklin Managed Trust, *et al.*, ) Plaintiffs, ) v. ) Federal National Mortgage Association, *et al.*, ) Defendants. ) | No. 1:06-cv-00139 (RJL) |

**THE EVERGREEN PLAINTIFFS' AND THE FRANKLIN PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTIONS TO DISMISS BY DEFENDANTS FANNIE MAE, HOWARD, AND SPENCER ON STATUTE OF LIMITATIONS GROUNDS**

Late last week, on July 26, 2007, the Court of Appeals for the Second Circuit issued an opinion expressly rejecting one of the key arguments made by defendants Fannie Mae, Howard, and Spencer in support of their motions to dismiss the Section 18 claim asserted by the Evergreen and Franklin plaintiffs (the "E&F Plaintiffs"). Specifically, in *In re WorldCom Securities Litigation*, No. 05-0679-cv, 2007 WL 2127874 (2d Cir. July 26, 2007) (attached hereto as Exhibit A), the Second Circuit reversed a district court decision upon which these

defendants rely, and held that the filing of a class action tolls the statute of limitations as to *all* members of the putative class, including those who opt out and file individual complaints prior to a decision on class certification.

Defendants Fannie Mae, Howard and Spencer have moved to dismiss the E&F Plaintiffs' Section 18 as time-barred, on the grounds that the claim is subject to a one-year statute of limitations which had expired prior to the filing of the E&F Plaintiffs' complaints. For the reasons set forth in the E&F Plaintiffs' prior submissions, the E&F Plaintiffs disagree that the claim is subject to a one-year statute of limitations and believe that even if a one-year limitations period were applicable, the filing of the class action against these defendants tolled the running of that period under the doctrine set forth in *American Pipe* and its progeny.[1] These defendants, on the other hand, argue that *American Pipe* tolling does not apply unless (1) the claims asserted in the opt-out complaint are identical to those in the class action, and (2) the opt-out complaint is filed *after* the district court rules on class certification. Part (1) of this argument has been fully addressed in the parties' prior submissions, and is unaffected by the recent Second Circuit decision. Part (2) of defendants' argument, however, has now been squarely rejected and reversed by the Second Circuit:[2]

> The district court held that tolling under *American Pipe* is unavailable to class members who, like the Appellants, file individual suits before the class certification decision. . . . We

---

[1] *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) (the commencement of a class action "tolls" the running of the statute of limitations for all class members who make timely motions to intervene); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1985) (extending the holding of *American Pipe* to class members who opt out of the class action and bring individual actions).

[2] With its decision in *WorldCom*, the Second Circuit joins the Eighth and Eleventh Circuits in recognizing that tolling is not limited to those who wait until after a class certification decision to opt out. *See* cases cited on p. 21 of the E&F Plaintiffs' Joint Memorandum of Law in Opposition to the Motions to Dismiss by Fannie Mae, the Director Defendants, Radian Guaranty, and Defendants Howard, Raines and Spencer. The District of Columbia Circuit has not addressed the issue subsequent to the Supreme Court's opinion in *Crown, Cork & Seal*, which recognized that the application of *American Pipe* is not limited to intervenors.

>> disagree with the district court. As we understand the rule of *American Pipe*, it provides that the filing of a class action tolls the statute of limitations for all members of the asserted class, regardless of whether they file an individual action before resolution of the question whether the purported class will be certified.

*WorldCom*, 2007 WL 2127874, at *1.

In reaching its decision, the Second Circuit reviewed the rationale underlying the rule announced in *American Pipe*, and held that it would be inconsistent with that rationale to deny tolling to plaintiffs who file suit prior to a class certification decision:

>> The theoretical basis on which *American Pipe* rests is the notion that class members are treated as parties to the class action "until and unless they received notice thereof and chose not to continue." *American Pipe*, 414 U.S. at 551. Because members of the asserted class are treated for limitations purposes as having instituted their own actions, at least so long as they continue to be members of the class, the limitations period does not run against them during that time. Once they cease to be members of the class – for instance, when they opt out or when the certification decision excludes them – the limitation period begins to run again on their claims.
>>
>> Nothing in the Supreme Court decisions . . . suggests that the rule should be otherwise for a plaintiff who files an individual action before certification is resolved. To the contrary, the Supreme Court has repeatedly stated that "'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'" *Crown*, 462 U.S. at 353-54 (quoting *American Pipe*, 414 U.S. at 554). We see no reason not to take this statement at face value.

*WorldCom*, 2007 WL 2127874, at *9.

The Second Circuit also rejected a "public policy" argument similar to that made by Fannie Mae in this case – *i.e.*, that denying *American Pipe* tolling to plaintiffs who opt out prior to class certification will reduce the number of individual suits filed. As the Court explained:

>> While reduction in the number of suits may be an incidental benefit of the *American Pipe* doctrine, it was not the purpose of

3

> *American Pipe* either to reduce the number of suits filed, or to force individual plaintiffs to make an early decision whether to proceed by individual suit or rely on a class representative. Nor was the purpose of *American Pipe* to protect the desire of a defendant "not to defend against multiple actions in multiple forums." *Crown*, 462 U.S. at 353. The *American Pipe* tolling doctrine was created to protect class members from being *forced* to file individual suits in order to preserve their claims. It was not meant to induce class members to forgo their right to sue individually.

*WorldCom*, 2007 WL 2127874, at *10 (emphasis in original).

The E&F Plaintiffs respectfully submit that the Second Circuit was correct in applying *American Pipe* tolling to plaintiffs who opted out prior to a class certification decision, and that for the reasons set forth in that opinion – as well as those addressed in the E&F Plaintiffs' prior submissions – the motions by Fannie Mae, Howard and Spencer to dismiss the E&F Plaintiffs' Section 18 claim should be denied.[3]

Dated: July 30, 2007                    Respectfully submitted,


                                            /s/ Stuart M. Grant
GRANT & EISENHOFER P.A.
Stuart M. Grant (DC Bar ID #450895)
Megan D. McIntyre
Christine M. Mackintosh
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100

*Counsel for Plaintiffs Evergreen Equity Trust, et al. and Plaintiffs Franklin Managed Trust, et al.*

---

[3] The Second Circuit's decision in *WorldCom* has no impact on the motions to dismiss by the Director Defendants. Because those defendants were not named in the class action, the E&F Plaintiffs do not contend that *American Pipe* tolling applies to the Section 18 claim against them.