UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Fannie Mae Securities Litigation ) | Consolidated Civil Action No. 1:04-cv-1639 (RJL) |
| ) | |
| ) | |
| Franklin Managed Trust, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | No. 1:06-cv-00139 (RJL) |
| ) | |
| v. ) | |
| ) | |
| Federal National Mortgage Association, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THE FRANKLIN PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE DISMISSAL OF THEIR SECTION 18 CLAIM AGAINST FANNIE MAE, RAINES, HOWARD AND SPENCER**

The Franklin Plaintiffs seek reconsideration of the Court's ruling that they forfeited the tolling of the statute of limitations afforded them under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) by filing individual actions relating to Fannie Mae's accounting fraud prior to a decision on class certification. Because the Franklin Plaintiffs have demonstrated an intervening change in law, reconsideration of the dismissal of their claim pursuant to Section 18 of the Securities Exchange Act of 1934 is appropriate.

The D.C. Circuit has never ruled on the precise question at bar—namely, whether a plaintiff forfeits *American Pipe* tolling by bringing an individual action prior to a decision on class certification. Contrary to Defendants' assertion, *Wachovia Bank & Trust Co., N.A. v. National Student Marketing Corp.,* 650 F.2d 342 (D.C. Cir. 1980) is not controlling. *Wachovia* was decided three years before the Supreme Court extended *American Pipe* tolling to putative

class members who opt out, at a time when such tolling was available only to plaintiffs who intervened in the class action.  The D.C. Circuit disposed of the *American Pipe* question in a footnote, merely noting that tolling did not apply where "no intervention was ever attempted." *Id.* at 346, n.7.  Because there was no precedent at that time for application of tolling to plaintiffs who filed individual actions in lieu of intervention, the Court's decision not to extend *American Pipe* tolling to such plaintiffs was not surprising.  Given the significant change in the law since *Wachovia* was decided, however, that decision is of little value in predicting how the D.C. Circuit would resolve the question that is now before this Court.

As set forth in Plaintiffs' motion for reconsideration, the Second Circuit issued a significant opinion on July 26, 2007 which squarely addressed the issue before this Court and found—based on a well-reasoned analysis of Supreme Court precedent—that *American Pipe* tolling applies to "all members of the asserted class, regardless of whether they file an individual action before resolution of the question before the purported class will be certified."  *In re WorldCom Sec. Litig.*, No. 05-0679, 2007 WL 2127874, at *1 (2d Cir. July 26, 2007).  As the Second Circuit explained, the Supreme Court's decision in *American Pipe* is premised on "the notion that class members are treated as parties to the class action 'until and unless they received notice thereof and chose not to continue.'"  2007 WL 2127874, at *9 (quoting *American Pipe*, 414 U.S. at 551).  "The Supreme Court has repeatedly stated that 'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'"  *Id.* (citations omitted).  Thus, until they filed their individual action in January 2006, the Franklin Plaintiffs were members of the class who should be "treated for limitations purposes as having instituted

their own actions" when the class action was filed.  *Id.*  Only once they chose to proceed

independently of the class did the limitation period begin to run against them.  *Id.*

Defendants attempt to counter the *WorldCom* opinion by citing an even more recent

opinion from the Ninth Circuit, which reached the opposite conclusion.  *See In re Hanford*

*Nuclear Reservation Litig.*, No. 05-35648, 2007 WL 2302365, at **14-15 (9th Cir. Aug. 14,

2007).  Significantly, however, the Ninth Circuit was unaware of the Second Circuit's ruling in

*WorldCom* when it reached this decision, as evidenced by its citation to the district court's

opinion in *WorldCom* (which had since been overturned), and its reference to the Sixth Circuit as

the only circuit to have addressed the issue directly.  *Id.* at *15.  Accordingly, the Ninth

Circuit—like this Court when it ruled on Defendants' motions to dismiss—did not have the

benefit of knowing that the Second Circuit had spoken on this issue, much less that it had

overturned the prevailing trend among the district courts within the Second Circuit.

Defendants also contend that *WorldCom* is "easily distinguished" on the grounds that the

individual plaintiffs therein filed only "the same claims" as those asserted by the class.

However, that fact has no bearing on the issue as to which Plaintiffs seek reconsideration—*i.e.*,

whether *American Pipe* tolling applies to plaintiffs who file individual actions prior to class

certification.  If the Court reconsiders its decision and rules in the Franklin Plaintiffs' favor on

that issue, it will then have to address an issue it did not reach below:  whether the assertion of

Section 10(b) claims in the class action tolled the statute of limitations for the Franklin Plaintiffs'

Section 18 claims. As Plaintiffs explained in their opposition to Defendants' motions to dismiss,

*American Pipe* tolling extends to claims different from those asserted in the class action if they

arise out of the same operative facts.  *See Crown, Cork & Seal*, 462 U.S. at 355 (Powell, J.,

concurring) (individual suit should "'concern the same evidence, memories, and witnesses as the

subject matter of the original class suit,' so that 'the defendant will not be prejudiced'") (quoting

*American Pipe*, 414 U.S. at 562).[1]  The Franklin Plaintiffs' Section 18 claims and the class

plaintiffs' Section 10(b) claims arise from the same facts and evidence—*i.e.*, Defendants'

making of material false and misleading statements in SEC filings with a culpable state of mind,

and plaintiffs' reliance upon those statements to their detriment in purchasing Fannie Mae stock.[2]

Applying *American Pipe* tolling to the Franklin Plaintiffs' Section 18 claims would not result in

any unfair surprise to the Defendants, who were already subject to class-wide Section 10(b)

claims based on the very same conduct.  Tolling pursuant *American Pipe* tolling is therefore

appropriate.

---

[1] *See also Cullen v. Margiotta*, 811 F.2d 698, 721 (2d Cir. 1987), *cert. denied*, 483 U.S. 1021
(1987) ("[W]e do not regard the fact that the [class] action was premised on different legal
theories as a reason not to apply *American Pipe* tolling . . . [B]ecause the asserted factual basis of
the [class] claims was the same as that of the claims asserted here . . . the running of the statute
on the claims of the absent class members . . . was thereby tolled."); *Tosti v. City of Los Angeles*,
754 F.2d 1485, 1489 (9th Cir. 1985) (individual action need not be identical in all respects to
class action for *American Pipe* to apply); *In re Linerboard Antitrust Litig.*, 223 F.R.D. 335, 351
(E.D. Pa. 2004) ("For tolling to apply, claims do not have to be identical but only substantially
similar to those brought in the original class action."); *In re Indep. Serv. Org. Antitrust Litig.*
*("ISO Antitrust")*, Civ. No. MDL-1021, 1997 WL 161940, at **3-6 (D. Kan. Mar. 12, 1997)
(claims seeking different remedies but based on the same facts are tolled under *American Pipe*);
*Barnebey v. E.F. Hutton & Co.*, 715 F. Supp. 1512, 1528 (M.D. Fla. 1989) (class action asserting
federal securities law claims tolled the limitations period for individual state law securities
claims because "*American Pipe* tolling is properly extended where as here the individual claims
involve the same 'evidence, memories, and witnesses' as are involved in the putative class
action," even if the legal theories are not identical) (citation omitted).

[2] As Defendants note, the district court in *Lindner Dividend Fund, Inc. v. Ernst & Young*, 880 F.
Supp. 49 (D. Mass. 1995) declined to find that a class action Section 10(b) claim tolled the
statute of limitations for individual Section 18 claims.  However, the basis for that decision – that
the facts underlying the two claims are significantly different – is simply wrong.  Although the
burden of proof as to the defendant's state of mind is different, the underlying nucleus of facts is
the same for both claims.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that the Court (a) reconsider its dismissal of the Franklin Plaintiffs' Section 18 claims against defendants Fannie Mae, Raines, Howard, and Spencer, and (b) revise its Order dated July 31, 2007, so as to deny those defendants' motions to dismiss the Franklin Plaintiffs' Section 18 claims.

Dated:  September 7, 2007

*/s/ Stuart M. Grant*
Stuart M. Grant (D.C. Bar # 450895)
Megan D. McIntyre
Christine M. Mackintosh
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)

*Attorneys for the Franklin Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 7, 2007, the attached The Franklin Plaintiffs' Reply Memorandum In Further Support Of Their Motion For Reconsideration Of The Dismissal Of Their Section 18 Claim Against Fannie Mae, Raines, Howard and Spencer was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those counsel of record in this matter who are registered on the CM/ECF system, and that service was accomplished on the following counsel who are not registered on the CM/ECF system via regular U.S. Mail:

Fred F. Fielding
Barbara Van Gelder
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C. 20006
*Counsel for Defendants Frederic V. Malek*
*and Anne Mulcahy and for Defendant Thomas*
*Gerrity in the Evergreen Action*

Jonathan S. Liss
Dionna K. Litvin
David Smith
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, 36th Floor
Philadelphia, PA 19103
*Counsel for Radian Guaranty Inc.*

William K. Dodds
Neil A. Steiner
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
*Counsel for Defendant Thomas Gerrity*

*/s/ Megan D. McIntyre*
Megan D. McIntyre