# ARNOLD & PORTER LLP

Scott B. Schreiber
Scott.Schreiber@aporter.com

202.942.5672
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

August 31, 2007

**VIA HAND DELIVERY**

Charles Wm. McIntyre, Esq.
McGuire Woods LLP
1050 Connecticut Avenue, N.W.
Suite 1200
Washington, D.C. 20036

Re:    *In re Fannie Mae Securities Litigation*, Cons. Action No. 1:04-CV-01639

Dear Mr. McIntyre:

In response to your August 17, 2007 subpoena to Deloitte & Touche USA LLP ("Deloitte US") in connection with the above-referenced matter, Deloitte & Touche LLP ("Deloitte") is prepared to discuss the subpoena with you. Deloitte is objecting to this subpoena in order to preserve its rights pending our discussions. As you are aware, there is an ongoing audit. Deloitte objects to the subpoena to the extent that it purports to call for the production of working papers regarding professional services that are currently ongoing. Any such working papers are incomplete, unfinished and subject to change.

As a threshold matter, Deloitte US does not provide professional services and performed no work for Defendant Federal National Mortgage Association ("Fannie Mae"). Accordingly, the subpoena is objectionable because it was not properly addressed to Deloitte. In addition, Deloitte believes that the document requests in the subpoena are objectionable for a number of reasons, including their scope, time frame and the burden they seek to impose on a non-party.

Deloitte, a non-party to this proceeding, hereby responds and objects to the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure as follows:

1.    Deloitte objects to this subpoena, which contains 134 document requests, as being overbroad, unduly burdensome and as imposing an unwarranted burden on Deloitte, a non-party in this litigation.



EXHIBIT
C

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 2

Further, one might interpret the subpoena as calling for the production of not only existing documents, but also documents that Deloitte might obtain or prepare on a going-forward basis in providing services for Fannie Mae. The preservation of, and any obligations to produce, documents obtained and prepared in providing services subsequent to receipt of the subpoena would be unreasonable and unduly burdensome, and would impermissibly and unnecessarily interfere with and inhibit Deloitte in providing future services. With respect to Deloitte's audits of Fannie Mae's financial statements, for example, any undertaking to save draft or interim versions of audit work, or documents that would not otherwise be retained would interfere with the audit process and is, as a practical matter, unworkable. An audit is an ongoing process, and material generated over a period of weeks or months by numerous personnel in various locations during the lengthy audit process is subject to continual change. To require audit personnel to determine whether each piece of paper has to be preserved, and to collect and retain such documents separate from the final working papers, is untenable. The burden that would place on the audit personnel is very onerous and very unfair. The same would be true for any other ongoing or future Deloitte engagements.

In addition, Deloitte objects to the production of any working papers relating to any ongoing audits prior to the issuance of any audit reports since any such working papers are in process, incomplete and subject to change.

2.  The subpoena fails to meet the requirements of Rule 26 of the Federal Rules of Civil Procedure in that, *inter alia*, (i) it is overbroad and lacks necessary particularization, purporting to designate a large group of documents that do not appear to be relevant to the subject matter of the above-captioned action, (ii) it is not reasonably calculated to lead to the discovery of admissible evidence, and (iii) it imposes an unwarranted and undue burden on non-party Deloitte.

3.  Upon information and belief, by virtue of its overbroad nature the subpoena calls for the production of documents that are not

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 3

relevant to the claim or defense of any party and Deloitte objects to the subpoena to the extent it calls for the production of such irrelevant documents.

4.    The subpoena is unduly vague, precluding Deloitte from determining with sufficient precision the identity of the documents for which KPMG LLP ("KPMG") seeks production. Similarly, the subpoena's definitions are vague, ambiguous, and overbroad.

5.    Deloitte objects to the subpoena on the grounds that the purported discovery sought is unreasonably cumulative and duplicative.

6.    Deloitte objects to the subpoena to the extent it calls for any information or material the disclosure of which would be contrary to public policy.

7.    Deloitte objects to the Definitions to the extent that they purport to impose any obligations upon Deloitte beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the District of District of Columbia.

8.    Deloitte objects to producing documents at a location other than where they are kept in the ordinary course of business. Deloitte specifically objects to the subpoena's designation of time, place and format of production as unduly burdensome.

9.    Deloitte objects to the subpoena on the ground that it would impose significant expense on Deloitte. Deloitte will not produce any responsive documents until KPMG agrees to pay all costs associated with the collection, review and copying of responsive documents. To the extent that any documents to be produced are presently located in off-site storage facilities, the associated costs of production may include file retrieval and other access charges and copying costs. To the extent that the documents are housed on Deloitte's proprietary software system, AS/2, all associated costs may include charges relating to their retrieval, conversion, and reformatting. Copies of the documents will be released to you only upon full payment of all amounts due.

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 4

10. Deloitte objects to the subpoena's designation of the "Relevant
Time Period as from January 1, 2000 to the present" as overbroad,
unduly burdensome, and not reasonably calculated to lead to the
discovery of admissible evidence. Deloitte further objects to the
subpoena and without limitation to Request Nos. 37, 39, 41, 46,
and 47 to the extent they call for documents from June 1, 1998
through the present. As the putative class period as defined in the
Second Amended Consolidated Class Action Complaint is April
17, 2001 through September 27, 2005, and the subject of the
litigation concerns Fannie Mae's financial statements from 2001
through 2004, the requested time period calls for documents not
related to the matters at issue in this proceeding. To the extent the
time period is incorporated in individual requests, Deloitte objects
to each and every request set forth in the subpoena as overbroad as
to the time period covered.

11. Deloitte objects to the subpoena and Definition No. 1 as overly
broad, unduly burdensome and inconsistent with the requirements
of the Federal Rules of Civil Procedure to the extent that it purports
to require Deloitte to search for and locate "each" and "all"
documents that may be stored somewhere in its files or the files of
numerous employees.

12. Deloitte objects to the subpoena and Instruction No. 5 as overly
broad, unduly burdensome and inconsistent with the requirements
of the Federal Rules of Civil Procedure to the extent that it purports
to require Deloitte to search for all "draft" or "non-identical"
copies of documents that have been or will be produced in
response to the various subpoenas issued to it in the above-
captioned litigation.

13. Deloitte objects to the subpoena and without limitation to Request
Nos. 1 through 8, 12, 17, 25 through 28, 115, and 116 that call for
the production of documents regarding OFHEO. OFHEO's policy
is to make all reasonable efforts to preserve the agency's
examination privilege over exam-related materials. The
examination privilege, as reflected in 12 C.F.R. § 1703.40, states
that "OFHEO reports of examinations, or any documents related

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 5

thereto, are the property of OFHEO and are not to be disclosed to any purpose with the Director's prior written consent." Any person with possession of such documents who is served a demand for production of those documents must notify the General Counsel and object to the production of such documents and information on the "basis that the documents are the property of OFHEO and cannot be released without OFHEO's consent. Rather, their production must be sought from OFHEO following the procedures set forth in" its regulations (12 C.F.R. § 1703.1, *et seq.*). To the extent Deloitte has produced documents regarding OFHEO previously in the above-captioned litigation, it has done so only with the express consent of OFHEO.

14.    Deloitte objects to this subpoena and without limitation to Request Nos. 1 through 8, 12, 14, 30, 31, 37, 39, 49 through 80, 119, 120, and 121 to the extent that the requested documents and information are available from the parties, and Deloitte, a non-party, should not be put to the time and expense of producing such documents where KPMG could obtain the information from the parties or other third parties in a manner that is more convenient, less burdensome or less expensive.

15.    Deloitte, a non-party to this action, objects to the subpoena and without limitation to Request Nos. 11, 15, 16, 34, 82 through 86, and 87 through 114, to the extent that it calls for the production of documents which constitute trade secrets, proprietary information, and/or confidential, commercial information of Deloitte including, without limitation, planning documentation, programs, policy or procedures, questionnaires, time sheets, time reports, time budgets, billing files, invoices, organization charts, manuals, guides, and internal communications and similar proprietary materials which are not and could not be at issue in your action, the disclosure of which would be competitively harmful and for which no confidentiality stipulation provides adequate protection, and therefore will not be produced. Such documents have been developed at great expense to and effort by Deloitte. Further, such documents are not relevant to the claim or defense of any party.

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 6

16.   Deloitte objects to the subpoena and without limitation to Request
      Nos. 82 through 86 which purports to seek information regarding
      the Deloitte Firms' record keeping systems, their document
      retention policies, and policies, procedures or guidelines related to
      computers, computer systems, and the like on the grounds that
      these requests are overly broad, burdensome and harassing to non-
      parties and call for information which is all wholly irrelevant to the
      subject matter of the pending litigation and which relates to
      internal matters.

17.   Deloitte objects to the subpoena to the extent that it purports to
      require the preservation, review and production of documents and
      data from legacy data sources, including data sources maintained
      for disaster-recovery related purposes only, obsolete data, data
      preserved for matters unrelated to this subpoena and other non-
      active data, including data on historic back-up tapes, hard drives
      and other media in the possession of the Deloitte US Firms which
      are no longer in use. Generally, such data is not reasonably
      accessible and likely is duplicative of data available from other
      active and readily accessible sources. Because of the lack of
      relevance of such legacy data and the cost associated with
      searching, preserving and accessing the legacy data sources, the
      Deloitte US Firms, non-parties to this matter, will not preserve and
      search legacy data sources in response to these Requests.

18.   Deloitte objects to the subpoena to the extent that it seeks the
      production of documents which are protected by the privilege of
      self-critical analysis, privacy statutes, the right to privacy, and
      public policy.

19.   Deloitte objects to the production of any documents except
      pursuant to the Second Amended Pretrial Protective Order limiting
      use and access of the confidential information.

20.   Deloitte objects to the subpoena to the extent that it seeks the
      production of tax returns or tax return information which Deloitte
      and/or Deloitte Tax LLP are precluded from disclosing under
      Section 7216 of Title 26 of the United States Code or any other

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 7

information which Deloitte and/or Deloitte Tax LLP are precluded from disclosing under other applicable statutes or regulations.

21.    Deloitte objects to the subpoena to the extent that it purports to require the production of documents which are protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, the accountant-client privilege, and/or other applicable privilege, doctrine, immunity or statutory or contractual restrictions on disclosure which precludes or limits production or disclosure of information therein.

22.    Deloitte will not produce any privileged or work product documents, or any other documents otherwise protected from disclosure. Any production of such documents is inadvertent and shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged or work product or otherwise exempt from production. Deloitte will only produce documents in response to the subpoena to the extent the KPMG agrees that, if it is notified by Deloitte that documents have been inadvertently produced, KPMG will immediately return such documents to Deloitte and destroy all known copies of such documents. If KPMG disputes the propriety of an asserted privilege or other protection, it agrees to seek resolution with the Court only after the documents have been returned to Deloitte. In addition, Deloitte will not refer to or rely on the inadvertent production as a basis for seeking the production of the documents at issue.

23.    Deloitte objects to the subpoena and without limitation to Request Nos. 17, 18, 19, 20, 24, 25, 26, 27, 28, and 130 through 134 to the extent that it purports to require the production of documents sought by or from regulatory agencies. Deloitte objects to producing such documents on the grounds that it is not a legitimate purpose of the action to seek information gathered by or for regulatory agencies in connection with such regulatory agencies' functions and further, Deloitte may be precluded from producing such documents.

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 8

24. Deloitte objects to the scope of the subpoena and Instruction No. 7 as overbroad, unduly burdensome and oppressive, and calling for documents not relevant to the claim or defense of any party to the extent that it purports to require Deloitte to search not only its own offices for relevant documents, but also the offices of other entities such as Deloitte Touche Tohmatsu and other members of Deloitte Touche Tohmatsu.

25. Deloitte objects to Definition No. 4 which is overly broad. References to "Deloitte & Touche USA LLP and all member firms of Deloitte & Touche Tohmatsu" and to their unspecified, undefined or unnamed "predecessors, parents, affiliates, subsidiaries (including Deloitte & Touche LLP, Deloitte Consulting LLP, Deloitte Financial Advisory Services, LLP, and Deloitte Tax LLP, and their subsidiaries), officers, directors, board members, managers, attorneys, employees agents, representatives, consultants, or any other person or entity acting for, at the direction of, or on behalf of Deloitte & Touche LLP" as set forth in Definition No. 4 place not only an undue burden, but also an impossible burden, upon Deloitte to know the unspecified, undefined or unnamed entities and persons referred to. The purported definition is so ambiguous and vague that it would make any search for documents impossible. Assuming that the objections raised herein are resolved, no documents will be produced except by Deloitte; Deloitte also objects to the production of any documents not in its possession (*i.e.*, in the possession of Deloitte & Touche LLP, Deloitte Consulting LLP, Deloitte Tax LLP, and/or Deloitte Financial Advisory Services LLP).

26. Deloitte objects to the subpoena to the extent that it purports to require Deloitte to produce documents related to individuals, entities and/or clients that are not at issue in the instant action and/or are not parties to the action, documents related to work unrelated to the subject matter of the action or documents relating to other actions.

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 9

27. Deloitte objects to the subpoena and Instruction No. 1 as unduly burdensome, overbroad and oppressive to the extent it requires Deloitte to identify requests in this subpoena that duplicate requests made by other parties in the above-referenced litigation. The subpoena requests that Deloitte create a schedule of all responsive documents that have been produced previously and identify whether that production is complete, and if not, the date on which it will be complete. Deloitte will not create such a log. Deloitte has been working with counsel in this litigation to make its extensive document productions available to all parties, including KPMG. Deloitte further objects to identifying and scheduling documents and requests to the extent that, in requiring Deloitte to do so, the subpoena seeks to impose requirements or obligations on Deloitte in addition to or different from those imposed by the Federal Rule of Civil Procedures, the District of the District of Columbia Local Rules, or any other applicable court rules, orders of the court, or stipulations or agreements of the parties.

28. Deloitte objects to the subpoena and Instruction No. 2 to the extent it requires Deloitte to identify and schedule on a privilege log privileged documents generated after September 27, 2005 as unduly burdensome, overbroad, and oppressive. Deloitte will not list such documents on a privilege log. Deloitte further objects to identifying and scheduling documents on a privilege log to the extent that, in requiring Deloitte to do so, the subpoena seeks to impose requirements or obligations on Deloitte in addition to or different from those imposed by the Federal Rule of Civil Procedures, the District of the District of Columbia Local Rules, or any other applicable court rules, orders of the court, or stipulations or agreements of the parties.

In making the above objections, Deloitte is not suggesting or implying in any way that it has documents responsive to a particular Request. As a non-party, Deloitte may not be aware of all appropriate and necessary objections that may be called for. Deloitte expressly reserves the right to amend, expand or delete any part of these objections stated herein at any time.

# ARNOLD & PORTER LLP

Charles Wm. McIntyre, Esq.
August 31, 2007
Page 10

      Given these objections, no documents will be produced on September 7, 2007 other than those that have been produced to date and we understand are available to all parties, including KPMG. However, as indicated above and without waiver of these objections, Deloitte is willing to discuss this matter with you at your convenience.

      Sincerely,

Scott B. Schreiber