McGuireWoods LLP
Washington Square
1050 Connecticut Avenue N.W.
Suite 1200
Washington, DC 20036-5317
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

C. Simon Davidson
Direct: 202.857.1715

# McGUIREWOODS

cdavidson@mcguirewoods.com

December 19, 2007

<u>Via E-Mail and U.S. Mail</u>
Scott B. Schreiber
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Re:  <u>In re Fannie Mae Securities Litigation</u>, No. 1:04-cv-1639 (D.D.C.)

Dear Scott:

This responds to your December 17, 2007 letter and addresses Deloitte's production of responsive documents from the files of individual custodians in response to KPMG's subpoena.

First, in my November 30 and December 14 letters to you, I stated that KPMG was willing to consider your proposal that Deloitte not search and produce documents from sources other than custodian's files, such as Deloitte's retention files. However, I stated that KPMG could not agree to Deloitte's proposal without certain fundamental information regarding those sources. We again reiterate our request for that information. Most significantly, please describe Deloitte's retention files, including the volume of documents in those files, and the types of documents located in those files. KPMG needs this basic information, as well as the information previously requested, before it can agree to Deloitte's proposal not to search such files for responsive documents.

Second, we have considered your proposal that Deloitte limit its initial production to documents from the files of merely thirteen custodians, and it is unacceptable. As you know, in an effort to ensure that the burden that Deloitte incurs in responding to KPMG's subpoena is no greater than necessary, KPMG proposed narrowing the scope of Deloitte's initial production to responsive documents from the files of thirty-five custodians listed in my November 30 letter. Those custodians represent roughly five percent of the more than 600 Deloitte accounting employees that you have said worked on the Restatement. We compiled the list only after considering the workstream you provided and searching the workpapers Deloitte has produced in response to Lead Plaintiff's document requests in an effort to narrow the scope of Deloitte's initial production as much as possible. While you have stated that Deloitte also underwent a good faith process to identify the thirteen custodians on its proposed list, Deloitte's proposed list omits (for instance) Duncan Barks, who the workstream identifies as the lead partner responsible for FAS 91 – an accounting issue central to this litigation, and whose name appears on at least thirty-three documents among the workpapers that Deloitte has produced in response to Lead Plaintiff's document requests. Your list also does not include any of the "specialists" on the Deloitte workstream, even for areas of accounting that are central to this litigation.



EXHIBIT N

Scott B. Schreiber
December 19, 2007
Page 2

Third, in the November 30 letter in which I set forth KPMG's initial list of thirty-five Deloitte custodians, I stated that we intended to supplement that list shortly with additional custodians. In preparing that list, we did as you suggested and focused initially on the individuals on the workstream you provided. However, we note that the workstream does not include several "key partners" and other accounting employees named on Deloitte's audit "Planning Memo-Executive Summary" (Deloitte-FNMA-046427 et seq.). These include Concurring Partner R. Michael Williams, Risk Partner Guy Moore, Co Lead Client Service Partner Allen Thomas, Special Review Partner Don Hathway, and Garry Thomas (Quality Assurance – National Office). Given your suggestion that we focus on the workstream in preparing our list, we do not understand the absence of these employees from that workstream as well as from Deloitte's proposed list of thirteen custodians. We request that Deloitte's initial production include all responsive documents from these custodians' files as well.

Fourth, in light of the discovery schedule in this litigation and the fact that there are ongoing depositions, we once again must insist that Deloitte *immediately* commence its review, processing, and production of responsive documents from these custodians' files. Notwithstanding our repeated statements regarding the urgency of Deloitte's production, your letter states:

> [B]efore commencing our search we want to confirm that Deloitte's production will be limited to the subject matters associated with the accounting policies outlined in your November 6, 2007 letter. Our commencing document production is contingent on such confirmation.

This is unacceptable. In short, more than four months after KPMG served its subpoena upon Deloitte, Deloitte is *still* refusing even to begin searching the files of Deloitte custodians with responsive documents.

Moreover, as you know, KPMG cannot agree to limit the scope of Deloitte's production in the manner you propose. The subject matters covered by the Restatement and relevant to this litigation are broader than those associated with the accounting policies in my November 6 letter. In an effort to narrow the scope of Deloitte's production, we have previously requested that Deloitte provide specific descriptions of the subject matters in which each custodian was involved, so that KPMG could consider whether there were any subject matters about which Deloitte need not produce responsive documents. Deloitte has refused to do so, and we have now reached a point where we simply cannot allow these discussions to delay Deloitte's production any longer.

Therefore, we reiterate our request that Deloitte begin reviewing, processing, and producing all responsive documents from files of the thirty-five custodians listed in my November 30 letter. We also request that Deloitte begin reviewing, processing, and producing all responsive documents from the files of the five additional custodians named above. As I stated in my November 30 letter, to the extent that any documents in these custodians' files are related neither to the Restatement itself nor to any of the accounting issues relating to the Restatement, KPMG is not interested in such documents at this time, but reserves its right to seek the documents in the future.

Please confirm that Deloitte will immediately commence its review, processing, and production of all responsive documents from the files of these forty custodians. If we do not receive this

Scott B. Schreiber
December 19, 2007
Page 3

confirmation immediately, we will be left with no choice but to seek the court's involvement. This letter serves as a final notice of our attempt to meet and confer regarding Deloitte's production of these documents in response to KPMG's subpoena.

Sincerely,

Simon Davidson