**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04CV01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*, <br><br>    *Plaintiffs*, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, <br><br>    *Defendants*. | No. 1:06CV00139 (RJL) |
| FANNIE MAE, <br><br>    *Plaintiff*, <br><br> v. <br><br> KPMG LLP, <br><br>    *Defendant*. | No. 1:06CV02111 (RJL) |

**FANNIE MAE'S MOTION FOR AN ORDER TO SHOW CAUSE
CONCERNING KPMG'S VIOLATION OF DISCOVERY DEADLINES,
AND REQUEST FOR EXPEDITED BRIEFING**

For the reasons set forth in the attached memorandum, Fannie Mae requests that the Court enter an Order to Show Cause and granting the following relief concerning KPMG's violation of discovery deadlines:

1. An order requiring KPMG to explain why it produced more than 90% of its documents more than one month past the document production deadline.

2. An order requiring KPMG to respond to this Motion by January 28, 2008 in order to avoid further production delays, and setting a hearing, if needed, as soon as possible after January 28, 2008.

3. An order requiring KPMG to complete its production in response to Fannie Mae's First Request for Production no later than February 1, 2008.

4. An order allowing Fannie Mae to serve additional document requests within 15 business days of receiving KPMG's final production in response to Fannie Mae's First Request for Production, and requiring KPMG to complete its production in response to such requests within 45 days of service; and

5. An order requiring KPMG to pay the costs of this motion.

Fannie Mae has consulted KPMG concerning this motion, and KPMG has stated that it will oppose the motion. A proposed order is attached.

Dated: January 24, 2008

                                  Respectfully submitted,

                                       /s/ Jerome L. Epstein

                                  JENNER & BLOCK LLP

                                  Jerome L. Epstein (DC Bar #412824)
Ian Heath Gershengorn (DC Bar #448475)
Jenner & Block LLP
601 13th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-639-6062 (voice)
202-639-6066 (fax)
jepstein@jenner.com

Ronald L. Marmer
C. John Koch
Jenner & Block LLP

330 N. Wabash Avenue
Suite 4400
Chicago, Illinois  60611-7603
(312) 923-2688 (phone)
(312) 840-7688 (facsimile)

Counsel for Fannie Mae

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04CV01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*,<br><br>*Defendants*. | No. 1:06CV00139 (RJL) |
| FANNIE MAE,<br><br>*Plaintiff*,<br><br>v.<br><br>KPMG LLP,<br><br>*Defendant*. | No. 1:06CV02111 (RJL) |

**MEMORANDUM IN SUPPORT OF FANNIE MAE'S MOTION FOR AN
ORDER TO SHOW CAUSE CONCERNING KPMG'S VIOLATION OF
<u>DISCOVERY DEADLINES, AND REQUEST FOR EXPEDITED BRIEFING</u>**

**INTRODUCTION**

On July 2, 2007, Fannie Mae served KPMG with Fannie Mae's First Request for Production of Documents. Pursuant to a Case Management Order agreed to by all parties and entered by the Court on October 19, 2007, KPMG was required to produce all documents in response to that request by December 15, 2007. As discussed below, KPMG waited months after receiving Fannie Mae's request to begin trickling documents out, and blatantly disregarded the

December 15 deadline in the Court's Case Management Order by producing the vast majority of its documents – some 3 million pages – more than one month after the deadline. Instead of even attempting in good faith to produce its documents by the deadline, KPMG produced less than 10% of the documents by that date. In so doing, KPMG withheld literally millions of pages of responsive, nonprivileged documents and has simply refused to confirm when it will complete its production.

In light of the dozens of depositions scheduled in February and March, and the need to confirm the full extent of the deficiencies in KPMG's production, Fannie Mae has made several efforts simply to confirm *when* KPMG will complete its production of documents *it has already agreed to produce*. Fannie Mae has identified numerous significant gaps in KPMG's production, but KPMG continues to claim that there are documents still in the pipeline, to be produced eventually, at some unspecified time. KPMG's refusal to complete its production, and even to state just how far past the deadline it plans to continue producing documents, compromises the parties' efforts to move this case forward. The parties have consistently agreed to modest extensions for completion of various discovery obligations, but this is the first time any party has *unilaterally* declared that it will produce 90% of its documents well past the deadline, and not even provide an end date or expected volume for its remaining production.

KPMG's conduct is all the more improper because it was KPMG that insisted on a 30-day period of review, following the December 15 deadline, before final document requests were due. KPMG's explanation – accepted by Fannie Mae and all parties – was that it made sense to build in 30 days to review the first set of document productions in order to allow the parties to frame their final requests for production. But KPMG has entirely undermined the Case Management Order, to its sole advantage, by producing 3 million pages of documents on or after

January 15, 2008, the date final document requests were due. Fannie Mae obviously could not review millions of pages of documents KPMG produced on and after the final day for service of final document requests.

Fannie Mae has attempted multiple times to resolve this dispute without the Court's intervention. Fannie Mae did not object to the fact that *some* documents would be produced after the deadline, but KPMG's post-deadline production is not an add-on – it represents the overwhelming majority of KPMG's entire production to date, and there is no end in sight. That is why Fannie Mae repeatedly asked KPMG at least to state the end date for its production, but KPMG has not done so. Accordingly, Fannie Mae requests the following relief:

1. An order requiring KPMG to explain why it produced more than 90% of its documents more than one month past the deadline – and more than six months after receiving Fannie Mae's request.

2. An order requiring expedited briefing so that KPMG cannot use the briefing process on this motion to force at least three more weeks of additional production delays.

3. An order requiring KPMG to complete its production no later than February 1, 2008.

4. An order allowing Fannie Mae to serve additional document requests within 15 business days of receiving KPMG's final production in response to Fannie Mae's First Request for Production; and

5. An order requiring KPMG to pay the costs of this motion.

Fannie Mae has consulted KPMG concerning this motion, and KPMG has stated that it will oppose the motion.

**BACKGROUND**

On July 2, 2007 Fannie Mae served on KPMG Fannie Mae's First Request for Production of Documents. On August 10, 2007 KPMG served its Objections and Responses to Fannie Mae's document request, leaving open multiple issues for further negotiation. Fannie Mae and KPMG held a final negotiating session on September 25, 2007, with the terms of the agreements memorialized in a letter from Fannie Mae to KPMG the next day. (Exh. A) During the meet-and-confer session, KPMG stated that it expected to *complete* its production by November 15, 2007. (Exh. A, at 10)

But KPMG did not even begin producing documents in response to Fannie Mae's request until October 31, 2007, and on that date produced only 140 documents. Fannie Mae repeatedly asked KPMG why it was not producing documents on a rolling basis, as Fannie Mae has done, but KPMG never explained its delays.

Fannie Mae then proposed a deadline for all document productions. Following further negotiation, all parties agreed to a production deadline of December 15, 2007, for all document requests received prior to September 1, 2007. This deadline was adopted by the Court in CMO #4 (Oct. 19, 2007).

During the course of negotiating CMO 4, the parties also discussed a deadline for serving all final requests for production of documents. Fannie Mae had proposed a deadline in 2007, but KPMG asked that the deadline for serving final document requests be pushed to January 15, 2008, in order to allow the parties 30 days to review the productions due on December 15, 2007. All parties agreed, and the Court adopted the January 15 deadline in the CMO.

By December 15, 2007, KPMG still had not produced scores of critical documents, including audit manuals for the period at issue in the litigation. A few weeks before the

4

deadline, KPMG produced one audit manual dated more than two years before the audits at issue, and one audit manual dated many months after completion of the last KPMG year-end audit at issue. Fannie Mae questioned KPMG on why it had not produced readily available material showing the changes to and versions of the KPMG audit manual during the audits at issue in the litigation, but was told only that additional documents would be produced.

Finally, beginning on January 15, 2008 – one month after the deadline, and the very day that final document requests were due – KPMG began rolling out substantial volumes of documents. By the December 15 deadline, KPMG had produced roughly 266,000 pages of KPMG documents in response to Fannie Mae's requests.[1] More than one month past the deadline, beginning on January 15, 2008, KPMG produced approximately 3 million pages of additional documents – over 90% of its production to date.[2]

In addition to questions put to KPMG on multiple deposition planning calls, as to when KPMG would complete its production, on January 4, 2008 Fannie Mae put a simple question to KPMG: "Please let me know if KPMG has completed its production in response to Fannie Mae's July 2, 2007 request, and, if not, when KPMG intends to complete that production." (Exh. B). On January 7, 2008, Fannie Mae wrote to KPMG identifying multiple deficiencies with

---

[1] KPMG also produced approximately 200,000 pages of *Fannie Mae's* own produced documents – complete with Fannie Mae bates stamps – back to Fannie Mae. By the same date, Fannie Mae had produced approximately 4 *million* pages of documents in response to KPMG's request, beyond the 22 million pages of documents Fannie Mae had produced earlier in the case.

[2] As noted above, the deadline for serving final document requests was January 15, 2008. Fannie Mae timely served its document requests on KPMG the morning of January 15, 2008. Later that day, at 4:47 pm, KPMG produced 347,000 pages of documents. Over the next five days, KPMG produced an additional 2.6 million pages. Thus, Fannie Mae did not have the opportunity to review over 90% of KPMG's document production prior to the deadline for serving final document requests.

5

KPMG's production through that date.³  On the same day, KPMG stated that it had "not yet completed its production in response to Fannie Mae's document requests. We are delivering to [the document production vendor] a substantial volume of material this week, and we intend to complete the remainder of our production promptly."  When KPMG still had not stated when it would complete its production, Fannie Mae wrote KPMG yet again, on January 8, asking KPMG to "please let us know the exact date by which KPMG expects to complete its production in response to our July 2 request."  Again on January 10 Fannie Mae wrote to KPMG: "[J]ust a reminder that we're still waiting for KPMG to state when it intends to complete production in response to Fannie Mae's first request for production."  KPMG responded only that it would "let [Fannie Mae] know" when KPMG "had a better sense of the timing."

Because KPMG had continuously and repeatedly avoided answering these simple questions, Fannie Mae wrote to KPMG one last time, at 3:00 p.m. on January 18, 2008, to ask for a firm answer by January 22, 2008 whether KPMG would complete its production by January 31, 2008.  (Exh. C).  KPMG responded that it was unreasonable for Fannie Mae to ask such a question "on the eve of the three-day Martin Luther King holiday weekend" (Exh. D), neglecting to mention the same question had been asked of KPMG, but not answered, during deposition calls in 2007, and again on January 4, January 8, and January 10, 2008.   As of the date of this filing, KPMG still has not stated when it will complete its production, and what volume remains.

---

³ There are numerous gaps in the types of documents KPMG has produced, and KPMG continues to withhold a number of categories of relevant documents.  On January 14, 2008 KPMG wrote Fannie Mae, promising to produce still more documents, but not providing any end date or expected volume for its remaining production.  Fannie Mae takes issue with many of the positions KPMG has taken on the proper scope of KPMG's search and production, but the purpose of the instant motion is not to address the substantive deficiencies in KPMG's production; Fannie Mae simply seeks to secure a end date for the production within the next week so that Fannie Mae can evaluate the full extent of what KPMG claims to be a complete production.  Fannie Mae cannot do so as long as KPMG continually asserts that there is "more to come" weeks or months past the production deadline.

**ARGUMENT**

Until now, the parties have cooperated in good faith to agree to discovery schedules and deadlines, produce documents, and coordinate dozens of depositions. Although the parties certainly have not agreed on all discovery matters, they have been able to work through their differences with minimal involvement of the Court. The parties have often agreed to extensions and reasonable grace periods for completion of written discovery and have not involved the Court in disputes over minor delays.

But KPMG's slow roll is beyond bounds of reasonable, good faith discovery efforts. The December 15 production deadline came and went, with the vast majority of relevant KPMG documents still not produced. As just one example, Fannie Mae had been repeatedly asking KPMG why it had not produced any audit manuals more than three months after Fannie Mae's requests were served, given that the audit manuals are widely and readily available in a Big 4 firm. At the end of November, more than four months after receiving Fannie Mae's document requests, KPMG finally produced *one* audit manual from *1997* – years before the audits at issue in the malpractice litigation – and *one* audit manual from August 2004, well after the date the last year-end audit at issue had been conducted. Missing were any audit manuals and updates for the period *actually at issue in the litigation*. Finally, in January 2008, more than one month past the production deadline, KPMG *has begun* to produce additional audit manuals, and *has begun* to produce other missing audit guidance from its national office.

But KPMG will not state just how much more it has to produce, let alone how long after the deadline it intends to continue its production. KPMG has thus turned the notion of a limited supplemental production on its head. Instead of releasing the bulk of its production prior to the December 15 deadline, with limited follow-ups over a defined period, KPMG delayed producing

7

more than 90% of its documents – some 3 million pages – until more than one month after the production deadline, and there is still no end in sight.

KPMG has brazenly adopted a "take it or leave it approach" to its discovery obligations, refusing multiple demands to state just how long past the deadline its production will continue, and at what volume. There are at least 14 depositions to be taken between now and the end of March, and another 17 in the month of April alone. In addition, there are serious substantive deficiencies with KPMG's production to date, but Fannie Mae cannot determine the extent of missing documents until KPMG declares that it has actually completed its production.

It is inappropriate for KPMG to hijack the discovery process and unilaterally state that it will finish producing its documents whenever it gets around to doing so. For this reason, KPMG should be ordered to explain why more than 90% of its document production was made more than one month after the deadline,[4] and should be ordered to complete its production – in response to a request that Fannie Mae served back on July 2, 2007 – no later than February 1, 2008.

Moreover, because of the multiple depositions in the near future and need to resolve disputes over the substance of the production, a several week delay to brief the instant motion and schedule a hearing would improperly reward KPMG for its dilatory tactics – creating a built-in two-month extension before any relief can be ordered. Because the issues raised by this motion involve only the *timing* and not the substance of the production, the issues can and should

---

[4] KPMG has not explained, for example, why it took so long to produce some 2 million pages of manuals, instructional materials, and formal pronouncements from its Department of Professional Practice. Fannie Mae understands that much of this material is stored on readily available CDs, with no privilege review required because no internal communications are included. There is no reason why KPMG could not have produced its readily available internal *publications* back in September; it is inexplicable why the vast majority of these non-privileged, off-the-shelf documents were produced in January, well after the production deadline.

8

be briefed on an expedited basis. Accordingly, Fannie Mae requests that KPMG be directed to file a response to this motion no later than January 28, 2008, and requests that any argument on the motion be held as soon as possible after January 28.

In addition, because the January 15, 2008 deadline for serving final document requests was set for the express purpose of allowing the parties 30 days to review the productions on December 15, 2007, but KPMG produced 3 million pages after that date and still is not finished, Fannie Mae should be permitted to serve supplemental document requests within 15 business days of KPMG declaring that its initial production is complete. And so that KPMG is not rewarded for delaying this final set of document requests, KPMG should be required to produce all documents in response to the final request within 45 days of service.

Finally, it is important to note that in the last status conference, KPMG made clear its objections to the deadlines in the CMO for the close of all fact discovery. By flouting the discovery deadlines, slow rolling its production, and producing on its own schedule, KPMG is attempting to obtain by delay what it could not otherwise obtain by agreement of the parties or by order of the Court.

## **CONCLUSION**

For the foregoing reasons, Fannie Mae respectfully requests that the Court enter an order providing the following relief:

    1. Requiring KPMG to provide a detailed explanation why it produced more than 90% of its documents more than one month past the document production deadline;

    2. Requiring KPMG to file a response to Fannie Mae's Motion by January 28, 2008, and setting a hearing on Fannie Mae's motion, if necessary, as soon as possible after January 28;

9

3.  Requiring KPMG to complete its production in response to Fannie Mae's First Request for Production no later than February 1, 2008;

4.  Allowing Fannie Mae to serve additional document requests within 15 business days of receiving KPMG's final production in response to Fannie Mae's First Request for Production, and requiring KPMG to complete its production in response to such requests within 45 days of service; and

5.  Requiring KPMG to pay the costs of this motion.

Dated:  January 24, 2008

                                    Respectfully submitted,

                                        /s/ Jerome L. Epstein

JENNER & BLOCK LLP

Jerome L. Epstein (DC Bar #412824)
Ian Heath Gershengorn (DC Bar #448475)
Jenner & Block LLP
601 13th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-639-6062 (voice)
202-639-6066 (fax)
jepstein@jenner.com

Ronald L. Marmer
C. John Koch
Jenner & Block LLP
330 N. Wabash Avenue
Suite 4400
Chicago, Illinois  60611-7603
(312) 923-2688 (phone)
(312) 840-7688 (facsimile)

Counsel for Fannie Mae

## CERTIFICATE OF SERVICE

      I certify that on January 24, 2008, I electronically filed the foregoing Fannie Mae's Motion for an Order to Show Cause Concerning KPMG's Violation of Discovery Deadlines, and Request for Expedited Briefing, Memorandum in Support of Fannie Mae's Motion for an Order to Show Cause Concerning KPMG's Violation of Discovery Deadlines, and Request for Expedited Briefing, and [Proposed] Order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

                                            /s/  
                                        Jerome L. Epstein