McGuireWoods LLP
Washington Square
1050 Connecticut Avenue N.W.
Suite 1200
Washington, DC 20036-5317
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

C. Simon Davidson | **McGuireWoods**          cdavidson@mcguirewoods.com
Direct: 202.857.1715                            Direct Fax: 202.828.2962

November 21, 2007

<u>Via E-Mail and U.S. Mail</u>
Jerome L. Epstein
Jenner & Block LLP
601 Thirteenth Street NW
Suite 1200 South
Washington, DC 20005-3823

Re:    *In re Fannie Mae Securities Litigation*, No. 1:04-cv-1639 (D.D.C.)

Dear Mr. Epstein:

This letter addresses several privilege issues regarding KPMG's subpoena to Ernst & Young ("E&Y"), KPMG's subpoena to Deloitte & Touche ("Deloitte"), and KPMG's document requests to Fannie Mae, and is another follow-up to my letter to your co-counsel, Kim Newman, dated November 2, 2007. We will address non-privilege issues in a separate letter. Pursuant to Ms. Newman's November 15, 2007 letter to me, I am addressing this letter to you, though I have also copied her just to be sure. I presume that, as your co-counsel, Ms. Newman has kept you apprised of our communications, so many of the issues in this letter are likely not new to you.

The purposes of this letter are to facilitate and accelerate the resolution of any potential disputes between KPMG and Fannie Mae regarding Fannie Mae's assertions of the protections of attorney-client privilege and the work product doctrine. While it remains our intention to resolve such disputes directly with Fannie Mae, we would like to identify as rapidly as possible any issues that the parties will be unable to resolve without the Court's involvement.

**1. Fannie Mae's Correspondence with Lead Plaintiff**

We have been following the correspondence between Fannie Mae and Lead Plaintiff regarding Fannie Mae's assertions of privilege. Please confirm that Fannie Mae intends to make the same privilege assertions in response to KPMG's requests that it has made in response to Lead Plaintiff's requests. Also, please be advised that, as we informed you last week, KPMG at this time does not agree to be bound by any agreements concerning privilege reached between the Lead Plaintiffs and Fannie Mae.

**2. E&Y's Engagement**

As we discussed during our call last week, and as I previously stated in my letter to Ms. Newman, Andrew Heaton, counsel for E&Y, has informed us that E&Y is withholding more than ten boxes of documents at the direction of Fannie Mae on the purported basis that they relate to a privileged engagement by Wilmer Hale ("Wilmer"). Please see my November 2 letter to Ms. Newman. During our call, you stated that you were not aware that Fannie Mae had ever instructed E&Y to withhold a set of documents that neither E&Y nor Fannie Mae had reviewed


EXHIBIT
G

November 21, 2007
Page 2

or logged. While we would have expected Ms. Newman to keep you apprised of our communications regarding E&Y's documents, you said that you would need to investigate this issue further before responding.

In any event, in Ms. Newman's November 15 letter to me, she now states that E&Y will review **_all_** responsive documents in its possession and produce them unless they are privileged, in which case E&Y will produce a privilege log. We note that in our call you stated that, pursuant to the Case Management Order ("CMO"), Fannie Mae would not provide KPMG a final privilege log of documents in Fannie Mae's possession until Fannie Mae and KPMG agreed on a date for mutual exchange of privilege logs. As we stated during our call, the CMO's failure to provide a date certain for the mutual exchange of privilege logs of course does not allow Fannie Mae or E&Y to delay timely production of a privilege log pursuant to E&Y's obligations under our subpoena. We understand from Mr. Heaton that E&Y has been aware of the documents that E&Y has been withholding on purported privilege grounds for many months, if not years. Therefore, we expect E&Y or Fannie Mae to create and provide this privilege log promptly. Of course, if no E&Y documents are being withheld, this is not an issue.

As for the content of the log, we note again that, previously in this litigation, Fannie Mae has provided other parties privilege logs that initially did not meet the requirements of the Federal Rules of Civil Procedure and D.C. Circuit law. To avoid the delay that would result from having to revise its privilege log, we reiterate our request that the privilege log that Fannie Mae or E&Y provides should include _all_ elements required by applicable law. These include the document's date, the author, all recipients, the subject matter, and "facts establishing each element of the privilege claim." See Alexander v. FBI, 186 F.R.D. 102, 106 (D.D.C. 1998).

Finally, in addition to a privilege log, we reiterate our prior requests for the basic background information regarding Fannie Mae's assertions of the protections of privilege and work product as they relate to E&Y. We first requested this information from Ms. Newman during a telephone call more than a month ago. We have since reiterated that request several times, but Ms. Newman has declined to provide the information or even to acknowledge our request. Without this fundamental information, KPMG cannot engage in meaningful discussions regarding Fannie Mae's privilege assertions, and cannot know whether it will be necessary to file a motion to compel.

### 3.  Documents Withheld on the Basis of the OFHEO Examiner Privilege

As you know, on May 1, 2007, KPMG submitted its First Set of Requests for Production of Documents to Defendant Fannie Mae. On June 7, 2007, Fannie Mae filed its response. In its response, Fannie Mae asserted various privileges as bases for withholding documents. One such privilege was the OFHEO examiner privilege. A review of correspondence between Fannie Mae and Lead Plaintiff indicates that Fannie Mae continues to withhold documents from Lead Plaintiff, and presumably KPMG[1], based on the alleged OFHEO examiner privilege. The Court has rejected this privilege assertion.

On May 18, 2007, the Court granted J. Timothy Howard's Motion to Compel Production of Documents by Fannie Mae, and on November 7, 2007, denied Fannie Mae's Motion for Reconsideration. The Court noted that "even if OFHEO could have asserted an 'examination privilege' regarding the production of those documents sought by the defendants, it waived that

---

[1] In response to many of KPMG's requests, Fannie Mae has asserted an examiner's privilege, in addition to a general objection to any request that seeks information subject to the OFHEO examiner privilege.

November 21, 2007
Page 3

privilege as a result of its conduct relating to its Fannie Mae investigation." Therefore, Fannie Mae should no longer be withholding documents from any party, including KPMG, based on the OFHEO examiner privilege. Please produce these documents immediately and update your privilege logs to reflect the removal of these documents.

## 4. Documents Produced to the Government

Based on the correspondence between Fannie Mae and Lead Plaintiff, we understand that Fannie Mae is asserting the protections of the attorney-client privilege and the work product doctrine over documents that were produced to the DOJ, SEC, or other government regulators. Once the documents were turned over to either the United States Attorney's Office for the District of Columbia or the SEC, any potential privilege or work product was waived. *See Navajo Nation v. Peabody Holding Co.*, 209 F. Supp. 2d 269, 283-87 (D.D.C. 2002) (D.C. does not recognize the concept of limited waiver in the attorney client privilege context and a party cannot selectively disclose work product to its benefit). Regardless of any "non-waiver agreement" Fannie Mae had with regulators, Fannie Mae cannot selectively produce privileged or work product information to the government and still protect that information from other parties.[2] Fannie Mae has not asserted any other basis for withholding such documents. Therefore, we request that Fannie Mae produce all documents that have been produced to regulators, yet over which Fannie Mae purports to assert the protections of the attorney-client privilege and work product. Please confirm that Fannie Mae will produce all such documents and remove those entries from the privilege logs.

## 5. Documents Related to Paul Weiss

Based on the correspondence between Fannie Mae and Lead Plaintiff, we understand that Fannie Mae is withholding documents based on the attorney client privilege and work product doctrine for work Paul Weiss performed for Fannie Mae. It is also our understanding that any privileged documents that were provided to Paul Weiss are also being withheld. Please let us know if our understanding is incorrect.

If Fannie Mae is withholding any documents related to the work Paul Weiss performed for Fannie Mae or documents that were provided to Paul Weiss, we request Fannie Mae produce those documents, as the attorney client privilege or work product doctrine does not apply to them. Paul Weiss was not retained to provide legal advice to Fannie Mae or to provide litigation advice. To the contrary, the September 27, 2004 Agreement between OFHEO and Fannie Mae (the "Agreement") states that the "Board or its compliance committee shall hire within 45 days an independent counsel and an independent accounting firm subject to OFHEO's approval, reporting directly to the Board or committee, to conduct reviews called for in this agreement." Agreement at 7. Furthermore, the Agreement provides that "OFHEO shall have access independent of Fannie Mae to meet with and review the work plans and product of firms, including receipt of interim, draft and final reports...." While the Agreement goes on to state that work product shall be preserved, even if work product applied to these documents, work product

---

[2] In fact, Fannie Mae has previously offered to produce documents that were produced to regulators in exchange for Lead Plaintiff's agreement not to seek documents that "contain core work product central to the issues in the case." This proposal is nonsensical, because if the documents were actually privileged, then Fannie Mae would not offer to produce them. It is further evidence of Fannie Mae's knowledge that it cannot assert a privilege claim over these documents. Accordingly, we remain concerned that Fannie Mae's refusal to produce these documents based on an asserted but non-disclosed privilege is not made in good faith.

November 21, 2007
Page 4

has been waived. Paul Weiss further agreed to share its work product with the United States Attorney's Office for the District of Columbia and the SEC, thereby breaking any potential privilege or work product. As discussed above, Fannie Mae has waived any protections that may have attached to anything Paul Weiss shared with OFHEO, the US Attorney's Office, the SEC, or any other government regulator.

In addition, any documents created by Paul Weiss were done at the direction of OFHEO, and as the Court has already ruled, the OFHEO examiner privilege is not applicable.

Please produce all documents either created by Paul Weiss or produced to Paul Weiss, including all documents containing information that was shared with Paul Weiss.

### 6. Documents Withheld By Deloitte & Touche

As you know, on August 17, 2007, on behalf of KPMG, we served a subpoena upon Deloitte. We have learned that Deloitte is withholding documents on the grounds of attorney client privilege and work product at the request of Fannie Mae. (Letter from Scott Schreiber to Melanie Corwin dated October 24, 2007 and Privilege Log, enclosed). The nine page privilege log identifies Paul Weiss documents that are being withheld. As discussed above, documents related to the work Paul Weiss performed are not protected and must be produced.

In addition, from the descriptions on the privilege logs attached to Mr. Schreiber's letter, we cannot discern the circumstances under which the documents on the logs were shared with Deloitte. We are having difficulty understanding how sharing documents with Fannie Mae's outside independent auditors would not result in a waiver of any protections that may have attached to such documents. Therefore, please clarify the circumstances under which each document was shared with Deloitte.

This letter shall serve as our attempt to meet and confer under Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure. Please let us know which items you will be producing and which items you will be withholding so that we can file a motion to compel if necessary.

Sincerely,

Simon Davidson

Enclosure
cc:     Melanie Corwin
        J. Andrew Heaton
        Kimberly Newman
        Scott Schreiber