Case 1:06-cv-00139-RJL   Document 229-13   Filed 02/06/2008   Page 1 of 2



# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1625 Eye Street, NW | NEWPORT BEACH |
| BRUSSELS | Washington, D.C. 20006-4001 | NEW YORK |
| CENTURY CITY | TELEPHONE (202) 383-5300 | SAN FRANCISCO |
| HONG KONG | FACSIMILE (202) 383-5414 | SHANGHAI |
| LONDON | www.omm.com | SILICON VALLEY |
| LOS ANGELES | | TOKYO |

OUR FILE NUMBER
258,938-861

January 30, 2008

WRITER'S DIRECT DIAL
(202) 383-5382

**VIA E-MAIL AND REGULAR MAIL**

WRITER'S E-MAIL ADDRESS
knewman@omm.com

Melanie S. Corwin, Esq.
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

Re:   *Your January 28 Letter Concerning Fannie Mae's Privilege Issues*

Dear Melanie:

I am in receipt of your January 28 letter concerning Fannie Mae's assertion of privilege over a number of documents, and I respectfully disagree with a number of your characterizations.

First, you have not accurately described Fannie Mae's deliberations regarding the estimated 150,000 privileged documents that Fannie Mae produced to regulators, but has withheld thus far from the production in the civil litigation. As we have explained in prior correspondence with you, the documents in question were all marked privileged during the course of the special examination and provided to the regulators pursuant to non-waiver agreements. The issue for Fannie Mae has never been whether these documents were privileged. Instead, the issue for Fannie Mae is whether it is willing to release these documents in the civil litigation, notwithstanding the privileges, in order to resolve or narrow this outstanding discovery dispute.

Second, what you have stated regarding Jeff Kilduff's communications with you is not exactly correct. As he informed you via email before the status conference, he anticipated, but could not confirm pending a final decision from his client, that the "majority" (but not necessarily "all" as you state in your letter) of these 150,000 documents will be released to Xerox sometime over the next few days. That statement remains true.

Third, contrary to the insinuation in your letter, we never agreed to produce these documents by the December 15 deadline in the CMO # 4. That Order does not contemplate the production of privileged documents, privilege logs or the resolution of outstanding discovery disputes by December 15. What Fannie Mae did produce, as contemplated by the applicable



O'MELVENY & MYERS LLP

January 30, 2008 - Page 2

CMO, was over 27 million pages of non-privileged documents in response to outstanding discovery.

Fourth, the "Non-Regulator" log of documents that you received on Friday does represent the documents ultimately withheld from the final collection and production to the plaintiffs last year on the ground of privilege. It is our understanding that these documents were never given to any of the regulators. As we discussed, during the process of logging the documents, we have determined that many were identical to those among 1) the documents already produced or 2) the 150,000 privileged documents that were given to the regulators. As a result of that review, we have determined that the number of documents we are currently withholding is now significantly less than the estimated 40,000 initially withheld. Per your request, we are enclosing a version of the log in the excel spreadsheet format.

Fifth, it appears that you have misunderstood what Jeff Kilduff allegedly stated regarding the "636" log. As he explained in an email to you before the status conference, he was still awaiting a final client decision and he further anticipated that a revised log would go out later this week, once a final decision is made. That statement remains correct. Per your request, we are enclosing a copy of the log as it now stands, absent any "Confidential" stamp.

Finally, the correspondence from Ms. Kappler's attorney belies at least in part your characterization regarding her decision to postpone that deposition. Ms. Kappler's deposition was postponed because, among other reasons, the parties could not reach an agreement to limit her deposition to two days, not simply because of the outstanding discovery dispute. In any event, although Fannie Mae was willing to proceed with that deposition in January, it is also willing to postpone that deposition until this discovery dispute is resolved.

Sincerely,

*Kimberly A. Newman/sej*

Kimberly A. Newman
of O'Melveny & Myers, LLP

Enclosures

cc: Jerome L. Epstein, Esq.
Charles Wm. McIntrye, Esq.
Andrew S. Tulumello, Esq.
Megan D. McIntyre, Esq.
Samuel K. Rosen, Esq.
Alex G. Romain, Esq.
Eric R. Delinsky, Esq.
Christopher F. Regan, Esq.