

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1625 Eye Street, NW | NEWPORT BEACH |
| BRUSSELS | Washington, D.C. 20006-4001 | NEW YORK |
| CENTURY CITY | | SAN FRANCISCO |
| HONG KONG | TELEPHONE (202) 383-5300 | SHANGHAI |
| LONDON | FACSIMILE (202) 383-5414 | SILICON VALLEY |
| LOS ANGELES | www.omm.com | TOKYO |

OUR FILE NUMBER
258,938-861

January 31, 2008

WRITER'S DIRECT DIAL
(202) 383-5382

*By E-mail and U.S. Mail*
Andrew S. Tulumello, Esq.
Gibson, Dunn & Crutcher
1050 Connecticut Avenue, NW
Washington, DC 20036-5306

WRITER'S E-MAIL ADDRESS
knewman@omm.com

Re:   *Your January 28, 2008 letter Concerning Fannie Mae's Document Production*

Dear Drew:

In your January 28, 2008 letter concerning an estimated 150,000 documents that Fannie Mae produced to the regulators but has yet to produce in the civil litigation, you ask me to "explain why it has purportedly taken Fannie Mae more than eight months to evaluate whether these materials are 'privileged'" and why those documents have not been produced by now.

As we have explained previously in correspondence with Plaintiffs of which you and your co-counsel at McGuire are undoubtedly familiar, the documents in question are privileged. The issue for Fannie Mae has never been whether these documents were privileged; indeed, hundreds of them appear to involve Gibson's own John Olson providing corporate governance advice to Fannie Mae. These documents were all marked privileged during the course of the special examination and provided to the regulators pursuant to non-waiver agreements. Instead, the issue for Fannie Mae is whether it is willing to release these documents in the civil litigation, notwithstanding the privileges, in order to resolve or narrow this outstanding discovery dispute.

Contrary to the insinuations of your letter, KPMG has been well aware of these documents and Fannie Mae's position for many months. In fact, you were aware of this discovery dispute before the Tranche 2B witnesses were even scheduled for their depositions. You were copied on Ms. Corwin's September 5, 2007 letter to me (and subsequent correspondence), where she threatened to file a motion to compel concerning these documents. Your co-counsel at McGuire Woods has written me a number of times since October (and as recently as January 16, 2008) concerning these documents. Case Management Order (CMO) #4 does not contemplate the production of privileged documents, privilege logs or the resolution of outstanding discovery disputes by December 15, as your letter suggests. What Fannie Mae did



EXHIBIT M

January 31, 2008 - Page 2

produce by then, as contemplated by the applicable CMO, was over 27 million pages of non-privileged documents in response to outstanding discovery.

Sincerely,

Kimberly A. Newman
O'Melveny & Myers LLP

cc: Charles Wm. McIntyre, Esq.
    Jerome L. Epstein, Esq.